**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

APPLE METRO, INC., AM NYCF, LLC, 42ND APPLE LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTRY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LCC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, an individual, ROY RAEBURN, an individual, KIRK SAMLAL, an individual, AUBREY DALY, an individual, ROLAND RAYMOND, an individual, DERRICK PALMER, an individual, SUSY QUINTERO, an individual, and CHRIS ANTOINE, an individual,

Defendants.

---

Case No.: 12-CV-05274 (ENV) (CLP)

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH (collectively as "Named Plaintiffs"), on behalf of themselves and all others similarly situated (collectively as "Plaintiffs" or "Class Action Plaintiffs" or "FLSA Plaintiffs"), by and through their attorneys, The Law Office of Borrelli and Associates, P.L.L.C and The Ottinger Firm, P.C., bring this action for damages and other legal and equitable relief from Defendants APPLE METRO, INC.; AM NYCF, LLC; 42ND APPLE LLC; 117TH APPLE, LLC; AIRMONT APPLE, LLC; ASTORIA APPLE, LLC; AT APPLE, LLC; BAY PLAZA APPLE, LLC; BAY TERRACE APPLE, LLC; BED-STUY APPLE, LLC; BROADWAY APPLE, LLC; BTM APPLE, LLC; CORTLANDT APPLE, LLC; CROSS COUNTRY APPLE, LLC; CROSSROADS APPLE, LLC; EB APPLE, LLC; EXPRESSWAY APPLE, LLC; FLATBUSH APPLE, LLC; FORDHAM APPLE, LLC; FRESH MEADOWS APPLE, LLC; HARLEM APPLE, LLC; HAWTHORNE APPLE, LLC; JAMAICA APPLE, LLC; KISCO APPLE, LLC; MAMARONECK APPLE, LLC; NEW DORP APPLE, L.L.C.; NEW ROCHELLE APPLE, LLC; OUTERBRIDGE APPLE, LLC; PORT CHESTER APPLE, LLC; QUEENS CENTER APPLE, LLC; REGO PARK APPLE, LLC; RIVERDALE APPLE, LLC; S.I. MALL APPLE, LLC; SHEEPSHEAD APPLE, LCC; SVC APPLE, LLC; TRIANGLE APPLE, LLC; WHITE PLAINS APPLE, LLC; ZANE TANKEL, an individual; ROY RAEBURN, an individual; KIRK SAMLAL, an individual; AUBREY DALY, an individual; ROLAND RAYMOND, an individual; DERRICK PALMER, an individual; SUSY QUINTERO, an individual; and CHRIS ANTOINE, an individual (collectively as "Defendants"), for violations of: (1) the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); (2) the New York Labor Law ("Labor Law" or "NYLL"), §§ 650 *et seq.*; (3) the spread of hours requirement contained in New York State Regulation 12 NYCRR § 137-1.7 ("NYCRR"); (4) Labor Law §195; and (5) any other claim(s)

that can be inferred from the facts set forth herein.  Mr. Marin and Mr. Lebron also bring this action against Defendants on their own behalf for Defendants' retaliation against them in violation of Labor Law § 215.

## INTRODUCTION

1.      This action stems from Defendants' operation of thirty-five (35) Applebee's Neighborhood Bar & Grill ("Applebee's") franchises in New York City, Rockland and Westchester Counties (the "Restaurants") that could not have violated the protections of the FLSA, Labor Law and NYCRR more flagrantly.

2.      In willful disregard of the aforementioned statutes and regulations, Defendants, among other things, clocked employees out of work while they were still on the job, required employees to work without clocking in, adjusted employee hours to avoid paying them overtime and spread of hours compensation, issued inaccurate pay stubs/wage statements and attempted to pay – and actually paid – employees with free movie passes.

3.      Mr. Marin, a broil cook at the Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433 ("Jamaica Applebee's") who also performed general utilities services as needed, complained to his general manager, Defendant Samlal, about Defendants' unlawful conduct, who responded with profanity-laden demands to conform to Defendants' illegal practices.  In retaliation for these complaints and immediately after learning that Mr. Marin met with an attorney to discuss filing a complaint or testifying against Defendants for their unlawful conduct, Defendants terminated Mr. Marin's employment.

4.      Mr. Lebron, a server at the Applebee's restaurant located at 234 West 42nd Street, New York, NY 10036 ("Times Square Applebee's") questioned and/or complained to his managers and supervisors about Defendants' failure to compensate him for all hours worked.

Defendants retaliated against Plaintiff Lebron by, among other things, changing or canceling his scheduled work times with little or no notice and failing to schedule Mr. Lebron to work any shifts, effectively terminating his employment with Defendants.

5.      Ms. Hanisch, who worked at the Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475, was not compensated for all hours worked because of Defendants' above-mentioned illegal payment practices.

