UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | Index No. 12-CV-05274 (ENV)(CLP) |
| -against- | **ANSWER TO SECOND AMENDED COMPLAINT** |
| APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTRY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, an individual, ROY RAEBURN, an individual, KIRK SAMLAL, an individual, AUBREY DALEY, an individual, ROLAND RAYMOND, an individual, DERRICK PALMER, an individual, SUSY QUINTERO, an individual and CHRIS ANTOINE, an individual,[1] | |
| Defendants. | |

Defendants APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH

APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY

---

[1] Plaintiffs have incorrectly spelled the names of defendants Aubery Daley, Derek Palmer and Christopher Antoine in the Second Amended Complaint dated June 28, 2013.

PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRIS ANTOINE, (collectively, hereinafter referred to as "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the Second Amended Complaint filed by CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH ("Plaintiffs"), on behalf of themselves and all others similarly situated, hereby respond as follows:

## **INTRODUCTION**

1.      Deny the allegations set forth in paragraph "1" of the Second Amended Complaint, except admit that Plaintiffs purport that this action stems from Defendants' operation of Applebee's Neighborhood Grill & Bar in New York City, Rockland and Westchester Counties (hereinafter referred to as the "Restaurants").

2.      Deny the allegations set forth in paragraph "2" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

3.     Deny the allegations set forth in paragraph "3" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except admit that Mr. Marin worked at the Applebee's restaurant located at 161-19 Jamaica Avenue, Jamaica, NY 11433 ("Jamaica Applebee's"), and that Defendant Kirk Samlal was a general manager of that location.

4.     Deny the allegations set forth in paragraph "4" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except admit that Mr. Lebron worked at the Applebee's restaurant located at 234 West 42nd Street, New York, NY 10036 ("Times Square Applebee's").

5.     Deny the allegations set forth in paragraph "5" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except admit that Ms. Hanisch worked at the Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475 ("Bay Plaza Applebee's").

6.     Deny the allegations set forth in paragraph "6" of the Second Amended Complaint, except admit that Plaintiffs purport to bring this action on their own behalf and on behalf of those similarly situated to them for the legal and equitable relief requested in the Second Amended Complaint.

## JURISDICTION AND VENUE

7.     The allegations set forth in paragraph "7" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, except admit that this Court has subject matter jurisdiction.

8.      The allegations set forth in paragraph "8" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

9.      The allegations set forth in paragraph "9" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, except admit that venue is proper in the Eastern District of New York.

**PARTIES**

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "10" of the Second Amended Complaint. Deny the allegations set forth in the second sentence of paragraph "10" of the Second Amended Complaint, except admit that Mr. Marin was employed at the Jamaica Applebee's restaurant. Deny the allegations set forth in the third sentence of paragraph "10" of the Second Amended Complaint, except admit that Mr. Marin's employment was terminated from the Jamaica Applebee's restaurant on or about September 14, 2012.  The allegations set forth in the fourth sentence of paragraph "10" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "11" of the Second Amended Complaint. Deny the allegations set forth in the second sentence of paragraph "11" of the Second Amended Complaint, except admit that Mr. Lebron was employed at the Time Square Applebee's from August 2011 to April 2012.  The allegations set forth in the third sentence of paragraph "11" of

the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them. Defendants neither admit nor deny the remaining allegations of paragraph "11" of the Second Amended Complaint as said allegations do not require such a response, and respectfully refer the Court to the form titled "Consent To Be Party Plaintiff," dated February 55, 2013, for its full content and form.

12.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "12" of the Second Amended Complaint. Deny the allegations set forth in the second sentence of paragraph "12" of the Second Amended Complaint, except admit that Ms. Hanisch was employed at the Bay Plaza Applebee's from March 2012 to December 2012. The allegations set forth in the third sentence of paragraph "12" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them. Defendants neither admit nor deny the remaining allegations of paragraph "12" of the Second Amended Complaint as said allegations do not require such a response, and respectfully refer the Court to the form titled "Consent To Be Party Plaintiff," dated February 3, 2013, for its full content and form.

