

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

George B. Pauta
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
gpauta@littler.com

August 5, 2014

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

    Re:   *Marin et al. v. Apple-Metro, Inc. et al.*
           Civil Action No. 12-cv-05274

           *Dove et al. v. Apple-Metro, Inc. et al.*
           Civil Action No. 13-cv-01417

Dear Magistrate Pollak:

This office represents the Defendants in the above-referenced cases. We respectfully write to inform the Court that pursuant to Federal Rule of Civil Procedure 72, Defendants will be filing objections on or before August 11, 2014 to the Court's July 28, 2014 decisions (*Marin* Doc. 75; *Dove* Doc. 48) granting conditional certification in the above-referenced cases (hereinafter, the "Decision"), as permitted by the Rule.  In consideration of the foregoing, Defendants respectfully request a stay of the Decision and respectfully submit that as set forth below, ordering a stay would prejudice neither Plaintiffs nor potential opt-ins plaintiffs in any way.

Specifically, Defendants request a stay of the Decision in so far as it requires:  (1) Defendants to provide Plaintiffs in both actions with a list of potential opt-in plaintiffs' contact information; (2) Defendants to post Court-approved notices at Defendants' restaurants; and (3) Plaintiffs to send notices to potential opt-in plaintiffs in both actions.  Defendants do not seek to stay Your Honor's directive to meet and confer with Plaintiffs' counsel concerning the content of Plaintiffs' proposed notice and to brief any disputes if necessary, in the case that Judge Vitaliano overrules Defendants' objections.  Defendants have also commenced the administrative process associated with identifying potential individuals who may fall within the scope of the class defined by the Decision.

Granting the requested relief is the sole manner that will avoid significant prejudice to Defendants should Judge Vitaliano sustain Defendants' objections.  Specifically, a determination by Judge Vitaliano that sustains Defendants' objections would be moot if notice was already posted and sent to potential opt-in plaintiffs.  Moreover, providing Plaintiffs' counsel with the contact information of potential opt-in plaintiffs before Judge Vitaliano rules on Defendants'

littler.com

Cheryl L. Pollak
August 5, 2014
Page 2

appeal would be prejudicial to Defendants ---- it would allow Plaintiffs to contact potential opt-ins directly and without court-authorization.  Should Your Honor grant the relief requested herein, Defendants will produce the required contact information to Plaintiffs within seventy-two hours of Judge Vitaliano's decision, in the event that Judge Vitaliano overrules Defendants' objections.  Furthermore, so that Plaintiffs and potential opt-in plaintiffs do not suffer any prejudice whatsoever as a result of a stay, we respectfully submit that the statute of limitations of the claims of potential opt-ins plaintiffs be tolled pending the outcome of Defendants' Rule 72 appeal.

We thank the Court for its time and consideration.

Respectfully submitted,

George B. Pauta

GBP/gp
cc:     Plaintiffs' Counsel (via ECF)