

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

Craig R. Benson
212.583.2682 direct
212.583.9600 main
718.732.2369 fax
cbenson@littler.com

August 7, 2014

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Marin et al. v. Apple-Metro, Inc. et al.*
Civil Action No. 12-cv-05274 (ENV)(CLP)

*Dove et al. v. Apple-Metro, Inc. et al.*
Civil Action No. 13-cv-01417 (ENV)(CLP)

Dear Magistrate Pollak:

This firm represents the Defendants[1] in the above-referenced cases. As per the Court's July 28, 2014 Conditional Certification Order (*Marin*, ECF No. 75, at 22-23; *Dove*, ECF No. 48, at 22-23)[2] and August 6, 2014 Electronic Scheduling Order, Defendants submit this letter brief in opposition to Plaintiffs' proposed collective notice ("Proposed Notice"). Plaintiffs' Proposed Notice is attached hereto as Exhibit 1.

As a result of the parties' meet and confer, the parties have agreed to the following: (1) a 60-day opt-in period, and (2) the following change to the language regarding Defendants' denial of liability: "Defendants deny any wrongdoing and/or liability and deny that any non-managerial workers were underpaid for his or her work at any time" (Proposed Notice, at 1), revised to "Defendants deny any wrongdoing and/or liability and maintain that all of their employees are paid in compliance with federal law." A redline of Defendants' changes to the Proposed Notice is attached hereto as Exhibit 2.

Plaintiffs' Proposed Notice, however, is still deficient in several major respects. First, the Proposed Notice does not adequately address the fact that *Marin* and *Dove* are two separate cases with two different putative collective classes. Second, it references an incorrect time period – October 22, 2009 to present – instead of May 27, 2011 to present. Third, the Proposed Notice improperly references state law, instead of just federal law. Fourth, the notice

---

[1] With the exception of individual defendant Kirk Samlal, who is not represented by this firm.

[2] Defendants intend to file a Rule 72 appeal of this Court's Conditional Certification Order. Defendants' citation to the Order here should not be interpreted as acceptance of the Court's findings.

Magistrate Judge Cheryl L. Pollak
August 7, 2014
Page 2

language should be neutral, but certain statements in the Proposed Notice are unduly persuasive. Finally, the Proposed Notice is repetitive, contains superfluous information, and improperly highlights certain statements, suggesting that some statements are more important than others.

As explained more fully below, we respectfully request that the Court utilize its "broad discretion," see *Cohan v. Columbia Sussex Mgmt.*, LLC, 2013 U.S. Dist. LEXIS 187539, at *32 (E.D.N.Y. Sept. 19, 2013), to approve Defendants' revisions and adopt their proposed notice ("Defendants' Notice"). Defendants' Notice is attached hereto as Exhibit 3.

I. **The Notice Should Better Distinguish Between The Two Actions and Have Two Separate Consent Forms, One For Each Action**

Plaintiffs' first major error was to refer to the Actions as a single lawsuit and propose that only one consent form be used for both putative collective classes. The *Marin* and *Dove* Actions are two <u>separate</u> cases, each dealing with very distinct claims. They have not been consolidated into one case pursuant to Fed. R. Civ. Proc. 42; instead, they have merely been deemed "related" pursuant to E.D.N.Y. Division of Business Rule 50.3.1. This rule allows cases to be assigned to the same judge(s) in order to achieve greater judicial economy, but does not "vest any rights in litigants or their attorneys." Rule 50.3.1(f). *Cf. Nixon v. Diehm*, No. 99 Civ. 9843 (KMW) (THK), 2000 U.S. Dist. LEXIS 2834, at *4 (S.D.N.Y. Mar. 14, 2000) ("The [Business] Rules do not vest the individual parties with any substantive rights . . . .").

Defendants realize that notice will be given in both Actions at the same time, and thus recognize the efficiency of sending one notice describing both lawsuits to all eligible employees. However, allowing a single consent form for both cases, as Plaintiffs propose, is highly inappropriate and misleading. First, using only one consent form implies that individuals only have the option of opting into both lawsuits. This is, of course, incorrect. In *Marin*, originally filed on October 22, 2012, plaintiffs assert claims for unpaid minimum wages, gap-time pay, and overtime arising out of Defendants' alleged requirement that employees work off the clock (ECF No. 23, at ¶¶ 123-24) and their alleged unlawful alteration of employees' time records (*id.* at ¶¶ 101, 106, 115, 124). In contrast, in *Dove*, originally filed on March 18, 2013, plaintiff asserts claims for unpaid minimum wages arising out of an alleged tip sharing scheme. (ECF No. 15, at ¶¶ 93, 95-96, 101-02). It very well could be that an individual wishes to opt-in to the *Marin* action but not the *Dove* action and vice versa. Using only one consent form deprives potential opt-ins of this option.

