

**Ariel Y. Graff**
ari@ottingerlaw.com

August 11, 2014

**VIA ECF**

The Hon. Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    *Marin, et al. v. Apple Metro, Inc., et al.* – **No. 12 Civ. 5274 (ENV)(CLP)**
              *Dove, et al. v. Apple Metro, Inc., et al.* – **No. 13 Civ. 1417 (ENV)(CLP)**

Dear Judge Pollak:

Together with our co-counsel, we represent Plaintiffs in the above-referenced related actions, which Your Honor conditionally certified as collective actions by Order dated July 28, 2014 (ECF #75). We write in response to Defendants' letter, dated August 7, 2014 (ECF #78 [*Marin*]; #51 [*Dove*]), which opposes Plaintiffs' proposed form of notice of the pendency of these actions to potential collective action members.[1]

Specifically, Defendants assert: (i) that the Notice should include two consent forms, one for each action; (ii) that references to state law should be removed; and (iii) that the Notice contains purportedly superfluous, unduly suggestive language and emphases.[2] As further developed

---

[1]      We note that Plaintiffs have incorporated two, non-substantive, revisions to the form of Notice that we originally submitted as Exhibit Y to Plaintiffs' motion for conditional certification, and which is attached to Defendants' letter as Exhibit 1. First, we have updated the address for the Ottinger Firm, P.C., which recently relocated its offices. Second, we have included an option for potential Plaintiffs to submit their "opt-in" forms online. Plaintiffs' proposed notice incorporating these revisions is attached hereto as <u>Exhibit Y-1</u>.

[2]      Defendants also assert that the time period for potential collective actions members should be calculated as three years prior to the date the motion for preliminary certification was granted, rather than three years prior to the commencement of the action (*i.e.*, from October 22, 2009). This Court has, however, already held that the Class period "runs from October 22, 2009" (ECF #75 at 3). Defendants' attempt to now re-litigate an issue that was already decided in Plaintiffs' favor is therefore improper. In any event, Defendants are mistaken on the merits as well, as courts frequently permit a notice to be keyed to the three-year period prior to the filing of the complaint, "with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." *Winfield v. Citibank, N.A.,* 843 F.Supp.2d 397, 410 (S.D.N.Y. 2012) (citing *Whitehorn*

below, these objections are unfounded in either law or fact. Indeed, the notice proposed by Plaintiffs is closely modeled on the plain language notice promulgated by the Federal Judicial Center,[3] as well as language that has been expressly approved by this Court in prior cases. Plaintiffs therefore respectfully request that the Court approve the proposed Notice in the form attached hereto as Exhibit Y-1.

**I.      One Consent Form For Both Actions Is Appropriate**

As noted by Defendants, the *Marin* and *Dove* actions have been designated as related pursuant to Local Rule 50.3.1. This designation is based upon a determination that, because of "the similarity of facts and legal issues or because the cases arise from the same transactions or events," considerations of judicial economy justify proceeding before the same District Judge and Magistrate Judge. *Id.* Indeed, the *Dove* action, which has been conditionally certified as to all "tipped" employees, necessarily encompasses the same potential Plaintiffs as the *Marin* action, which has been conditionally certified as to *all* non-managerial employees, tipped and non-tipped alike. Yet, despite this similarity and overlap, Defendants now propose that two distinct consent-to-join forms be sent to potential opt-in plaintiffs, who would then be required to correctly determine whether their potential legal claims fall into one – or both – of the actions, at the risk of forfeiting their respective statutes of limitations in the event that they misapprehend the distinction between the two opt-in forms and/or existence of their own potential claims. Far from bringing "clarity" to the opt-in process, the inevitable consequence of Defendants' proposal is instead to artificially limit the opt-in rate in both actions by overwhelming potential members with duplicative and confusing paperwork.

Defendants' stated concern, that a single opt-in form would make it impossible to determine which action each Plaintiff has opted into, is more appropriately addressed through discovery, rather than through a duplicative and confusing opt-in process that will artificially depress the opt-in rate and jeopardize the statute of limitations for plaintiffs who may not, at the outset, appreciate the distinctions between their potential claims. After discovery, the burden of proof will remain with the opt-in plaintiffs, both for the purposes of a potential decertification motion or obtaining an ultimate judgment. As such, it will be incumbent upon each opt-in plaintiff to clarify the precise claims they intend to assert, either through an affidavit or through sworn deposition testimony. To the extent the opt-in plaintiffs make such representations during discovery – or fail to do so – Defendants' concerns would be effectively eliminated.

