UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
CARLOS MARIN, KENNY LEBRON, and
MARTINA HANISCH, *on behalf of themselves
and all others similarly situated,*
                              Plaintiffs,

    -against-

APPLE-METRO, INC., et al.,

                              Defendants.
--------------------------------------------------------------
SHAUNTA DOVE, *on behalf of herself and all
others similarly situated,*
                              Plaintiffs,

    -against-

APPLE-METRO, INC., et al.,

                              Defendants.
-------------------------------------------------------------- x

**MEMORANDUM & ORDER**

12-cv-5274 (ENV) (CLP)
13-cv-1417 (ENV) (CLP)

VITALIANO, D.J.

      Pursuant to Fed. R. Civ. P. 72, defendants Apple-Metro Inc., a corporation, consisting of Applebee's restaurants throughout New York City, Westchester and Rockland counties, along with the individual restaurant branches that together constitute Apple-Metro, Inc., appeal from the July 28, 2014 Order of Magistrate Judge Cheryl L. Pollak granting conditional certification in these two cases. Upon considering, in accord with Rule 72(a), defendants' objections, the Court finds that

1

Magistrate Judge Pollak's order was neither clearly erroneous nor contrary to law. As a consequence, the objections are overruled and the Order is affirmed for the reasons that follow. Familiarity with Judge Pollak's description of the procedural background is presumed, so it will not be repeated.

## Discussion

Generally, "magistrate judges have broad discretion to resolve nondispositive matters." *Macaluso v. Keyspan Energy*, 2007 U.S. Dist. LEXIS 33464 (E.D.N.Y. May 7, 2007). However, a district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Hence, a party may object to a magistrate judge's pretrial order on a nondispositive matter within 14 days of the entry of the order.[1] Fed. R. Civ. P. 72(a). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Rathgaber v. Town of Oyster Bay*, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (*quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). Thus, "the magistrate judge's finding should not be rejected merely because the court would have decided the matter differently." *Graves v. Deutsche Bank Securities Inc.*, 2010 WL 997178, at *7 (internal citation omitted).

---

[1] Although defendants did not file their objections to Judge Pollak's July 29th Order until August 13th, 15 days after it was entered (*see* Docket No. 80), the Court must assume that defendants did not receive notice until three days after it was mailed. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996); Fed. R. Civ. P. 6(d). Thus, assuming defendants received notice on August 1, 2013, the objections were timely filed.

2

Defendants argue that Judge Pollak improperly granted conditional certification, and erred in finding that plaintiffs in the *Marin* and *Dove* actions were entitled to provide notice to similarly situated employees who had been employed from three years prior to the filing of the respective complaints, rather than three years prior to the Order granting conditional certification. Each of the objections fails.

To assess whether plaintiffs' purported classes qualify for conditional certification pursuant to section 216(b) of the FLSA, a court must "look[] to the pleadings and affidavits to determine whether plaintiffs have satisfied the minimal burden of showing that the similarly situated requirement is met." *Castro v. Spice Place, Inc.*, No. 07 Civ. 4657, 2009 WL 229952, at *2 (S.D.N.Y. Jan. 30, 2009) (internal citation and quotation marks omitted).[2] This standard is "considerably less stringent" than the standard for class certification under Fed. R. Civ. P. 23, *see Avila v. Northport Car Wash, Inc.*, No. 10 Civ. 2211, 2011 WL 833642, at *3 (E.D.N.Y. Mar. 10, 2011) and requires only that such plaintiffs make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. Oct. 22, 1997). As Judge Pollak noted, "the Second Circuit has yet to prescribe a particular method for determining whether

---

[2] Of course, after discovery is completed, the plaintiffs will have to clear a second threshold to obtain class certification – the certifying court must then make a factual finding as to whether the putative class members are "*actually* similar situated." *Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009) (emphasis added).

members of a putative class are similarly situated." MJ Order at *10 (quoting *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 351 (E.D.N.Y. 2008)). In the absence of clear direction from the Circuit, "district courts in this circuit look to the '(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class.'" *Laroque*, 557 F. Supp. 2d at 351 (quoting *Guzman v. VLM, Inc.*, No 07 Civ. 1126, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)). The objections pick at findings of commonality.

First and foremost, defendants argue that Magistrate Judge Pollak improperly found that all 36 Apple-Metro restaurants constituted a single employer so as to render its hourly-workers similarly situated and grant conditional certification. However, defendants have already conceded that all 36 restaurants use a "common network of electronic Point of Service ("POS") terminals, called 'AppleOne.'" The POS terminals allow store managers to track and alter employees' clock-in and clock-out times, and transmit that information to a central employee payroll office that covers the employees at all 36 locations. Pl. Mem. at 2. Moreover, defendants conceded that "they require managers in each of their 36 locations to undergo the same rigorous training process at one of eight 'training restaurants,' and that the work of store-level managers and employees is uniformly governed by a comprehensive set of formal policies that extend to items as varied as work uniforms, menus, hiring and personnel practices, and employee time keeping

4

and compensation." Pl. Mem. at 2. Finally, employees at each of these locations were provided a Notice of Hourly and Overtime Wages, pursuant to New York state labor law, which identified "Apple-Metro, Inc." as the employees' employer, rather than naming each individual restaurant. *Id.* On this basis, the determination is rather straightforward. Magistrate Judge Pollak's single-employer finding is both proper and reasonable.

