UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CARLOS MARIN, et al., *on behalf of themselves and all others similarly situated,*

Plaintiffs,

- against -

APPLE-METRO, INC., et al.,

Defendants.

-----------------------------------------------------------X

SHAUNTA DOVE, *on behalf of herself and all others similarly situated,*

Plaintiff,

- against -

APPLE-METRO, INC., et al.,

Defendants.

-----------------------------------------------------------X

**ORDER**

12 CV 5274 (ENV)

13 CV 1417 (ENV)

On October 22, 2012, Carlos Marin, Kenny Lebron, and Martina Hanisch (the "Marin plaintiffs"), on behalf of themselves and all others similarly situated, filed a Complaint against Apple-Metro, Inc., a corporation consisting of Applebee's Restaurants located in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, Westchester and Rockland Counties ("Apple Metro"). (Docket No. 12 CV 5274). The Complaint also names as defendants the individual restaurant branches,[1] as well as several individual defendants: Zane Tankel, Roy Raeburn, Kirk Samlal,

---

[1] 117th Apple, LLC, 42nd Apple, LLC, AM NYCF, LLC, AT Apple, LLC, Airmont Apple, LLC, Astoria Apple, LLC, BTM Apple, LLC, Bay Plaza Apple, LLC, Bay Terrace Apple, LLC, Bed-Stuy Apple, LLC, Broadway Apple, LLC, Cortlandt Apple, LLC, Cross Country Apple, LLC, Crossroads Apple, LLC, EB Apple, LLC, Expressway Apple, LLC, Flatbush Apple, LLC, Fordham Apple, LLC, Fresh Meadows Apple, LLC, Harlem Apple, LLC, Hawthorne Apple, LLC, Jamaica Apple, LLC, Kisco Apple, LLC, Mamaroneck Apple, LLC, New Dorp Apple, LLC, New Rochelle Apple, LLC, Outerbridge Apple, LLC, Derrick Palmer, Port Chester Apple, LLC, Queens Center Apple, LLC, Rego Park Apple, LLC, Riverdale Apple, LLC, S.I. Apple, LLC, SVC Apple, LLC, Sheepshead Apple, LLC, Triangle Apple, LLC, and White Plains Apple, LLC.

Aubrey Daly, Roland Raymond, Derrick Palmer, Susy Quintero, and Chris Antoine (the "individual defendants") (collectively, "defendants"). (Docket No. 12 CV 5274). On June 28, 2013, the Marin plaintiffs filed an amended Complaint, in which they alleged that defendants had violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and New York Labor Law §§ 195, 215, and 650 et seq. ("NYLL"), by altering the employees' electronic time records, and failing to pay the non-managerial employees the proper minimum and overtime wages. (Marin Compl.[2] ¶¶ 1, 2).

On March 18, 2013, Shaunta Dove ("Dove plaintiff"), on behalf of herself and all others similarly situated, filed a Complaint in a related action against defendants. (Docket No. 13 CV 1417). On September 24, 2013, Dove filed an amended Complaint, in which she alleged that defendants failed to pay "tipped" hourly workers minimum and overtime wages by reducing their tip credit, in violation of the FLSA and the NYLL. (Dove Compl.[3] ¶¶ 1-3).

On July 28, 2014, the Court conditionally certified the collective actions. The Court Ordered the parties to meet and confer on the language in the plaintiffs' proposed notice, allowing the parties to further brief any disputes as to the language in the notice if necessary. On August 7, 2014, defendants wrote the Court detailing several deficiencies they perceived in plaintiff's proposed notice. (Defs.' 8/7 Let.[4] at 1).

## DISCUSSION

### I. Number of Consent Forms

Defendants first complain that plaintiffs provide only one consent form for both putative collective classes. (Id. at 2). Defendants argue that this creates unnecessary confusion in that opt-in

---

[2]Citations to "Marin Compl." refer to the Marin plaintiffs' second amended Complaint, filed June 28, 2013.

[3]Citations to "Dove Compl." refer to the Dove plaintiff's first amended Complaint, filed September 24, 2013.

