FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 26, 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH, *on behalf of themselves and all others similarly situated*,

                      Plaintiffs,

-against-

APPLE-METRO, INC., et al.,

                      Defendants.

-----------------------------------------------------------

SHAUNTA DOVE, *on behalf of herself and all others similarly situated*,

                      Plaintiffs,

-against-

APPLE-METRO, INC., et al.,

                      Defendants.

-----------------------------------------------------------x

**MEMORANDUM & ORDER**

12-cv-5274 (ENV) (CLP)
13-cv-1417 (ENV) (CLP)

VITALIANO, D.J.

    Carlos Marin, Kenny Lebron, Martina Hanisch, and, separately, Shaunta Dove, brought these related collective actions against Apple-Metro Inc., a corporation, comprised of Applebee's restaurants throughout New York City, Westchester and Rockland counties along with their individual restaurant branches, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and New York Labor Law ("NYLL"), §§ 195, 215, and 650 et seq. On December 14, 2014, this Court affirmed a July 28, 2014 Order of Magistrate Judge Cheryl L. Pollak granting, over objections, conditional certification in these two cases. *Marin v. Apple-Metro, Inc.*, No. 12-CV-5274 (ENV)(CLP), 2014 WL 11035376, at *10 (E.D.N.Y. July 29,



1

2014) *aff'd*, No. 12-CV-5274 ENV CLP, 2014 WL 7271591 (E.D.N.Y. Dec. 18, 2014). Familiarity with Judge Pollak's description of the procedural background and the facts of these cases is presumed and they will not be repeated.

Atavia Thomas, an opt-in plaintiff, now seeks to intervene as a named plaintiff in the *Marin* and *Dove* actions to assert additional claims on behalf of herself and others similarly situated. *Marin*, ECF Dkt. No. 176; *Dove*, ECF Dkt. No. 72. The motion was opposed by both plaintiffs and defendants, and, on September 16, 2015, Judge Pollak issued a Report and Recommendation ("R&R") recommending that the Court deny Thomas's motion as she has not met the standard for a motion to intervene as of right, set forth in Rule 24(a), nor has she demonstrated that permissive intervention, as permitted by Rule 24(b), would not cause substantial prejudice to the existing class. *Marin*, ECF Dkt. No. 242; *Dove*, ECF Dkt. No. 135.

In reviewing an R&R of a magistrate judge, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to," by any party. Fed. R. Civ. P. 72(b). But, where no timely objection has been made, the "district court need only satisfy itself that there is no clear error on the face of the record" to accept a magistrate judge's report and recommendation. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The R&R gave proper notice that any objection had to be filed within 14 days. Neither the parties nor Thomas has properly objected to Judge Pollak's R&R,[1] much less within the time

---

[1] Defendants filed "objections" to the R&R in which they conceded that they agreed with its "main holdings," but objected to "dicta that individuals with twenty percent/dual job claims 'would still have valid claims of FLSA violations under the existing Marin and Dove

2

prescribed by 28 U.S.C. § 636(b)(1). In accord with the applicable standard of review, the Court finds Judge Pollak's R&R to be characteristically correct, thorough, well-reasoned, and free of any clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court.

### Conclusion

For the reasons discussed above, Thomas's motion to intervene is denied.

The case has been and continues to be referred to Judge Pollak for pre-trial management.

So Ordered.

Dated: Brooklyn, New York
February 24, 2016

/S/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

---

complaints[.]'" Defs. Objs. at 1. Plaintiffs responded that they, too, agreed with the R&R, and that it was wholly improper for defendants to file objections to dicta. Pl. Resp. to Objs. at 1. The Court agrees. Defendants cite to no cases supporting the proposition that a party may object solely to undisputed dicta in an R&R, nor could the Court find any. Case law, indeed, suggests the contrary. *See, e.g., B.J.S. v. State Educ. Dep't/Univ. of New York*, 699 F. Supp. 2d 586, 589-90 (W.D.N.Y. 2010) (declining to resolve objections to portions of the R&R that "are merely dicta and do not impact the ultimate resolution of the motion"); *Varela v. Cty. of Rensselear*, No. 1:10-CV-1390, 2012 WL 1354865, at *1 (N.D.N.Y. Apr. 18, 2012) ("Varela's second objection … is of no moment as the notation was dicta in the background section of the R&R."); *Pemberton v. Ashcroft*, No. 00-CV-0581E(SR), 2002 WL 450065, at *3 (W.D.N.Y. Jan. 10, 2002) ("This objection to the R&R is also on an irrelevant ground because it is also mere dicta."); *Villegas v. Garvin*, 1997 WL 250483, at *1 (S.D.N.Y. May 9, 1997) (declining to review objections to remarks that "are merely dicta and have no binding effect on any party").