UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS MARIN, KENNY LEBRON, and
MARTINA HANISCH, on behalf of themselves
and all others similarly situated,

                         Plaintiffs,

   - against -

APPLE METRO, INC., et al.,

                        Defendants.

Case No. 12 Civ. 5274 (ENV)(CLP)

-related to-

Case No. 13 Civ. 1417 (ENV)(CLP)

SHAUNTA DOVE, on behalf of herself and all
others similarly situated,

                        Plaintiffs,

   - against -

APPLE METRO, INC., et al.,

                        Defendants.

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, CLASS
CERTIFICATION, AND APPOINTMENT OF CLASS COUNSEL**

THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016
Tel. (212) 571-2000

*AND*

BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000

*COUNSEL FOR PLAINTIFFS, THE COLLECTIVES,
and the PROPOSED SUB-CLASSES*

## <u>TABLE OF CONTENTS</u>

**TABLE OF AUTHORITIES** ................................................................................. iii

**PRELIMINARY STATEMENT** ........................................................................... 1

**ARGUMENT** ......................................................................................................... 3

**PART ONE:**    **THE PLEADINGS, FILINGS, AND DISCOVERY IN THIS MATTER EVIDENCE FAIR NOTICE THAT PLAINTIFFS' MINIMUM WAGE AND NYLL § 195(1) WAGE NOTICE CLAIMS ARE ALLEGED IN THIS MATTER.** ................................................................. 3

**PART TWO:**    **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED** ............................................................. 8

I.    The Moving Named and Opt-In Plaintiffs Alike Have Standing to Pursue Summary Judgment on New York Labor Law Claims. ................................ 8

II.    Defendants' Affirmative Defense to Plaintiffs' Wage Notice Claim Fails Because Defendants Acknowledge That They Were Required to Comply with Section 195(1) and That They Failed to Do So. ................................. 11

III.    Summary Judgment Should Be Granted On Plaintiff's NYLL § 146-2.2 Tip Credit Claims. ........................................................................................... 13

    A.    *Defendants' tip credit notices fail to provide correct minimum wage rates.* ............................................................................... 13

    B.    *Defendants cannot establish proper tip notice through a combination of documents.* ...................................................... 14

    C.    *Oral notice is insufficient, and the New York State Department of Labor's letter is not entitled to deference.* ........................ 15

**PART THREE:** **THE COURT SHOULD CERTIFY PLAINTIFFS' PROPOSED SUB-CLASSES AND APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL BECAUSE PLAINTIFFS' CLAIMS SATISFY ALL OF RULE 23'S REQUIREMENTS** ................................................. 18

I.    Plaintiffs' Meet All the Requirements For Rule 23 Certification. ................ 18

    A.    *Fail-safe classes and revised class definitions* ........................... 18

B.   *Plaintiffs satisfy all the requirements of Rule 23, warranting certification.* ........................................................................... 19

i.   The named (and Moving Opt-in Plaintiffs) are adequate class representatives............................................................................20

ii.   Plaintiffs' tip credit and wage notice claims satisfy the requirements of typicality, commonality, and predominance. ........20

**CONCLUSION** ............................................................................................ 23

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*,
  2016 U.S. Dist. LEXIS 155116 (S.D.N.Y. Nov. 7, 2016) ....................................................... 16

*Baltierra v. Advantage Pest Control Co.*,
  2015 WL 5474093 (S.D.N.Y. Sept. 18, 2015) ........................................................................ 16

*Beckman v. U.S. Postal Serv.*,
  29 F. Supp. 2d 394 (S.D.N.Y. 2000) ....................................................................................... 4

*Boda v. Phelan*,
  2012 WL 3241213 (E.D.N.Y. Aug. 6, 2012) ............................................................................ 8

*Caidor v. Potter*,
  2007 WL 2847229 (N.D.N.Y. Sep. 26, 2007) .......................................................................... 7

*Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*,
  963 F. Supp. 1342 (S.D.N.Y.1997) ......................................................................................... 6

*Carvente-Avila v. Chaya Mushkah Rest. Corp.*,
  2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016) .......................................................................... 16

*Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*,
  2016 WL 5416498 (S.D.N.Y. Sept. 28, 2016) ......................................................................... 5

*Copantitla v. Fiskardo Estiatorio, Inc.*,
  788 F. Supp. 2d 253 (S.D.N.Y. 2011) .............................................................................. 14, 17

*Enzo Biochem, Inc. v. Amersham PLC*,
  981 F. Supp. 2d 217 (S.D.N.Y. 2013) ..................................................................................... 6

*Erickson v. Pardus*,
  551 U.S. 89 (2007) .................................................................................................................. 1

*Fengler v. Crouse Health Sys., Inc.*,
  634 F. Supp. 2d 257 (N.D.N.Y. 2009) ..................................................................................... 9

*Fermin v. Las Delicias Peruanas Rest., Inc.*,
  93 F. Supp. 3d 19 (E.D.N.Y. 2015) ....................................................................................... 15

*Flores v. Anjost Corp.*,
  284 F.R.D. 112 (S.D.N.Y. 2012) ........................................................................................... 21

*Franco v. Jubilee First Ave. Corp.*,
  2016 U.S. Dist. LEXIS 114191 (S.D.N.Y. Aug. 25, 2016) ................................... 16

*Gonzalez v. Nicholas Zito Racing Stable Inc.*,
  2008 WL 941643 (E.D.N.Y. Mar. 31, 2008) ....................................................... 2, 9

*Hicks v. T.L. Cannon Corp.*,
  35 F. Supp. 3d 329 (W.D.N.Y. 2014) ............................................................. *passim*

*Kim v. Kum Gang, Inc.*,
  2015 WL 2222438 (S.D.N.Y. Mar. 19, 2015) ....................................................... 15

*Martin v. Tango's Rest., Inc.*,
  969 F.2d 1319 (1st Cir. 1992) .......................................................................... 17

*Mazzei v. Money Store*,
  288 F.R.D. 45 (S.D.N.Y. 2012) ........................................................................ 18

*Mendez v. U.S. Nonwovens Corp.*,
  314 F.R.D. 30 (E.D.N.Y. 2016) ........................................................................ 21

*Messner v. Northshore Univ. Health Sys.*,
  669 F.3d 802 (7th Cir.2012) ............................................................................. 18

*Morangelli v. Chemed Corp.*,
  922 F. Supp. 2d 278 (E.D.N.Y. 2013) ............................................................... 21

*Northrop v. Hoffman of Simsbury, Inc.*,
  134 F.3d 41 (2d Cir. 1997) ................................................................................ 1

*Prickett v. DeKalb County*,
  349 F.3d 1294 (11th Cir. 2003) ...................................................................... 2, 9

