UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CARLOS MARIN, KENNY LEBRON, and MARTINA
HANISCH, on behalf of themselves and all others similarly
situated,

                                    Plaintiffs,                      Case No. 12 Civ. 5274
                                                                          (ENV)(CLP)
                        -against-

APPLE  METRO,  INC.,  et al.,

                                    Defendants.

SHAUNTA DOVE, on behalf of herself and all others
similarly situated,

                                    Plaintiffs,
                                                                    Case No. 13 Civ. 1417
                        -against-                                        (ENV)(CLP)

APPLE  METRO,  INC.,  et al.,

                                    Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW PURSUANT TO FED. R. CIV. P. 72(b)
IN SUPPORT OF THEIR OBJECTIONS TO MAGISTRATE
JUDGE POLLAK'S OCTOBER 4, 2017 REPORT AND RECOMMENDATION**

***Oral Argument Requested***
on a date and at a time to be designated by the Court

---

**Date of Service:**

  November 22, 2017
  New York, New York

**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, NY 10022
(212) 583-9600

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    MAGISTRATE JUDGE POLLAK'S REPORT AND RECOMMENDATION ............... 2

III.   APPLICABLE LEGAL STANDARD ................................................................... 3

IV.   ARGUMENT – THRESHOLD ISSUES ............................................................ 4

    A. Plaintiffs' Motions For Partial Summary Judgment and Rule 23 Class Certification Should Be Denied In Full Because Plaintiffs Did Not Include Tip Credit Notice or Section 195(1) Claims In Their Complaints ............................................................. 4

        1. The R&R Misapplies the Law of the Case Doctrine ............................................... 4

        2. The Dove Complaint Does Not Sufficiently Plead Notice of the Tip Credit or Section 195(1) Claims ................................................................................................ 6

    B. Plaintiffs' Motions For Partial Summary Judgment and Rule 23 Class Certification Should Be Denied In Full Because The Moving Plaintiffs Do Not Have NYLL Claims ............ 9

    C. Plaintiffs' Motion For Partial Summary Judgment Should Be Denied In Full Because It Is Premature ......................................................................................................... 11

V.    ARGUMENT – SUMMARY JUDGMENT ................................................................ 14

    A. The Court Should Deny Partial Summary Judgment On All of Moving Plaintiffs' NYLL Tip Notice and Section 195(1) Claims Because Rule 198(1-b)'s Affirmative Defense Is Retroactive and Provides a Complete Defense ......................................................... 14

        1. The R&R Incorrectly Holds that Section 198(1-b) Is Not Retroactive ................ 14

        2. The Application of Section 198(1-b) Provides a Complete Defense Against Moving Plaintiffs' Tip Credit Notice and Section 195(1) Claims ............................................... 18

    B. The Court Should Deny Partial Summary Judgment on Plaintiffs' NYLL Tip Credit Notice Claims Because Only Actual Notice – Not Written Notice – Is Required .................... 22

        1. Legislative, Regulatory, and Judicial Precedent All Support the Commissioner of Labor's Opinion that Only Actual Notice Is Required ............................................. 22

        2. Judge Pollak Is Incorrect That Written Notice Is Required and that the Opinion Letters Are Not Entitled to Deference ..................................................................... 28

i

C.   The Court Should Deny Partial Summary Judgment on Certain Moving Plaintiffs' NYLL Tip Notice and Section 195(1) Claims Because There Was No Violation of the Law .... 32

1.   Defendants Complied with the Explicit Language of Section 195(1) and 12 N.Y.C.R.R. § 146-2.2 for Certain Moving Plaintiffs .................................................................... 33

2.   Moving Plaintiff Schmid Has No Section 195 Claim Because There Were No Notice Requirements Before 2011 ............................................................................................. 35

VI.   ARGUMENT – CLASS CERTIFICATION ................................................................. 36

A.   The Court Should Deny Class Certification Because the Application of the Opinion Letters and/or the Affirmative Defense Destroys Commonality and Predominance ................. 36

1.   Granting Deference to the Opinion Letters Destroys Commonality and Causes Individual Issues to Predominate Over Common Ones with Respect to Subclass-A ................. 37

2.   The Application of the Affirmative Defense Destroys Commonality and Causes Individual Issues to Predominate Over Common Ones With Respect to Both Subclasses A and B ............................................................................................................................................... 39

B.   Judge Pollak Is Simply Incorrect that Defendants Did Not Produce WTPA Forms that Contain the Proper Overtime Rates ........................................................................................ 40

C.   The Court Should Deny Class Certification Because the Name Plaintiffs Are Inadequate Representatives of the Class .................................................................................... 41

II.   CONCLUSION .......................................................................................................... 42

# TABLE OF AUTHORITIES

**Page(s)**

*Harper v. Gov't Emps. Ins. Co.*,
   2011 WL 4963770 (E.D.N.Y. Oct. 18, 2011). .......................................................................3

*Del Col v. Rice*,
   2014 WL 1834983 (E.D.N.Y. May 7, 2014) ..........................................................................4

*Walsh v. McGee*,
   918 F. Supp. 107 (S.D.N.Y. 1996) ........................................................................................5

*Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*,
   2016 U.S. Dist. LEXIS 133299 (S.D.N.Y. Sept. 28, 2016) ...................................................6

*Enzo Biochem, Inc. v. Amersham PLC*,
   981 F. Supp. 2d 217 (S.D.N.Y. 2013) ...................................................................................6

*Caidor v. Potter*,
   2007 WL 2847229 (N.D.N.Y. Sep. 26, 2007) .......................................................................6

*Kone v. Joy Construction Corp.*,
   2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ...........................................................................7

*Briceno v. USI Servs. Grp., Inc.*,
   2016 U.S. Dist. LEXIS 9622 (E.D.N.Y. Jan. 26, 2016) .......................................................11

*Bd. of Managers of Mason Fisk Condominium v. 72 Berry St., LLC*,
   801 F. Supp. 2d 30 (E.D.N.Y. 2011) ....................................................................................15

*Halpert Enterprises, Inc. v Harrison*,
   2008 WL 4585466 (2d Cir. Oct. 15, 2008) ...........................................................................15

*75-07 Food Corp. v Trustees of United Food & Commercial Workers Local 342 Health
   Care Fund*, 2014 WL 691653 (E.D.N.Y. Feb. 24, 2014) ......................................................15

*Nobel Ins. Co. v. City of New York*,
   2006 WL 2848121 (S.D.N.Y. Sept. 29, 2006) ......................................................................15

*In re Gleason (Michael Vee, Ltd.)*,
   96 N.Y.2d 117, 749 N.E.2d 724 (N.Y. 2001) 17

*Matter of OnBank & Trust Co.*,
   90 N.Y.2d 725, 688 N.E.2d 245 (N.Y. 1997) .......................................................................17

*People ex rel. Forshey v. John*,
   904 N.Y.S.2d 620, 622 (4th Dep't 2010) ............................................................. 17

*Ahmed v. Morgans Hotel Group Mgt., LLC*,
   4 Misc.3d 1220(A), 55 N.Y.S.3d 691 (Table), 2017 WL 758350 (N.Y. Sup. Ct. Feb.
   27, 2017) ............................................................................................................17, 21

*Franco v. Jubilee First Ave. Corp.*,
   2016 U.S. Dist. LEXIS 114191 (S.D.N.Y. Aug. 25, 2016) ...............................24, 26

*Khereed v. W. 12th St. Rest. Group LLC*,
   2016 WL 590233 (S.D.N.Y. Feb. 11, 2016) .....................................................24, 34

*Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*,
   2016 U.S. Dist. LEXIS 155116 (S.D.N.Y. Nov. 7, 2016) .......................................26

*Carvente-Avila v. Chaya Mushkah Rest.*,
   2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016). .................................................26, 27

*Pest v. Bridal Works of New York, Inc.*,
   2017 WL 3393967 (E.D.N.Y. July 27, 2017) ..........................................................34

*Salahuddin v. Goord*,
   467 F.3d 263 (2d Cir. 2006) ...................................................................................35

*Central Pension Fund*,
   1998 WL 865594 (N.D.N.Y. Dec. 9, 1998) ............................................................35

*Jin v Pac. Buffet House, Inc.*,
   2009 WL 2601995 (E.D.N.Y. Aug. 24, 2009) ........................................................36

*Wei Yan Yan v. 520 Asian Rest. Corp.*,
   2014 WL 7177259 (S.D.N.Y. Dec. 17, 2014). ........................................................36

*Gardner v. Western Beef Props.*,
   2011 U.S. Dist. LEXIS 146467 (E.D.N.Y. June 16, 2008) .....................................38

*Diaz v. Electronics Boutique of Am., Inc.*,
   2005 U.S. Dist. LEXIS 30382 (S.D.N.Y.) ..............................................................38

*Romero v. H.B. Auto. Group, Inc.*,
   2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012) ......................................... 38

*Edwards v. Publrs. Circulation Fulfillment, Inc.*,
   268 F.R.D. 181, 188-89 (S.D.N.Y. 2010) ...............................................................38

*Gregory v. Stewart's Shops Corp.*,
   2016 U.S. Dist. LEXIS 89576 (N.D.N.Y July 8, 2016) ....................................38-39

iv

*In Re Literary Works In Elec. Databases Copyright Litig. v. Thomson Corp.*,
   654 F.3d 242, 249 (2d Cir. 2011) ........................................................................41

*Ruggles v. Wellpoint*, Inc.,
   272 F.R.D. 320  (N.D.N.Y. 2011)  ...................................................................... 41

Defendants Apple-Metro, Inc. *et al.*[1] respectfully submit this Memorandum of Law in Support of their Objections to Magistrate Pollak's October 4, 2017 Report and Recommendation.

## I.     PRELIMINARY STATEMENT

According to Plaintiffs' attorneys, the resolution of this motion in Plaintiffs' favor will lead to liability ***in excess of $100 million dollars*** – a judgement that would result in the ruination of a company that provides the livelihood for tens of thousands of hardworking people.  This is the result that Plaintiffs seek, simply because (according to the Magistrate's Report and Recommendation), Defendants failed to include the correct overtime rate of pay in Wage Theft Notice forms issued to tipped employees.  Literally hundreds of millions of dollars via the loss of the tip credit – all because the overtime rate listed in those forms was off by a few dollars.  This cannot possibly be the correct result.

The New York Department of Labor, in two separate opinion letters, has interpreted their own regulations as not calling for this result.  Both letters state that a restaurant employer can take the tip credit – even when they fail to provide 100% compliant <u>written</u> notice of the tip credit – provided the employer can demonstrate that their employees "understood the manner in which the employer took the tip credit." This interpretation deserves the Court's deference.