6.      Mr. Marin, Mr. Lebron, and Ms. Hanisch, are just three (3) individuals in a large class of Defendants' victims and, accordingly, bring this action on their behalf and on behalf of those similarly situated to them for the legal and equitable relief set forth below.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, including such rights under 29 U.S.C. §§ 201 *et seq.*

8.      The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219 because this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is

also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendants maintain

offices, conduct business and reside in this district.

## PARTIES

10.     Mr. Marin is a citizen of New York and resides in Queens County.  Defendants

employed Mr. Marin as a broil cook and also required him to perform general utilities services at

its Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433.  Defendants

terminated Mr. Marin's employment on September 14, 2012.  At all relevant times herein, Mr.

Marin met the definition of an "employee" under all relevant statutes.

11.     Mr. Lebron is a resident of Bronx, New York.  Mr. Lebron was employed by

Defendant Apple Metro as a server at its Applebee's restaurant located at 234 W. 42nd Street,

New York, NY 10035 from August 2011 to April 2012.  At all relevant times herein, Mr. Lebron

met the definition of an "employee" under all relevant statutes.  As evidenced by the form titled

"Consent To Be Party Plaintiff," dated February 5, 2013, which will shortly be filed as a separate

document in this matter, Mr. Lebron has consented in writing to be a party to the FLSA claims in

this action pursuant to 29 U.S.C. § 216(b).  This form was originally filed on April 29, 2013 in

the Southern District of New York as Exhibit A to the Amended Class and Collective Action

Complaint for Damages, Restitution and Injunctive Relief in *Lebron, et al. v. Apple-Metro, et al.*,

Case No. 13cv1411 (PKC), before the consolidation of that matter with this one.

12.     Ms. Hanisch is a resident of Bronx, New York.  Ms. Hanisch was employed by

Defendant Apple Metro as a server at its Applebee's restaurant located at 2276 Bartow Avenue,

Bronx, NY 10475 from March 2012 to December 2012.  At all relevant times herein, Ms.

Hanisch met the definition of an "employee" under all relevant statutes.  As evidenced by the

form titled "Consent To Be Party Plaintiff," dated February 3, 2013, which will shortly be filed

as a separate document in this matter, Ms. Hanisch has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b). This form was originally filed on April 29, 2013 in the Southern District of New York as Exhibit B to the Amended Class and Collective Action Complaint for Damages, Restitution and Injunctive Relief in *Lebron, et al. v. Apple-Metro, et al.*, Case No. 13cv1411 (PKC), before the consolidation of that matter with this one.

13.     Upon information and belief, Defendant Apple Metro, Inc. ("Apple Metro") is a corporation organized under the laws of the State of New York with its principal place of business in Harrison, New York. Apple Metro is a franchisee of Applebee's with exclusive franchise rights in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, Westchester County and Rockland County. Apple Metro owns and operates the Applebee's restaurants where the Named Plaintiffs were employed.

14.     Defendant 117th Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant 117th Apple LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 509 E. 117th Street, New York, NY 10035. At all relevant times, Defendant 117th Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

15.     Defendant 42nd Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant 42nd Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 234 W. 42nd Street, New York, NY 10036. At all relevant times, Defendant 42nd Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

16.     Defendant Airmont Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Airmont Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 221 Route 59, Airmont, NY 10901.  At all relevant times, Defendant Airmont Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

17.     Defendant Astoria Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Astoria Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 38-01 35th Avenue, Queens, NY 11101.  At all relevant times, Defendant Astoria Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

18.     Defendant AT Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant AT Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 139 Flatbush Avenue, Brooklyn, NY 11217.  At all relevant times, Defendant AT Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

19.     Defendant Bay Plaza Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Bay Plaza Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475.  At all relevant times, Defendant Bay Plaza Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

20.     Defendant Bay Terrace Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Bay Terrace Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 213-

29 26th Avenue, Queens, NY 11360. At all relevant times, Defendant Bay Terrace Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

21. Defendant Bed-Stuy Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Bed-Stuy Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1360 Fulton Street, Brooklyn, NY 11216. At all relevant times, Defendant Bed-Stuy Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

22. Defendant Broadway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Broadway Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 205 West 50th Street, New York, NY 10019. At all relevant times, Defendant Broadway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

23. Defendant BTM Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant BTM Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 610 Exterior Street, Bronx, NY 10451. At all relevant times, Defendant BTM Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

24. Defendant Cortlandt Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Cortlandt Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 3127 East Main Street, Mohegan Lake, NY 10547. At all relevant times, Defendant Cortlandt Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

25.     Defendant Cross County Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Cross County Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1 Mall Walk West, Yonkers, NY 10704.  At all relevant times, Defendant Cross County Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

26.     Defendant Crossroads Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Crossroads Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 395 Tarrytown Road, White Plains, NY 10607.  At all relevant times, Defendant Crossroads Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

27.     Defendant EB Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant EB Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2 Executive Boulevard, Yonkers, NY 10701.  At all relevant times, Defendant EB Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