13.  Deny the allegations set forth in paragraph "13" of the Second Amended Complaint, except admit that Defendant Apple-Metro, Inc. ("Apple-Metro") is a corporation organized under the laws of the State of New York, with its principal place of business in Harrison, New York, is a franchisee of Applebee's with exclusive franchise rights in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, Westchester County and Rockland County.

14.  Deny the allegations set forth in paragraph "14" of the Second Amended Complaint, except admit that Defendant 117th Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations

concerning whether Defendant 117th Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

15.    Deny the allegations set forth in paragraph "15" of the Second Amended Complaint, except admit that Defendant 42nd Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant 42nd Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

16.    Deny the allegations set forth in paragraph "16" of the Second Amended Complaint, except admit that Defendant Airmont Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Airmont Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

17.    Deny the allegations set forth in paragraph "17" of the Second Amended Complaint, except admit that Defendant Astoria Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Astoria Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

18.    Deny the allegations set forth in paragraph "18" of the Second Amended Complaint, except admit that Defendant AT Apple, LLC is a limited liability corporation

organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant AT Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

19.    Deny the allegations set forth in paragraph "19" of the Second Amended Complaint, except admit that Defendant Bay Plaza Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bay Plaza Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

20.    Deny the allegations set forth in paragraph "20" of the Second Amended Complaint, except admit that Defendant Bay Terrace Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bay Terrace Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

21.    Deny the allegations set forth in paragraph "21" of the Second Amended Complaint, except admit that Defendant Bed-Stuy Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bed-Stuy Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

22.     Deny the allegations set forth in paragraph "22" of the Second Amended Complaint, except admit that Defendant Broadway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Broadway Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

23.     Deny the allegations set forth in paragraph "23" of the Second Amended Complaint, except admit that Defendant BTM Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant BTM Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

24.     Deny the allegations set forth in paragraph "24" of the Second Amended Complaint, except admit that Defendant Cortlandt Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Cortlandt Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

25.     Deny the allegations set forth in paragraph "25" of the Second Amended Complaint, except admit that Defendant Cross County Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Cross County Apple, LLC is a covered employer

within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

26.     Deny the allegations set forth in paragraph "26" of the Second Amended Complaint, except admit that Defendant Crossroads Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Crossroads Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

27.     Deny the allegations set forth in paragraph "27" of the Second Amended Complaint, except admit that Defendant EB Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant EB Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

28.     Deny the allegations set forth in paragraph "28" of the Second Amended Complaint, except admit that Defendant Expressway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Expressway Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

29.     Deny the allegations set forth in paragraph "29" of the Second Amended Complaint, except admit that Defendant Flatbush Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations

concerning whether Defendant Flatbush Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

30.     Deny the allegations set forth in paragraph "30" of the Second Amended Complaint, except admit that Defendant Fordham Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Fordham Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

31.     Deny the allegations set forth in paragraph "31" of the Second Amended Complaint, except admit that Defendant Fresh Meadows Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Fresh Meadows Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

32.     Deny the allegations set forth in paragraph "32" of the Second Amended Complaint, except admit that Defendant Harlem Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Harlem Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

33.     Deny the allegations set forth in paragraph "33" of the Second Amended Complaint, except admit that Defendant Hawthorne Apple, LLC is a limited liability corporation

organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Hawthorne Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

34.    Deny the allegations set forth in paragraph "34" of the Second Amended Complaint, except admit that Defendant Jamaica Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Jamaica Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

35.    Deny the allegations set forth in paragraph "35" of the Second Amended Complaint, except admit that Defendant AM NYCF, LLC is a corporation organized under the laws of the State of New York, with its principal place of business in Harrison, New York and is the sole member of the Jamaica Applebee's.

36.    Deny the allegations set forth in paragraph "36" of the Second Amended Complaint, except admit that Defendant Kisco Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Kisco Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

37.    Deny the allegations set forth in paragraph "37" of the Second Amended Complaint, except admit that Defendant Mamaroneck Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the

allegations concerning whether Defendant Mamaroneck Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

38.    Deny the allegations set forth in paragraph "38" of the Second Amended Complaint, except admit that Defendant New Dorp Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant New Dorp Apple, L.L.C. is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

39.    Deny the allegations set forth in paragraph "39" of the Second Amended Complaint, except admit that Defendant New Rochelle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant New Rochelle Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

40.    Deny the allegations set forth in paragraph "40" of the Second Amended Complaint, except admit that Defendant Outerbridge Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Outerbridge Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