Second, the two Actions have different putative collective classes. The *Marin* putative collective class includes all non-managerial employees – both tipped and non-tipped – including servers, hosts, bartenders, cooks, expeditors, runners, dishwashers, and maintenance workers. (ECF No. 75, at 17-18). In contrast, the *Dove* putative collective class only includes tipped employees, such as servers, hosts, and bartenders. (ECF No. 48, at 22). Accordingly, *Dove* opt-in plaintiffs may be eligible to join the *Marin* Action, but not every *Marin* opt-in plaintiff is

eligible to join the *Dove* Action. If the Court adopts Plaintiffs' proposed consent form, (1) none of the opt-in plaintiffs will know what Action they are actually joining; (2) an opt-in plaintiff who believes that he did not receive all of the tips that he was entitled to, but did not work off the clock and does not believe Defendants shaved any of his time, has no ability to opt-in to the *Dove* case without also opting into the *Marin* case; (3) an opt-in plaintiff who believes that she worked off the clock and that Defendants shaved her time, but that she was paid all of her tips, has no ability to opt-in the *Marin* case without also opting into the *Dove* case; and (4) once Plaintiffs' attorneys receive the signed Consent Forms, they will not know for which Action (or both) to file the Consent Forms. Accordingly, Plaintiffs' attorneys would either have to file the same Consent Forms in both actions (which is patently improper) or determine on their own who should be in the *Dove* Action and who should be in the *Marin* Action (which is also patently improper).

Accordingly, Defendants' Notice contains two consent forms, one for each Action, and adds explicit instructions with respect to who is eligible for what Action (*see* Defendants' Notice, Q&A No. 5, "Can I join these collective action lawsuits?") and how to join one or both Actions (*see* Defendants' Notice, Q&A No. 10, "How do I join these collective action lawsuits?"). The Consent Forms also add spaces for opt-in plaintiffs to provide information regarding their job location(s), start and end dates, and job title(s) – to further ensure that only eligible employees opt-in to the *Dove* Action and to also make locating the employment records of opt-in plaintiffs, particular those with common names (e.g. Michael Smith), easier. Finally, Defendants' Notice also contains revisions in the notice itself to address the fact that there are two separate lawsuits. Plaintiffs' consistent reference to "the lawsuit" and their grouping of all the named plaintiffs and both complaints' allegations together is misleading and incorrect.

## II. The Applicable Time Period Should Be Tied To The Date Conditional Certification Was Granted

Plaintiffs' second major error was to state that employees were eligible to join the Actions if they were employed from October 22, 2009 to present. (Proposed Notice, at 1, 3). In choosing this date, Plaintiffs measured the FLSA 3-year notice period by reference to the date the *Marin* complaint was filed – October 22, 2012 – and completely disregarded when the *Dove* complaint was filed. It is well established, however, that notice of a collective action should only issue to those individuals who were employed within three years *from the date the motion for conditional certification is granted*, not three years from the date the action was initially filed. *See, e.g., Hernandez v. Immortal Rise, Inc.*, No. 11-4360, 2012 U.S. Dist. LEXIS 136556, at *19-21 (E.D.N.Y. Sept. 24, 2012) ("[D]efendants accurately point out that any notice period generally shall be measured from the date of the Court's order granting plaintiffs' motion for conditional certification, not from the filing of the complaint."); *Ritz v. Mike Rory Corp.*, 2013 U.S. Dist. LEXIS 61634, at *8 (E.D.N.Y. Apr. 29, 2013) (same); *Enriquez v. Cherry Hill Mkt. Corp.*, 2012 U.S. Dist. LEXIS 17036, at *7 (E.D.N.Y. Feb. 10, 2012) (same); *Brabham v. Mega Tempering & Glass Corp.*, 2013 U.S. Dist. LEXIS 94024, at *16-17 (E.D.N.Y. June 11, 2013) (same). *See also In Re Penthouse Exec. Club Compensation Litig.*, 2010 U.S. Dist. LEXIS

Magistrate Judge Cheryl L. Pollak
August 7, 2014
Page 4

114743, at *17, n.4 (S.D.N.Y. Oct. 27, 2010) ("[C]ourts traditionally permit a three-year notice period. . . . Accordingly, it is appropriate at this stage for the plaintiffs to provide notice to all dancers who worked at the Penthouse Executive Club within three years of the sending of the notice to conform as closely to 29 U.S.C. § 256 as possible.")

Accordingly, the FLSA 3-year notice period should be tied to July 28, 2014, the day the Court granted conditional certification. However, the *Marin* Action has a tolling agreement in place applicable to putative collective class members. In that case only, the parties agreed to toll the statute of limitations during the time period in which the parties adjourned the briefing schedule related to Plaintiffs' motion for conditional certification. (*See* ECF No. 39). Originally, Plaintiffs' motion was due on December 4, 2013 (ECF No. 34), but the parties agreed to a new deadline of February 3, 2014 (ECF No. 41). This adds an additional 62 days to the *Marin* FLSA statute of limitations period, making the applicable time period May 27, 2011 to the present (3 years, 62 days from the date of the Court's conditional certification decision). Defendants' Notice incorporates the proper *Marin* time period, along with the proper *Dove* time period (July 28, 2011 to present) in the section entitled "Can I join these collective action lawsuits."[3]

### III.  The Notice Should Not Reference State Law, Only Federal Law

Plaintiffs' third major error was to reference both federal and *state* law in their Proposed Notice. (Proposed Notice, at 2). There is simply no "reason to include reference to the pending state law claims" in a notice that only deals with federal law and an individual's right to opt in pursuant to the FLSA, a federal statute. *McBeth v. Gabrielli Truck Sales, Ltd.*, 2011 U.S. Dist. LEXIS 10398, at *9 (E.D.N.Y. Feb. 3, 2011). *See also Hanchard-James v. Brookdale Family Care Ctrs.*, 2012 U.S. Dist. LEXIS 113118, at *16 (E.D.N.Y. Aug. 9, 2012) ("Reference to strictly state-law violations should . . . be removed from the notice."). Defendants' Notice removes all reference to New York state law.