An analogous situation exists when a case involves numerous subclasses, each asserting slightly different factual or legal claims. And, consistent with Plaintiffs' proposed form of notice here,

---

*v. Wolfgang's Steakhouse, Inc.,* 767 F.Supp.2d 445, 451 (S.D.N.Y. 2011)); *accord Weng Long Liu v. Rong Shing, Inc.*, 12-cv-7136, 2014 WL 1244676, at *3 (S.D.N.Y. Mar. 26, 2014); s*ee also Mata-Primitivo v. May Tong Trading Inc.*, 13-cv-2839 (CBA/MDG), 2014 WL 2002884, at *5 (E.D.N.Y. May 15, 2014).

[3]      *See* Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), *available at* http://www.fjc.gov/public/pdf.nsf/lookup/ClaAct11.pdf/$file/ClaAct11.pdf

courts in such situations routinely authorize the issuance of one notice and consent form without requiring that opt-in plaintiffs identify the subclass to which they belong. *See, e.g.*, *Ravenell v. Avis Budget Car Rental, LLC*, 08-cv-2113 (SLT/ALC), 2010 WL 2921508, at *2 (E.D.N.Y. July 19, 2010) ("Courts remain free to decertify the class or divide it into subclasses, if appropriate[,] despite an earlier preliminary determination authorizing notice to potential opt-ins.") (citations and internal quotations omitted)); *Pena v. Handy Wash, Inc.*, 14-cv-20352, 2014 WL 2884559 (S.D. Fla. June 18, 2014) (permitting the issuance of common notice and consent form to employees who may be asserting distinct claims, and noting that the "court may decertify the class or assign subclasses of plaintiffs as appropriate after discovery is complete, thus addressing defendants' additional concerns regarding the scope of [employees] included in the conditional class").

Notwithstanding the merits of Plaintiffs' proposed opt-in form, in the event that the Court were to require opt-in plaintiffs to differentiate between their consent to join the *Marin* and/or *Dove* actions, Plaintiffs would, in that case, respectfully request that the Court approve the alternative opt-in form attached hereto as <u>Exhibit Y-2</u>, which includes "check boxes" for Plaintiffs to specify the nature of their respective claims. Although this alternative still presents a risk of confusion for potential opt-in plaintiffs, it would effectively address all of Defendants' concerns without unreasonably expecting opt-in plaintiffs to submit two distinct consent forms or unnecessarily duplicate the amount of paperwork.

## II.     The References To State Law Are Appropriate

There are two references to New York state law in Plaintiffs' proposed Notice. Under the heading "*Why did I get this notice*?" the Notice states:

> Two lawsuits have been brought against Defendants claiming they violated various provisions of federal and New York State wage and hour laws. (Ex. Y-1 at 2.)

Under the heading "*What is this lawsuit about?*", the Notice states:

> This lawsuit is about whether Defendants' compensation practices violate federal and/or New York law. The lawsuit alleges that Defendants violated federal and New York law by [enumerating claims] (Ex. Y-1 at 2.)

Contrary to Defendants' assertion that references to state law claims are improper in a notice sent pursuant to Section 216(b) of the FLSA, "there is not a per se rule against inclusion of such claims." *Guzman v. VLM, Inc.*, 07-cv-1126 (JG/RER), 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007); *see also id.* ("Given that a potential plaintiff with both FLSA claims and state law claims would consider whether or not a state action was also being brought relevant to his decision whether to opt in to pursue his FLSA claims, I find the reference to state law proceedings appropriate."). Moreover, in the context of Plaintiffs' proposed Notice here, these two passing references are merely uncontestable statements of fact, as Plaintiffs are indeed seeking relief under both federal and state law. Furthermore, and perhaps more importantly,

Defendants have made no argument that they would be in anyway prejudiced by these passing and accurate references to Plaintiffs' state claims. *See Kemper v. Westbury Operating Corp.*, 12-cv-0895 (ADS/ETB), 2012 WL 4976122, at *4 (E.D.N.Y. Oct. 17, 2012) ("Information regarding state law claims may help potential plaintiffs determine whether they want to opt in to this suit or to pursue their claims in a different forum, and it is not clear how the dissemination of such information would harm defendants."); *Enriquez v. Cherry Hill Mkt. Corp.*, 10-cv-5616 (FB/ALC), 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012) (noting that reference to state law claims in a notice of pendency issued pursuant to the FLSA "does not prejudice the defendants in any way"). Accordingly, the two references to Plaintiffs' state law claims should be retained.