Second, defendants contend that, in any event, there was no unlawful common policy affecting employees in all 36 Apple-Metro restaurants, and that any unlawful conduct occurred at the hands of a few rogue store managers. However, to make a showing of a common policy, there need not be evidence that "all managers nationwide [acted] in lockstep." *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 408 (S.D.N.Y. 2012) (granting conditional certification where plaintiffs worked at only 13 branches of a nationwide collective). Moreover, there need not be a formal, unlawful policy. "Instead, it is sufficient to show that a facially lawful policy was implemented in an unlawful manner, resulting in a pattern or practice of FLSA violations," *id.* at 405, or that there existed a "widespread *de facto* policy carried out by individual managers." *Id.* at 407 (emphasis in original). Therefore, based on the facts presented, Magistrate Judge Pollak properly found that "plaintiffs ha[d] met their minimal burden of showing that non-managerial employees at 36 Apple-Metro restaurants are similarly situated because they are under common management, common ownership, and have interrelated labor practices." MJ Order at *17.

Third, defendants assert that Magistrate Judge Pollak improperly discounted evidence they presented, including declarations of other hourly employees who attested that they were not subject to the unlawful practices alleged by plaintiffs. Notwithstanding, "[c]ourts in this Circuit regularly conclude that [competing] declarations do not undermine the plaintiffs' showing in the first stage of the conditional certification process." *Winfield*, 843 F. Supp. 2d at 407 n.6. Reviewing such competing declarations "would require the Court to evaluate credibility and determine the facts. Such actions are inappropriate at this stage." *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 271-72 (S.D.N.Y. 2012). Accordingly, this objection fails.

Fourth, restaurant management argues that Dove's second amended complaint failed to meet the pleading standard for FLSA minimum wage claims, citing *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106 (2d Cir. 2013) and *Boutros v. JTC Painting and Decorating Corp.*, No. 12-Civ.-7576, 2013 WL 3110843, at *3-4 (S.D.N.Y. June 19, 2013). Yet, these cases arose in the context of overtime claims, whereas here Dove asserts that she was underpaid for *all* of the hours she worked due to the imposed tip-sharing scheme. She has, therefore, met the burden required of her at this stage, which is to allege "with a sufficient degree of clarity that defendants failed to compensate each of them for work he or she completed before and after their shifts . . . on a daily basis." *Perry v. City of New York*, No. 13-Civ.-1015, 2013 WL 641893 (S.D.N.Y. Dec. 17, 2013). Therefore, Magistrate Judge Pollak's finding that Dove had "sufficiently alleged facts in

support of her claim that she was not paid proper wages under the FLSA," was proper, and defendants' objection fails.

Finally, defendants object to the scope of the notice as it was ordered by Magistrate Judge Pollak, which directed that notice be provided to "all hourly non-managerial employees at Apple Metro's Applebee's restaurants at any point in the three years prior or after [] the filing of the respective operative Complaints." MJ Order at *23. Defendants argue that it is "well established" that the three-year limitations period should run (backward) "from the date the motion for conditional certification is granted, not three years from the date the action was initially filed." Def. Mem. at 23 (emphasis omitted) (citing *Hernandez v. immortal Rise, Inc.*, No. 11-4360, 2012 U.S. Dist. LEXIS 136556 at *19-21 (E.D.N.Y. Sept. 24, 2014)), and insist it should include only those employees who worked for defendants within three years of the Court's order, rather than within three years of the filing of plaintiffs' respective complaints. However, "[a]lthough 'notice should generally be directed to those employed within three years of the date of the Order granting conditional certification or to the mailing of the notice,' *see Chhab v. Darden Restaurants, Inc.*, 2013 WL 5308004, Civ. No. 11–8345, at *15 (S.D.N.Y. Sept. 20, 2013) (citing 29 U.S.C. § 255), courts have permitted the period of employment to run from three years prior to the commencement of the action, rather than the date of the notice, as the claims of the potential opt-in plaintiffs are tolled on the date that their consent forms are filed, *id.* at *15–16 (concluding that the notice period could be measured three years from the date of the commencement of the action where 'defendants

7

would be perversely incentivized to drag out preliminary discovery so as to shorten the pre-filing notice period'). *Mata-Primitivo v. May Tong Trading Inc.*, No. Civ. 2013-2839, 2014 WL 2002884, at *5 (E.D.N.Y. May 15, 2014). This case is one in which a limitations period running from the date of the notice order would create precisely such perverse incentives to drag out discovery. Magistrate Judge Pollak's order was, as a result, neither clearly erroneous nor contrary to law.

## Conclusion

For the foregoing reasons, defendants' objections are overruled and the Order is affirmed.

So Ordered.

Dated: Brooklyn, New York
December 16, 2014

ERIC N. VITALIANO
United States District Judge