[4]Citations to "Defs.' 8/7 Let." refer to defendants' letter to the Court regarding plaintiff's proposed notice, dated August 7, 2014.

plaintiffs who can consent to join one collective action may not be able to join the other collective action. (Id.) The Marin putative class consists of all non-managerial employees – both tipped and untipped – whose time records were allegedly altered, whereas the Dove putative class consists only of tipped employees who were part of an alleged illegal tip sharing scheme. (Id.) Defendants contend that opt-in plaintiffs will not know which action they are joining, or that even if they do know which action they are joining, there is no means to state that preference on the current consent form. (Id. at 3). Furthermore, defendants believe that plaintiffs will have to determine on their own who should be in which action, which is "patently improper." (Id.) Defendants suggest including two consent forms, one for each action.

Plaintiffs respond that one consent form for both actions is appropriate. (Pls.' 8/11 Let.[5] at 2). They point out that all opt-in Dove plaintiffs would also be Marin plaintiffs, and accordingly, using one consent form would prevent "overwhelming potential members with duplicative and confusing paperwork." (Id.) Plaintiffs note that decisions regarding which opt-in plaintiffs belong in which action need not be made until the end of discovery, when the burden will fall on plaintiffs to establish that the class should not be decertified. (Id.) Plaintiffs compare the consent form proposed in these two related cases to cases in which the court has approved one consent form for multiple sub-classes within one lawsuit. (Id. at 2-3 (citing Ravenell v. Avis Budget Car Rental, LLC, No. 08 CV 2113, 2010 WL 2921508, at *2 (E.D.N.Y. July 19, 2010))). Plaintiffs request that if the Court does require opt-in plaintiffs to differentiate their consent to join an action, that choice should be indicated as a check box on one consent form instead of two separate consent forms.

Having considered the arguments of the parties and reviewed the forms, the Court finds that a single form, with two boxes, allowing the opt-in plaintiffs to select which of the subclasses best fits their own personal circumstances, is less confusing to the potential class members and requires less paperwork. The plaintiffs' proposed form contains an adequate description of the basis for

[5]Citations to "Pls.' 8/11 Let." refer to plaintiffs' response to defendants' objections to the proposed notice, dated August 11, 2014.

each lawsuit and allows the prospective opt-in plaintiffs to determine, based on the manner in which they were paid at Applebee's, whether they should join the Marin action or the Dove action or both. Given plaintiffs' representation that a number of the potential opt-in plaintiffs would qualify for relief in both actions, providing separate forms may confuse some into believing that they can only return one form even if they might technically qualify as a participant in both cases. By asking them to fill out one form, allowing them to join either action, there is less likelihood that a potential opt-in might mistakenly send in the wrong form to join one case when they actually qualify for the other case, with the potential for depriving them of any recovery. Since plaintiffs correctly note that the decision as to who properly belongs as a class member in either action will not be determined by the Court until the end of discovery, asking non-lawyers to understand their rights and the full ramifications of their selection without a more detailed explanation invites inevitable controversy and the potential result that individuals who were not properly paid their wages under the FLSA end up with no ability to recover simply because they returned the wrong form.

Accordingly, the Court finds that a single form, allowing the potential opt-in plaintiffs to indicate which claim best fits their circumstances will provide the best notice to the class and minimize confusion.

II. Applicable Time Period

Defendants next contend that plaintiffs have inaccurately defined the class period. Whereas plaintiffs state that employees are eligible to join the collective action if they were employed from October 22, 2009 to the present (measuring the three year FLSA statute of limitations from the date the Marin Complaint was filed), defendants believe that the accurate three year notice period should be tied to the date that plaintiffs' motion for conditional certification was granted – May 27, 2011 for the Marin action, and July 28, 2011 to the present for the Dove action.[6] (Defs.' 8/7 Let. at 3-4).

[6]The motion for conditional certification was granted on July 28, 2014. However, defendants account for a tolling agreement the parties agreed to in the Marin action, which added

Plaintiffs respond that the class period was already defined by the Court in its order granting conditional certification. (Pls.' 8/11 Let. at 1, n.2) Additionally, plaintiffs cite case law which they argue supports their contention that the three-year limitations period is keyed to the filing of the complaint, "'with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date.'" (Id. (quoting Winfield v. Citibank, N.A., 843 F. Supp. 2d 397, 410 (S.D.N.Y. 2012))).