*Saleem v. Corp. Transp. Grp., Ltd.*,
  2014 WL 7106442 (S.D.N.Y. Dec. 9, 2014) ......................................................... 9

*Salinas v. Stariem Rest. Com.*,
  2015 WL 4757618 (S.D.N.Y. Aug. 12, 2015) ...................................................... 14

*Saravia v. 2799 Broadway Grocery LLC*,
  2014 WL 2011720 (S.D.N.Y. May 16, 2014) ...................................................... 15

*Simonton v. Runyon*,
  232 F.3d 33 (2d Cir. 2000) ................................................................................ 1

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ............................................................................ 1

*US Airways, Inc. v. Sabre Holdings Corp.*,
   2015 WL 8335119 (S.D.N.Y. Dec. 8, 2015) ...................................... 4

*Velez v. 111 Atlas Rest. Corp*,
   2016 U.S. Dist. LEXIS 107230 (Aug. 11, 2016) .............................. 15

**Statutes**                                                                **Page(s)**

29 U.S.C. § 216(b) .......................................................................... 2, 5, 9

NYLL § 195(1) ................................................................................ *passim*

NYLL § 198(1-b) ........................................................................... 12, 22

**Other Authorities**                                                       **Page(s)**

N.Y. Spons. Memo., 2015 A.B. 3876, Leg. 201,
   Reg. Sess., Bill No. A3876 (Jan. 27, 2015) ...................................... 17

**Rules**                                                                   **Page(s)**

Fed.R.Civ.P. 15 ...................................................................................... 8

Fed.R.Civ.P. 23 ................................................................................ 8, 22

**Regulations**                                                             **Page(s)**

12 N.Y.C.C.R.R. § 146-1.3 ................................................................ 16

12 N.Y.C.C.R.R. § 146-2.2 .......................................................... *passim*

12 N.Y.C.C.R.R. § 146-3.5 ................................................................ 14

The "Marin" and "Dove" Moving Plaintiffs (hereinafter "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for partial summary judgment, class certification, and appointment of class counsel.

## PRELIMINARY STATEMENT

The Court should grant Plaintiffs' motion because the adequately pleaded New York Labor Law ("NYLL") minimum wage claims, and Plaintiffs' NYLL § 195(1) ("Wage Notice") claims, require no further proof than the legally inadequate Wage Notices that Defendants produced as part of the representative discovery thus-far exchanged in these matters. Defendants begin their opposition to Plaintiffs' motion by largely attempting to convince the Court to disregard the entire body of case law that governs Rule 8's pleading standard. Wholly ignoring that well-settled law dictates how a complaint need only "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), and refusing to acknowledge both that "the failure in a complaint to cite to a statute . . . in no way affects the merits of a claim," *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997), and that a complaint need not "correctly plead the legal theory or theories . . . supporting the claim[s]," *Simonton v. Runyon*, 232 F.3d 33, 36-37 (2d Cir. 2000), Defendants instead claim that Plaintiffs' motion is nothing more than a gambit "to somehow trick this Court into believing that they have brought NYLL § 195(1) and/or 12 N.Y.C.C.R.R. § 146-2.2 wage notice claims." ECF # 284 (*Marin*) at 9. However, as the Court is aware, Rule 8's liberal notice pleading standard mandates that pleadings "be construed in a way that does substantial justice," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002), relying on "discovery rules and summary judgment motions to define disputed facts and issues." *Id.* at 512. Since Plaintiffs' operative pleadings in these matters provide

more than "fair notice" of *both* their NYLL Wage Notice *and* minimum wage claims, Defendants' arguments fail.[1]

Defendants next oppose Plaintiffs' motion by arguing that "only the named Plaintiffs - - and not any of the other 'Moving Plaintiffs' (FLSA opt-in plaintiffs) - - have state law wage notice claims."  This requires little analysis.  As the FLSA itself states, opt-in plaintiffs are "party plaintiffs," 29 U.S.C. § 216(b), representing how "Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named Plaintiffs." *E.g., Gonzalez v. Nicholas Zito Racing Stable Inc.*, 2008 WL 941643, at *3 (E.D.N.Y. Mar. 31, 2008) (citing *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003)).

Turning to Defendants' substantive arguments against partial summary judgment and Rule 23 certification, Defendants have failed to identify genuine issues of material fact as to their liability on Moving Plaintiffs' tip credit and wage notice claims. The dispositive documentary evidence submitted by the parties' demonstrates on its face that Defendants failed to provide the tip credit notice that 12 N.Y.C.C.R.R. § 146-2.2 requires to take a valid tip credit and pay sub-minimum wage rates.  Indeed, even in their opposition to Plaintiffs' motion, Defendants have failed to provide *any* examples of compliant tip credit notices and/or § 195(1) wage notices provided to any of the Named or Moving Opt-In Plaintiffs. Defendants have likewise failed to demonstrate (or even argue) that they both timely paid all wages owed and *also* had a good faith belief that they were somehow *not* required to comply with NYLL § 195(1), thereby precluding

---

[1]    Plaintiffs note that glaringly absent from the entirety of Defendants' motion is Defendants' prior suggestion (raised during the Parties' pre-motion conference before Judge Pollak) that Plaintiffs failed to adequately allege tip credit minimum wage claims. *See* ECF # 272 (*Marin*) at 1 (Pls' Reply Letter in support of Pre-Motion Conference).  Thus, Plaintiffs assume that Defendants have withdrawn any prior intention to suggest that Plaintiffs have *not* pled minimum wage claims based on Defendants' effort to reduce their hourly wages to the tip credit minimum wage.  This alone should be enough for the Court to grant Rule 23 certification on this issue, and for the reasons described below, so too should the Court grant summary judgment on this issue.

themselves from invoking the affirmative defense defined under NYLL § 198(1-b).  Defendants have likewise failed to provide valid grounds for denying Rule 23 certification of subclasses encompassing Plaintiffs' minimum wage/tip credit claims and NYLL § 195(1) wage notice claims - - although Plaintiffs have slightly modified the definitions of the proposed subclasses to address Defendants' objections as to purportedly fail-safe class definitions.

Plaintiffs' Omnibus Motion for Partial Summary Judgment and Rule 23 certification should therefore be granted.