As explained below, there are threshold issues that preclude the Court from even considering Moving Plaintiffs' partial motion for summary judgment and Rule 23 class certification motion. However, even if the Court reaches the substantive issues, the R&R's analysis is entirely flawed.  Partial motion for summary judgment is not warranted because (1) actual notice, not written notice, is required, (2) the NYLL § 198(1-b) affirmative defense applies, and (3) Defendants issued WTPA notices with the proper rates.  Class certification

---

[1] Except for individually named defendant Kirk Samlal.

should be denied because there are no adequate class representatives and commonality and predominance are lacking. All in all, in applying the appropriate *de novo* standard of review, this Court should reject the R&R in its entirety.

## II.    MAGISTRATE JUDGE POLLAK'S REPORT AND RECOMMENDATION

On November 4, 2016, Plaintiffs moved for partial summary judgment on behalf of 60 opt-in plaintiffs on New York Labor Law tip credit notice and Section 195(1) notice claims. Plaintiffs also moved for Federal Rule of Civil Procedure 23(b)(3) certification on behalf of two subclasses pertaining to these notice claims.

With respect to Plaintiffs' partial summary judgment motion, Defendants put forth a broad list of defenses, including, *inter alia*:

- None of the *Marin* or *Dove* complaints included tip credit notice or Section 195(1) notice claims,

- The moving plaintiffs only opted into the FLSA collective action and do not actually have NYLL claims,

- The motion was premature because discovery had not yet been taken on these new claims,

- The affirmative defense contained in NYLL § 198(1-b) prevented the grant of summary judgment,

- An opinion letter issued by the New York Department of Labor, which states that only actual (not written) notice of the tip credit is  required, was entitled to deference (as recognized by Judge Forrest in the SDNY), and precludes moving plaintiffs' recovery,

- Material issues of disputed fact existed regarding whether the moving plaintiffs received notice of the tip credit, and

- Regardless, the majority of moving plaintiffs' WTPA notices upon hire did include the minimum wage and overtime rates, and thus Defendants are not liable for tip credit notice or Section 195 violations.

The R&R, however, incorrectly found for Plaintiffs on each of these issues.[2]

With respect to Plaintiffs' motion for Rule 23(b) (3) class certification, Defendants also put forth a number of defenses, including, inter alia:

- There was no common or representative evidence that could answer the question of whether an employee received proper notice of the tip credit (Subclass A) and/or received the requisite Section 195(1) notice (Subclass B) "in one stroke," generating a common answer, and
- The Named Plaintiffs were inadequate class representatives.

Again, the R&R incorrectly found for Plaintiffs on these points as well.[3]

As explained more fully below, Defendants specifically object to the Report and Recommendation with respect to the findings on the above referenced points.

## III.    APPLICABLE LEGAL STANDARD

The October 4, 2017 Report and Recommendation ("R&R") is a dispositive order.  *See Harper v. Gov't Emps. Ins. Co.*, 2011 WL 4963770, at *1 (E.D.N.Y. Oct. 18, 2011). Accordingly, the Court should apply the *de novo* standard set forth in 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) in its review.  *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").  As per Rule 72(b)(3), the "district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with

---

[2] Defendants do not object to the portion of Judge Pollak's R&R that denied summary judgment as against 24 moving plaintiffs.  (R&R, at 47-50).

[3] Defendants do not object to the portion of Judge Pollak's R&R that found that (1) Plaintiffs original proposed subclasses were fail-safe classes, or (2) Named Plaintiff Marin was not a proper named plaintiff for the newly defined Subclass A.

instructions."

## IV.   ARGUMENT -- THRESHOLD ISSUES

### A.   Plaintiffs' Motions For Partial Summary Judgment and Rule 23 Class Certification Should Be Denied In Full Because Plaintiffs Did Not Include Tip Credit Notice or Section 195(1) Claims In Their Complaints

As a threshold matter, Defendants object to the R&R's holding that the *Dove* complaint sufficiently pleads claims for failure to provide proper notice of the tip credit and failure to issue sufficient wage notices pursuant to NYLL 195(1).  Magistrate Judge Pollak's holding rests on two findings: (1) the law of the case doctrine requires a finding that these two claims were properly pled, and, regardless, (2) the Dove complaint sufficiently placed Defendants on notice of these claims. (R&R at 12-25).  Neither finding is correct.

### 1.   The R&R Misapplies the Law of the Case Doctrine

Magistrate Pollak misapplies the law of the case doctrine outright.  She claims that since "the proposed <u>Thomas</u> Complaint [a completely separate action] included claims for minimum wage and wage notice violations under the NYLL and the Court has already held that all claims in the proposed <u>Thomas</u> Complaint were included in the <u>Marin</u> and <u>Dove</u> actions, the law of the case is that those claims are part of the instant actions."  (R&R, at 21).

In its decision on the motion to intervene, however, this Court did *not even arguably hold* that all claims in the proposed Thomas Complaint were included in this Action.  It couldn't have – because that is not an element of the motion to intervene standard.  To qualify for intervention as a matter of right, the proposed intervenor must demonstrate that:

> (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.'"

*Del Col v. Rice*, 2014 WL 1834983, at *4 (E.D.N.Y. May 7, 2014) (quoting *St. John's Univ. v.*

*Bolton*, 450 F. App'x 81, 83 (2d Cir. 2011)).   In other words, the standard itself does not contemplate a holding that the claims in the proposed intervenor's complaint are the same as the claims in the existing case's complaint.

Moreover, in her motion to intervene, Thomas argued that her 20% Rule and Dual Jobs putative class claims – not any tip credit notice or Section 195 claims – were not adequately protected by Plaintiff Dove.  (*Marin*, ECF No. 177, at 12).   In analyzing whether Thomas met this element, the Court held she did not – but only because the Court was "not persuaded that the '20% Rule' and '"dual jobs' claims entitle plaintiffs to *relief that is different from the relief already being sought* in the Marin and Dove actions." (*Marin*, ECF No. 242, at 19 (emphasis added)).   To be clear, the Court did *not* hold that Thomas's '20% Rule' and '"dual jobs' claims and Dove's illegal tip sharing claims were the same – only that the ultimate relief sought for both claims were the same.   The Court certainly did not hold that tip notice and Section 195(1) claims were already a part of this case, as Judge Pollak claims in the R&R.   Simply put, the analysis resulting from Thomas' motion for intervention is a far cry from providing support for the contention that the notice claims were always a part of this case.

"It is important to note that law of the case rules 'come into play only with respect to issues previously determined,' and that 'questions that have not been decided do not become law of the case merely because they could have been decided.'"   *Walsh v. McGee*, 918 F. Supp. 107, 111 (S.D.N.Y. 1996) (citations omitted).   Here, the only issue was *actually* decided by the Court with respect to intervention was whether Thomas' class interests were protected; the Court never held that the claims in the Thomas proposed complaint were identical to the claims at issue

here.[4]   Accordingly, this portion of the R&R must be disregarded and there is no valid basis to use the law of the case doctrine to bring these tip credit notice and Section 195(1) claims into the case at this late date.

> **2.**     **The *Dove* Complaint Does Not Sufficiently Plead Notice of the Tip Credit or Section 195(1) Claims**

The R&R is also incorrect in its determination that Plaintiffs properly plead notice of the tip credit and Section 195(1) claims.  Judge Pollak rests this portion of her decision entirely on the same basic reasoning: Since Plaintiffs included certain other NYLL minimum wage claims and a separate and distinct Section 195 pay stub claim in the *Dove* complaint, Defendants should have been on notice that *all possible* grounds for failure to pay minimum wage and *any* Section 195 claim could be included.  (R&R, at 21-25).  This stretches even the liberal notice standard way too far.

As explained in Defendants' brief (but which was flatly ignored), when a plaintiff tries to raise new grounds on summary judgment motion to support an already noticed claim – much less completely separate claims as Plaintiffs are trying to do here – courts regularly deny summary judgment.  *See, e.g., Chefs Diet Acquisition Corp. v. Lean Chefs, LLC*, 2016 U.S. Dist. LEXIS 133299, at *29-31 (S.D.N.Y. Sept. 28, 2016) (rejecting breach of contract claim raised at the summary judgment stage on grounds other than the grounds that had been pleaded in complaint); *Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 222-23 (S.D.N.Y. 2013)  (same); *Caidor v. Potter*, 2007 WL 2847229, at *8 (N.D.N.Y. Sep. 26, 2007) (refusing to allow the

---

[4] To the extent Magistrate Pollak is applying Judge Caproni's motion to dismiss decision in *Thomas* as law of the case here, this is also improper because the law of the case doctrine only applies to issues decided "during the course of a single continuing lawsuit. They do not apply between separate actions."  *See* 18B Wright & Miller, FED. PRAC. & PROC. § 4478 (2d ed. Apr. 2017) (citing cases).

plaintiff to bring race-based disparate impact grounds on summary judgment, in addition to his already pled race-based disparate treatment grounds, even though both fell under the same statute and claim (discrimination) because the disparate impact grounds were not alleged in his complaint).  Such is the case here.

Judge Swain's decision in *Kone v. Joy Construction Corp.*, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016), is instructive.  There, in opposition to a motion to dismiss, plaintiffs claimed that their complaint alleged both Section 195(1) and 195(3) claims because it included allegations – even *more specific* than what is included in the *Dove* complaint – that defendants:

> "Have willfully failed to supply Plaintiffs ... with notice ... containing Plaintiffs'... rates of pay and basis thereof ... hourly rates of pay and overtime rate or rates of pay ... the regular pay day designated by the employer ... the name of the employer ... the physical address of the employer's main office [and] ... the telephone number of the employer."

*Id.* at *5 (citing the *Kone* complaint).  The Court, however, held that the complaint did **not** include Section 195(1) claims.  It held:  "The Complaint provides no further support for their Section 195(1) claim and, furthermore, makes no allegation that this failure occurred at the time of hiring, which is required to establish a violation of NYLL § 195(1)(a)."  (*Id.*).  Such is the case here as well.