28.     Defendant Expressway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Expressway Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1451 Richmond Avenue, Staten Island, NY 10314.  At all relevant times, Defendant Expressway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

29.     Defendant Flatbush Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Flatbush Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 395 Flatbush

Avenue Ext., Brooklyn, NY 11201.  At all relevant times, Defendant Flatbush Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

30.     Defendant Fordham Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Fordham Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 4750-4758 Third Avenue, Bronx, NY 10458.  At all relevant times, Defendant Fordham Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

31.     Defendant Fresh Meadows Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Fresh Meadows Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 61-48 188th Street, Queens, NY 11365.  At all relevant times, Defendant Fresh Meadows Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

32.     Defendant Harlem Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Harlem Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at One West 125th Street, New York, NY 10027.  At all relevant times, Defendant Harlem Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

33.     Defendant Hawthorne Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Hawthorne Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 18 Saw Mill River Road, Hawthorne, NY 10532.  At all relevant times, Defendant Hawthorne Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

34.     Defendant Jamaica Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Jamaica Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433.  At all relevant times, Defendant Jamaica Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

35.     Defendant AM NYCF, LLC is a corporation organized under the laws of the State of New York with its principal place of business in Harrison, New York.  AM NYCF, LLC, as the sole member of Jamaica Apple, LLC, owns and operates the Applebee's restaurant where Mr. Marin was employed.

36.     Defendant Kisco Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Kisco Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 185 North Bedford Road, Mt. Kisco, NY 10549.  At all relevant times, Defendant Kisco Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

37.     Defendant Mamaroneck Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Mamaroneck Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 640 East Boston Road, Mamaroneck, NY 10543.  At all relevant times, Defendant Mamaroneck Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

38.     Defendant New Dorp Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant New Dorp Apple, L.L.C. is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 430

New Dorp Lane, Staten Island, NY 10306.  At all relevant times, Defendant New Dorp Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

39.     Defendant New Rochelle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant New Rochelle Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 25 LeCount Place, New Rochelle, NY 10801.  At all relevant times, Defendant New Rochelle Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

40.     Defendant Outerbridge Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Outerbridge Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2720 Veterans Road West, Staten Island, NY 10309.  At all relevant times, Defendant Outerbridge Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

41.     Defendant Port Chester Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Port Chester Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 42 Westchester Avenue, Port Chester, NY 10573.  At all relevant times, Defendant Port Chester Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

42.     Defendant Queens Center Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Queens Center Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 90-15 Queens Boulevard, Queens, NY 11373.  At all relevant times, Defendant Queens Center Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

43.     Defendant Rego Park Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Rego Park Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 95-25 Queens Boulevard, Queens, NY 11374.  At all relevant times, Defendant Rego Park Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

44.     Defendant Riverdale Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Riverdale Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 76 West 225th Street, Bronx, NY 10463.  At all relevant times, Defendant Riverdale Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

45.     Defendant S.I. Mall Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant S.I. Mall Apple, L.L.C. is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2655 Richmond Avenue, Staten Island, NY 10314.  At all relevant times, Defendant S.I. Mall Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

46.     Defendant Sheepshead Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Sheepshead Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2505 Emmons Avenue, Brooklyn, NY 11235.  At all relevant times, Defendant Sheepshead Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

47.     Defendant SVC Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant AVC Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 40-24 College

Point Boulevard, Flushing, NY 11354.  At all relevant times, Defendant SVC Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

48.      Defendant Triangle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Triangle Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2201 Nostrand Avenue, Brooklyn, NY 11210.  At all relevant times, Defendant Triangle Apple LLC was a covered employer within the meaning of the FLSA and NYLL.

49.      Defendant White Plains Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant White Plains Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 27 Mamaroneck Avenue, White Plains, NY 10601.  At all relevant times, Defendant White Plains Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

50.      Upon information and belief, Defendant Zane Tankel ("Tankel") is the principal of Apple Metro and the Restaurants and owns, operates and makes managerial decisions for the Applebee's restaurants where Named Plaintiffs were employed.

51.      Upon information and belief, Defendant Roy Raeburn ("Raeburn") is the principal of Apple Metro and the Restaurants and owns, operates and makes managerial decisions for the Applebee's restaurant where Named Plaintiffs were employed.

52.      Upon information and belief, Defendant Kirk Samlal ("Samlal") was a manager of and operated the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

53.    Upon information and belief, Defendant Aubrey Daly ("Daly") is a manager of and operates the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

54.    Upon information and belief, Defendant Roland Raymond ("Raymond") is a manager of and operates the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

55.    Upon information and belief, Defendant Derrick Palmer ("Palmer") is a manager of and operates the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

56.    Upon information and belief, Defendant Susy Quintero ("Quintero") was a manager of and operated the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

57.    Upon information and belief, Defendant Chris Antoine ("Antoine") is a manager of and operates the Applebee's restaurant where Mr. Marin was employed throughout the course of Mr. Marin's employment.