41.    Deny the allegations set forth in paragraph "41" of the Second Amended Complaint, except admit that Defendant Port Chester Apple, LLC is a limited liability

corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Port Chester Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

42.   Deny the allegations set forth in paragraph "42" of the Second Amended Complaint, except admit that Defendant Queens Center Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Queens Center Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

43.   Deny the allegations set forth in paragraph "43" of the Second Amended Complaint, except admit that Defendant Rego Park Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Rego Park Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

44.   Deny the allegations set forth in paragraph "44" of the Second Amended Complaint, except admit that Defendant Riverdale Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Riverdale Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

45.     Deny the allegations set forth in paragraph "45" of the Second Amended Complaint, except admit that Defendant S.I. Mall Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant S.I. Mall Apple, L.L.C. is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

46.     Deny the allegations set forth in paragraph "46" of the Second Amended Complaint, except admit that Defendant Sheepshead Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Sheepshead Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

47.     Deny the allegations set forth in paragraph "47" of the Second Amended Complaint, except admit that Defendant SVC Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant SVC Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

48.     Deny the allegations set forth in paragraph "48" of the Second Amended Complaint, except admit that Defendant Triangle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Triangle Apple, LLC is a covered employer within the meaning

of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

49.   Deny the allegations set forth in paragraph "49" of the Second Amended Complaint, except admit that Defendant White Plains Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant White Plains Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

50.   Deny the allegations set forth in paragraph "50" of the Second Amended Complaint.

51.   Deny the allegations set forth in paragraph "51" of the Second Amended Complaint.

52.   Deny the allegations set forth in paragraph "52" of the Second Amended Complaint, except admit that Defendant Kirk Samlal was a manager of the Applebee's restaurant where Mr. Marin was employed.

53.   Deny the allegations set forth in paragraph "53" of the Second Amended Complaint, except admit that Defendant Aubery Daley was a manager of the Applebee's restaurant where Mr. Marin was employed.

54.   Deny the allegations set forth in paragraph "54" of the Second Amended Complaint, except admit that Defendant Roland Raymond was a manager of the Applebee's restaurant where Mr. Marin was employed.

55.     Deny the allegations set forth in paragraph "55" of the Second Amended Complaint, except admit that Defendant Derek Palmer was a manager of the Applebee's restaurant where Mr. Marin was employed.

56.     Deny the allegations set forth in paragraph "56" of the Second Amended Complaint, except admit that Defendant Susy Quintero was a manager of the Applebee's restaurant where Mr. Marin was employed.

57.     Deny the allegations set forth in paragraph "57" of the Second Amended Complaint, except admit that Defendant Christopher Antoine was a manager of the Applebee's restaurant where Mr. Marin was employed.

58.     Deny the allegations set forth in paragraph "58" of the Second Amended Complaint.

59.     Admit the allegations set forth in paragraph "59" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the County of residence for Mr. Samlal.

60.     Deny the allegations set forth in paragraph "60" of the Second Amended Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

61.     In response to the allegations set forth in paragraph "61" of the Second Amended Complaint, Defendants deny the allegations, except admit that Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as on behalf of "[c]urrent and former employees of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to recover the difference between the amount of wages

actually paid to them and the statutory amount due as well as to recover overtime compensation which is legally due to them for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs")."

62.    Deny the allegations set forth in paragraph "62" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

63.    Deny the allegations set forth in paragraph "63" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

64.    Deny the allegations set forth in paragraph "64" of the Second Amended Complaint.

65.    Deny the allegations set forth in paragraph "65" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

## RULE 23 CLASS ALLEGATIONS

66.    In response to the allegations set forth in paragraph "66" of the Second Amended Complaint, Defendants deny the allegations, except admit that Plaintiffs purport to pursue this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on their own behalf as well as those who are similarly situated, who were allegedly subjected to violations of the New York Labor Law and the NYCRR, during the applicable statutes of limitations period.