### IV.  The Notice Should Only Contain Neutral, Not Overly Persuasive, Language

Plaintiffs' fourth major error was to include overly persuasive language in their Proposed Notice. The language in a collective notice must be "neutral and non-technical." *See Lujan v. Cabana Mgmt.*, 2011 U.S. Dist. LEXIS 9542, at *39-40 (E.D.N.Y. Feb. 1, 2011).

For example, Plaintiffs' statement that putative collective class members "will not be required to pay any fee for services provided by" Plaintiffs' attorneys but "will be responsible for paying" a different attorney (Proposed Notice, at 4) not only improperly persuades class members to hire Plaintiffs' attorneys, but is also misleading in that Plaintiffs' counsel is in some

---

[3] Since *Dove* putative collective class members are also eligible for the *Marin* class, there was no need to confuse potential opt-in plaintiffs and reference the *Dove* FLSA notice period (July 28, 2011 to present) in the first section of the notice ("Why did I get this notice?"), because it is subsumed within the *Marin* FLSA notice period (May 27, 2011 to present).

Magistrate Judge Cheryl L. Pollak
August 7, 2014
Page 5

unique position to offer free legal services that other private counsel cannot agree to provide. Defendants' Notice removes the language regarding payment to a different attorney and adds the following: "If you decide to retain your own attorney, you can agree on your own fee arrangement with him or her."

Finally, one of the very first lines in Plaintiffs' Proposed Notice reads: "This Notice was authorized by the Court to protect your rights." (Proposed Notice, at 1). This is improperly persuasive because it conveys the impression that the Court has endorsed the lawsuit in order to protect Plaintiffs' rights. Defendants' Notice removes the "to protect your rights" portion of this statement.

### V. The Notice Should Be Precise and Easy to Read, and All Language Should Be Equally Emphasized

Plaintiffs' final major error was to highlight certain statements in the Proposed Notice as more important than others, and include repetitive, superfluous, and inaccurate information.

First, the Proposed Notice uses larger font, all caps, italics, bold typeface, and underlining throughout to specifically highlight language that promotes joining the lawsuit. (Proposed Notice, at 1, 2, 4, 5). It also uses language such as "important" and "extremely important" to further highlight certain statements. (Proposed Notice, at 1, 4). Finally, the Proposed Notice includes repetitive language about how to join the lawsuit (Proposed Notice, at 2, 3, 4), and provides Plaintiffs' attorneys' contact information twice. (Proposed Notice, at 3, 4). All of this emphasis is improper. *See Chhab v. Darden Rests., Inc.*, 2013 U.S. Dist. LEXIS 135926, at *49-50 (S.D.N.Y. Sept. 19, 2013) ("We agree with defendants that such emphasis is promotional and improper. All language in the notice is important and should be equally emphasized."). Defendants' Notice removes all such emphasis and repetition from its notice and Consent Forms.

Second, the Proposed Notice contains superfluous information, which does not relate to the putative collective class members' rights to opt into the *Dove, Marin*, or both Actions. For example, the Proposed Notice contains a lengthy section on retaliation. (Proposed Notice, at 4). The pertinent information is that "[i]t is a violation of federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case," which has been left in Defendants' Notice. However, the rest of the section is gratuitous and unrelated to the purpose of the notice. *See Cohan*, 2013 U.S. Dist. LEXIS 187539, at *39-40 (deleting second paragraph in retaliation section that starts "If you believe that you have been retaliated against" because "the first paragraph adequately notifies potential plaintiffs of their rights"). According, Defendants' Notice removes this additional language.

Third, the Proposed Notice contains a small number of inaccuracies. For example, Apple-Metro does not "own and operate" the Applebee's restaurants (Proposed Notice, at 1, 2, 3) – it only operates/manages them. Additionally, Plaintiffs Marin, Lebron, and Hanisch did not

work as "servers, hosts, bartenders, cooks, expeditors, runners, dishwashers, and maintenance workers" – they only worked in some of those job titles. (Proposed Notice, at 1). And, Christopher L. Van De Water no longer represents any of the Plaintiffs. (Proposed Notice, at 3, 4). Defendants' Notice corrects these errors. Finally, Defendants' Notice contains slight changes in order to achieve better clarity and readability.

    For all the above reasons, Defendants respectfully request that the Court adopt Defendants' Notice in full. We thank the Court for its time and consideration.

                                          Respectfully submitted,

                                          Craig R. Benson

CRB/clh

cc:    All Counsel of Record (via ECF)