### III. The Language Regarding Attorney Compensation Is Not "Overly Persuasive"

Defendants cite only one example of language in the proposed Notice that is purportedly "overly persuasive": the statement that putative collective class members "will not be required to pay any fee for services provided by" Plaintiffs' counsel, while members would "be responsible for paying" an independently hired attorney (Defs.' Letter at 4). Contrary to Defendants' suggestion that this language implies that "Plaintiffs' counsel are in some unique position to offer free legal services" (*id.* at 4-5), this challenged language is merely a clear and accurate statement of fact. Indeed, Plaintiffs adopted this language directly from this Court's ruling in *Karic v. Major Auto. Cos., Inc.*, 799 F.Supp.2d 219, 229 (E.D.N.Y. 2011) (Pollak, M.J.) (ordering that FLSA notice contain the statement: "*[Y]ou may chose to be represented by Plaintiffs' counsel in this case. You will not be required to pay any fee for services provided by [Plaintiffs' counsel] .... [I]f you wish to be represented by counsel other than Plaintiffs' counsel, you may retain another attorney. You will be responsible for paying that attorney....*"). As such, Defendants' proposed revisions to this paragraph should be rejected.

### IV. The Proposed Notice Is Easy To Read And Understand

Defendants cite three examples in support of their contention that the proposed Notice is not "precise and easy to read": (i) that certain information is highlighted; (ii) that the anti-retaliation provision is "superfluous"; and (iii) that the Notice contains minor inaccuracies, specifically a reference to the ownership of the restaurants and job titles of Plaintiffs (Defs.' Letter at 5). Plaintiffs do not object to the final contention regarding the minor inaccuracies, and have accordingly adopted those changes proposed by Defendants. Defendants' first two assertions, however – that information in the Notice is improperly highlighted and the anti-retaliation provision is repetitive – are both based on a misstatement of the law and a mischaracterization of the proposed Notice.

With respect to the purportedly improper emphasis, the proposed Notice contains only a handful of sentences set off in bold typeface or underlined font, including one – the anti-retaliation provision – in bold typeface and all capital letters.[4] The anti-retaliation provision is in fact

---

[4] Apart from the anti-retaliation provisions, the other bold-font language in Plaintiffs' proposed Notice is consistent with that in the Federal Judicial Center's Plain Language Notice.

essential to emphasize. Rather than unduly attempting to persuade parties to join the suit, that provision informs them of a basic right of which many employees are unaware. The remaining highlighted provisions are not attempts to unduly exert pressure on potential plaintiffs to join the suit, but instead draw their attention to essential information, such as the duration of the opt-in period and the nature of the Notice. This is also true with respect to the inclusion of words like "important" (*see, e.g.* Ex. Y-1 at 4). It is not indicative of undue influence to use the word "important" to describe a document, such as the Notice, pursuant to which essential rights may be waived or preserved, which is in fact undoubtedly important.

Defendants' claim that the anti-retaliation provision contains "superfluous information," is likewise incorrect. In the first place, similar provisions are routinely approved by courts in this District and elsewhere. In fact, Plaintiffs' proposed anti-retaliation language is borrowed directly from a prior ruling by this Court. *See Karic*, 799 F.Supp.2d at 229; *see also, e.g.*, *Lynch v. United Servs. Auto. Ass'n*, 491 F.Supp.2d 357, 373 (S.D.N.Y. 2007) (approving a notice containing the statement: "The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, [employer] is prohibited from discharging you or retaliating against you in any other manner because you choose to participate in this action").

Moreover, the information in this provision is not in fact superfluous, insofar as it contains a reference not only to Defendants' obligation not to retaliate against any opt-in plaintiff, but also to Plaintiffs' distinct right not to communicate with Defendants or Defendants' counsel about the contents of the suit. This information is especially significant to current employees, who, because of the imbalance of power in the employer-employee relationship, may otherwise believe that they are obligated to speak with Defendants or Defendants' representatives about the suit without counsel present. Accordingly, Defendants' revisions to this provision should be rejected.

*     *     *     *

For all the foregoing reasons, Plaintiffs respectfully request that the Court approve transmission and posting of the proposed Notice of these collective actions in the form attached hereto as Exhibit Y-1.

Respectfully submitted,

*Ariel Graff*
Ariel Graff

cc:  Peter J. Andrews (co-counsel for Plaintiffs)
    Daniela Nanau (co-counsel for Plaintiffs)
    Craig R. Benson, Esq. (counsel for Defendants)
    George B. Pauta, Esq. (counsel for Defendants)
    Christine L. Hogan, Esq. (counsel for Defendants)
    Erin W. Smith, Esq. (counsel for Defendants)