On July 29, 2014, the Court granted plaintiffs' motion for conditional certification and defined the class period "from October 22, 2009 to the present," which measures from the date the Marin Complaint was filed. (Order 7/29[7] at 3). Defendants appealed this Court's Order, arguing that the Court erred in finding that notice should be provided to all hourly employees employed from three years prior to the filing of the Complaint rather than three years prior to the date the Court granted plaintiff's conditional certification motion. (Defs.' Mem.[8] at 1). On December 18, 2014, the Honorable Eric N. Vitaliano overruled defendants' objections and affirmed this Court's Order. (Order 12/18[9] at 2, 7-8). Accordingly, the class period will be measured from the date the respective Complaints were filed: the Marin class period will run from October 22, 2009 to the present and the Dove class period will run from March 18, 2010 to the present.

---

62 days to the Marin statute of limitations time period while the parties adjourned the briefing schedule associated with the conditional certification motion. (Defs.' 8/7 Let. at 4).

[7]Citations to "Order 7/29" refer to this Court's Order granting plaintiffs' motion for conditional collective action certification, filed July 29, 2014.

[8]Citations to "Defs.' Mem." refer to Defendants' Memorandum of Law In Support of Their Objections, Pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge Pollak's July 28, 2014 Order, filed August 13, 2014.

[9]Citations to "Order 12/18" refer to Judge Vitaliano's Memorandum and Order overruling defendants' objections and affirming this Court's Order, filed December 18, 2014.

III. References to State Law

The proposed notice makes references to lawsuits brought under both the FLSA and NYLL. Defendants contend that plaintiffs should not reference state law in their proposed notice. Citing cases, they argue that it is generally not proper to refer to state law given that the notice "only deals with federal law and an individual's right to opt-in pursuant to the FLSA." (Defs.' 8/7 Let. at 4). Plaintiffs respond that references to state law are appropriate, and "are merely uncontestable statements of fact." (Pls.' 8/11 Let. at 3). Plaintiffs cite to case law approving references to state law claims in proposed notices where defendants suffer no prejudice from the references. See Kemper v. Westbury Operating Corp., No. 12 CV 895, 2012 WL 4976122, at *4 (E.D.N.Y. Oct. 17, 2012) (stating that "[i]nformation regarding state law claims may help potential plaintiffs determine whether they want to opt in to this suit or to pursue their claims in a different forum, and it is not clear how the dissemination of such information would harm defendants"); Enriquez v. Cherry Hill Mkt. Corp., No. 10 CV 5616, 2012 WL 440691, at *4 (E.D.N.Y. Feb. 10, 2012); Lujan v. Cabana Management, Inc., No. 10 CV 755, 2011 WL 317984, at *9, n.15 (E.D.N.Y. Feb. 1, 2011) (confirming that "[b]ecause [language referencing claims under New York law] may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action, that language should remain in the Notice"); Guzman v. VLM, Inc., No. 07 CV 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007).

However, defendants cite Hanchard-James v. Brookdale Family Care Ctrs. in support of their position that there is no reason to include references to state law violations. No. 12 CV 1922, 2012 WL 3288810 (E.D.N.Y. Aug. 9, 2012). In Hanchard-James, the court concluded that references to strictly state law violations should be removed from the notice and defendants believe that the same remedy is appropriate here. (Id. at *6). However, unlike the language here, the notice in Hanchard-James referred to and named specific state law violations, like spread of hours pay. (Id.) The court struck those specific references, concerned that potential plaintiffs would believe that they could recover the spread of hours premium under the FLSA collective action. (Id.) Here,

the notice refers only in passing to general violations of state law stating, for example, that "[t]his lawsuit is about whether Defendants' compensation practices violate federal and/or New York law." (Defs.' 8/7 Let., Ex. 1 at 2). Given that the notice does not refer to specific state law violations as it did in Hanchard-James, it is unlikely that plaintiffs will be unduly confused regarding the basis for their potential recovery.