## ARGUMENT

**PART ONE**:      **THE PLEADINGS, FILINGS, AND DISCOVERY IN THIS MATTER EVIDENCE FAIR NOTICE THAT PLAINTIFFS' MINIMUM WAGE AND NYLL § 195(1) WAGE NOTICE CLAIMS ARE ALLEGED IN THIS MATTER.**

Defendants strenuously argue that "Plaintiffs have not alleged any facts . . . to support these claims in any of their several complaints," ECF # 284 (*Marin*) at 18.[2]  As Plaintiffs point out in their moving papers, however, even a cursory review of Plaintiffs' operative pleadings proves otherwise.  First, the *Dove* FAC designates a collective of "[c]urrent and former [employees] who . . . give consent to file a cause of action to recover amounts owed to them . . . **including the minimum hourly required rate of pay per hour worked**," ECF # 14 (*Dove*), ¶ 61 (emphasis added), and a class including the same claims and claims based on Defendants "[taking] credit" for tips, *id.* ¶ 67.  The FAC goes on to refer to the "minimum hourly required rate of pay per hour worked" at least 11 times. ECF # 277 (*Marin*) at 19.  Later, the *Dove* FAC expressly provides notice of the Defendants' efforts to utilize the tip credit - - for which the NYLL requires written notice in the form set forth in both NYLL § 195(1) and N.Y.C.C.R.R. § 146-2.2 - - by stating:

---

[2]      All references to the pagination in both Plaintiffs' and Defendants' memoranda of law cite those documents' ECF header page numbers - - not the Parties' footer page numbers.

"[k]nowing that a salary of $5.00 per hour is below the $7.25 per hour minimum wage under federal and state law, Defendants expected servers to make up the $2.25 difference in tips," ECF # 14 (*Dove*), ¶ 59.  Since Defendants had obvious notice of Plaintiffs' NYLL minimum wage and Wage Notice claims, Defendants' answers, discovery responses, and motion papers *before* the instant motion all evidence Defendants' awareness of Plaintiffs' claims, as well as Defendants' efforts to prepare for trial in defense of the same.

Despite Defendants' arguments to the contrary, Plaintiffs have not waited "until the last minute" to assert these claims. *See* ECF # 284 (*Marin*), at 18 (citing *Beckman v. U.S. Postal Serv.*, 29 F. Supp. 2d 394, 407-08 (S.D.N.Y. 2000)).  Leaving aside that class discovery is far from over, Plaintiffs' claims are, again, plainly referenced in the operative pleadings.  Recognition that these claims already exist in this matter will not in any way prejudice Defendants.  The only evidence necessary to prove Plaintiffs' Wage Notice claims are the very wage notices that Defendants have already produced as representative discovery (and that Plaintiffs have attached to their moving papers).  *See generally* ECF #s 280-12 – 280-73 (Moving Plaintiffs' wage notices).[3]  Though Defendants spill much ink suggesting that the parties' discovery and briefing leading up to Plaintiffs' motion for conditional certification in these matters bely Plaintiffs' argument, *see* ECF # 284 (*Marin*) at 14-16, Plaintiffs' claims at issue in the instant motion concern NYLL minimum wage and Wage Notice claims.  To the contrary, of course, discovery leading up to Plaintiffs' motion for conditional certification was limited to the issue of conditional certification of the FLSA collectives, naturally providing no reason to explore discovery into Plaintiffs' NYLL

---

[3]      As Plaintiffs mentioned in their moving papers - - and as Defendants have failed to address - - even if this Court were to deem it necessary for Plaintiffs to amend their operative pleadings to separately allege these claims more so than they are already pled, doing so would in no way prejudice Defendants or delay these proceedings.  *See* ECF # 277 (*Marin*) at 23 n.42 (citing *US Airways, Inc. v. Sabre Holdings Corp.*, 2015 WL 8335119, at *2 (S.D.N.Y. Dec. 8, 2015)).

claims. *See, e.g.,* ECF # 48 (*Marin*), at 1 (Defendants' January 24, 2014 Letter to Judge Pollak regarding Discovery Dispute Preceding Motion for Conditional Certification) ("As Your Honor is aware, the parties agreed to adjourn the briefing schedule in this case to afford both parties the opportunity to complete the discovery needed in advance of the [FLSA § 216(b) conditional] certification motion.").[4]

Defendants do rely on some actual case law to support their arguments. *See* ECF # 284 (*Marin*) at 18, 20.  But Defendants' misplaced reliance on only three cases in support of their argument that courts "deny summary judgment when a plaintiff tries to raise new grounds to support a previously asserted claim, much less something that they are asserting for the first time" is easily distinguished. *Id.* at 20.  Defendants first rely on *Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, 2016 WL 5416498, at *8 (S.D.N.Y. Sept. 28, 2016).  There, the court denied a motion for summary judgment on a breach of contract claim when the plaintiff - - in opposing the defendant's motion - - attempted to rely on evidence unrelated to the specific breach of contract claim asserted in the complaint. *Id.*  The *Chefs Diet* court dismissed the breach of contract claim *not* because the plaintiffs failed to include reference to the so-called "customer lists" in their complaint (*i.e.*, what Defendants here claim to be "grounds other than the grounds pleaded in [the] complaint," ECF # 284 (*Marin*) at 20)), but instead because the plaintiff failed to tie the use of said lists to any alleged breach of the specific agreement in question. *See id.* ("Chefs Diet fails to identify any specific provision of the [contract at issue] that would have been breached by their alleged misuse of the customer list.").  This contrasts with Plaintiffs' claims here: unlike the *Chefs Diet* plaintiffs, Plaintiffs specifically allege that Defendants underpaid Plaintiffs for each hour of work "[k]nowing that a salary of $5.00 per hour is below the $7.25 per hour minimum wage under

---

[4]      This, of course, is not to be confused with Defendants' argument that opt-in Plaintiffs are not party plaintiffs to the action, which the FLSA itself states in plain language, and as is addressed below.

federal and state law."  And the only legally permissible way Defendants could avail themselves of the tip credit minimum wage was by providing advance written Wage Notices under NYLL § 195(1) and 12 N.Y.C.C.R.R. § 146-2.2 to each of their tipped employees. *See* ECF # 277 (*Marin*) at 41 (describing how NYLL regulations "required employers to provide written tip credit notice to tipped workers prior to the start of employment.").

Defendants also cite *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 223-24 (S.D.N.Y. 2013) in support of their argument.  There, the court rejected the plaintiff's efforts to *expand* its already existing contract claims through the plaintiff's opposition to the defendant's motion for summary judgment. *Id.*  The plaintiff attempted to rely on concededly vague allegations in its complaint when the expressly articulated bases for a separate breach of contract claim failed due to a lack of the record evidence in support. *Id.* Specifically, the *Enzo Biochem* court explained:

> Enzo points to its allegation that 'Amersham committed multiple material breaches of the [Agreement]' and explains that the SAC 'only detailed some of those breaches . . . [,] including [them] without limitation' to other unalleged breaches.  In essence, Enzo contends that these caveats preserved claims for any breach of contract by Amersham, whether that breach was specified or not.