As per *Keiler vs. Harlequin Enterprises*, cited by Judge Pollak in support of her holding, Plaintiffs were required to give Defendants notice of both "'what the claim is ***and*** the grounds upon which it rests.'"  (R&R, at 22 (emphasis added)).  The Dove complaint, however, only provided notice that they were pursuing violations of NYLL 652 and 195 claims on the grounds that there was an unlawful tip share and that Plaintiffs did not receive proper paystubs – not on the grounds that they are pursuing now.  Specifically, Plaintiffs have not alleged any facts (let alone facts sufficient) to support their NYLL minimum wage and notice claims on the grounds

that defendants failed to provide notice of the tip credit or WTPA notices upon hire.  There is not a single factual allegation in the *Dove* complaint, for example, that:  Plaintiffs did not receive wage notices upon hire; Plaintiffs' wage theft prevention act notices lacked certain categories of information; or Defendants did not give employees notice that they were applying a tip credit.  In fact, the phrases "wage notice," "wage theft prevention act notice, "notice of the tip credit," and "tip credit" – all key terms – are not found *anywhere* in the *Dove* complaint.[5]

Plaintiffs' lawyers assert that the tip credit notice and Section 195(1) claims are worth *more than $100 million dollars*.[6]  The first mention of these claims, however, was over four years into the lawsuit.  It was not the subject of any specific discovery.  To uphold Judge Pollak's logic would be to set bad precedent and give carte blanche to Plaintiffs to ambush Defendants (like they did here) and pursue any possible minimum wage theory or Section 195 claim – such as impermissible deductions to minimum wages (NYLL 652); requiring tipped employees to contribute to a tip pool that includes employees who do not customarily and regularly receive tips (NYLL 652); failure to notify employees of their policy on sick leave,

---

[5] Judge Pollak claims that the *Dove* complaint references NYLL §§ 195, 196-d, 652 and 12 N.Y.C.R.R. § 146-2.15, which all include provisions regarding the tip credit.  (R&R, at 22).  This is misleading.  Only Section 652 references the tip credit, but in the context of a direction to the wage board to increase the tip credit to align with increases in minimum wage.  It also has absolutely nothing to do with the tip credit notice.

Judge Pollak also analogizes this case to *Townsend v. Benjamin Enterprises* (R&R, at 23). *Townsend*, however, is inapposite because here, there is significant prejudice to Defendants if the Court holds that these two claims are a part of this lawsuit.  *See also infra* Point IV.C.

[6] Law360, "Applebee's Franchise Workers Served A Win In Wage Suit," https://www.law360. com/articles/971608/applebee-s-franchise-workers-served-a-win-in-wage-suit (last visited Nov. 21, 2017) ("[T] the certification would create a class size of nearly 15,000 employees who were paid $2.50 an hour less than the minimum wage over a period of six years. That class size, [Plaintiffs' attorney, Robert Ottinger] said, translates into hundreds of millions owed by Apple-Metro to its workers.").

vacation, personal leave, holidays and hours (NYLL 195(5)); and failure to notify employees of the exact date of termination and cancellation of benefits upon termination of employment (NYLL 195(6)) – without actually pleading facts in support.  Such a result is unfair, contrary to due process, and cannot be permitted.

In sum, in applying the *de novo* standard of review, this Court should hold that Plaintiffs' partial motion for summary judgment (and, accordingly, their motion for Rule 23 class certification) must be denied because, *inter alia*, the moving plaintiffs have not sufficiently pled notice of the tip credit or Section 195(1) claims in their complaints, and Defendants were deprived of the opportunity to fully address this claim in discovery.

**B.     Plaintiffs' Motions For Partial Summary Judgment and Rule 23 Class Certification Should Be Denied In Full Because The Moving Plaintiffs Do Not Have NYLL Claims**

As for a second threshold matter, Defendants object to the R&R's holding that the moving plaintiffs who have brought this partial summary judgment motion actually have claims under the NYLL.  (R&R, at 25-29).   Magistrate Pollak reasoned that the language contained in the FLSA collective action notice demonstrates that the moving plaintiffs somehow consented to bringing NYLL claims, in addition to claims under the FLSA.  This is incorrect.

First, although Judge Pollak admitted that the applicable test centered around whether the moving plaintiffs *consented* to bring state claims, she did not, in fact, apply such a test.  Instead, she simply found that "nothing in either the Notice or Consent forms limits the scope of the claims to which putative plaintiffs were opting in." (R&R, at 29).  "Consent" necessarily requires knowledge and agreement – not lack of knowledge.  Her reasoning in this regard completely misses the mark.

Second, Judge Pollak is incorrect in her statement that nothing in the Notice or Consent limits the scope of the claims to only federal claims.  The Consent that the opt-ins signed was

specifically titled "Consent to Join *Collective* Action Lawsuit(s) Regarding Wages" and stated:

> I consent to join in one or both of the above **collective action(s)** brought in the United States District Court for the Eastern District of New York and authorize The Ottinger Firm, P.C. and Borrelli & Associates, P.L.L.C. to act on my behalf in all matters relating to this action, including any settlement of my claims.

(*See, e.g.*, *Marin*, ECF No. 93 (emphasis added)).   This form references only "collective actions(s)" – nomenclature that only applies to actions bringing federal (not state) claims.

More significantly, however, is that the Notice itself is clear that opt-in plaintiffs were only opting into Marin and/or Dove to bring federal claims:

> **7. How do I ask the Court to include me in the case?**
>
> If you choose to join either or both of these lawsuits, you must read, sign, and promptly return the Consent to Join form attached to this notice by [insert date in bold]. If the signed Consent to Join form is not postmarked, faxed, or emailed by [insert date], **you may not be allowed to participate in the federal law portion of this lawsuit.**

(*Marin*, ECF No. 88, at 14 (emphasis added)).   This is a clear indication that the opt-in plaintiffs were only opting to bring federal claims – not state claims – a section that Judge Pollak ignored in her decision.[7]

Moreover, it is important to note that Judge Pollak herself, in her decision on Defendants' Motion to Amend the Proposed Notice, wrote the following in response to Defendants' request that all mentions to state law be removed from the Notice:

> Here, the notice refers only in passing to general violations of state law stating, for example, that "[t]his lawsuit is about whether Defendants' compensation practices violate federal and/or New York law." (Defs.' 8/7 Let., Ex. 1 at 2). **Given that the notice does not refer to specific state law violations as it did in <u>Hanchard-James</u>, it is unlikely that plaintiffs will be unduly confused regarding the basis for their potential recovery.**

---

[7] In contrast, the *Hicks* case (cited to on pages 26-27 of the R&R) contained contrary language – that individuals who wished to preserve and pursue *any claim* should opt into the case.   *Fengler* and *Ansoumana* (R&R, at 27) do not even deal with the issue at hand here.

(*Marin*, ECF No. 88, at 7 (emphasis added)).  Judge Pollak had thus previously held that opt-in plaintiffs would *not* believe, in reading the Notice, that they were opting into a lawsuit to bring state law claims as well.[8]  Her ruling here is exactly the opposite.  It cannot be both ways. opposite

Finally, the R&R does not address Defendants' argument that permitting this summary judgment motion to go forward would cause significant prejudice to Defendants.  In *Briceno v. USI Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 9622, at *6 (E.D.N.Y. Jan. 26, 2016), on a motion for reconsideration, the court reversed its decision to permit the named plaintiffs to amend their complaint to convert certain FLSA opt-in plaintiffs into named plaintiffs, so that they can assert their state law wage claims as well.  It held that such an amendment would cause significant prejudice to the defendants, who would suddenly have to face "the prospect of having to potentially litigate 169 additional individual NYLL claims, about which they have taken no discovery."  *Id.* at *16-17.  The instant case presents the same problems.  The Court should apply this Eastern District precedent here and recognize that the moving plaintiffs do not have standing to bring NYLL claims.

In sum, in applying the *de novo* standard of review, this Court should hold that Plaintiffs' partial motion for summary judgment (and, accordingly, their motion for Rule 23 class certification) must be denied because the moving plaintiffs do not actually have standing to assert state law NYLL claims.

---

[8] Defendants also note that, in contrast to Judge Pollak's claim on page 29 of the R&R, the reference to "in these lawsuits" in the Notice refers to the *Marin* and *Dove* lawsuits, not any distinction between federal and state claims.

**C.      Plaintiffs' Motion For Partial Summary Judgment Should Be Denied In Full Because It Is Premature**

As for the final threshold matter, Defendants object to the R&R's holding that Plaintiffs' motion for summary judgment is not premature.  (R&R, at 32-33).  Specifically, Judge Pollak claims that "all relevant discovery as to whether defendants complied with Section 195(1) of the NYLL and whether defendants were entitled to claim a tip credit has been exchanged with regard to the Moving Plaintiffs."  (*Id.*).  This is incorrect.

As an initial matter, if this Court applies proper deference to the opinion letters (*see infra* Point V.B) or holds that Section 198(1-b)'s affirmative defense applies (*see infra* Point V.A), then additional discovery will be warranted to determine whether actual notice of the tip credit was given and/or whether Defendants can properly evoke the affirmative defense.

In any event, the Court should hold that Plaintiffs' motion is premature. All relevant discovery as to whether Defendants have complied with Section 195(1) of the NYLL and/or were entitled to claim a tip credit has not been exchanged.  It is undisputed that Defendants were never on notice that Plaintiffs were actually pursuing tip notice or Section 195(1) claims until they informed Defendants of their intention to move for summary judgment several years into the case and prior to specific discovery taking place in connection with these claims.  As stated in Defendants' brief filed with Judge Pollak:

- On or about May 10, 2013, Marin served written discovery demands upon Defendants. (56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶ 23).  None of the document requests required Defendants to produce documents reflecting notice of the tip credit, or any wage notice forms.  (*Id.* ¶ 24).

- On or about August 2, 2013, after the voluntary consolidation of the *Marin* and *Lebron* cases, the *Marin* plaintiffs served new discovery demands.  (*Id.* ¶ 26).  Again, these demands neglected to include any requests for tip credit notice documents or wage notice forms.  (*Id.* ¶ 27).

- On or about October 3, 2013, Plaintiff Dove served discovery demands.  (*Id.* ¶ 29).  Like the document requests served in the *Marin* case, Dove failed to request production of tip

credit notice documents or wage notice forms.  (*Id.* ¶ 30).

- On February 3, 2014, Plaintiffs moved for conditional certification pursuant to the FLSA. Plaintiffs did not reference any alleged failure of Defendants to provide tipped employees with notice of the tip credit.  (*Id.* ¶ 34).[9]

- On July 29, 2014, Magistrate Judge Pollack granted Plaintiffs' motion and conditionally certified the case.  (*Id.* ¶ 35).  The subsequent FLSA notice did not reference a tip credit notice claim. (*Id.* ¶ 37).

- On or about June 16, 2015, as part of merits discovery on the certified claims, Plaintiffs served their First Set of Class-Wide Requests for Production of Documents.   (*Id.* ¶ 38). Like the document requests served previously, Plaintiffs failed to request production of tip credit notice documents or wage notice forms.  (*Id.* ¶ 40).

- The *very first time* Plaintiffs communicated to Defendants that they intended to assert tip credit notice and Section 195(1) claims was during the telephonic status conference with the Court on August 16, 2016, where they brought up their intention to move for summary judgment on these issues.  (*Id.* ¶ 44).