58.    At all relevant times herein, Defendants were employers of Named Plaintiffs.

59.    Upon information and belief, Defendants Samlal, Daly, Raymond, Palmer, Quintero and Antoine ("Manager Defendants") all reside in Queens County.

60.    Upon information and belief, the amount of qualifying annual volume of business for Defendants exceeds $500,000.00.  Additionally, all of Defendants' employees are engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce.  Defendants are, accordingly, subject to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

61.     Named Plaintiffs seek to bring this suit pursuant to 29 U.S.C. § 216(b) on their own behalf as well as those in the following class:

> Current and former employees of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to recover the difference between the amount of wages actually paid to them and the statutory amount due as well as to recover overtime compensation which is legally due to them for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

62.     Named Plaintiffs are similarly situated to all such individuals because, while employed by Defendants, they and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; were required to work in excess of forty (40) hours per work-week; and were not paid one-and-a-half (1.5) times their respective regular rates of pay for overtime hours worked.

63.     FLSA Plaintiffs are all victims of Defendants' pervasive practice of willfully refusing to pay their employees for hours worked and for overtime compensation.

64.     All FLSA Plaintiffs are or were engaged in interstate commerce, as they are or were required to handle goods regularly moved in interstate commerce.

65.     Defendants are and have been aware that they are or were required to pay Named Plaintiffs and FLSA Plaintiffs for hours worked and for overtime compensation and intentionally chose not to do so.

## RULE 23 CLASS ALLEGATIONS

66.    Named Plaintiffs additionally seek to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf as well as those who are similarly situated who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law and the NYCRR.

67.    Under F.R.C.P. 23(b)(3), Named Plaintiffs must plead that:

a.    The class is so numerous that joinder is impracticable;

b.    There are questions of law or fact common to the class which predominate any individual questions of law or fact;

c.    Claims or defenses of the representative are typical of the class;

d.    The representative will fairly and adequately protect the class; and

e.    A class action is superior to other methods of adjudication.

68.    The Class which Named Plaintiffs seek to define includes:

Current and former employees of Defendants who perform or performed work as non-managerial employees during the statutory period within the State of New York, who (1) were not compensated for each hour worked at their straight, regular hourly rate; (2) worked in excess of forty (40) hours per week and were not paid overtime compensation; (3) worked in excess of ten (10) hours per day and were not paid spread of hours compensation; and/or (4) were issued inaccurate pay stubs/wage statements ("Class Action Plaintiffs").

### Numerosity

69.    During the previous six (6) years, Defendants have, in total, employed at least in excess of forty (40) employees.

<u>Common Questions of Law and/or Fact</u>

70.    There are questions of law/fact that govern the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

      a.    Whether Defendants denied Class Action Plaintiffs compensable time (or "gap time") for all hours worked where the latter wages are payable at a straight, regular hourly rate under state wage and hour laws;

      b.    Whether Class Action Plaintiffs worked in excess of forty (40) hours per week and/or ten (10) hours per day;

      c.    Whether Defendants failed to pay Class Action Plaintiffs overtime compensation for hours worked in excess of forty (40) hours in a week;

      d.    Whether Defendants failed to pay Class Action Plaintiffs for spread of hours compensation for days in which they worked more than ten (10) hours;

      e.    Whether Defendants issued proper pay stubs/wage statements to Class Action Plaintiffs in accordance with Labor Law §195;

      f.    Whether Defendants kept accurate records of hours worked by Class Action Plaintiffs; and

      g.    Whether Defendants have any affirmative defenses for any of these claims.

<u>Typicality of Claims and/or Defenses</u>

71.    Defendants employed Named Plaintiffs as non-managerial employees in three (3) Applebee's Restaurants in New York State.  Their duties, pay rates and pay structures were substantially similar to those of Class Action Plaintiffs.

72.     Throughout Named Plaintiffs' employment, Defendants failed to pay them (1) timely compensation for all hours worked ("gap time") at their straight, regular hourly rate; (2) overtime compensation for each hour worked in excess of forty (40) hours in a week; and (3) spread of hours compensation for days in which they worked more than ten (10) hours. Defendants also issued Named Plaintiffs inaccurate pay stubs/wage statements for the hours that they were actually given credit for.  This was the same or similar for all Class Action Plaintiffs. Thus, there are common questions of law and fact which are applicable to Named Plaintiffs and Class Action Plaintiffs.

## Adequacy

73.     The representative parties are not currently employed by Defendants.

74.      Named Plaintiffs kept substantial records from his employment with Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.

75.     Named Plaintiffs fully anticipate the ability to testify under oath as to the services worked and time spent thereof for Defendants.

76.     Additionally, Named Plaintiffs' attorneys have substantial experience in this field of law.

## Superiority

77.     Named Plaintiffs have no facts relating to the class claims that are atypical of those of the class.  Indeed, upon information and belief, Named Plaintiffs were treated identically to other employees.