67.    The allegations set forth in paragraph "67" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

68.    Neither admit nor deny the allegations set forth in paragraph "68" of the Second Amended Complaint inasmuch as said paragraph does not contain any allegations which require Defendants to respond, except admit that Plaintiffs seek to define a class as "[c]urrent and

former employees of Defendants who perform or performed work as non-managerial employees during the statutory period within the State of New York, who (1) were not compensated for each hour worked; (2) worked in excess of forty (40) hours per week and were not paid overtime compensation; (3) worked in excess of ten (10) hours per day and were not paid spread of hours compensation; and/or (4) were issued inaccurate pay stubs/wage statements ("Class Action Plaintiffs")."

<u>Numerosity</u>

69.   Deny the allegations set forth in paragraph "69" of the Second Amended Complaint.

<u>Common Questions of Law and/or Fact</u>

70.   Deny the allegations set forth in paragraph "70" of the Second Amended Complaint.

<u>Typicality of Claims and/or Defenses</u>

71.   Deny the allegations set forth in paragraph "71" of the Second Amended Complaint.

72.   Deny the allegations set forth in paragraph "72" of the Second Amended Complaint.

<u>Adequacy</u>

73.   Admit the allegations set forth in paragraph "73" of the Second Amended Complaint.

74.   Deny the allegations set forth in paragraph "74" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except Defendants

deny knowledge of information sufficient to form a belief as to whether Plaintiffs have kept substantial records from their employment.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Second Amended Complaint.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Second Amended Complaint.

<u>Superiority</u>

77.     Deny the allegations set forth in paragraph "77" of the Second Amended Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Second Amended Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Second Amended Complaint, except admit that Plaintiffs are not currently employed by Defendants and deny knowledge or information sufficient to form a belief as to Plaintiffs' mental state.

80.     Deny the allegations set forth in paragraph "80" of the Second Amended Complaint.

**FACTS**

<u>Defendants Are A Single Enterprise Engaged in Commerce</u>

81.     Deny the allegations set forth in paragraph "81" of the Second Amended Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Second Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Second Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Second Amended Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Second Amended Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Second Amended Complaint, and respectfully refer the Court to Apple-Metro's website for its full content and form.

87.     Deny the allegations set forth in paragraph "87" of the Second Amended Complaint, and respectfully refer the Court to Apple-Metro's website for its full content and form.

<u>Plaintiff Marin</u>

88.     Deny the allegations set forth in paragraph "88" of the Second Amended Complaint, except admit that Mr. Marin was hired on or about March 28, 2011 and worked at the Jamaica Applebee's restaurant.

89.     Deny the allegations set forth in paragraph "89" of the Second Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Second Amended Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Second Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Second Amended Complaint.

Plaintiff Lebron

93.     Deny the allegations set forth in paragraph "93" of the Second Amended Complaint, except admit that Mr. Lebron worked as a server at the Times Square Applebee's.

94.     Deny the allegations set forth in paragraph "94" of the Second Amended Complaint, except admit that Mr. Lebron was employed from August 2011 to approximately April 2012.

95.     Deny the allegations set forth in paragraph "95" of the Second Amended Complaint.

Plaintiff Hanisch

96.     Deny the allegations set forth in paragraph "96" of the Second Amended Complaint, except admit that Ms. Hanisch worked as a server at the Bay Plaza Applebee's.

97.     Deny the allegations set forth in paragraph "97" of the Second Amended Complaint, except admit that Ms. Hanisch was employed from March 2012 to approximately December 2012.

98.     Deny the allegations set forth in paragraph "98" of the Second Amended Complaint.

Defendants' Illegal Scheme

99.     Deny the allegations set forth in paragraph "99" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

100.    Deny the allegations set forth in paragraph "100" of the Second Amended Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Second Amended Complaint.

Illegal Alteration of Mr. Marin's Time Records

102.    Deny the allegations set forth in paragraph "102" of the Second Amended Complaint.

103.    Deny the allegations set forth in paragraph "103" of the Second Amended Complaint.

104.    Deny the allegations set forth in paragraph "104" of the Second Amended Complaint.

105.    Deny the allegations set forth in paragraph "105" of the Second Amended Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

107.    Deny the allegations set forth in paragraph "107" of the Second Amended Complaint.

108.    The allegations set forth in paragraph "108" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny any assumptions underlying said allegations.