Defendants also cite McBeth v. Gabrielli Truck Sales, Ltd. where the court omitted references to any state law claims from the notice. 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011). However, in McBeth, the court omitted references to state law claims because those claims fell outside of the FLSA statute of limitations. (Id.) The court concluded that "since the notice period will not encompass any state law claims, there is no reason to include reference to the pending state law claims in the Notice of Pendency." (Id.) Thus, McBeth is distinguishable from the facts here because plaintiffs allege that the state law violations occurred throughout plaintiffs' employment and thus, contemporaneously with the FLSA violations. (Marin Compl. ¶¶ 72, 101, 106, 106, 142, 150, 157; Dove Compl. ¶¶ 8, 119, 129, 140, 151, 160, 167, 175). Therefore, unlike in McBeth, the notice period encompassed by the FLSA claims will also encompass state law claims.

Given the limited references to state law violations and the absence of prejudice to defendants, defendants' request to omit references to state law is denied.

IV. Neutral Language

Defendants contend that plaintiffs' proposed language is "overly persuasive." (Defs.' 8/7 Let. at 4). Defendants first complain that plaintiffs' statement that "putative class members 'will not be required to pay any fee for services provided by' Plaintiffs' attorneys but 'will be responsible for paying' a different attorney" improperly persuades opt-in plaintiffs to hire plaintiffs' attorneys. (Id.) Defendants also argue that this language incorrectly makes it seem like plaintiffs' attorneys offer free legal services that other counsel cannot provide. (Id. at 4-5). Defendants also believe that plaintiffs' statement that "This Notice was authorized by the Court to protect your rights"

incorrectly makes it seem like the Court has endorsed the lawsuit. (Id. at 5).

In the proposed amended notice provided by defendants' counsel, they suggest that the notice be revised to state, "This Notice was authorized by the Court," eliminating the "to protect your rights" language. Plaintiffs do not oppose defendants' request to revise the reference to the Court authorized notice. Accordingly, the Court adopts defendants' proposed language.

However, plaintiffs do disagree with defendants' interpretation of the language regarding counsel. They argue that these are not persuasive statements but merely facts, and that the language was taken from the Court's opinion in Karic v. Major Auto, 799 F. Supp. 2d 219, 229 (E.D.N.Y. 2012). (Pls.' 8/11 Let. at 4).

Courts in this Circuit have required that the approved notice explicitly state that potential class members have the right to retain their own counsel. Diaz v. S&H Bondi's Department Store, Inc., No. 10 CV 7676, 2012 WL 137460, at *7 (S.D.N.Y. Jan. 18, 2012) (stating that "[t]he approved notice will state that participating plaintiffs may retain their own counsel"); see also Whitehorn v. Wolfgang's Steakhouse, Inc. et al., 767 F. Supp. 2d 445, 450-51 (S.D.N.Y. 2011); Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F. Supp. 2d 89, 95 (E.D.N.Y. 2010). Some courts have specifically included language informing potential class members that should they decide to retain their own counsel, it would be at their own expense. Pippins v. KPMG LLP, No. 11 CV 377, 2012 WL 19379, *14 (S.D.N.Y. Jan. 3, 2012) (instructing plaintiffs to modify the notice to "state that anyone who joins in the collective action has the right to hire his/her own attorney to represent him/her, at his/her own expense); Shajan v. Barolo, Ltd., No. 10 CV 1385, 2010 WL 2218095, *2 (S.D.N.Y. June 2, 2010) (stating that "the notice should say that anyone who consents to participate has the right to his/her own attorney, at his/her own expense").

In order to accurately inform potential class members of their options regarding representation and the accompanying financial obligations should they choose to be represented by plaintiffs' counsel or retain their own attorney, the Court finds that the following language shall be included in the notice: "You may choose to be represented by Plaintiffs' counsel in this case.

However, you also have the right to retain an attorney of your own choosing about this matter, at your own expense."

Accordingly, defendants' requests to revise the reference to the Court authorized notice and attorney compensation language are granted.

V. Ease of Reading the Notice

Finally, defendants believe that plaintiffs have erroneously highlighted certain statements with larger fonts, capital letters, italics, bold face, and underlining, by repeating words, or by using words such as "important" or "extremely important" that apply undue pressure on parties to join the suit. (Defs.' 8/7 Let. at 5). Additionally, defendants contend that plaintiffs' "lengthy" section[10] on retaliation is unnecessary, and defendants seek to reduce it to what they describe as the "pertinent information . . . that 'it is a violation of federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.'" (Id.) Finally, defendants wish to correct "a small number of inaccuracies" – first, that Apple Metro only operates and manages Applebee's Restaurants, and that it does not own them; second, that named plaintiffs only worked in some of the job titles that are part of the class; and finally, that Christopher L. Van De Water no longer represents plaintiffs. (Id. at 5-6).