*Id.* (internal citations and quotations omitted).  On that basis - - **and specifically noting that the plaintiffs were warned roughly six years earlier to amend their pleadings** but chose not to do so, *id.* at 223 - - the court stated that "a plaintiff may not pivot from its stated claims to new ones at the summary judgment stage simply because it inserted a few vague catch-all phrases into its pleadings." *Id.* at 223-24 (citing *Caribbean Wholesales & Serv. Corp. v. U.S. JVC Corp.*, 963 F. Supp. 1342, 1359 (S.D.N.Y. 1997)).  This, of course, is *not* what Plaintiffs do here.  Instead, based on the specific allegations in Plaintiffs' operative pleadings, Plaintiffs provided notice that they brought claims for unpaid minimum wages for each and every hour worked.  And again, Defendants could only lawfully pay Plaintiffs at the "tip credit" minimum wage by providing the

Wage Notices giving rise to Plaintiffs' § 195(1) claims, which Plaintiffs explicitly reference in the operative Pleadings. *See* ECF # 14 (*Dove*), ¶ 67 (class definition describing tip credit).

Finally, Defendants also cite *Caidor v. Potter* in support of their argument that Plaintiffs cannot "raise new grounds" to support either "previously asserted" claims or "something that they are asserting for the first time." ECF # 284 (*Marin*) at 20 (citing 2007 WL 2847229, at *8 (N.D.N.Y. Sep. 26, 2007)).  In *Caidor*, the court did not allow the plaintiff - - in opposing the defendant's motion for summary judgment on a Title VII race discrimination claim based on disparate *treatment* - - to rely upon statistical evidence that might prove a disparate *impact* claim. 2007 WL 2847229, at *8.  The court explained that the "[p]laintiff did not allege a disparate impact case in his EEOC Complaint." *Id.* n.6.[5]  Thus the plaintiff in *Caidor* filed an agency complaint - - a prerequisite to filing his federal court complaint - - that did not include the new claim he attempted to bootstrap into his opposition to summary judgment. *Id.*

This contrasts even more sharply with Plaintiffs' claims here than the other two cases Defendants cite to support their argument.  Plaintiffs' operative pleadings specifically allege Defendants' reliance on the tip credit to pay Plaintiffs sub-minimum wages for all hours worked, *e.g.,* ECF # 14 (*Dove*) ¶ 19 - - thereby providing Defendants with ample notice of Plaintiffs' minimum wage and Wage Notice claims.  Defendants, of course, *answered* Plaintiffs' operative pleadings by including affirmative defenses specifically tied to these claims.  For obvious reasons, the Court should not seriously credit Defendants' argument that they only included their affirmative defenses "out of extreme cautiousness," ECF # 284 (*Marin*) at 22.  If Defendants did

---

[5]      As the Court no doubt knows, as a procedural prerequisite to obtaining federal jurisdiction, a plaintiff must first exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended, filing a complaint with the United States Equal Employment Opportunity Commission, and obtaining a right to sue on the claims set forth in that administrative complaint. 42 U.S.C. § 2000e-5(b), (f).

*not* include those affirmative defenses, and if Plaintiffs later made clear through discovery that they indeed did intend to press their tip credit minimum wage and wage notice claims, Defendants could have easily later amended their answers to include these affirmative defenses. *See, e.g., Boda v. Phelan*, 2012 WL 3241213, at *2 (E.D.N.Y. Aug. 6, 2012) (explaining standard to amend answer to include additional affirmative defenses as the same standard for leave to amend, "which '[t]he court should freely give . . . when justice so requires.' Fed.R.Civ.P. 15(a)(2).").[6]

As Plaintiffs articulated in their moving papers, and as the case law on point strongly supports, Plaintiffs' operative pleadings provide ample notice of their NYLL tip credit minimum wage and Wage Notice claims. Accordingly, this Court should unequivocally affirm that they are indeed a part of this case, and in so doing, move on to the merits of Plaintiffs' motion for partial summary judgment and Rule 23 certification.

**PART TWO:    PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED**

**I.      The Moving Named and Opt-In Plaintiffs Alike Have Standing to Pursue Summary Judgment on New York Labor Law Claims.**

Defendants mistakenly assert that the Moving Opt-In Plaintiffs - - who comprise all tipped opt-in Plaintiffs for whom Defendants produced purported wage and/or tip credit notices during discovery - - have no standing to seek summary judgment on claims concerning Defendants' failure to comply with wage and tip notice requirements under the NYLL (*see* ECF # 284 (*Marin*) at 19-20). In particular, Defendants assert that despite the opt-in Plaintiffs' status as "party plaintiffs" to these actions, the Moving Opt-In Plaintiffs are *not* parties as to the NYLL § 195(1) and 12 N.Y.C.C.R.R. § 146-2.2 claims at issue on Plaintiffs' motion for partial summary judgment.

---

[6]      The Court should not credit Defendants' attempt to tie their production of Wage Notices to inadvertently including them as part of the "personnel files" that were produced in response to a separate discovery request. ECF # 284 (*Marin*) at 23.

Nevertheless  - - and contrary to Defendants' assertions - - by declaring opt-in plaintiffs in 29 U.S.C. § 216(b) to be "'party plaintiff[s]' Congress indicated that opt-in plaintiffs should have the same status in relation to the claims of the lawsuit as do the named plaintiffs." *Gonzalez*, 2008 WL 941643, at *3 (quoting *Prickett,* 349 F.3d at 129); *Fengler v. Crouse Health Sys., Inc.*, 634 F. Supp. 2d 257, 262 (N.D.N.Y. 2009) ("[O]nce a potential plaintiff opts in, that person is a party to the *action,* not just to a *claim*.") (emphasis in original).

 Rather than limiting the scope of opt-in plaintiffs' claims to those arising solely under the FLSA, courts in this circuit recognize that opt-in plaintiffs have standing as NYLL plaintiffs as well, if the language of the opt-in plaintiffs' consent-to-join forms suggests an intent to join a lawsuit as to FLSA and NYLL claims alike. *Hicks v. T.L. Cannon Corp.*, 35 F. Supp. 3d 329, 337 (W.D.N.Y. 2014), *recons. denied,* 2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014) (holding that opt-in plaintiffs in restaurant employees' FLSA collective action "may [also] seek redress" for violations of the NYLL on the ground that the "broad language" in the relevant consent forms "would seem to encompass the state law claims brought in this lawsuit").[7]

As in *Hicks*, the language of the notice and consent-to-join forms in these actions evidence an intent to join as party plaintiffs with respect to *all* claims pertaining to unpaid minimum wages and overtime.[8]  For example, the captions of the notice and consent forms characterize these actions as "Collective Action Lawsuits Regarding Wages" - - without specifying or suggesting any distinction between FLSA and NYLL claims.  More explicitly, the Notices also include bullet-

---

[7]      The cases cited by Defendants also recognize that opt-in plaintiffs become parties to NYLL claims and FLSA claims alike if the language of their opt-in forms suggests an intent to do so.  *See, e.g., Saleem v. Corp. Transp. Grp., Ltd*., 2014 WL 7106442, at *1 (S.D.N.Y. Dec. 9, 2014) (cited in Defs.' Mem. at 19) (holding that language in consent-to-join form "to seek redress from violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b)" and stating "CONSENT TO JOIN LAWSUIT FILED *UNDER THE FEDERAL FAIR LABOR STANDARDS ACT*" did not evidence intent to join action as to NYLL claims).