It is clear that this important matter was not the focus of any meaningful discovery.  In fact, the only reason that Plaintiffs obtained any copies of any Section 195(1) notices was because they requested that Defendants produce a *sampling* of copies of the opt-in plaintiffs' personnel files as part of their June 16, 2015 discovery requests.

Defendants have not been able to search for additional notices that are not contained in personnel files or other sources of written notice of the tip credit.  (*Id.* ¶¶ 46-48).  Defendants also have not had the opportunity to request any discovery on Plaintiffs' tip notice or Section 195(1) claims (for example, copies of the WTPA or notice forms given to employees). Significantly, they have not had the opportunity to question individuals about the types of notice that they received and the various ways that they were informed of same.  These are all important aspects of the discovery process.

---

[9] Plaintiffs did not request that the Court conditionally certify their Section 195(1) wage notice claims, as these claims arise under state law only.

Judge Pollak's commentary that "Defendants have not explained to the Court why any tip credit notices pertaining to particular employees would not have been included in their individual personnel files" and "did not maintain all of the records required by law" is a red herring.  (R&R, at 75).  First, nothing in the law states that WTPA forms must be kept in personnel files in particular.  *See* NYLL § 195(1)(a).  Second, there is no evidence in the record that Defendants did not maintain all records as required by law – Judge Pollak is making an assumption, nothing more. Defendants should have an opportunity to perform additional discovery – particularly because of the extensive liability at issue – and have been severely prejudiced in not being able to do so.  On the flip side, Plaintiffs would experience no prejudice if this motion was stayed until discovery was complete.

In sum, in applying the *de novo* standard of review, this Court should hold that partial motion for summary judgment is premature because Defendants have not yet had an opportunity to conduct full discovery on these issues.

## V.     ARGUMENT -- SUMMARY JUDGMENT

### A.     The Court Should Deny Partial Summary Judgment On All of Moving Plaintiffs' NYLL Tip Notice <u>and</u> Section 195(1) Claims Because Rule 198(1-b)'s Affirmative Defense Is Retroactive and Provides a Complete Defense

#### 1.     The R&R Incorrectly Holds that Section 198(1-b) Is Not Retroactive

Section 195(1) of the NYLL specifically addresses the issue of what notice of pay rates and practices are necessary under the statutory scheme.  As part of that scheme, the Legislature added an affirmative defense in Section 198(1-b), so that in cases where individuals actually received the proper rates, notwithstanding possible errors in the notices (or even no notice at all), there would be no liability.  In other words, no harm, no foul.  This aspect of the law plays a vital role in the instant case, as it would otherwise provide a complete defense to Defendants, much less fully defeat summary judgment.  As will be demonstrated below, Magistrate Pollak

incorrectly failed to apply the affirmative defense.

Defendants' first objection in this regard applies to the R&R's holding that "because the affirmative defense which defendants seek to employ was only made effective after each Moving Plaintiffs was hired and defendants have not provided the Court with any evidence that, notwithstanding any typographical or clerical error that may have occurred previously, the New York legislature intended the affirmative defense to be available retroactively, the Court finds that defendants may not invoke the affirmative defense to the Moving Plaintiffs' Section 195(1) claims." (R&R, at 46).

As an initial matter, Judge Pollak admitted in her analysis of this issue that the retroactivity argument was only raised by Plaintiffs for the first time during oral argument.  It is well established that "[a]rguments raised for the first time at oral argument are generally deemed waived."  *See Bd. of Managers of Mason Fisk Condominium v. 72 Berry St., LLC*, 801 F. Supp. 2d 30, 39 (E.D.N.Y. 2011); *see also Halpert Enterprises, Inc. v Harrison*, 2008 WL 4585466, at *3 (2d Cir. Oct. 15, 2008) ("Furthermore, given Halpert's failure to mention this argument in . . . its memorandum, raising any such claim even explicitly at oral argument would have been to no avail."); *75-07 Food Corp. v Trustees of United Food & Commercial Workers Local 342 Health Care Fund*, 2014 WL 691653, at *12 (E.D.N.Y. Feb. 24, 2014); *Nobel Ins. Co. v. City of New York*, 2006 WL 2848121, at *16 (S.D.N.Y. Sept. 29, 2006).  Accordingly, Judge Pollak should never have entertained this argument in the first place.

Moreover, Judge Pollak is simply incorrect in holding that the affirmative defense laid out in Section 198(1-b) was not always meant to apply to all violations of NYLL § 195(1).  By way of background, prior to its recent amendment, the statute stated that the affirmative defense applied to "any action or administrative proceeding to recover damages for violation of

*paragraph (d)* [sic] of subdivision one of section one hundred ninety-five of this article." N.Y. Lab. Law § 198(1-b) (effective April 9, 2011) (emphasis added). The reference to "paragraph (d)"[10] in Section 198(1-b), however, was a clear typographical error – it should have referenced "paragraph (a)." This is obvious when comparing it to the language of NYLL § 198 (1-d), which provides the same affirmative defense for violations of NYLL § 195(3), the statutory pay stub requirements.

This is borne out by the legislative history attached to the subsequent amendment to Section 198(1-b), which corrected the error:

> Bill § 2 amends Labor Law § 198 to clarify two provisions relating to potential affirmative defenses under the WTPA. Currently, subdivision 1-b provides for two affirmative defenses (complete and timely payment of wages and good faith belief) in '...any action or administrative proceeding to recover damages for violation of paragraph (d) of subdivision one of section one hundred ninety-five of this article....' ***Said paragraph (d) does not relate to any conduct that could result in a violation – It only provides that an employer may not be penalized for errors or omissions in the non-English portions of any notice provided by the Commissioner. The amendment deletes the reference to paragraph (d) to make clear that the violation in question would be a violation of subdivision 1 of § 195.***
> . . .
>
> Labor Law § 198 currently sets forth affirmative defenses in actions under the WTPA which ***refer back to the wrong provisions of § 195*** – this bill would provide the ***correct references***.

*See* N.Y. Assembly, Memorandum in Support of Legislation, Bill No. A03090, at 1 (emphasis added).[11]

On December 29, 2014, the amendments to the WTPA were enacted into law and the

---

[10] N.Y. Lab. Law § 195(1)(d) states: "An employer shall not be penalized for errors or omissions in the non-English portions of any notice provided by the commissioner." Clearly, the affirmative defense does not make sense with a cross-reference to this provision.

[11] A copy of N.Y. Assemb. Memorandum in Support of Legislation of Bill No. A03090 is attached to the Benson Declaration ("Benson Decl.") as Exhibit A.

affirmative defense now *correctly* reads that it applies ["i]n any action or administrative proceeding to recover damages for violation of ***paragraph (a)*** of subdivision one of section one hundred ninety-five of this article."  N.Y. Lab. Law § 198(1-b) (12/29/14) (emphasis added).

It is well established that when a legislature passes an amendment that is meant to clarify or correct what the statute was meant to do, that amendment is deemed retroactive to the initial passage of the statute.  *See In re Gleason (Michael Vee, Ltd.)*, 96 N.Y.2d 117, 749 N.E.2d 724, 726-27 (N.Y. 2001) (the Legislature intended the amendment to the statute to apply retroactively because, *inter alia*, "the purpose of the amendment was to clarify what the law was always meant to do and say"); *Matter of OnBank & Trust Co.*, 90 N.Y.2d 725, 688 N.E.2d 245, 247-48 (N.Y. 1997) (the Legislature intended the amendment to the statute to apply retroactively because "the amendment was intended to clarify the law" and "was intended to clarify that statute") (internal quotations and citation omitted); *People ex rel. Forshey v. John*, 904 N.Y.S.2d 620, 622 (4th Dep't 2010) (holding that the amendment "should be given retroactive effect" because "the legislative history establishes that the purpose of the 2008 amendment was to clarify what the law *was always meant to say and do*") (internal quotation marks and citations omitted).

This amendment – which, in the Legislature's own words was meant to "correct" what § 198(1-b) was always meant to do and say – is therefore retroactive to April 9, 2011, the effective date of the WTPA.  *See Ahmed v. Morgans Hotel Group Mgt., LLC*, 4 Misc.3d 1220(A), 55 N.Y.S.3d 691 (Table), 2017 WL 758350, at *1, 4 (N.Y. Sup. Ct. Feb. 27, 2017) (applying the Section 198(1-b) affirmative defense to a plaintiff's claims based on payments made before the 2014 amendment).

The cases that Judge Pollak cites to in this section of the R&R are inapposite.  None of them address the application of the affirmative defense in NYLL § 198(1-b), or stand for the

proposition that the affirmative defense was not intended to be retroactive, in order to correct the typographical error.  Simply put, her finding that the correction of the typographical error should not be retroactively applied is contrary to well established precedent and should not be adopted by the Court.

### 2. The Application of Section 198(1-b) Provides a Complete Defense Against Moving Plaintiffs' Tip Credit Notice and Section 195(1) Claims

Since, as demonstrated above, the affirmative defense in NYLL § 198(1-b) applies retroactively to the Moving Plaintiffs, Defendants object to the R&R's holding to the extent that Judge Pollak did not apply the affirmative defense and determine that Plaintiffs' Section 195(1) and tip credit notice claims fail in their entirety.  (R&R, at 45-46).

Section 198(1-b) states:

> [I]t shall be an affirmative defense that (i) the employer made ***complete and timely payment of all wages due*** pursuant to this article or article nineteen or article nineteen-A of this chapter to the employee who was not provided notice as required by subdivision one of section one hundred ninety-five of this article or (ii) the ***employer reasonably believed in good faith that it was not required to provide the employee with notice*** pursuant to subdivision one of section one hundred ninety-five of this article.

N.Y. Lab. Law § 198(1-b) (emphasis added).   In the present case, Defendants submitted *undisputed* evidence in support of both prongs of the affirmative defense.  (*See* Pls. Reply Counterstatement, *Marin*, ECF No. 291, ¶¶ 53-69).

First, Defendants submitted evidence that they reasonably believed in good faith that they were not required to provide the employee with the type of notice laid out in the R&R. Specifically, Defendants submitted a sworn declaration by Timothy Eames, Apple-Metro, Inc.'s Director of Human Resources and Training, stating that Apple-Metro's policy since at least January 2011 was to comply with the WTPA and provide all employees with WTPA forms upon hire.  Moreover, Mr. Eames testified that Apple-Metro instructed its general managers to fill out

the notices and distribute them as required, but despite this instruction, there were instances where a general manager did not follow this instruction. (*See* Defs. 56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶¶ 53-67).   Plaintiffs, in their Reply Counterstatement, either admitted to this evidence outright or did not submit evidence to contradict it. (*See* Pls. Reply Counterstatement, *Marin*, ECF No. 291, ¶¶ 53-67).   Accordingly, Defendants' evidence of good faith is deemed admitted and Judge Pollak should have denied summary judgment due to application of this portion of the affirmative defense.