78.     Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would risk inconsistent results.

79.     Since Named Plaintiffs are not currently employed by Defendants, they will be able to further represent Class Action Plaintiffs by acting without fear of retaliation and/or harassment.

80.     Accordingly, this means of protecting Class Action Plaintiffs' rights is superior to any other method.

## **FACTS**

### Defendants Are A Single Enterprise Engaged In Commerce

81.     Defendants comprise a single enterprise engaged in commerce in that they have employees engaged in commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and their annual sales exceed $500,000.00.

82.     Defendants are engaged in related activities (through both a unified operation and the common control of Defendant Apple Metro) for a common business purpose, namely the operation of Applebee's restaurants within New York, Bronx, Kings, Queens, Richmond, Westchester and Rockland Counties in the State of New York.

83.     Defendants are engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Applebee's Restaurants within the New York metropolitan area.

84.     Defendants constitute a unified operation as they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

85.     The Restaurants are under the common control of Defendant Apple Metro as Defendant Apple Metro directs, governs and/or administers the performance of Defendants' operation and maintenance of Applebee's Restaurants within the New York metropolitan area.

86.     Defendant Apple Metro's website states the following:

a.      "Apple Metro, Inc. is the New York Metropolitan Area franchisee for Applebee's. . . .  Our portfolio currently includes 33 Applebee's in the five boroughs, Westchester and Rockland Counties."

b.      "Apple Metro, Inc. was formed in 1993 when owners Zane Tankel and Roy Raeburn joined forces."

c.      "Apple Metro has exclusive franchise rights to Manhattan, The Bronx, Brooklyn, Queens and Staten Island as well as all of Westchester and Rockland Counties."

87.     Defendant Apple Metro's website (i) posts open job positions for the Restaurants and (ii) offers customers the ability to schedule corporate, group or family events and educational programs at any of the Restaurants.

<u>Plaintiff Marin</u>

88.     Defendants hired Mr. Marin as a broil cook for the Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433 on or about March 28, 2011.

89.     Mr. Marin's typical duties as a broil cook included cooking and preparing food for customers and maintaining a sterile and orderly cooking station.

90.     During the course of his employment, Defendants also required Mr. Marin to perform general utilities services as needed.  The duties for that position included washing

dishes, sweeping and vacuuming the restaurant, scrubbing floors, washing laundry, disposing of garbage and generally ensuring that the restaurant was sanitary at all times.

91.     Defendants agreed to pay Mr. Marin $9.50 per hour for his services as a broil cook.

92.     Defendants also agreed to pay Mr. Marin $15.00 per hour for general utilities services.

Plaintiff Lebron

93.     Mr. Lebron was employed by Defendants at the Applebee's location at 234 West 42nd Street, New York, NY 10036 as a server.

94.     Mr. Lebron was employed by Defendants from August 2011 to approximately April 2012.

95.     As a server, Mr. Lebron was paid at a rate of $5.00 per hour for each hour worked in addition to tips or gratuities that he received from Defendants' customers (less the amount that he was required to contribute to a pool for other employees).

Plaintiff Hanisch

96.     Ms. Hanisch was employed by Defendants at the Applebee's location at 2276 Bartow Avenue, Bronx, NY 10475 as a server.

97.      Plaintiff Hanisch was employed by Defendants from March 2012 to December 2012.

98.     As a server, Ms. Hanisch was paid at a rate of $5.00 per hour for each worked in addition to tips or gratuities that she received from Defendants' customers (less the amount that she was required to contribute to a pool for other employees).

<u>Defendants' Illegal Scheme</u>

99.     Instead of paying Named Plaintiffs at these hourly rates for each hour worked or for overtime or spread of hours compensation, Defendants operated a scheme to avoid making these payments.

100.     Specifically, Defendant Tankel and Defendant Raeburn set a policy whereby the Manager Defendants were required to keep the cost of labor at a certain percentage of the restaurant's gross income.

101.     To meet this directive, the Manager Defendants routinely clocked Named Plaintiffs and all other restaurant employees out of work while they were still on the job and adjusted their time records by eliminating hours at their discretion.

<u>Illegal Alteration of Mr. Marin's Time Records</u>

102.     For example, at approximately 1:29 p.m. on August 27, 2012, Mr. Marin noticed that he was clocked out of work at 12:02 p.m. even though he had not clocked out himself.  He had been washing laundry and had made a trip to Home Depot for Defendants between 12:02 and 1:29 p.m that day.

103.     Mr. Marin approached Defendant Samlal and asked why he was clocked out at around 12:00 p.m. while he was still on the job.

104.     Defendant Samlal responded "Carlos, because I clocked you out for 12:00, that's why."

105.     Defendant Samlal continued to respond to Mr. Marin's complaint with a profanity-laden speech, stating "you're pissing me the fuck off" and exclaiming that Mr. Marin should know that Defendants "readjust this shit!"