109.    Deny the allegations set forth in paragraph "109" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

110.    Deny the allegations set forth in paragraph "110" of the Second Amended Complaint.

111.    Deny the allegations set forth in paragraph "111" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

112.    The allegations set forth in paragraph "112" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny any assumptions underlying said allegations.

113.    Deny the allegations set forth in paragraph "113" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

Illegal Alteration of Mr. Lebron and Ms. Hanisch's Time Records

114.    Deny the allegations set forth in paragraph "114" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

115.    Deny the allegations set forth in paragraph "115" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

116.    Deny the allegations set forth in paragraph "116" of the Second Amended Complaint, except deny knowledge and information sufficient to form a belief as to the documents Mr. Lebron "maintained."

Managerial Involvement in Time Record Alteration

117.    Deny the allegations set forth in paragraph "117" of the Second Amended Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

119.    Deny the allegations set forth in paragraph "119" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

120.    Deny the allegations set forth in paragraph "120" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

121.    Deny the allegations set forth in paragraph "121" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

122.    Deny the allegations set forth in paragraph "122" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

Off-the-Clock Work and Illegal Compensation Practices as it is in the Complaint

123.    Deny the allegations set forth in paragraph "123" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

124.    Deny the allegations set forth in paragraph "124" of the Second Amended Complaint.

Defendants' Retaliation Against Mr. Marin

125.    Deny the allegations set forth in paragraph "125" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except deny knowledge and information sufficient to form a belief as to whether Mr. Marin met with an attorney on August 29, 2012 and/or the purposes of said meeting.

126.    Deny the allegations set forth in paragraph "126" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

127.    Deny the allegations set forth in paragraph "127" of the Second Amended Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Second Amended Complaint.

Defendants' Retaliation Against Mr. Lebron

129.    Deny the allegations set forth in paragraph "129" of the Second Amended Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Second Amended Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except deny knowledge and information sufficient to form a belief as to what "a fellow server" allegedly told Mr. Lebron.

132.    Deny the allegations set forth in paragraph "132" of the Second Amended Complaint, and further deny any assumptions underlying said allegations, except deny knowledge and information sufficient to form a belief regarding what Mr. Lebron saw on the schedule.

133.    Deny the allegations set forth in paragraph "133" of the Second Amended Complaint.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF NAMED PLAINTIFFS AND ALL FLSA PLAINTIFFS
*(Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.)*

134.    In response to the allegations set forth in paragraph "134" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "133" of the Second Amended Complaint as if each were fully set forth herein.

135.    The allegations set forth in paragraph "135" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

136.    The allegations set forth in paragraph "136" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

137.    The allegations set forth in paragraph "137" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

138.    The allegations set forth in paragraph "138" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

139.    The allegations set forth in paragraph "139" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

140.    Deny the allegations set forth in paragraph "140" of the Second Amended Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Second Amended Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

143.    The allegations set forth in paragraph "143" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

<u>**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS**</u>
<u>**ON BEHALF OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS**</u>
*(For Violation of Labor Law §§ 650 et seq.)*

144.    In response to the allegations set forth in paragraph "144" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "143" of the Second Amended Complaint as if each were fully set forth herein.

145.    The allegations set forth in paragraph "145" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

146.    The allegations set forth in paragraph "146" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

147.    The allegations set forth in paragraph "147" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

148.    Deny the allegations set forth in paragraph "148" of the Second Amended Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Second Amended Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

151.    The allegations set forth in paragraph "151" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS
### ON BEHALF OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS
*(For Violation of 12 N.Y.C.R.R. § 137-1.7)*

152.    In response to the allegations set forth in paragraph "152" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "151" of the Second Amended Complaint as if each were fully set forth herein.

153.     The allegations set forth in paragraph "153" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

154.     The allegations set forth in paragraph "154" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

155.     The allegations set forth in paragraph "155" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

156.     Deny the allegations set forth in paragraph "156" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

157.     Deny the allegations set forth in paragraph "157" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

158.     The allegations set forth in paragraph "158" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF MARIN
*(For Retaliation in Violation of the Labor Law § 215)*

159.     In response to the allegations set forth in paragraph "159" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "158" of the Second Amended Complaint as if each were fully set forth herein.

160.     The allegations set forth in paragraph "160" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny any assumptions underlying said allegations.