Plaintiffs do not object to correcting the small inaccuracies. (Pls.' 8/11 Let. at 4). However, plaintiffs believe that the emphasis is limited to a small number of important sections. In particular, plaintiffs argue that emphasizing the anti-retaliation provision is very important to ensure that opt-in plaintiffs understand their rights. (Id. at 5). Again, they cite the Court's ruling in Karic,

---

[10]The anti-retaliation provision states the following: "**It is a violation of federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case.** If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, discussing the lawsuit with others, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing. If any of the Defendants or their agents try to discuss the lawsuit with you, you have the right not to discuss it with them." (Defs.' 8/7 Let., Ex. 1 at 4) (emphasis in original).

from which they state they took the anti-retaliation language. (Id.) Finally, plaintiffs believe it is essential that opt-in plaintiffs understand that they need not communicate with defendants about the lawsuit given the "imbalance of power in the employer-employee relationship." (Id.)

In an effort to expedite the sending of the Notice, the Court has prepared a revised and simplified version, which is attached hereto.

## CONCLUSION

In conclusion, defendants' motion to amend the proposed Notice is granted in part and denied in part. The parties are Ordered to revise the Notice in accordance with this Order. Defendants are Ordered to post the Notice in their restaurants and to provide the putative class members' contact information in order to mail the Notice.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing ("ECF") system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 26, 2015

/S/ CHERYL POLLAK

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>APPLE METRO, INC., et al.,<br><br>Defendants. | Case No. 12 Civ. 5274 (ENV)(CLP)<br><br>-related to- |
| SHAUNTA DOVE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>APPLE METRO, INC., et al.,<br><br>Defendants. | Case No. 13 Civ. 1417 (ENV)(CLP) |

**NOTICE OF COLLECTIVE ACTION LAWSUITS REGARDING WAGES**

If you worked at an Applebee's Restaurant managed by Apple-Metro, Inc. in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, or in Westchester or Rockland Counties, PLEASE READ THIS NOTICE.

Two collective action lawsuits may affect your legal rights.

You are not being sued. This notice is not a solicitation from a lawyer. This notice was authorized by the Court. Please read this Notice carefully.

- The two collective action lawsuits are known as ***Marin, et al. v. Apple-Metro, Inc,. et al.***, No. 12 Civ. 5274 (ENV)(CLP) and ***Dove, et al. v. Apple-Metro, Inc., et al.***, No. 13 Civ. 1417 (ENV)(CLP). The Honorable Eric N. Vitaliano, United States District Court Judge, and The Honorable Cheryl L. Pollak, United States Magistrate Judge, in the Eastern District of New York, are overseeing both cases.

- Plaintiffs Carlos Marin, Kenny Lebron, and Martina Hanisch are three former employees of Applebee's Restaurants managed by Apple-Metro, Inc. ("Defendants"). Plaintiffs worked as non-managerial workers which includes servers, hosts, bartenders, cooks, expeditors, runners, dishwashers, and maintenance workers. They have brought a lawsuit (the "***Marin*** lawsuit") against Defendants on behalf of themselves and all other current and former similarly situated, non-managerial workers. The ***Marin*** lawsuit alleges that Defendants violated federal and state law by: (1) clocking out non-managerial workers while they were working; (2) forcing non-managerial workers to work off the clock; and (3) not allowing non-managerial workers to clock in at the beginning of their scheduled shifts.

- Plaintiff Shaunta Dove, who is a former host and server of an Applebee's Restaurant managed by Defendants, has brought a lawsuit (the "***Dove*** lawsuit") against Defendants on behalf of herself and all other current and former similarly situated tipped employees. The ***Dove*** lawsuit alleges that Defendants violated federal and state law by failing to pay tipped hourly employees: (1) the tips owed to them from the tip pool; and (2) enough in wages so that their hourly wage plus tips equaled the federal minimum wage.

- Defendants deny any wrongdoing and/or liability in both lawsuits and maintain that all of their employees are paid in compliance with federal law.