[8]      In fact, the notice and consent forms do not even directly reference the FLSA at all.

9

point descriptions of these actions as alleging violations of "federal and state law" and of Defendants' opposing assertion that their employees are "paid in compliance with federal and state law." (Notice pg. 2).

The Notice further provides that those who submit consent-to-join forms in these actions will "give up any right to separately sue the Defendants *about the claims in these lawsuits.*" As previously stated, the notice expressly characterizes the claims in these lawsuits as encompassing both federal *and* state law, further evidencing the opt-in Plaintiffs' intent to join these actions with respect to federal and state claims alike. Finally, each Plaintiff's consent-to-join form expressly authorizes Plaintiffs' counsel "to act on my behalf in *all matters relating to this action*, including any settlement of my claims."

The Notice and Consent forms thus: (i) describe these actions as encompassing both "federal and state" claims; (ii) describe the effect of joining these actions as precluding opt-in plaintiffs from separately suing the defendants about those legal claims; (iii) include a broad authorization for Plaintiffs' counsel to represent each opt-in plaintiff in "*all*" matters relating to these actions; and (iv) otherwise give no indication that consent to join is somehow limited only to the referenced federal claims. The broad language on the Notice and Consent forms thereby give every indication that opt-in plaintiffs have consented to participate in the federal and state law claims in these actions alike.  *See Hicks*, 35 F. Supp. 3d at 337, 338.  The Moving Opt-In Plaintiffs therefore have standing to join in the named Plaintiffs' partial motion for summary judgment on their NYLL claims.

Finally, there is no merit to Defendants' assertion that permitting the Moving Opt-In Plaintiffs to participate in Plaintiffs' motion for partial summary judgment would somehow "cause significant prejudice to Defendants" on the grounds that Defendants purportedly "have not had an

opportunity to take discovery on any of the Moving Plaintiffs' tip notice and wage notice claims."

Liability on Plaintiffs' minimum wage/tip credit claims, as well as Plaintiffs' wage notice claims,

can be established by reference to objective documentation, namely the tip notice and wage notice

forms that Defendants were statutorily required to provide to each Plaintiff and to retain on file for

six years.  Defendants have sole custody and control of those notice forms, which comprise the

only evidence required to demonstrate Defendants' liability on Plaintiffs' NYLL § 195(1) wage

notice claims and minimum wage/tip credit claims under N.Y.C.C.R.R. § 146-2.2.  Defendants

would therefore suffer no "prejudice" by being forced to oppose Plaintiffs' motion for partial

summary judgment, as Defendants have at all times been in possession of the only evidence that

could defeat Plaintiffs' motion, namely compliant wage notice and tip notice forms.  The fact that

Defendants are unable to produce such evidence provides no justification for Defendants to seek

further discovery on this issue from *Plaintiffs*.  Instead, it demonstrates that Plaintiffs' motion for

partial summary judgment against Defendants should be granted.  *See* 12 N.Y.C.C.R.R. § 146-

2.2(d) ("The employer has the burden of proving compliance with the notification provisions of

this section.").

II.   **Defendants' Affirmative Defense to Plaintiffs' Wage Notice Claim Fails Because
      Defendants Acknowledge That They Were Required to Comply with Section 195(1)
      <u>and That They Failed to Do So.</u>**

Defendants cannot establish an affirmative defense under Section 198(1-b) to avoid

liability for failing to provide Plaintiffs with accurate wage notices in violation of Section 195(1)

(*see* ECF # 284 (*Marin*) at 21-22).  Section 198(1-b) creates an affirmative defense to violations

of the wage notice requirements under Section 195(1) where an employer can establish *two*

elements, including: (i) that the employer made complete and timely payment of all wages due;

and (ii) "the employer reasonably believed in good faith that it was not required to provide the

employee with notice pursuant to [Section 195(1)]." NYLL § 198(1-b). Defendants have utterly failed to demonstrate either of these two elements, or even the existence of material disputed facts concerning the same.

First, although Defendants have possession of payroll records that might theoretically demonstrate that they made complete and timely payment of all wages due, they have failed to proffer such records in discovery or in opposition to Plaintiffs' motion for partial summary judgment. (*See* Pls.' Reply 56.1 ¶ 69). More glaring, however, is Defendants' total failure to articulate any good faith basis for believing that they were *not* required to provide Plaintiffs with wage notices under Section 195(1) in the first instance. To the contrary, Defendants concede that they knew they *were* required to provide Plaintiffs with compliant wage notices, and assert that they consequently directed their General Managers at each restaurant location to do so. (*See* ECF # 284 (*Marin*) at 22) (stating that General Managers "were responsible for getting the notices signed" and that Defendants believed that the General Managers had properly "provided the required notice."). Defendants apparently concede that the General Managers to whom they delegated responsibility for providing the required notices to each of the Moving Plaintiffs simply failed to do so. (*See id.*; *see also* Defs.' 56.1 ¶¶ 70-71). But this acknowledgment utterly eliminates Defendants' ability to rely upon Section 198(1-b)'s affirmative defense. To the contrary, Defendants' acknowledgment that their senior management personnel uniformly failed to comply with the wage notice requirements imposed by Section 195(1) succinctly demonstrates that Defendants have violated that provision.

Plaintiffs' motion for summary judgment on their 195(1) claims should therefore be granted.

III.    **Summary Judgment Should Be Granted On Plaintiff's NYLL § 146-2.2 Tip Credit Claims.**

      A.      *Defendants' tip credit notices fail to provide correct minimum wage rates.*

New York Labor Law § 146-2.2 - - entitled "*Written notice of pay rates, tip credit and pay day*" - - sets forth the tip credit notice requirements under the NYLL. 12 N.Y.C.C.R.R. § 146-2.2. It provides that prior to the start of employment, employers must provide employees with a "written notice" that includes, among other things, notice of the employee's: (i) "regular hourly pay rate"; (ii) "overtime hourly pay rate"; (iii) "the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and"; (iv) "the regular payday."