Similarly, Defendants submitted evidence that they made complete and timely payment of all wages due.   Specifically, Mr. Eames stated in his declaration that employees were paid properly through the Company's payroll system and, specifically, tipped employees were paid the correct overtime rates.   (Defendants' 56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶¶ 68-69).   Defendants also submitted sample payroll records in support.   (*Id.*).   Again, Plaintiffs, in their Reply Counterstatement, did not submit evidence that actually contradicted Defendants' evidence (*see* Pls. Reply Counterstatement, *Marin*, ECF No. 291, ¶¶ 68-69), so Defendants' evidence is deemed admitted and Judge Pollak should have denied summary judgment due to application of this portion of the affirmative defense as well.

Later in her opinion, Judge Pollak takes issue that the proper wages were paid.   In what is clearly flawed and circular reasoning, she claims that "defendants are incorrect in arguing that the Moving Plaintiffs received the proper amount of compensation.   Given that defendants did not provide the required notice, they were not entitled to claim a tip credit."   (R&R, at 76).   According to this reasoning, since Defendants did not provide the required notice, they were not entitled to claim a tip credit.   If they were not entitled to take the tip credit in the first place, the

argument goes, they did not pay proper wages.  Judge Pollak's reasoning does not stand up to scrutiny.

First, the Magistrate's finding is contrary to the evidence and the plain wording of the statute.  Second, Judge Pollack's finding is illogical.  In effect, her interpretation *reads the affirmative defense right out of the law*.  If the Court were to adopt Judge Pollak's logic here, there is no possible scenario where an employer could take advantage of Section 198(1-b)'s affirmative defense with respect to tipped employees.  Simply put the legislature, in passing Section 198(1-b), wanted to create a safe harbor for employers who paid its employees correctly, but did not tell employees that they were paying them correctly.  There is no other possible rationale as to why else the legislature would have included this affirmative defense.

According to Judge Pollak's logic, a non-tipped employee who got no notice or a technically non-compliant notice would not be entitled to a recovery as long as she was paid properly.  A tipped employee, on the other hand, would be entitled to recovery under the exact same circumstances.  This makes no sense and is contradicted by the express wording of Section 198(1-b).

Finally, as explained in Point V.B *infra*, providing a technically compliant written notice is not a pre-condition of taking the tip credit.  Rather, as long as an employer (1) paid the tipped minimum and overtime rates, and (2) made up the difference between the full and tipped rates if the employees' total tips did not meet or exceed the full minimum wage and overtime wage rates, the employees were paid properly – notwithstanding any alleged problems with the notice.  Since Plaintiffs have not submitted any evidence on this motion that they were not paid properly (outside the tip credit notice issue), there is no basis to conclude that all wages were not properly paid and that the affirmative defense should not apply.

20

The New York Supreme Court's decision in *Ahmed v. Morgans Hotel Group Mgt., LLC*, decided after the parties submitted their summary judgment briefing, is directly on point. There, plaintiff – a tipped employee who worked from 2013 until March 2015 – was paid $5.00 an hour with defendant taking the tip credit. *Ahmed*, 2017 WL 758350, at *1. Plaintiff, however, sued defendant for minimum wage violations, arguing that it lost the right to take the tip credit because it failed to give proper notice[12] in violation of Section 195 and 12 N.Y.C.R.R. §146–2.2(a). *Id.*

The Court, however, applied Section 198(1-b)'s affirmative defense and found for defendant:

> Plaintiff fails, however, to address the fact that the Labor Law was recently amended **to protect employers from a mere technical violation** of the notice provision, and that this amendment provi**des a complete defense to his minimum wage claim**. Labor Law § 198(1–b) and (1–d) provide that, when an individual is not provided with the requisite notice, the employer will not be liable where the employee was always paid an amount equal to or above the minimum wage throughout his employment. In other words, if the employee suffered no actual injury as a result of not being given the notice, there is no liability. That is exactly what happened here—the documentary evidence demonstrates that plaintiff was always paid at least the minimum wage. This fact provides a complete defense to plaintiff's claim (see Labor Law § 198[1–b]). Accordingly, summary judgment must also be granted dismissing the second cause of action.

(*Id.* at *4 (emphasis added)). As far as we are aware, this is the ONLY case – state or federal – that interprets the application of the affirmative defense to payment of tipped employees. It makes perfect sense and should be followed by this Court here.

In sum, in applying the *de novo* standard of review, this Court should hold that Plaintiffs' partial motion for summary judgment (and, accordingly, their motion for Rule 23 class certification) must be denied due to Defendants' reliance on the affirmative defense.

---

[12] The WTPA notices in *Ahmed* did not explicitly state "that 'extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate.'"

**B.      The Court Should Deny Partial Summary Judgment on Plaintiffs' NYLL Tip Credit Notice Claims Because Only Actual Notice – Not Written Notice – Is Required**

The main issue to be addressed in this matter involves the question of what, if any, notice is required in order for an employer to take a tip credit and, more specifically, whether a 100% compliant written notice is a prerequisite.  Judge Pollak concluded that it is.  (R&R, at 77-79).  For reasons that will be explained in detail below, she is incorrect.  Her conclusion in this regard is in direct contravention of the opinion of the New York Department of Labor – the agency responsible for promulgating the very regulations that she is supposedly interpreting – that only actual notice is required.  Judge Pollak attempts to get around this conundrum by arguing that the opinion is not entitled to deference and should be disregarded.  Again, she is incorrect.

As a result, Defendants object to the R&R's holding that the Ben-Amotz Letter should not be given deference and written notice – not actual notice as is specified in the letter – is required to take the tip credit.  (R&R, at 69-73).

**1.      Legislative, Regulatory, <u>and</u> Judicial Precedent All Support the Commissioner of Labor's Opinion that Only Actual Notice Is Required**

Under NYLL, an employer may claim the tip credit "provided that the tips of such an employee, when added to such cash wage, are equal to or exceed the minimum wage in effect."  *See* NYLL § 652(4).  This is the only requirement set forth in the law.  *There is no written notice requirement set forth in the NYLL* in order for an employer to be eligible for the tip credit.

Consistent with Section 652(4), prior to January 1, 2011, the tip credit regulations provided that:  "a food service worker shall receive a cash wage of at least [tipped rate] per hour, provided that the tips of such worker, when added to such cash wage, are equal to or exceed [the basic minimum hourly wage]."  12 N.Y.C.R.R. § 137-1.5.  Again, there was no written notice requirement in order for an employer to be eligible for the tip credit.

22

After January 1, 2011, the tip credit regulations were amended to provide: "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in Section 146-2.2." 12 N.Y.C.R.R. § 146-1.3.  Again, *the language in this regulation contains no specific written notice requirement in order for an employer to be eligible for the tip credit.*  And, with respect to notice, although the regulation provides that an employee be "notified" of the tip credit, it does not (and, as will be discussed below, this is consistent with the Federal law that it was designed to follow) specifically require "written" notice.  Had Section 146-1.3 required "written" notice, it would have made this explicit within the regulation itself.[13]

The regulatory history of the amendment reinforces this important point.  Prior to issuing the 2011 regulations, the Commissioner asked the Minimum Wage Board:

> ***Under federal law***, in order to receive a tip allowance, employers must <u>inform</u> tipped employees that they are getting a lower rate based on receipt of gratuities, and must also keep an accurate record of tips received by employees.  Employers who do not do so may not receive a tip allowance.  ***Should the Wage Orders be amended to conform with federal law in this respect?***

*See* Legislative History, Commissioner of Labor M. Patricia Smith, Opening Statement and Charge to the 2009 Restaurant and Hotel Industry Wage Board, at 2 (Mar. 31, 2009) (emphasis added).[14]  In other words, prior to 2011, the Wage Order did not require employers to provide <u>any</u> notice to their employees.

In response, the Board recommended that:

---

[13] For example, if the NYDOL intended to make written notice a requirement, it could have drafted Section 146-1.3 as follows: "An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified **[in writing]** of the tip credit as required in Section 146-2.2."

[14] The legislative history is attached to the Benson Declaration as Exhibit B.

> The Commissioner adopt a requirement that when employees receive a lower hourly wage based on the receipt of tips (a tip allowance), employers are allowed to receive such a tip allowance only *if they notify the employee of the tip credit* system.

*See* Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, the Minimum Wage Act), Benson Decl. Ex. B, at 12 (emphasis added).  Consistent with the federal law upon which it was modeled, the Board did not recommend to the Commissioner that <u>written</u> notice be provided before an employer claim the tip credit.

In response, the Commissioner agreed with the Board's recommendation: "I accept the recommendation to require employers to notify tipped employees of any tip allowances that will be taken and to disallow the tip allowance if *such notice* is not given."  *See* Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendations of the 2009 Wage Board, Benson Decl. Ex. B, at 19 (emphasis added).  *Again*, the Commissioner said nothing about a <u>written</u> notice requirement.  Nor does it make sense that she would have – the federal law upon which the regulation was modeled contained no such requirement.

Thereafter, the regulations were amended in 2011 to "conform with federal law" (*id.* at 2), which does <u>not</u> require written notice.  *See* 29 U.S.C. § 203(m); *Franco v. Jubilee First Ave. Corp.,* 2016 U.S. Dist. LEXIS 114191, at *50 (S.D.N.Y. Aug. 25, 2016) ("the FLSA has no requirement that employees also receive written notice of the tip-credit election" (emphasis added)); *Khereed v. W. 12th St. Rest. Group LLC*, 2016 WL 590233, at *2 (S.D.N.Y. Feb. 11, 2016) (under the FLSA, "[a]n employer may orally advise the employee of the tip credit.").

Despite this clear direction, Judge Pollak held that a 100% compliant written notice is necessary to take the tip credit.  In attempted support of this proposition, she relies on 12 N.Y.C.R.R. § 146-2.2 of the Commissioner's regulations.  This reliance is misplaced.  While it

contains a requirement that certain information be communicated in writing, it contains no mention whatsoever of the tip credit and does provide support for the position that it is a condition precedent for same.   Notably, Section 146-2.2, which is the regulation in the hospitality wage order that interprets NYLL § 195(1), has *separate remedies* set forth in NYLL § 198, which have nothing to do with the loss of the tip credit.