106.    In readjusting and eliminating hours from Mr. Marin's time sheets, the Manager Defendants subtracted hours from weeks in which he worked more than forty (40) hours in a week to avoid paying overtime compensation.

107.    The Manager Defendants occasionally added those hours to weeks in which he worked less than forty (40) hours.  At all other times, the Manager Defendants cut Mr. Marin's hours completely.

108.    Overtime compensation was owed to Mr. Marin at the rate of one-and-a-half (1.5) times his regular rate of pay for each hour worked in excess of forty (40) hours in a week.

109.    With unfettered control over Mr. Marin's time records, the Manager Defendants also subtracted hours from days in which he worked more than ten (10) hours in a day to avoid paying spread of hours compensation.

110.    The Manager Defendants occasionally added those hours to days in which he worked less than ten (10) hours.  At all other times, the Manager Defendants cut Mr. Marin's hours completely.

111.    The Manager Defendants also avoided paying Mr. Marin for all hours worked and for overtime and spread of hours compensation by paying him with free movie passes instead of the required rates of pay and avoided paying Mr. Marin for overtime compensation by refusing to include his general utilities services in his total hours when calculating overtime compensation owed.  For example, Mr. Marin's pay stub for the pay period of June 27, 2011 to July 10, 2011 lists his general utilities services as cleaning services and does not include them among his regular or overtime hours worked.

112.    Spread of hours compensation was owed to Mr. Marin in the form of one additional hour's pay at the spread of hours premium for days in which he worked more than ten (10) hours.

113.    Each and every one of the Manager Defendants participated in this illegal scheme throughout the course of Mr. Marin's employment.

Illegal Alternation of Mr. Lebron and Ms. Hanisch's Time Records

114.    Like Mr. Marin, Mr. Lebron and Ms. Hanisch also had their time altered by their managers.

115.    Although both Mr. Lebron and Ms. Hanisch often worked over forty (40) hours per week, and entered their entry and egress times into the computers of their respective Restaurants, their paychecks rarely, if ever, reflected all of the hours that they had worked, or that they worked any overtime hours at all.

116.    Mr. Lebron, who maintained the print-out receipts that the computer at his Restaurant would print out at the end of each day's shift, has multiple receipts whose hours reflect a greater number of hours than shown on his paychecks, and that he was compensated for.

Managerial Involvement in Time Record Alteration

117.    Upon information and belief, Defendant Tankel and Defendant Raeburn rewarded the Manager Defendants for complying with their policy and engaging in the illegal scheme through bonuses, raises and other employee benefits.

118.    With daily alterations made to employee records, Defendant Tankel and Defendant Raeburn knew or should have known that these alterations were made and condoned them through the bonuses, raises and other employee benefits.

119.     While employing this scheme, the Management Defendants, Defendant Tankel and Defendant Raeburn had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined the rate of employee pay and method of payment and maintaine d employment records.

120.     Defendants' failures to pay Named Plaintiffs in accordance with the Fair Labor Standards Act, New York Labor Law and NYCRR was flagrant and willful.

121.     In clocking them out of work, readjusting hours and for Mr. Marin, requiring off-the-clock work and refusing to include general utilities services in total hours, Defendants issued pay stubs/wage statements that did not accurately reflect his hours in violation of Labor Law §195.

122.     All of Defendants' non-managerial employees were victimized by Defendants' scheme in identical fashion.

<u>Off-the-Clock Work and Illegal Compensation Practices</u>

123.     Defendants also forced Messrs. Marin and Lebron to perform work before they had clocked in for a shift, or after they had clocked out at a shift's end.  Since, notwithstanding the alterations to their time worked as recorded by the computer systems at their respective Applebee's locations, Messrs. Marin and Lebron were compensated only for hours recorded by this system, they were not paid for this "off-the-clock" work.

124.     Specifically, Mr. Marin was required to work without clocking in when the store was not busy and Mr. Lebron spent one to two hours after each shift performing duties such as rolling silverware and napkins.

<u>Defendants' Retaliation Against Mr. Marin</u>

125.    After Defendant Samlal responded to Mr. Marin's August 28, 2012 complaint with profanity-laden demands to conform to Defendants' illegal practices, Mr. Marin met with an attorney on August 29, 2012 to discuss filing a complaint or testifying against Defendants for their violations of the FLSA, Labor Law and NYCRR.

126.    Upon learning of this meeting, Defendant Samlal approached Mr. Marin and told him that he knew about the meeting and planned to set Mr. Marin up for termination.

127.    Approximately two weeks later on September 14, 2012, Defendants retaliated against Mr. Marin by terminating his employment.

128.    On February 21, 2013, Defendants retaliated against Mr. Marin again by kicking him out of the Jamaica Applebee's restaurant after he was seated attempting to order food as a customer.