161.     Deny the allegations set forth in paragraph "161" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

162.     Deny the allegations set forth in paragraph "162" of the Second Amended Complaint.

163.     Deny the allegations set forth in paragraph "163" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

164.     Deny the allegations set forth in paragraph "164" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF LEBRON
*(For Retaliation in Violation of the Labor Law § 215)*

165.     In response to the allegations set forth in paragraph "165" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "164" of the Second Amended Complaint as if each were fully set forth herein.

166.     The allegations set forth in paragraph "166" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, and further deny any assumptions underlying said allegations.

167.     Deny the allegations set forth in paragraph "167" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

168.     Deny the allegations set forth in paragraph "168" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

169.    The allegations set forth in paragraph "169" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF NAMED PLAINTIFFS AND ALL CLASS ACTION PLAINTIFFS
*(For Violation of Labor Law § 195)*

170.    In response to the allegations set forth in paragraph "170" of the Second Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "169" of the Second Amended Complaint as if each were fully set forth herein.

171.    The allegations set forth in paragraph "171" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

172.    The allegations set forth in paragraph "172" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

173.    The allegations set forth in paragraph "173" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

174.    Deny the allegations set forth in paragraph "174" of the Second Amended Complaint, and further deny any assumptions underlying said allegations

175.    Deny the allegations set forth in paragraph "175" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

176.    Deny the allegations set forth in paragraph "176" of the Second Amended Complaint, and further deny any assumptions underlying said allegations.

177.    The allegations set forth in paragraph "177" of the Second Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## DEMAND FOR A JURY TRIAL

178.    Neither admit nor deny the allegations set forth in paragraph "178" of the Second Amended Complaint inasmuch as said paragraph does not contain any allegations that require Defendants to respond, and affirmatively assert that Plaintiffs, and the purported FLSA Plaintiffs and Class Action Plaintiffs are not entitled to a trial by jury on all issues and claims in this action.

## PRAYER FOR RELIEF

Deny that Plaintiffs and the purported FLSA Plaintiffs and Class Action Plaintiffs are entitled to any of the relief described in the "WHEREFORE" clause of the Second Amended Complaint, including sub-paragraphs A through L thereof.

Deny each and every allegation in the Second Amended Complaint not expressly admitted to herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law.  These defenses may also apply to the claims of some or all of the purported FLSA Plaintiffs and Class Action Plaintiffs.

## FIRST DEFENSE

1.    The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.      Defendants Zane Tankel, Roy Raeburn, Kirk Samlal, Aubrey Daley, Roland Raymond, Derrick Palmer, Susy Quintero and Chris Antoine are not proper defendants in this action as they were not Plaintiffs' "employers" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

## THIRD DEFENSE

3.      To the extent that the period of time alluded to in the Second Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## FOURTH DEFENSE

4.      Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow Plaintiffs to assert their state law wage and hour claims on an individual basis in this action.

## FIFTH DEFENSE

5.      Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited in the Second Amended Complaint, and so, Defendants assert good faith as a defense to any claim by Plaintiffs for liquidated damages.

## SIXTH DEFENSE

6.      Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the Second Amended Complaint, and so, Plaintiffs cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## SEVENTH DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiffs' compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## EIGHTH DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

## NINTH DEFENSE

9.      Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Second Amended Complaint, if any.

## TENTH DEFENSE

10.     If Plaintiffs succeed in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiffs,

Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiffs over and above their wages.

## ELEVENTH DEFENSE

11.    Any claim for additional compensation by Plaintiffs must be reduced by compensation already paid to Plaintiffs for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

## TWELFTH DEFENSE

12.    The Second Amended Complaint fails to state a claim upon which prejudgment interest may be granted.

## THIRTEENTH DEFENSE

13.    Plaintiffs are not entitled to any equitable relief because they have an adequate remedy at law.

## FOURTEENTH DEFENSE

14.    Plaintiffs are not entitled to damages for emotional pain and suffering as those damages are not available under the Fair Labor Standards Act and New York State Labor Law.

## FIFTEENTH DEFENSE

15.    Plaintiffs' class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' defenses to such claims is required.

## SIXTEENTH DEFENSE

16.     Neither liquidated damages nor attorneys' fees may be awarded under New York State Labor Law § 198 on a claim for spread of hours pay because spread of hours pay is neither a wage nor a wage supplement.