- The Court has not decided if anyone is owed any minimum wages or overtime, and the Court is not endorsing the merits of this lawsuit or advising you to participate in this lawsuit.

**Your legal rights may be affected, and you have a choice to make now:**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THESE LAWSUITS** | |
|---|---|
| **ASK TO PARTICIPATE** | If you choose to participate in either or both of these collective action lawsuits, you will be bound by any ruling, settlement, or judgment. You will also share in any proceeds from a settlement or judgment, but you give up any rights to separately sue the Defendants about the same legal claims in these lawsuits.<br><br>**If you wish to participate in either or both lawsuits, you must complete and submit the Consent to Join form at the end of this Notice by [insert date].** |

 |  **DO NOTHING** | By doing nothing, you will not be included in these lawsuits. This means that you give up the possibility of getting money or benefits that may come from a trial or settlement of the minimum wage or overtime claims asserted in these lawsuits. Delay in joining these actions may result in some or all of your potential claims expiring as a matter of law because the limitations period on your claims continues to run. |
|---|---|

**1. Why did I get this notice?**

You are getting this notice because Defendants' records show that you may have worked as a non-managerial worker in an Applebee's Restaurant managed by Apple-Metro, Inc.

**2. What are Plaintiffs asking for?**

Plaintiffs in both lawsuits are seeking to recover unpaid wages (minimum wage and overtime pay), in addition to 100% (double) liquidated damages, attorney's fees, and costs.

**3. Can I join these lawsuits?**

To be eligible to participate in the ***Marin*** lawsuit, you must have worked as a non-managerial worker at one of the Applebee's restaurants managed by Apple-Metro, Inc. in the boroughs of Manhattan, the Bronx, Brooklyn, Queens, Staten Island, or in Westchester or Rockland counties, at any time from October 22, 2009 to the present.

To be eligible to participate in the ***Marin*** lawsuit, you must have worked as a tipped employee at one of the Applebee's restaurants managed by Apple-Metro, Inc. in the boroughs of Manhattan, the Bronx, Brooklyn, Queens, Staten Island, or in Westchester or Rockland counties, at any time from March 18, 2010 to the present.

**4. What will I have to do if I join these lawsuits?**

While these lawsuits are pending, you may be required to respond to written questions, testify at a deposition, and/or testify in court in order to help the Court decide whether you are owed any money.

**5. Can I participate in these lawsuits even though, due to my immigration status, I am or was not working at Applebee's legally?**

Your immigration status does <u>not</u> affect your entitlement to participate in these lawsuits.

**6. Can defendants retaliate against me if I join this lawsuit?**

It is a violation of federal law for Defendants to fire, discipline, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, discussing the lawsuit with others, or actually joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing. If any of the Defendants or their agents try to discuss the lawsuit with you, you have the right not to discuss it with them.

**7. How do I ask the Court to include me in the case?**

If you choose to join either or both of these lawsuits, you must read, sign, and promptly return the Consent to Join form attached to this notice by **[insert date in bold].** If the signed Consent to Join form is not postmarked, faxed, or emailed by [insert date], you may not be allowed to participate in the federal law portion of this lawsuit.

An addressed and postage-paid envelope is enclosed for your convenience. Should the envelope be lost or misplaced, the Consent to Join form must be sent to:

**The Ottinger Firm, P.C.**
**Re: Applebee's Case**
**401 Park Avenue South**
**New York, NY 10016**
**(212) 571-2000**

You may also complete the Consent to Join form online at: **[insert address in bold]**

You can fax the Consent to Join form to **(212) 571-0505** or scan and email it to **ApplebeesCase@ottingerlaw.com**

**8. Do I have a lawyer in these collective action lawsuits?**

The Plaintiffs in these lawsuits are represented by Robert W. Ottinger, Ariel Y. Graff, and other lawyers at The Ottinger Firm, P.C., and Michael J. Borelli and other lawyers at Borelli & Associates, P.L.L.C. If you have questions about whether you can join these lawsuits, you may contact these lawyers free of charge. The contact information is listed in section 7 above.

You may choose to be represented by Plaintiffs' counsel in this case. However, you also have the right to retain an attorney of your own choosing about this matter, at your own expense.