In opposition to Plaintiffs' motion for summary judgment based on Defendants' violation of these written tip notice requirements, Defendants apparently concede that the notices provided to the Moving Plaintiffs fail to identify the full minimum hourly wage rate, and instead provide only the reduced tip credit hourly wage rate (*see* ECF # 284 (*Marin*) at 23). But Defendants argue that providing notice of only the tip credit reduced hourly rate, rather than the full minimum hourly wage, is sufficient to comply with the requirement to include notice of the employee's "regular hourly pay rate" within the meaning of Section 146-2.2 (*see id*. at 23-24). More specifically, Defendants argue that the requirement to provide written notice of the employee's "regular hourly pay rate" in Section 146-2.2 is intended to refer to the amount that the employee is regularly paid for each hour of work *after* subtracting the tip credit - - rather than the regular rate of pay *before* subtracting the tip credit. Defendants ignore, however, that this very attempt to conflate the tip credit reduced hourly rate of pay with the "regular hourly pay rate" that Section 146-2.2 requires is *precluded* by the explicit definitions set forth in the Wage Order itself. Specifically, as stated in Section 146-3.5(a): "The term *regular rate* shall mean the amount that the employee is regularly

13

paid for each hour of work, *before* subtracting a tip credit, if any." 12 N.Y.C.C.R.R. § 146-3.5(a) (emphasis added).

Plaintiffs' motion for partial summary judgment should therefore be granted based on Defendants' failure to provide written notice of the Moving Plaintiffs' regular hourly rate *before* subtracting a tip credit, as required under Section 146-2.2.

> ### B. *Defendants cannot establish proper tip notice through a combination of documents.*

Defendants cannot meet their burden by cobbling together various documents provided to their tipped workers, including the Moving Plaintiffs, during their employment. The regulations discuss "notice" in the singular, and the model notice they contain is a single document. 12 N.Y.C.C.R.R. § 146-2.2(d). Even if a combination of documents could be used to satisfy its burden, the documents Defendants submit in combination do not contain all of the information (let alone the correct information) required by Section 146-2.2.

For example, each of the Section 195(1) forms that Defendants reference in their brief fail to provide the correct hourly and overtime rates.[9] The New York State minimum wage posters that Defendants reference[10] likewise fail to satisfy the notice requirements under Section 146-2.2 because the posters are neither "give[n] to each" employee, nor do they provide notice of "the amount of tip credit, if any, to be taken from the basic minimum hourly rate," nor do they provide notice of "the regular payday." 12 N.Y.C.C.R.R. § 146-2.2(a); *see also Salinas v. Stariem Rest. Com.*, 2015 WL 4757618, at *16 (S.D.N.Y. Aug. 12, 2015) (quoting *Copantitla v. Fiskardo Estiatorio, lnc.*,788 F. Supp. 2d 253, 289 (S.D.N.Y. 2011) (holding that "[a]lthough '[a] generic

---

[9]  *See* ECF # 284 (*Marin*) at 24 (citing Defs.' 56.1 ¶ 75; Graff Decl. Exs. 12-13).

[10]  *See* ECF # 284 (*Marin*) at 24 (citing Defs.' 56.1 ¶ 74).

government poster could inform employees that minimum wage obligations exist, [it] could not possibly inform employees that their employers intend to take the tip credit with respect to their salary.'").

      **C.**    ***Oral notice is insufficient, and the New York State Department of Labor's letter is not entitled to deference.***

Defendants mistakenly rely on a letter that was written by a New York State Department of Labor attorney and addressed to a New York State representative in order to claim that oral notification is sufficient. *See* ECF # 284 (*Marin*) at 26-28 (citing Benson. Decl. Ex. 16 [Opinion Letter]). As this Court has recently held, an oral notification, however, is not sufficient: the regulations are explicit that "written" notice is required to satisfy an employer's tip credit notification burden. *Velez v. 111 Atlas Rest. Corp.*, No. 14-cv-6956, 2016 U.S. Dist. LEXIS 107230, at *20 (Aug. 11, 2016) (Pollak, *J.*) ("Courts have found that evidence of oral notice of the tip credit provision to employees, which may satisfy the notice requirement of the FLSA, would not satisfy the NYLL.").[11]

Defendants claim that this letter establishes that there is no requirement that the tip credit notice be in writing. As noted in Plaintiffs' Initial Brief, however, this letter, which is not even an official letter of the Department,[12] is not entitled to any deference. *See Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005) ("[D]eference is not required when the question is one of pure legal interpretation of statutory terms.") (internal quotation marks and citation

---

[11]    *See also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 39 (E.D.N.Y. 2015) (NYLL requires "written notice"); *Kim v. Kum Gang, Inc.*, 2015 WL 2222438, at *23 (S.D.N.Y. Mar. 19, 2015) (same); *Hicks*, 35 F. Supp. 3d at 334 (same); *Saravia v. 2799 Broadway Grocery LLC*, 2014 WL 2011720, at *4 (S.D.N.Y. May 16, 2014) (same).

[12]    https://labor.ny.gov/legal/counsel-opinion-letters.shtm (last visited on Jan. 13, 2017) ("Opinion[] [Letters] are no longer rendered by the Department of Labor.").

omitted); *see also Baltierra v. Advantage Pest Control Co.*, 2015 WL 5474093, at *7 n.5 (S.D.N.Y. Sept. 18, 2015) (explaining how the New York Court of Appeals has not found the DOL entitled to deference where the DOL's interpretation goes "against the plain meaning of the relevant statute.").[13]

In particular, the Department's conclusion rests on the fact that Section 146-1.3, which sets forth tip credit rates by year, does not discuss written notice explicitly (*see* Benson Decl. Ex. 16, at 2). However, this ignores the plain language found in Section 146-1.3, specifically identifying Section 146-2.2, which expressly requires "written notice" of the tip credit, as the regulation that sets forth the prerequisites for taking a tip credit. *See* 12 N.Y.C.C.R.R. § 146-1.3 (An employer may only take a tip credit, "if the employee has been notified of the tip credit as required in section 146 2.2 of this Part") (emphasis added); 12 N.Y.C.C.R.R. § 146-2.2 (requiring "written notice"). The legislature's intent could not be clearer - - an employer may take a tip credit under Section 146-1.3 *only* if it complies with Section 146-2.2's notice requirements. The Department's contrary conclusion contravenes the regulation's plain text and must be rejected.

---

[13]     Defendants cite three Southern District cases for the proposition that the DOL letter is entitled to deference. (*See* Defs.' Br. 27, 28) (citing *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, 2016 WL 3221141, at *1 (S.D.N.Y. Mar. 1, 2016); *Franco v. Jubilee First Ave. Corp.*, 2016 U.S. Dist. LEXIS 114191, *39-40 (S.D.N.Y. Aug. 25, 2016); *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, 2016 U.S. Dist. LEXIS 155116, at *38 n.11 (S.D.N.Y. Nov. 7, 2016)). The district court's discussion of the DOL letter in *Carvente-Avila* arose in the context of a denial of the plaintiffs' motion for reconsideration on a tip credit notice issue that was previously held to be outside the scope of plaintiffs' claims after a bench trial.  Although plaintiffs there failed to provide sufficient justification for reconsideration, the court also engaged in a discussion of the DOL letter in dicta, which had been raised by the defendants in opposition to plaintiffs' motion for reconsideration. *See Carvente-Avila*, 2016 WL 3221141, at *1.  Even if that discussion were not dicta, it is not binding precedent and, for the reasons discussed herein, does not provide a persuasive justification for affording deference to the DOL letter.  Finally, despite referencing the DOL letter in *Franco* and *Almanzar*, the district courts in both cases ultimately held that oral notice was *not* sufficient to comply with N.Y.C.C.R.R. § 146-2.2—consistent with Moving Plaintiffs' position here. *See Franco*, 2016 U.S. Dist. LEXIS 114191, *39-40; *Almanzar*, 2016 U.S. Dist. LEXIS 155116, at *38 n.11.