Moreover, the reference in Section 146-1.3 (tip credit regulation) to the notice required in Section 146-2.2 (written notice regulation) provides no help in this regard.   Section 146-2.2 – which, as stated above, has nothing to do with the tip credit and has a separate enforcement mechanism – simply describes the type of notice that needs to be provided, not the form.   Again, had Section 146-1.3 required *written* notice, it would have so stated.   It did not.   Thus, as long as Section 146-2.2's requirements are met and any such notice – not necessarily written notice – is provided, the prerequisites set forth in Section 146-1.3 have been satisfied and the tip credit can be taken. Judge Pollak failed to recognize how all of this fits together and thus erred in her conclusion that 100% compliant written notice is required to take the tip credit.

The above interpretation of the statutory and regulatory scheme is not just theoretical. Rather, the Commissioner of Labor, who was responsible for drafting the regulations at issue and is presumably the best source when it comes to their interpretation, is in complete agreement. The NYDOL has issued opinion letters, which, in direct contravention of the Magistrate's holding, unequivocally states that written notice is not required in order for an employer to be eligible to claim the tip credit.

On March 4, 2015, Pico Ben-Amotz, General Counsel to the NYDOL, wrote a letter to the Hon. Joseph D. Morelle, Majority Leader of the New York State Assembly, regarding the availability of the tip credit in situations, like the present case, where actual notice – as opposed

25

to 100% compliant written notice – was provided (the "Ben-Amotz Letter").  The letter asserts that a "food service employer is *eligible to claim the tip credit **even when they fail to provide written notice of the tip credit rules*** provided that the employer can demonstrate compliance with all of the other minimum wage requirements and that their *employees understood the manner in which the employer took the tip credit*."  This is entirely consistent with the above described regulatory history of the tip credit regulations.

Thereafter, a District Court Judge in the Southern District of New York recognized that the Ben-Amotz Letter, in stating that written notice was not a condition precedent to taking the tip credit, was entitled to deference.  *See Carvente-Avila v. Chaya Mushkah Rest.*, 2016 WL 3221141, at *2 (S.D.N.Y. Mar. 1, 2016).[15]

Then, the NYDOL *reaffirmed* its position a second opinion letter.  On May 4, 2016, James Rogers, <u>Deputy Commissioner</u> for Worker Protection for the NYDOL, wrote a letter to the Hon. Joseph D. Morelle (the "Rogers Letter").[16]  In that letter, Mr. Rogers quoted and attached the original Ben-Amotz Letter, and similarly concluded that where employees, as in the instant case, have actual notice of the tip credit, an employer will not be deprived of the right ot take a tip credit.  Consistent with the above described regulatory history of the tip credit regulations and the Ben-Amotz Letter, Mr. Rogers stated:

---

[15] *See also Franco*, 2016 U.S. Dist. LEXIS 114191, at *39-40 (*sua sponte* recognizing the potential application of the Ben-Amotz Letter, but holding that defendants had waived any arguments regarding its applicability); *Almanzar v. 1342 St. Nicholas Ave. Rest. Corp.*, 2016 U.S. Dist. LEXIS 155116, at *39 n.12 (S.D.N.Y. Nov. 7, 2016) ("The NYLL has similar notice provisions . . . although the New York Department of Labor (NYDOL), as well as at least one other court in this district, has interpreted those provisions to permit employers lawfully to claim the tip credit if they can prove that their employees understood that they were being paid pursuant to the tip credit minimum wage (internal quotation omitted).").

[16] The Rogers Letter is attached to the Benson Declaration as Exhibit C.

> If an employer can demonstrate compliance with all of the other minimum wage requirements, that its employees received legal wages, that its employees understood the manner in which the employer took a tip credit, that its employees understood they could never earn less than the minimum wage, ***there is no policy rationale to preclude the employer from claiming the tip credit***. However, as we stated in our March 15, 2015 letter, this is not to suggest that an employer's failure to comply with the complete written notice requirements in 12 N.Y.C.R.R. § 146-2.2 is without consequence. If an employer fails to comply with Section 146-2.2, the employer is subject, at a minimum, to civil penalties pursuant to Section 218 of the Labor Law.
>
> ….
>
> The conclusion here also recognizes the need to prevent unintended consequences, such as loss of eligibility for the tip credit for otherwise compliant employers and an unjustified windfall for employees that have actual notice of their employer's tip credit practices.

*See* Rogers Letter, Benson Decl. Ex. C, at 2 (emphasis added).  These two letters legitimately represent the position of the Commissioner of Labor and are, by their very terms, entitled to deference.

## 2. Judge Pollak Is Incorrect That Written Notice Is Required and that the Opinion Letters Are Not Entitled to Deference

In finding that written notice is required, Judge Pollak completely ignored the above legislative, regulatory, <u>and</u> judicial precedent to conclude that the Ben-Amotz Letter is not entitled to deference.  (R&R, at 69-73).  This is incorrect.

### a. Judge Pollak's Holding that the Ben-Amotz Letter's Reasoning Is Irrational and Unreasonable Is Incorrect

The R&R holds that the Ben-Amotz Letter is not entitled to deference because it is irrational and unreasonable.  (R&R, at 71-72).  This position is curious, however, given the fact that it was the Department of Labor itself that promulgated the regulations at issue in the first place.  The NYDOL knew what it intended when they set up the regulatory scheme.  And, the NYDOL certainly knows whether ministerial violations of the notice requirement, without real consequence to the employees, should result in the loss of the tip credit.

The decision of the Magistrate in this regard is directly contrary to the position taken by

Judge Forrest.  As recognized by Judge Forrest in the *Carvente-Avila* decision, there is a rational basis for the conclusions made in the Ben-Amotz Letter.  The Court pointed out three separate rational bases (which were also set forth in the Ben-Amotz Letter):

(1) the plain language of the tip credit notice regulation itself, Section 146-1.3, does not require *written* notice,

(2) there was a policy reason for not allowing loss of the tip credit as a remedy for the pay notice regulations – because of the "'need to prevent unintended consequences, such as loss of eligibility for the tip credit for otherwise compliant employers and an unjustified windfall for employees that have actual notice of their employer's tip credit practices'"; and

(3) Section 146-2.2's penalties already provide "strong incentive" to comply with the pay notice regulations.

*Id.* at *2-3.  This interpretation is also rational because it is consistent with the history of 12 N.Y.C.R.R. § 146-1.3 itself, as summarized above.

Judge Pollak does not defer to the Ben-Amotz Letter's analysis because it "conflicts with the plain language of the regulations that the Department itself has promulgated."  (R&R, at 71).  In particular, Judge Pollak takes issue with the fact that Section 146-1.3 cross-references Section 146-2.2, with the latter regulation requiring written notice.  (*Id.*).  However, it is not unreasonable that the NYDOL has interpreted Section 146-1.3's reference to Section 146-2.2 as setting forth the *form* that the notice should take and not necessarily mean that written notice is required in order to take the tip credit.  As stated by the Ben-Amotz Letter and quoted by Judge Forrest in the *Carvente-Avila* decision, "'[h]ad Section 146-1.3 required a written notice of the tip credit rules, such a writing requirement would be explicit in the regulation.'"  *Carvente-Avila*, 2016 WL 3221141, at *2.  Judge Pollak should have awarded the Ben-Amotz Letter deference.

    **b.**    **The R&R Fails to Apply the Appropriate Legal Standard in Determining Whether to Apply the Interpretation Set Forth in the Ben-Amotz Letter**

The only question that the R&R should have asked is whether the Ben-Amotz Letter was

entitled to deference.  However, Judge Pollak went beyond the applicable legal test and formed her own test out of whole cloth – whether the Ben-Amotz Letter *really and truly* represents the NYDOL's actual opinion on the relevant regulations.  (R&R, at 69-70).  This is baffling.  We initially point out that the letter ***explicitly*** opens with the following statement:  "I write to summarize the Department of Labor's (DOL) interpretation of the intersection of the tip credit and notice of pay rules in 12 N.Y.C.R.R. §§ 146-1 .3 and 146-2.2."  (*Marin*, ECF No. 287-16, at 1).  It is simply not correct to conclude that, given this language, the letter does not represent the opinion of the NYDOL and the Commissioner.

In arguing against the application of deference, Judge Pollak points to three red herrings – none of which are actually grounded in the appropriate legal standard and none of which should have been considered in determining whether *the reasoning* contained in the Ben-Amotz Letter is irrational and unreasonable or entitled to deference.  Nevertheless, Defendants address these points below.

First, the R&R claims that the "Department of Labor has expressly stated that it does not 'issue opinions on a case-by-case basis."  (R&R, at 70). If you look at any of the opinion letters found on the NYDOL's website, however, they all address a particular employer's question – on a case-by-case basis.

Second, the R&R points to the NYDOL's "Frequently Asked Questions" page as purported evidence that there was "subsequent guidance" from the NYDOL indicating that the Ben-Amotz Letter does not, in fact, reflect the agency's position on written notice.  (R&R, at 70).  This is wrong for at three reasons.

As an initial matter, the FAQs *have been around for years*, and therefore do not provide any new subsequent guidance.  And, contrary to Judge Pollak's unsupported statement in the

R&R that the FAQs are the "only form of guidance" from the NYDOL (R&R, at 71), the NYDOL's website, under "Counsel," expressly provides just the opposite – that "[i]f it is determined, in the Commissioner's discretion, that guidance on a specific issue is necessary, <u>a letter with new guidelines may be issued</u>."   *See* Counsel, https://www.labor.ny.gov/legal/ counsel.shtm (last visited Nov. 10, 2017) (emphasis added).   This is precisely what happened here.   If anything, "subsequent guidance" in the form of the May 4, 2016 letter from James Rogers, the Deputy Commissioner for Worker Protection for the NYDOL, reinforces the rationality of the NYDOL's position in the Ben-Amotz Letter.   Even if Mr. Ben-Amotz, as General Counsel of the NYDOL, is not recognized as an authority on the meaning of the regulations promulgated by the NYDOL, there can be no dispute that the Deputy Commissioner is, in fact, such an authority.

In any event, there is nothing in the FAQs that states that written notice *is a prerequisite to claiming the tip credit*.   To the contrary, as far as eligibility to claim the tip credit is concerned, the FAQs only state: "For an employer to claim a tip credit/allowance (and pay a reduced hourly wage in conjunction with the tips received by the employee), the employer must prove that the employee actually received such tips."   *See* FAQs, https://labor.ny.gov/ legal/counsel/pdf/tips-frequently-asked-questions.pdf (last visited Nov. 22, 2017) (emphasis added).   The sentence laying out the requirements to take the tip credit ends there.   Only in the *next sentence* do the FAQs state that employers must also give "written notice that the employer will apply a tip credit or allowance toward their minimum wage."   However, this is not surprising.   Section 146-2.2 – with its separate enforcement mechanism that has nothing to do with the tip credit – explicitly requires written notice.   It makes sense that the FAQs would reference Section 146-2.2's requirements as well.   This distinction is important, material and was

entirely overlooked in the R&R.