<u>Defendants' Retaliation Against Mr. Lebron</u>

129.    In April 2012, Mr. Lebron complained separately to both of his managers, Jamal and Ali, regarding the pay practices at Times Square Applebee's.  He showed them his paystubs and told them that he believed that he was missing money from his paycheck.

130.    In response to his complaints, Ali told him that he shouldn't be asking him these kinds of questions, and Jamal told him that the checks were correct, as the taxes from his cash tips were taken out of his paycheck.

131.    After he made these complaints to his managers a fellow server at Times Square Applebee's warned him that he should not have questioned the managers about his hours.

132.   About a week after making the complaint, he came to work and saw that his name was not on the schedule.  When he inquired as to why he was not on the schedule, Jamal told him that Times Square Applebee's was slow and that they would call him when they needed him.

133.   He called Times Square Applebee's multiple times in the following weeks inquiring if they needed him again, however he was never put back on the schedule.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF NAMED PLAINTIFFS AND ALL FLSA PLAINTIFFS
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.)*

134.   Named Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

135.   At all relevant times, Defendants are or were "employers" within the meaning of the FLSA.

136.   At all relevant times, Named Plaintiffs and FLSA Plaintiffs are or were "employees" within the meaning of the FLSA.

137.   At all relevant times, Named Plaintiffs and FLSA Plaintiffs are or were "employed" by Defendants within the meaning of the FLSA.

138.   At all relevant times, Defendants are or were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA during each workweek of Named Plaintiffs' and FLSA Plaintiffs' employment.

139.   At all relevant times, Named Plaintiffs and FLSA Plaintiffs are not or were not exempt from the provisions of the FLSA.

140.   Defendants failed to compensate Named Plaintiffs and FLSA Plaintiffs for each hour that they worked at their regular rate of pay or otherwise.

141.     Defendants failed to compensate Named Plaintiffs and FLSA Plaintiffs for hours worked in excess of forty (40) hours per week at the statutorily required rate of one-and-a-half (1.5) times their regular rate of pay.

142.     These practices were willful and lasted for the duration of all relevant time periods.

143.     These practices are in violation of FLSA 29 U.S.C. §§ 201 *et seq.*

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS**
*(For Violation of Labor Law §§ 650 et seq.)*

144.     Named Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

145.     At all relevant times, all Defendants are or were "employers" within the meaning of the Labor Law.

146.     At all relevant times, Named Plaintiffs and Class Action Plaintiffs are or were "employees" within the meaning of the Labor Law.

147.     At all relevant times, Named Plaintiffs and Class Action Plaintiffs are not or were not exempt from the provisions of the Labor Law.

148.     Defendants failed to timely compensate Named Plaintiffs and Class Action Plaintiffs for each hour that they worked for all compensable time (or "gap time") due at their straight regular hourly rate of pay or otherwise.

149.     Defendants failed to compensate Named Plaintiffs and Class Action Plaintiffs for hours worked in excess of forty (40) hours per week at the statutorily required rate of one-and-a-half (1.5) times their regular rate of pay.

150.     These practices were willful and lasted for the duration of all relevant time periods.

151.     These practices are in violation of Labor Law Article 19 §§ 650 *et seq.* including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.  Sections 190(1), 191(1)(d), 198, 650, 652, and 663 of the NYLL, among others, which provide that Named Plaintiffs and Class Action Plaintiffs are entitled to recover the full amount of any underpayment of wages payable for each hour worked by Named Plaintiffs and Class Action Plaintiffs.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS**
*(For Violation of 12 N.Y.C.R.R. § 137-1.7)*

152.     Named Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

153.     At all relevant times, all Defendants are or were "employers" within the meaning of 12 N.Y.C.R.R. §§ 137.

154.     At all relevant times, Named Plaintiffs and Class Action Plaintiffs are or were "employees" within the meaning of 12 N.Y.C.R.R. §§ 137.

155.     At all relevant times, Named Plaintiffs and Class Action Plaintiffs are not or were not exempt from the provisions of 12 N.Y.C.R.R. §§ 137.

156.     Defendants failed to compensate Named Plaintiffs and Class Action Plaintiffs the legally mandated spread of hours pay for days in which they worked in excess of ten (10) hours.

157.     These practices were willful and lasted for the duration of the relevant time periods.

158.     These practices are in violation of 12 N.Y.C.R.R. § 137-1.7.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF MARIN
*(For Retaliation in Violation of the Labor Law § 215)*

159.    Named Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

160.    Plaintiff Marin engaged in a protected activity by complaining on August 28, 2012 to a manager, Defendant Samlal, about Defendants' unlawful conduct and by meeting with attorneys on August 29, 2012 to discuss filing a complaint or testifying against Defendants for their violations of the FLSA, Labor Law and NYCRR.