## SEVENTEENTH DEFENSE

17.     Messrs. Marin and Lebron's claims of retaliation are barred given that Messrs. Marin and Lebron did not engage in the requisite protected activity under New York Labor Law § 215.

## EIGHTEENTH DEFENSE

18.     All actions taken by Defendants with respect to Messrs. Marin and Lebron's employment were taken for legitimate nondiscriminatory business reasons and without regard to any retaliatory motive.

## NINETEENTH DEFENSE

19.     At all times, Defendants made complete and timely payments of all wages due to Plaintiffs under Article 6 or Article 19 or Article 19-A of the New York Labor Law.

## TWENTIETH DEFENSE

20.     At all times, Defendants reasonably believed in good faith that they provided Plaintiffs with adequate notice of wage information pursuant to New York Labor Law § 195(1).

## TWENTY-FIRST DEFENSE

21.     Plaintiffs' claim pertaining to alleged "off-the-clock" work for non-overtime hours fails in any workweek in which Plaintiffs' total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

### TWENTY-SECOND DEFENSE

22. The provisions of Title 12, Part 137 of the New York Code of Rules and Regulations, including the provision in § 137-1.7, do not apply to any of the Defendants.

### TWENTY-THIRD DEFENSE

23. Plaintiffs are not entitled to exemplary or punitive damages as those damages are not available under the Fair Labor Standards Act and New York State Labor Law.

### TWENTY-FOURTH DEFENSE

24. Plaintiffs are precluded from litigating the claims asserted in the Amended Complaint in this Court because they are party to "Mandatory Final and Binding Arbitration Agreement[s]," which require that they resolve "all disputes, controversies disagreements, controversies, or claims" in connection with their employment by mandatory final and binding arbitration. Plaintiffs have not made a demand to arbitrate their claims prior to filing the instant lawsuit.

### TWENTY-FIFTH DEFENSE

25. Plaintiffs are not entitled to a jury trial as they specifically waived such right in their respective "Mandatory Final and Binding Arbitration Agreement[s]."

### TWENTY-SIXTH DEFENSE

26. Plaintiffs, as former employees, lack standing to represent the putative class of current employees of Defendants because they cannot seek injunctive relief. For these reasons, Plaintiffs are also inadequate class representatives.

### TWENTY-SEVENTH DEFENSE

27. In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the Second Amended Complaint to raise any and all additional affirmative and other

defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendants request judgment against Plaintiffs with respect to their claims asserted herein, dismissing the Second Amended Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Date:   July 19, 2013
        New York, New York

/s/ Craig R. Benson
Craig R. Benson
cbenson@littler.com
George B. Pauta
gpauta@littler.com
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Attorneys for the following defendants:
APPLE-METRO, INC., AM NYCF, LLC, 42ND
APPLE, LLC, 117TH APPLE, LLC, AIRMONT
APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE,
LLC, BAY PLAZA APPLE, LLC, BAY TERRACE
APPLE, LLC, BED-STUY APPLE, LLC,
BROADWAY APPLE, LLC, BTM APPLE, LLC,
CORTLANDT APPLE, LLC, CROSS COUNTY
APPLE, LLC, CROSSROADS APPLE, LLC, EB
APPLE, LLC, EXPRESSWAY APPLE, LLC,
FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC,
FRESH MEADOWS APPLE, LLC, HARLEM
APPLE, LLC, HAWTHORNE APPLE, LLC,
JAMAICA APPLE, LLC, KISCO APPLE, LLC,
MAMARONECK APPLE, LLC, NEW DORP APPLE,
L.L.C., NEW ROCHELLE APPLE, LLC,
OUTERBRIDGE APPLE, LLC, PORT CHESTER
APPLE, LLC, QUEENS CENTER APPLE, LLC,
REGO PARK APPLE, LLC, RIVERDALE APPLE,

LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD
APPLE, LLC, SVC APPLE, LLC, TRIANGLE
APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE
TANKEL, ROY RAEBURN, AUBERY DALEY,
ROLAND RAYMOND, DEREK PALMER, SUSY
QUINTERO, and CHRISTOPHER ANTOINE