The Department's rationale for its decision is also unpersuasive. It expresses concern that employees who are not provided with written notice but who have actual notice of their employers' tip credit practices may obtain a windfall if their employers are held liable (*see* Benson Decl. Ex. 16, at 2). However, many courts have rejected this rationale in holding employers to their tip credit notice obligations, even when their violations are only technical. This is because, "if the penalty for omitting notice appears harsh, it is also true that notice is not difficult for the employer to provide." *Copantitla*, 788 F. Supp. 2d at 288  (quoting *Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1323 (1st Cir. 1992)) (internal punctuation omitted); *see also Hicks*, 35 F. Supp. 3d at 348 (An employer's "disregard of the Wage Order is not properly deemed a trifle. Certainly New York State does not consider failure to provide employees with proper wage notices a trifle, in that NYLL § 198(1-b) allows for damages of up to $2,500 for failure to provide the same."); N.Y.C.C.R.R. § 146-2.2 (requiring "*written* notice") (emphasis added).  It also bears noting that while New York state representatives have attempted to repeal the Wage Theft Prevention Act, those efforts were swiftly swept aside, strongly indicating the Legislature's favorable views of the Act and its penalties. *See* N.Y. Spons. Memo., 2015 A.B. 3876, Leg. 201, Reg. Sess., Bill No. A3876 (Jan. 27, 2015).  Indeed, just last year the Legislature *increased* the maximum penalties for violations of each subsection of the WTPA from $2,500.00 to $5,000.00.  *See* N.Y. Lab. Law § 198(1-b).

Finally, Defendants cannot rely on the letter to justify their conduct because the letter was issued on March 4, 2015, *after* Defendants purported to issue oral notice to the Moving Plaintiffs (*see* Benson Decl. Ex. 16).

The Moving Plaintiffs' motion for summary judgment on their tip credit notice claims should therefore be granted.

***PART THREE***:   **THE COURT SHOULD CERTIFY PLAINTIFFS' PROPOSED SUB-CLASSES AND APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL BECAUSE PLAINTIFFS' CLAIMS SATISFY ALL OF RULE 23'S REQUIREMENTS**

I.      **Plaintiffs' Meet All the Requirements For Rule 23 Certification.**

      A.      ***Fail-safe classes and revised class definitions***

Defendants argue that the Court should deny Rule 23 certification because Plaintiffs' proposed subclasses "A" and "B" constitute impermissible "fail safe" classes.  (*See* ECF # 284 (*Marin*) at 30-31).[14]   As an initial matter, if the Court were to agree with Defendants' characterization of the subclasses, the appropriate solution would be to refine the class definition rather than flatly deny certification on that basis.  *See, e.g., Hicks*, 35 F. Supp. 3d at 357 (W.D.N.Y. 2014) (quoting *Messner v. Northshore Univ. Health Sys.,* 669 F.3d 802, 825 (7th Cir.2012) ("[T]he fail-safe problem is more of an art than a science . . . and often should be solved by refining the class definition rather than flatly denying class certification on that basis.")); *Mazzei v. Money Store*, 288 F.R.D. 45, 55 (S.D.N.Y. 2012) ("Despite a fail-safe class definition, courts have the discretion to construe the complaint or redefine the class to bring it within the scope of Rule 23.") (quotations omitted).

---

[14]      Plaintiffs' Initial Brief proposed certification of the following two NYLL sub-classes:

      Subclass A:      All current and former employees of Apple-Metro from January 1, 2011 through the present who were paid tip-credit reduced (sub-minimum wage) hourly rates but were not provided with compliant written notices containing the information required under NYCRR tit. 12, § 146-2.2, who are thereby owed additional pay per hour worked based on Apple- Metro's failure to pay minimum wages.

      Subclass B:      All current and former employees of Apple-Metro from January 1, 2011 through the present who were not provided with compliant wage notices as required by NYLL Section 195(1), and who are thereby entitled to the statutory penalties set forth in Section 195(1).

In any event, while Plaintiffs dispute Defendants' arguments in opposition to Rule 23 certification based on "fail-safe" class definitions, should the Court deem it necessary, the Plaintiffs respectfully propose the following revised definitions of two, partially overlapping, Rule 23 subclasses on Plaintiffs' NYLL minimum wage/tip credit claims (Subclass A), and NYLL § 195(1) wage notice claims (Subclass B).  Specifically:

> **Subclass A**:   All tipped hourly employees at all Apple-Metro restaurants, from January 1, 2011 through the present, who have been paid tip-credit reduced (sub-minimum wage) hourly rates.

> **Subclass B**:   All non-managerial employees at all Apple-Metro restaurants from April 9, 2011[15] to the present.

As set forth below, Defendants' remaining arguments in opposition to Rule 23 certification fail in relation to both Plaintiffs' initial and revised subclass definitions alike.  Plaintiffs' motion for Rule 23 certification of the two subclasses should therefore be granted.

> **B.**      ***Plaintiffs satisfy all the requirements of Rule 23, warranting certification.***

Defendants argue that Rule 23 certification should be denied based on Plaintiffs' purported failure to satisfy Rule 23's requirements as to (i) "class representative adequacy," as well as (ii) typicality, commonality and predominance.[16] As set forth below, Defendants' arguments on these grounds fail, and Plaintiffs' motion for Rule 23 certification of the proposed subclasses should be granted.

---

[15]      Plaintiffs' initial proposed definition of Subclass "B" misstated the relevant timeframe for Plaintiffs' wage notice claims under Section 195(1). The correct timeframe is from April 9, 2011 (rather than January 1, 2011) to the present.

[16]      Defendants do not dispute that numerosity is satisfied or that Plaintiffs' counsel is adequate.  (*See* ECF # 284 (*Marin*) at 29 n.14).

i.     *The named (and Moving Opt-in Plaintiffs) are adequate class*
       <u>*representatives*</u>.