Finally, the R&R attempts to find justification for ignoring the direction of the Department of Labor by asserting that the regulations would have been amended had they not required written notice. (R&R, at 72). The Magistrate reasons: "despite amending the relevant statute after the date of Mr. Ben-Amotz's letter, the New York state legislature did not amend the statute to permit an employer to claim a tip credit based on oral notice to the employee of the tip credit allowance," *citing* 12 N.Y.C.R.R. § 146-2.2. Of course, 12 N.Y.C.R.R. § 146-2.2 is not a "statute," nor was it drafted (or amended) by the New York state legislature. And, as stated by the NYDOL, the regulations never required written notice – therefore no amendment is or was necessary.

The suggestion that we should just ignore the guidance in Ben-Amotz Letter, when by its terms, it specifically states that it is written to "summarize" the "interpretation" of the intersection of the tip credit and notice rules – the precise issue that is presented in this case – finds no legal support. ***There is simply no legal justification to ignore such an important document and otherwise deprive Defendants of what should be a complete defense.***

In sum, applying the *de novo* standard of review, this Court should hold that partial motion for summary judgment should be denied for the many reasons stated herein. Not only should this notice claim not be in the case in the first place, but it is certainly not ripe for summary adjudication. The Department of Labor has made it very clear that only actual notice – as opposed to 100% compliant written notice – is required as a condition to apply the tip credit. Because Defendants have provided uncontroverted evidence that the Moving Plaintiffs were provided with the requisite actual notice (*see* Pls. Reply Counterstatement, §§ 70-79), summary judgment should be denied in all respects.

C.   **The Court Should Deny Partial Summary Judgment on Certain Moving Plaintiffs' NYLL Tip Notice and Section 195(1) Claims Because There Was No Violation of the Law**

1.   **Defendants Complied with the Explicit Language of Section 195(1) and 12 N.Y.C.R.R. § 146-2.2 for Certain Moving Plaintiffs**

Defendants object to the R&R's holding that "none of the wage notices submitted contain[s] the proper figures for the overtime hourly pay rate." (R&R, at 39). As argued below, if the correct overtime wage rate is the *full* overtime rate – instead of the *tipped* overtime rate – then the majority of the Moving Plaintiffs forms are compliant.

In the R&R, even though the Moving Plaintiffs were tip eligible and got paid the tipped minimum in the ordinary course of their employment, Judge Pollak held that their "regular hourly pay rate" – the rate that is supposed to be on the WTPA notice – is calculated as the employee's hourly pay rate before subtracting the tip credit." (R&R, at 40). Thus, she found that the full minimum wage rate, and not the tipped minimum wage rate, is the only regular rate that needs to be listed on the WTPA notices. (R&R, at 41).

However, Judge Pollak went in the complete opposite direction with respect to her analysis of what *overtime* rate must be listed on the WTPA form. Specifically, she held that the WTPA notices for tipped employees must list the *tipped* overtime rate – not the *full* overtime rate. In other words, according to the R&R, WTPA notices for tipped employees are only compliant if they list the full minimum wage rate and the tipped overtime rate. *This doesn't make any logical sense*. The WTPA notice needs to be consistent.

Adopting Judge Pollak's analysis with respect to the regularly hourly pay rate, the proper overtime rate that needs to be listed on the WTPA notice would be the full overtime hourly pay rate – not the tipped overtime pay rate. Otherwise, tipped employees will have no hope of understanding what they are actually supposed to be paid. And, this is in line with the

Hospitality Wage Order's template Notice of Pay Rates and Pay Day, located directly after Section 146-2.2.  In the template notice, there is a section only applicable to tipped employees. It states: "If you do not receive enough tips over the course of a week to bring you up to the minimum hourly rates of $__ per hour for the first 40 hours and $ __ per hour for hours over 40, you will be paid additional wages that week to make up the difference."  The only rates that would make sense there are the <u>full</u> minimum wage and <u>full</u> overtime rates.

Thus, according to Judge Pollak's logic as applied to the choice of overtime rate, Moving Plaintiffs who received wage notices upon hire that listed the full minimum wage rate and full overtime rate are, in fact, compliant with NYLL § 195 and  12 N.Y.C.R.R. § 146-2.2.  Out of those Moving Plaintiffs for whom Judge Pollak granted summary judgment, they include: Dove, Lebron, Gillespie, Nesmith, Butler, Brunson, Ferrara, Jemmott, Kastuk, James, Karumba, Curtiss, Stallings, Reid, Scheur, Cohen, Wassif, Michaud, Schmoll, Magagnin, Friscia, Randazzo, Reilly, Serrano, and Ruiz.  All of these Moving Plaintiffs received wage notices with the following information:

### 6. Information About Employer's Use of Tip Credit

The tip credit only applies to employees who have been informed of the tip wage credit requirements.

The tip credit taken may not exceed the value of tips actually received in a work-week.

If you do not receive enough tips over the course of a work-week to bring you up to ***the minimum hourly rates of $[x.xx][17] per hour for the first 40 hours of work and $[x.xx] per hour for hours over 40***, you will be paid additional wages that week to make up the difference.

---

[17] The notation to "$[x.xx] per hour" is used here because different WTPA forms for the Moving Plaintiffs have different rates included, as the minimum wage and overtime rates were different in certain years.

> All tips received by you must be retained by you except to the extent that you participate in a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

(*See supra* notices produced by the above named Moving Plaintiffs and attached to the Graff Decl., *Marin*, ECF No. 280-12 through 280-73).  In this paragraph 6, the full minimum wage rate and full overtime rate – the only rates that are required to be included in the notice as per Judge Pollak's logic – are listed.

As Judge Pollak states in the R&R, "provided the notice was given and the employee acknowledged receipt, the extent to which the employee did or did not understand the contents of the notice is not material."  (R&R, at 74).  The simple fact that the required rates are listed in the notice is sufficient for purposes of Section 195 and the Court should deny summary judgment as against these Moving Plaintiffs.[18]

In sum, in applying the *de novo* standard of review, this Court should hold that partial motion for summary judgment should be denied for the above named Moving Plaintiffs because their notices were compliant with NYLL § 195.

## 2. Moving Plaintiff Schmid Has No Section 195 Claim Because There Were No Notice Requirements Before 2011

Defendants object to the R&R's holding that "Since it is defendants' burden to establish entitlement to the tip credit and they have not provided any proof of compliance as to Ms.

_____

[18] At the very least, the inclusion of both tipped and full minimum wage rates (and even incorrect tipped overtime rates) creates a material issue of disputed fact regarding whether the employees understood what information the notice was meant to impart.  *See, e.g.*, *Khereed v W. 12th St. Rest. Group LLC*, 2016 WL 590233, at *3 (S.D.N.Y. Feb. 11, 2016) (denying employee's motion for summary judgment where notice stated the employee was paid a rate of $7.50 for overtime); *Pest v. Bridal Works of New York, Inc.*, 2017 WL 3393967, at *16 (E.D.N.Y. July 27, 2017) ("Even so, since it is still a disputed issue of fact as to whether . . . her pay stubs accurately indicated her method of pay, the Court reserves decision on whether defendants have violated Section 195(3) by . . . failing to accurately indicate plaintiff's method of pay on her pay stubs.").

34

Schmid, the Court respectfully recommends that the Moving Plaintiffs' motion for partial summary judgment on the minimum wage claims filed by Ms. Schmid under the NYLL be granted."  (R&R, at 53).

As an initial matter, Plaintiffs only moved for summary judgment on the basis that "[n]one of the notices that Apple-Metro provided as to the eighty-eight Moving Plaintiffs (or to any Plaintiffs for whom Apple-Metro has produced notices during discovery) contain either (1) the correct regular rate of pay (the full minimum wage), or (2) the correct overtime rate of pay." (Pl. Moving Br., *Marin*, ECF No. 277, at 44).   Accordingly, in order to successfully avoid summary judgment, Defendants only had to provide evidence that a material issue of fact existed as to whether those rates were properly included.  Judge Pollak's statement that Defendants had the burden to prove they complied with the pre-2011 tip credit requirements in order to avoid summary judgment (R&R, at 54) -- which essentially flips the burden and asks Defendants to proffer proof as though *they had moved for summary judgment* -- is simply incorrect and creates a burden which is not required under the law.  *See, e.g.*, *Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006) ("If the movant makes this [initial] showing . . . the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact."); *Central Pension Fund*, 1998 WL 865594, at *8 (N.D.N.Y. Dec. 9, 1998) (non-movant's "failure to come forward with documentary evidence in opposing summary judgment is not fatal" and, instead, the "proper question in deciding the [movant's] motion for summary judgment is whether [non-movant] has submitted evidence that raises a factual dispute . . . .").

In any event, Judge Pollak is incorrect in finding that there were three prerequisites to taking the tip credit before 2011.  (R&R, at 53).  Before 2011, the Minimum Wage Order for the Restaurant Industry governed.  Section 137-1.5 only stated that in order for employers to take the

tip credit, they had to ensure that "the tips of such worker, when added to such cash wage, are equal to or exceed" the applicable full minimum wage.   As such, courts in the Eastern and Southern Districts have held that this is the only prerequisite to taking the tip credit.  *See, e.g.*, *Jin v Pac. Buffet House, Inc.*, 2009 WL 2601995, at *4 (E.D.N.Y. Aug. 24, 2009); *Wei Yan Yan v. 520 Asian Rest. Corp.*, 2014 WL 7177259, at *10 (S.D.N.Y. Dec. 17, 2014).  Section 137-2.2, cited by Judge Pollak, is inapposite and Plaintiffs have not provided any evidence that Schmid was not paid correctly.

In applying the *de novo* standard of review, this Court should hold that partial motion for summary judgment should be denied for Plaintiff Schmid with respect to his tip credit notice claims.

## VI.   ARGUMENT – CLASS CERTIFICATION

The R&R is incorrect in its determination that class certification should be granted on behalf of the two revised subclasses.   (R&R, at 94-98, 104-08).   The decision is not only premised on the inaccurate conclusion that 100% compliant written notice (as opposed to actual notice) is a pre-condition of taking the tip credit and the affirmative defense does not apply, but also rests solely on the erroneous finding that, in any event, none of the WTPA forms contain the proper overtime rate.   As explained below, this Court should not adopt any of the R&R's reasoning on these matters and, as a result, deny class certification in its entirety.

### A.   The Court Should Deny Class Certification Because the Application of the Opinion Letters and/or the Affirmative Defense Destroys Commonality and Predominance

#### 1.   Granting Deference to the Opinion Letters Destroys Commonality and Causes Individual Issues to Predominate Over Common Ones with Respect to Subclass-A

In finding that this matter is suited to class treatment, Judge Pollak disagreed with the Commissioner of Labor that actual, as opposed to 100% compliant written notice, is the proper

precondition for use of the tip credit.  This was plain error.  If the Court agrees with the Commissioner in this regard, the Magistrate's entire class analysis is flawed and ultimately cannot withstand scrutiny.