161.    Defendants were aware of the activity, as Mr. Marin's complaints were made to Defendant Samlal, who also informed Mr. Marin that Defendants were aware of his meeting with an attorney.

162.    Defendants took an adverse action against Mr. Marin by terminating his employment on September 14, 2012 and by kicking him out of the Jamaica Applebee's restaurant after he was seated attempting to order food as a customer on February 21, 2013.

163.    There is a clear causal nexus between Mr. Marin's protected activity and his termination and removal from the Jamaica Applebee's restaurant, as (1) he was terminated shortly after lodging his complaints and meeting with his attorney; (2) Defendant Samlal explained that Defendants decided to terminate him upon learning of his meeting with the attorney; and (3) Defendants kicked him out of the Jamaica Applebee's without justification or explanation shortly after he filed a Complaint in this action on October 22, 2012.

164.    Accordingly, Defendants retaliated against Plaintiff for engaging in a protected activity in violation of Labor Law§ 215.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF
OF PLAINTIFF LEBRON**
*(For Retaliation in Violation of the Labor Law § 215)*

165.    Named Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth

above with the same force and effect as if more fully set forth herein.

166.    Plaintiff Lebron engaged in a protected activity in April 2012 by complaining

about Defendants' improper payroll practices.

167.    Defendants took adverse action against Mr. Lebron by effectively by terminating

his employment in April 2012 by taking him off the schedule of the Times Square Applebee's

restaurant.

168.     There is a clear causal nexus between Mr. Lebron's protected activity and his

termination and removal from the Times Square Applebee's restaurant, as he was terminated

shortly after lodging his complaints with his managers at the restaurant.

169.    Accordingly, Defendants retaliated against Plaintiff for engaging in a protected

activity in violation of Labor Law § 215.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF
OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS**
*(For Violation of Labor Law § 195)*

170.    Named Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each

and every allegation set forth above with the same force and effect as if more fully set forth

herein.

171.    At all relevant times, all Defendants are or were "employers" within the meaning

of the Labor Law.

172.    At all relevant times, Named Plaintiffs and Class Action Plaintiffs are or were

"employees" within the meaning of the Labor Law.

173.    At all relevant times, Named Plaintiffs and Class Action Plaintiffs are not or were not exempt from the provisions of the Labor Law.

174.    In clocking employees out of work, requiring them to work without clocking in and readjusting their hours, Defendants issued pay stubs/wage statements that did not accurately reflect Named Plaintiffs' and Class Action Plaintiffs' hours.

175.    Defendants willfully failed to provide Named Plaintiffs and Class Action Plaintiffs with proper pay stubs/wage statements.

176.    These practices were willful and lasted for the duration of the relevant time periods.

177.    These practices are in violation of Labor Law § 195.

## DEMAND FOR A JURY TRIAL

178.    Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs demand a trial by jury on all issues and claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs, FLSA Plaintiffs, and Class Action Plaintiffs respectfully request:

A.    A jury trial on these issues to determine liability and damages;

B.    Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.     A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, 29 U.S.C. §§ 201 *et seq.*; Labor Law §§ 650 *et seq.*; the New York "spread of hours" pay required under 12 N.Y.C.R.R. §§ 137-1.7; Labor Law § 195 and Labor Law § 215.

D.     A judgment pursuant to 28 U.S.C. § 2201 declaring that Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs are not exempt from the provisions of FLSA 29 U.S.C. §§ 201 *et seq.*; Labor Law §§ 650 *et seq.*; the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 137-1.7; Labor Law § 195 and Labor Law § 215.

E.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs for all damages which Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

F.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

G.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties;

H.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs of all applicable statutory damages that they are entitled to;

I.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

J.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs for

costs and disbursements incurred in connection with this action, including reasonable attorneys'

fees, and expert witness fees;

K.     An award to Named Plaintiffs, FLSA Plaintiffs and Class Action Plaintiffs of pre-

judgment and post-judgment interest, as provided by law; and

L.     Any other and further relief as this Court finds necessary and proper.

Dated: June 28, 2013
      New York, New York               Respectfully submitted,

                                  **THE LAW OFFICE OF**
                                  **BORRELLI & ASSOCIATES, PLLC**
                                  *Attorneys for Plaintiffs*
                                  1010 Northern Boulevard, Suite 328
                                  Great Neck, New York 11021
                                  (516) 248-5550

                                  DOUGLAS LEVINE, ESQ. (DL4920)
                                  MICHAEL J. BORRELLI, ESQ. (MB8533)

                                     -and-

                                  **THE OTTINGER FIRM, P.C.**
                                  *Attorneys for Plaintiffs*
                                  20 West 55th Street, 6th Floor
                                  New York, New York 10019
                                  (212) 571-2000

                                  ROBERT W. OTTINGER (RO8879)
                                  ARIEL Y. GRAFF (AG8039)