Defendants argue that the Named Plaintiffs are "inadequate representatives" for Subclass "A" because the Named Plaintiffs purportedly have not "suffered the same injuries" as the putative class members. (*See* ECF # 284 (*Marin*) at 31-32.   Upon closer review, however, Defendants' argument boils down to the simple assertion that the Named and putative class Plaintiffs alike have purportedly suffered *no* injury at all.   This argument fails for the reasons set forth in connection with Plaintiffs' arguments above in support of summary judgment (namely that the Named Plaintiffs, Moving Opt-In Plaintiffs, and putative Rule 23 Plaintiffs have all suffered the same injuries resulting from: (i) Defendants' failure to pay tipped employees the proper minimum wage - - instead paying them the minimum wage minus the tip credit - - even though Defendants failed to satisfy the notice requirements to claim a valid tip credit under 12 N.Y.C.C.R.R. § 146-2.2; and (ii) Defendants' failure to provide compliant wage notices under NYLL § 195(1)).   Although Defendants deny liability on the claims for which Plaintiffs seek class certification, the Named and putative class Plaintiffs are similarly situated with respect to those claims.

ii.    *Plaintiffs' tip credit and wage notice claims satisfy the requirements of*
       <u>*typicality, commonality, and predominance*</u>.

Defendants attempt to overcome the evident typicality, commonality, and predominance of the two NYLL claims for which Plaintiffs seek Rule 23 certification here by suggesting that liability on such claims follows "no set pattern or predictability," and instead purportedly hinges on: (i) the vagaries of restaurant-specific managers who may have only occasionally (and unpredictably) issued written tip credit notices in compliance with 12 N.Y.C.C.R.R. § 146-2.2 and wage notices in compliance with NYLL § 195(1); as well as (ii) the possibility that certain tipped employees may have received oral notice of the tip credit.   (*See* ECF # 284 (*Marin*) at 34, 35).

20

Contrary to Defendants' attempt to interject uncertainty with the specter of "mini-trials" to ascertain the unique experiences of each plaintiff in relation to the two NYLL claims at issue (*id.* 35-37), the simple reality is that Defendants' liability on those claims are readily ascertainable by objective documentation in Defendants' possession - - namely, the existence and content of the written tip credit notice and wage notice forms required under 12 N.Y.C.C.R.R. § 146-2.2 and NYLL § 195(1).[17]   *See, e.g., Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (certifying subclasses that "can clearly be ascertained by objective documentation, such as defendants' employee payroll records and wage statements"); *Mendez v. U.S. Nonwovens Corp.*, 314 F.R.D. 30, 55 (E.D.N.Y. 2016) ("the question of whether the defendants began to pay the spread of hours premium after this lawsuit was commenced in 2012 . . . can be resolved easily by reviewing a class member's payroll records to determine if he or she was in fact paid a spread of hours wage, [hence,] it does not affect the commonality requirement, nor does it render the case unsuitable for class treatment") (citation omitted); *Morangelli v. Chemed Corp.*, 922 F. Supp. 2d 278, 308 (E.D.N.Y. 2013) ("Differences between plaintiffs may often interfere with common proof but where, as here, documentary evidence allows for class-wide determinations of these issues, certification remains appropriate").

Defendants further argue that Rule 23 certification cannot be granted because it would purportedly be arduous and time consuming for Defendants to "go through each and every" class member's personal files in search of the objective documentation the would be dispositive of Defendants' liability.  Yet, this argument fails for similar reasons.  First, it is Defendants' burden

---

[17]      As previously noted above in connection with Plaintiffs' motion for partial summary judgment, N.Y.C.C.R.R. § 146-2.2 requires *written* notice of specifically enumerated categories of information as a prerequisite to taking a valid tip credit. The possibility that certain Plaintiffs may have received oral notice of the tip credit is thus irrelevant to certification of a Rule 23 subclass under for taking an invalid tip credit under N.Y.C.C.R.R. § 146-2.2.

to establish compliance with 12 N.Y.C.C.R.R. § 146-2.2 as an affirmative defense to taking a tip credit and paying sub-minimum wages. It is likewise Defendants who bear the burden of demonstrating their compliance with NYLL § 195(1). More importantly, Defendants' assertion that class certification must be denied because Defendants cannot be bothered to locate and review the written documentation that they are statutorily obligated to provide and maintain is utterly devoid of merit. It should go without saying that Defendants' legal obligations are not waived by virtue of Defendants' disregard of those obligations to more than 14,000 current and former employees. To the contrary, the vast scale of Defendants' unlawful conduct against many thousands of employees only underscores that a class action is the superior method of adjudicating these restaurant employees' claims to achieve economies of time, effort, and expense, and to promote uniformity of decisions as to the similarly situated employees. *See* Fed. R. Civ. P. 23(b)(3).

Defendants' final argument concerning the "individualized proof" that Defendants would purportedly be required to muster under Section 198(1-b) in order to establish an affirmative defense to the Section 195(1) wage notice violations for which Plaintiffs seek certification of Subclass B (*see* ECF # 284 (*Marin*) at 36-37) fails for the same reasons discussed above in connection with Defendants' motion for summary judgment. Namely, Defendants have presented no evidence or argument suggesting a good faith basis for believing that they were *not* required to provide Plaintiffs with wage notices under Section 195(1). Instead, Defendants merely attempt to shift blame to their senior management personnel who failed to discharge Defendants' admitted obligation to provide the wage notices that Section 195(1) requires.

## CONCLUSION

For all of these reasons, and for the reasons articulated in Plaintiffs' moving papers, Plaintiffs respectfully request that the Court: (1) grant their motion for partial summary judgment with respect to the Moving Plaintiffs; (2) grant their motion for Rule 23 certification as to the proposed Subclasses; and (3) appoint Plaintiffs' counsel as class counsel.  In the alternative, should the Court find that material issues of fact remain in dispute, Plaintiffs request that any denial of Plaintiffs' motion for partial summary judgment be without prejudice - - as class discovery remains ongoing - - and nevertheless grant Plaintiffs' motion for Rule 23 certification and appointment as class counsel.

Dated:  New York, New York
      January 13, 2017

Respectfully submitted,              Respectfully submitted,

By: _____           By: _____
    Ariel Y. Graff        *AND*        Michael R. Minkoff, Esq.
    Robert W. Ottinger                 Alexander T. Coleman, Esq.
                              Michael J. Borrelli, Esq.

THE OTTINGER FIRM, P.C.        BORRELLI & ASSOCIATES, PLLC
401 Park Avenue South           655 Third Avenue, Suite 1821
New York, New York 10016       New York, New York 10017
Tel.   (212) 571-2000        Tel.   (212) 867-5000
ari@ottingerlaw.com           mrm@employmentlawyernewyork.com
robert@ottingerlaw.com         atc@employmentlawyernewyork.com
                            mjb@employmentlawyernewyork.com

*COUNSEL FOR PLAINTIFFS, THE COLLECTIVES,*
*and the PROPOSED SUB-CLASSES*