If only actual notice – not 100% compliant written notice – is required as a prerequisite for taking the tip credit, then the Court must deny class certification as to Subclass A.  Because actual notice can take many forms, and involves the assessment of numerous factors, it automatically requires an individualized analysis.  Far from the requisite commonality, there is simply no common contention that is capable of class-wide resolution.  Class members have not necessarily suffered the same grievance (if any), and trying the case based upon representative proof would be impossible.

By way of example, with respect to Subclass A, some employees received written notice of the tip credit via Section 195(1) forms, the Notice to Team Members Who Receive Tips, and/or employee handbook.  (56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶¶ 73-77).  Others, however, allegedly did not receive written notice, but received oral notice.  (*Id.* ¶ 78-79).  Still others allegedly did not receive any notice of the tip credit – whether it be written or oral – and could potentially (depending on the individualized assessment of the application of the affirmative defense) cause Defendants to lose the right to take the tip credit.  There is simply no common or representative evidence that can answer the question of whether an employee received notice of the tip credit, "in one stroke," generating a common answer.  *Dukes*, 131 S. Ct. at 2551.

For plaintiffs who did not receive written notice of the tip credit, in particular, only individualized testimony will be able to provide the evidence required to resolve those plaintiffs' claims. This is fatal to Plaintiffs' certification of Subclass A.  *See Gardner v. Western Beef*

*Props.*, 2011 U.S. Dist. LEXIS 146467, at *10 (E.D.N.Y. June 16, 2008) (class certification denied despite plaintiffs' "common questions" because the answers would require "individualized examination[s]" of each class member); *Diaz v. Electronics Boutique of Am., Inc.*, 2005 U.S. Dist. LEXIS 30382, at *23 (W.D.N.Y. Oct. 13, 2005) (same); *Romero v. H.B. Auto. Group, Inc.*, 2012 U.S. Dist. LEXIS 61151, at *51 (S.D.N.Y. May 1, 2012) (same); *Edwards v. Publrs. Circulation Fulfillment, Inc.*, 268 F.R.D. 181, 188-89 (S.D.N.Y. 2010) (same).

> **2.      The Application of the Affirmative Defense Destroys Commonality and Causes Individual Issues to Predominate Over Common Ones With Respect to Both Subclasses A and B**

Similarly, the potential application of the affirmative defense (discussed in Point V.A *supra*) also renders this matter unsuitable for class treatment.   As previously demonstrated, contrary to the holding of the Magistrate, the affirmative defense must be applied retroactively. And, Plaintiffs have not submitted sufficient evidence to dispute Defendants' evidence that either or both prongs of the defense should be applied.   Certainly, and in any event, this is going to be an individual-by-individual determination.   For this reason alone, the Court should deny class certification in full.

The decision in *Gregory v. Stewart's Shops Corp.*, 2016 U.S. Dist. LEXIS 89576, at *98-99 (N.D.N.Y July 8, 2016), is instructive in this regard.   There, like the instant case, defendant had a lawful policy of providing wage notices.   (Pls. Reply Counterstatement, *Marin*, ECF No. 291, ¶¶53-69).   Also, as here, plaintiffs claimed that defendant did not follow its policy and violated Section 195(1).   In denying class certification, the Court specifically noted that defendants were asserting an affirmative defense.   The Court held:

> [T]he plaintiffs are clearly claiming that they did not receive all wages they were due . . . .   ***Thus, resolution of the affirmative defense to plaintiffs' wage notification claim will implicate the same concerns about individualized proof***

*that precluded class certification of plaintiffs' NYLL off-the-clock claims*. It is clear in this Circuit, that a Rule 23 class action may be denied if individualized issues relating to a defense in a wage and hour action predominate over issues of law and fact common to the proposed class.

*Id.* (citing *Myers*, 624 F.3d at 551) (emphasis added).   The instant case is indistinguishable. Since "mini-trials" are an eventuality here, *see, e.g.*, *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1253 (2d Cir. 2002); *Vinole v. Countrywide Home Loans, Inc.*,  571 F.3d 935, 947 (9th Cir. 2009), as they would have been in *Gregory*, the Court should deny Plaintiffs' motion for class certification as a whole.[19]

### B.   Judge Pollak Is Simply Incorrect that Defendants Did Not Produce WTPA Forms that Contain the Proper Overtime Rates

Because Judge Pollak erroneously believed that only written notice was relevant, as explained above, the R&R is incorrect in its determination that the only evidence applicable to the certification analysis for both subclasses are the WTPA forms themselves.  (R&R, at 94). However, even if the Court holds that only written notice is relevant, the Court should still deny class certification treatment.  In the R&R, Magistrate Pollak went so far as to state:

Indeed, every wage notice that defendants produced to plaintiffs had an incorrect amount; there was not a single notice that provided the proper overtime amount. *Surely had defendants had some proper notices,* they *would have provided them,*

---

[19] Judge Pollak's attempt to distinguish *Gregory* fails (R&R, at 97-98) because it assumes that no one in this case received a compliant WTPA notice – which, as explained above, is incorrect.

   Interestingly, Judge Pollak also highlights that *Gregory* is different than this case because in that case, there was inconsistent evidence in the record due to certain plaintiffs' testimony that they never received a wage notice or could not remember it.  In addition, she pointed to the fact that in *Gregory*, the court held that "even if certain employees did not receive a copy of their wage notices, 'there could be other facts relevant to liability issues.'"  (*Id.* at 97).   By depriving Defendants of additional discovery on these matters, Judge Pollak has essentially taken away Defendants' ability to examine these same issues and take testimony that could very well demonstrate that class treatment is improper.  This is yet another reason that this motion practice is premature.

> leading the Court to conclude that there was a widespread practice which resulted
> in improper notices.

(*Id.* (emphasis added)).  This is an <u>entirely</u> incorrect assertion regarding the record evidence.

With their opposition, Defendants filed examples of WTPA notices that include the correct regular and overtime rates – which Judge Pollak somehow flatly ignored.  (*See, e.g.*, *Marin*, ECF Nos. 287-31, at 2, 10, 28, 34, 44, 60, 62, 66, 69).[20]  The existence of these notices, standing alone, belie the Magistrate's holding in this regard and establish the need for individualized inquiries.  They show that contrary to her holding, representative evidence will not "generate common answers" as required by *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 n.6 (2011).  The class certification motion for both subclasses must be denied for this reason alone.

As stated in Defendants' initial papers, some putative class members received the requisite Section 195(1) notices, while others allegedly did not.  (56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶¶ 53-65; Graff Decl., *Marin*, ECF No. 280-12 through 280-73).  Some forms were filled out correctly while others had an incorrect overtime hourly rate.  (56.1 Additional Statement of Facts, *Marin*, ECF No. 286, ¶¶ 63, 66; Graff Decl., *Marin*, ECF No. 280-12 through 280-73).  By looking at one employee's Section 195(1) form, there is no way to determine whether the next employee's forms will be preserved and/or properly completed.  In cases such as these, there is no "representative evidence."  The only way to determine liability is to go through each and every class member's personnel files – over 14,000 – to review the wage notice forms found within.  And, thereafter, Defendants should also be able to question each member to determine if a Section 195(1) notice was signed, even if Defendants no longer have a

---

[20] Please note that the parties agreed to the production of a small sampling of personnel records, so this is just a small sample of the WTPA notices that exist.

copy.  All of this defeats the purpose of common evidence, and proves that class certification must be denied for this reason as well.

In applying the *de novo* standard of review, this Court should recognize that the differences in the notices at issue preclude the use of representative evidence and thus render the matter unsuitable for class certification.

**C.      The Court Should Deny Class Certification Because the Name Plaintiffs Are Inadequate Representatives of the Class**

Finally, the R&R is incorrect in its determination that the Named Plaintiffs are adequate representatives of the two subclasses.  (R&R, at 102).

As an initial matter, it is important to note that the *Dove* and *Marin* actions are two *separate* cases.  They have not been consolidated into one case pursuant to Fed. R. Civ. Proc. 42; instead, they have merely been deemed "related" pursuant to Local Rule 50.3.1.  This rule allows cases to be assigned to the same judge(s) in order to achieve greater judicial economy, but does not "vest any rights in litigants or their attorneys."  E.D.N.Y. Local Rule 50.3.1(f).  Accordingly, *Marin* and *Dove* must be examined separately to determine whether an adequate class representative exists for each case.

As stated in Defendants opposition brief, a named plaintiff must possess the same interest and have suffered the same injuries as the class he or she purports to represent.  *In Re Literary Works In Elec. Databases Copyright Litig. v. Thomson Corp.*, 654 F.3d 242, 249 (2d Cir. 2011); *Ruggles v. Wellpoint*, Inc., 272 F.R.D. 320, 333 (N.D.N.Y. 2011) ("class representative must be part of the 'class' that she purports to represent.").  None of the Named Plaintiffs meet this standard.

With respect to Subclass A, Judge Pollak has already determined that Plaintiff Marin is not a proper representative because he was not a tipped employee.  (R&R, at 100).  Defendants

do not object to this finding.  However, Marin is not a proper representative for Subclass B either because he was hired before April 9, 2011.  (*Marin*, ECF No. 287-18).  Named Plaintiff Lebron is not a proper class representative with respect to Subclasses A and B because his WTPA form contains all the required information, including the correct minimum wage and overtime rates set forth in paragraph 6.  (*Marin*, ECF No. 280-13).  Finally, Named Plaintiff Hanisch is not a proper class representative because Plaintiffs have not submitted any evidence whatsoever with respect to her ability to be a proper representative of the class.

Similarly, Dove is not an adequate class representative for either Subclass A or B.  Her WTPA form contains all the required information, including the correct minimum wage and overtime rates set forth in paragraph 6.  (*Marin*, ECF No. 280-12).

## VII.    CONCLUSION

Accordingly, for all the reasons discussed above, Defendants respectfully request that the Court sustain their objections, reject the Report & Recommendation of Magistrate Judge Pollak, and deny Plaintiffs' motions for summary judgment and Rule 23 class certification.

Dated:  New York, New York          s/ Craig R. Benson
         November 22, 2017

                                       Craig R. Benson
                                       Christine L. Hogan

                                       LITTLER MENDELSON, P.C.
                                       900 Third Avenue
                                       New York, NY  10022
                                       Tel: (212) 583.9600

                                     *Attorneys for Defendants APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, L.L.C., SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRISTOPHER ANTOINE*