**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH, on behalf of themselves and all others similarly situated, | Case No. 12 Civ. 5274 (ENV)(CLP) |
| Plaintiffs, | |
| - against - | |
| APPLE METRO, INC., et al., | -related to- |
| Defendants. | |
| SHAUNTA DOVE, on behalf of herself and all others similarly situated, | Case No. 13 Civ. 1417 (ENV)(CLP) |
| Plaintiff, | |
| - against - | |
| APPLE METRO, INC., et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' OBJECTIONS TO JUDGE POLLAK'S REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND CLASS CERTIFICATION**

BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017

*AND*

THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016

*COUNSEL FOR PLAINTIFFS, THE COLLECTIVES,*
*and the PROPOSED SUB-CLASSES*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

I. PRELIMINARY STATEMENT ................................................. 1

II. STANDARD OF REVIEW: Defendants are Not Entitled to a Blanket *De Novo* Review because Defendants' Objections Largely Reiterate the Same Arguments they Articulated in their Opposition to the Underlying Motion ................................. 7

III. ANALYSIS ................................................................................ 9

    A. THRESHOLD ISSUES ................................................... 9

        1. Under Rule 8's liberal pleading standard, Plaintiffs' plainly did include their tip credit and Wage Notice claims in the operative pleadings. .......... 9

            a. The Law of the Case doctrine confirms that these claims are present. ........................................................................ 10

            b. Based on the sufficiency of the pleadings, both claims satisfy FRCP 8's plausibility standard. .................................... 11

        2. Moving Plaintiffs Indeed Do Assert NYLL Claims as Opt-ins. ............... 13

        3. Plaintiffs' Motion was not premature, as the parties have exchanged all necessary discovery for these claims. ....................................... 16

    B. SUMMARY JUDGMENT OBJECTIONS ..................................... 17

        1. Defendants have completely failed to satisfy Section 198(1-b)'s affirmative defense, and even if they may have following its amendment, that amendment was not retroactive. ........................................... 18

            a. No disputes of material fact exist: Defendants cannot meet either prong of Section 198(1-b)'s affirmative defense. ..................... 18

            b. The 2015 amendments to NYLL § 198(1-b) are not retroactive. . 23

        2. Written Notice of any claimed tip credit is required under the NYLL - - oral notice does not suffice. .................................................... 28

        3. It is undisputed that none of Defendants' Notices complied with section 195(1) or NYCCRR 146-2.2(a). .............................................. 33

i

C.      **RULE 23 OBJECTIONS**.................................................................................... 35

    1.     Written, not oral, notice of the Tip Credit is required. ............................ 36

    2.     The Section 198(1-b) affirmative defense neither applies nor impacts certification of the FRCP 23 subclasses.................................................... 38

    3.     None of the Wage Notices contain the proper overtime or regular rates.. 39

    4.     The Named Plaintiffs are adequate representatives of the Classes........... 41

IV.    **CONCLUSION** ............................................................................................... 43

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Ahmed v. Morgans Hotel Group Mgmt., LLC*,
   2017 WL 758350 (N.Y. Sup. Ct. Feb. 27, 2017) ................................................ 22, 34

*Arizona v. California*,
   460 U.S. 605 (1983) .................................................................................... 10

*Barneboim v. Starbucks Corp.*,
   21 N.Y.3d 460 (2013) .................................................................................. 31

*Briceno v. USI Servs. Grp., Inc.*,
   2016 WL 324964 (E.D.N.Y. Jan. 26, 2016).................................................... 15

*Canelas v. World Pizza, Inc.*,
   2017 WL 1233998 (S.D.N.Y. Mar. 31, 2017) ................................................ 38

*Chalsani v. Daines*,
   2011 WL 4465408 (E.D.N.Y. Sept. 26, 2011)............................................ 8, 14, 29

*Cinotti v. Adelman*,
   - - Fed. App'x - -, 2017 WL 4102144 (2d Cir. Sept. 15, 2017) ............................ 13

*Copper v. Cavalry Staffing, LLC*,
   132 F. Supp. 3d 460 (E.D.N.Y. 2015)............................................................ 34

*Desrosiers v. Perry Ellis Menswear, LLC*,
   - - N.E.3d - -, 2017 WL 6327106 (Dec. 12, 2017)......................................... *passim*

*Fengler v. Crouse Health System, Inc.*,
   634 F. Supp. 2d 257 (N.D.N.Y. 2009) ............................................................ 16

*Fogel v. Chestnutt*,
   668 F.2d 100 (2d Cir. 1991)........................................................................... 11

*Fonseca v. Dircksen & Talleyrand, Inc.*,
   2015 WL 5813382 (S.D.N.Y. Sept. 28, 2015)................................................. 38

*Gamero v Koodo Sushi Corp.*,
   2017 WL 4326116 (S.D.N.Y. Sept. 28, 2017)................................................. 37

*Gold v. N.Y. Life Ins. Co.*,
  730 F.3d 137 (2d Cir. 2013) .......................................................................... 25, 28

*Guzman-Reina v. ABCO Maintenance Inc.*,
  Case No. 1:17-cv-01299-ILG-PK, Dkt. No. 25 (Jan. 2, 2018) ................................ 34

*Hicks v. T.L. Cannon Corp.* [*Hicks I*],
  35 F. Supp. 3d 329 (W.D.N.Y. 2014) ....................................................... 3, 24, 25

*Hicks v. T.L. Cannon Corp.* [*Hicks II*],
  2014 WL 5088879 (W.D.N.Y. Oct. 8, 2014) ....................................................... 4

*Illis v. Artus*,
  2009 WL 2730870 (E.D.N.Y. Aug. 28, 2009) ......................................... 8, 14, 24, 29

*In re Air Crash at Belle Harbor N.Y. on Nov. 12, 2001*,
  2003 WL 124677 (S.D.N.Y. Jan. 15, 2003) ....................................................... 11

*In re Barnet*,
  737 F.3d 238 (2d Cir. 2013) ......................................................................... 24

*In re Gleason (Michael Vee, Ltd.)*,
  749 N.E.2d 724 (2001) ............................................................................ 26, 27

*Kolesnikow v. Hudson Valley Hosp. Ctr.*,
  622 F. Supp. 2d 98 (S.D.N.Y. 2009) ................................................................. 8

*Kone v. Joy Construction Corp.*,
  2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ........................................................ 12

*Landgraf v. USI Film Products*,
  511 U.S. 244 (1994) .................................................................................. 25

*Lopez v. Setauket Car Wash & Detail Ctr.*,
  314 F.R.D. 26 (E.D.N.Y. 2016) ..................................................................... 38

*Majewski v. Broadalbin-Perth Cent. Sch. Dist.*,
  91 N.Y.2d 577 (1998) ................................................................................ 25

*Mario v. P & C Food Mkts., Inc.*,
  313 F.3d 758 (2d Cir. 2002) ...................................................................... 8, 10

*Matter of Alonzo M. v. N.Y.C. Dep't of Probation*,
  72 N.Y.2d 662 (1988) ................................................................................ 27

*Matter of Knight-Ridder Broadcasting v. Greenberg*,
   70 N.Y.2d 151 (1987) ................................................................. 26

*Mazzei v. Abbot Labs. & Co.*,
   2012 WL 1101776 (E.D.N.Y. Apr. 2, 2012).................................. 7

*McEachin v. McGuinnis*,
   357 F.3d 197 (2d Cir. 2004)....................................................... 13

*Northrop v. Hoffman of Simsbury, Inc.*,
   134 F.3d 41 (2d Cir. 1997).......................................................... 13

*Pichardo v Carmine's Broadway Feast Inc.*,
   2016 WL 4379421 (S.D.N.Y. June 13, 2016)................................ 39

*Pierce v. Mance*,
   2009 WL 1754904 (S.D.N.Y. June 22, 2009)................................ 24

*Pierre v. Planet Auto., Inc.*,
   2015 WL 5793319 (E.D.N.Y. Sept. 30, 2015)................................ 7

*Pizarro v. Bartlett*,
   776 F.Supp. 815 (S.D.N.Y. 1991)................................................ 7

*Pizarro v. Gomprecht*,
   2013 WL 990997 (E.D.N.Y. Mar. 13, 2013) ............................. 7, 29

*Rahman v. Fischer*, 2014 WL 688980 (N.D.N.Y. Feb. 20, 2014).................. 7

*Ramriez-Marin v. JD Classic Builders Corp.*,
   2017 WL 4358759 (E.D.N.Y. Sept. 30, 2017) (Irizarry, *C.J.*)......... 15, 16

*Rui Xiang Huang v. J & A Entm't, Inc.*,
   2013 WL 173738 (E.D.N.Y. Jan. 16, 2013).............................. 8, 10

*Saldana v. New Start Group, Inc.*,
   2016 WL 3683530 (E.D.N.Y. July 6, 2016) ............................... 25

*Salustio v 106 Columbia Deli Corp.*,
   264 F. Supp. 3d 540 (S.D.N.Y. 2017)........................................ 37

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
   659 F.3d 234 (2d Cir. 2011)................................................... 15, 38

*Smiento v. World Yacht Inc.*,
   10 N.Y.3d 70 (2008) ......................................................................... 37

*Thomas v. Arn*, 474 U.S. 140 (1985) ........................................................... 8

*Tice v. Southington Bd. of Educ.*,
   2 Fed. App'x 152 (2d Cir. 2001) .................................................... 13

*Velez v. 111 Atlas Rest. Corp.*,
   2016 WL 9307471 (E.D.N.Y. Aug. 11, 2016) (Pollak, *J.*) ...................... 38

*Washington Nat. Life Ins. Co. of N.Y. v. Morgan Stanley & Co., Inc.*,
   974 F.Supp. 214 (S.D.N.Y. 1997) .................................................. 10

*Weingarten v. United* States,
   865 F.3d 48 (2d Cir. 2017) .......................................................... 25

*Zaretsky v. Maxi-Aids, Inc.*,
   2012 WL 2345181 (E.D.N.Y. June 18, 2012) ................................. 7, 29

*Zdanok v. Glidden*,
   327 F.2d 944 (2d Cir. 1964) .......................................................... 11

## Statutes                                                         Page(s)

28 U.S.C. § 636(b)(1) ....................................................................... 7

29 U.S.C. § 216(b) ......................................................................... 15

29 U.S.C. § 256 ............................................................................. 15

NYLL § 195(1) ......................................................................... *passim*

NYLL § 198(1-b) ..................................................................... *passim*

## Rules                                                         Page(s)

Fed. R. Civ. P. 23 ................................................................... 1, 2, 9, 16

Fed. R. Civ. P. 72 ....................................................................... 7, 24

Fed. R. Civ. P. 8 ................................................................................................................ 3, 13

**Regulations** **Page(s)**

12 NYCCRR § 146-1.3 ............................................................................................................ 37

12 NYCCRR § 146-2.2 ...................................................................................................... 19, 37

## I.     **PRELIMINARY STATEMENT**

In these related wage and hour actions, Named Plaintiffs Carlos Marin, Kenny Lebron, and Martina Hanisch (collectively, the "*Marin* Plaintiffs"), Named Plaintiff Shaunta Dove (the "*Dove* Plaintiff"), and the sixty opt-in Plaintiffs (all, together, as "Moving Plaintiffs")[1] who joined the Underlying Motion for Partial Summary Judgment, Class Certification and Appointment of Class Counsel (hereinafter "Motion" or "Underlying Motion") respectfully submit this Memorandum of Law in Opposition to Defendants' Objections, pursuant to Federal Rule of Civil Procedure ("FRCP") 72, to Magistrate Judge Pollak's 112-page Report and Recommendation ("R&R"), dated and filed on October 4, 2017, granting in substantial part and denying in part Plaintiffs' Underlying Motion. ECF # 293.

In a veritable treatise expounding on the discrete and, at times, complex nuances of Rules 8 and 23 of the FRCP, and the tip credit and Section 195(1) wage notice (hereinafter "Wage Notice") provisions of the New York Labor Law ("NYLL") and New York Consolidated Codes, Rules, and Regulations ("NYCCRR"), Judge Pollak's R&R meticulously analyzed the Moving Plaintiffs' claims and issued four sweeping findings and recommendations.  First, Judge Pollak's R&R resolved a threshold question by finding that the Plaintiffs "adequately pleaded claims for both unpaid minimum wages" based on Defendants improperly claiming a tip credit without adequate notice thereof, "and wage notice violations under [Section 195(1) of] the NYLL." ECF # 293 (Marin) at 25.  Second, after unequivocally confirming that these claims are - - and of course have always been - - a part of these actions, the R&R recommended that this Court grant

---

[1] The *Marin* case alleges, *inter alia*, class-wide claims for unpaid wages and overtime compensation based on Defendants' time-shaving scheme; the *Dove* case alleges, *inter alia*, class-wide claims for unpaid minimum wages based on Defendants' taking a tip credit without proper written notice and for tip misappropriation.  For a complete list of the Moving Plaintiffs, *see* ECF # 280-1.

thirty-six of the sixty Moving Plaintiffs' claims for Partial Summary Judgment on their Wage Notice claims. ECF # 293 at 50.  Third, Judge Pollak recommended that this Court grant fifty-four of the Moving Plaintiffs' claims for Partial Summary Judgment on their NYLL minimum wage claims - - based on Defendants improperly taking a tip credit without adequate written notice thereof, which resulted in an unlawful reduction of their hourly pay rates below the applicable minimum wage. ECF # 293 (Marin) at 78-79.  And fourth, after granting partial summary judgment on these claims, Judge Pollak's R&R also recommended that this Court grant the Moving Plaintiff's motion to certify two Sub-Classes under FRCP 23(b)(3), while slightly modifying the proposed definitions of those classes. ECF # 293 (Marin) at 111.

After five years of hard-fought litigation, and after Defendants - - a centrally-owned and operated chain of thirty-five Applebee's franchises; the individually-incorporated restaurants; and their owners and some general managers - - have unabashedly stolen wages from more than 15,000 low-wage earners, if adopted, Judge Pollak's R&R brings this case one giant step closer towards recovering what Defendants' Counsel has described as "millions and millions" of dollars for the putative Class.[2]  To avoid answering for their years'-long policy of self-enrichment at the expense of their laborers, Defendants filed wild Objections - - in both their factual and legal inaccuracy.[3]  At their most troubling, Defendants ignore their own behavior throughout the

---

[2] Ex. 1, Oral Arg. Trans., 16:5-10.

[3] For example, Defendants claim, for the first time, that a judgment in this action - - which could "lead to liability in excess of $100 million dollars . . . would result in the ruination" of Defendants. *See* Defs.' Objections at 1.  While the issue of damages is not yet before this Court, Plaintiffs are hard-pressed to believe any cry of poverty from Defendants.  For example, during *one week alone* in late February and early March of 2011, Defendants restaurants generated $2,666,042.00 in revenue. *See* Ex. 2, Projected/Budgeted Sales & Labor 2/28/11-3/6/11, Bates No. AM001299.  Separately, after merely eight months in 2015, *one* of Defendants' restaurants - - out of thirty-five - - generated $2,073,341.00 in gross *profit*. *See* Ex. 3, New Dorp Store 2015 Period 8 Profit and Loss Sheet, Bates No. AM003808.  Thus, while Plaintiffs agree that liability as a result of granting Moving Plaintiffs' motion may lead to the recovery of "millions and millions of dollars," *see* Ex. 1, Trans. 16:5-10, that only serves to bolster

entirety of this case and brazenly claim that two of Plaintiffs' principal claims were never a part of these actions.  Judge Pollak effortlessly saw through Defendants' gambit to confirm that both of these claims easily met FRCP 8's liberal pleading threshold.  So too should this Court, and thereby adopt Judge Pollak's R&R regarding these threshold questions.[4]

Defendants next attack Judge Pollak's R&R through affirmatively mispresenting the New York Department of Labor ("DOL")'s position with respect to the NYCCRR's tip credit requirements.  That is, Defendants - - citing stale evidence from as far back as 2009, which they chose *not* to present to Judge Pollak when opposing Moving Plaintiffs' Underlying Motion - - argue that the DOL does not believe that written notice is required to claim a tip credit.  But Defendants' "evidence" of the DOL's "position" falls well short of the legal standard for determining whether a court may grant deference to an agency's opinion.  While Defendants failed to cite that standard anywhere in their Objections, Judge Pollak's R&R carefully analyzes both the legal standard and Defendants' so-called DOL "evidence," recommending that this Court *decline* to grant any deference to these unofficial statements.  Should Defendants wish to change the law to reflect their view of it, Defendants' recourse is to *successfully* lobby their representatives, as Defendants' lead Counsel appears to have previously but unsuccessfully attempted.[5]  But in light of the amendments to both the NYLL and the NYCCRR *following* these

---

Plaintiffs' claims here, as Defendants have enriched themselves to the tune of hundreds of millions of dollars while cheating more than 15,000 workers out of their earned and owed minimum wages and overtime premiums.

[4] Even if this Court disagrees, Plaintiffs respectfully request that this Court adopt Judge Pollak's recommendation that Plaintiffs should be permitted to amend their Complaints to include these claims. As discussed below, because Defendants have not objected to that portion of Judge Pollak's R&R, this Court should adopt the same.

[5] For example, Defendants rely on the March 5, 2015 letter sent personally from DOL General Counsel Pico Ben-Amotz to then-New York State Assembly Majority Leader Joseph D. Morelle, "in response to your inquire regarding *Hicks v. T.L. Cannon Corp. [Hicks I]*, 35 F. Supp. 3d 329 (W.D.N.Y. 2014)." Defendants' lead Counsel, Craig Benson, Esq., was (and remains) counsel for the defendants in the *Hicks*

unofficial statements, this Court should adopt Judge Pollak's R&R and find that written and accurate notice of the tip credit is required.  This Court should therefore adopt Judge Pollak's R&R finding all NYLL § 195(1) Wage Notices inaccurate.  As a result, this Court should also adopt Judge Pollak's R&R finding minimum wage violations for the applicable Moving Plaintiffs based on Defendants unlawfully claiming a tip credit and paying the applicable Moving Plaintiffs below the minimum wage.

Defendants raise yet another specter to distract this Court from the practical reality of their liability.  That is, Defendants - - attempting to argue (for the first time) that the 2015 amendments to NYLL § 198(1-b)'s affirmative defense apply retroactively - - gloss over the undisputed material facts definitively foreclosing their reliance on that same affirmative defense at any time, retroactive or otherwise.  Specifically, Defendants concede that they believed they *were* required to comply with NYLL § 195(1)'s notice requirements in order to claim a tip credit against their tipped employees' wages.  And because Defendants failed to provide accurate notice of that tip credit, Defendants failed to timely pay all wages owed.  Based on these two undisputed material facts, Judge Pollak found that "plaintiffs have established . . . that defendants had a policy or practice of including an incorrect value for the overtime hourly pay rate on its employees' wage notices, which implicates both plaintiffs' minimum wage and Section 195(1) claims." ECF # 293 (Marin) at 105.  Thus, Defendants completely fail to satisfy either prong of NYLL § 198(1-b)'s affirmative defense.

---

matter when the *Hicks* court rejected Defendants' very same arguments raised here regarding the requirement of written versus oral notice to claim a Tip Credit under the NYLL. *See Hicks v. T.L. Cannon Corp.* [*Hicks II*], 2014 WL 5088879, at *3-4 (W.D.N.Y. Oct. 8, 2014).  During oral argument on Plaintiffs' Underlying Motion, Mr. Benson confirmed that he was indeed "intimately familiar" with this very same DOL letter. *See* Ex. 1, Trans. 21:24-22:3

But even if this Court were to modify any aspect of Judge Pollak's R&R on this issue, Defendants argument regarding the retroactive application of NYLL § 198(1-b)'s 2015 amendment is plainly incorrect.  That is, because the New York Legislature amended multiple provisions of the NYLL through the applicable bill (New York State Assembly Bill No. A3090), and because there is no evidence that the Legislature explicitly intended the bill to apply retroactively, as Judge Pollak correctly analyzed in her R&R: "[c]ourts in this district *have not . . . appl[ied the] amendments to Section 198 retroactively." *See* ECF # 293 (Marin) at 45-46.  And, based on recent New York Court of Appeals precedent, the Legislature's failure to take action in the face of numerous courts' continued refusal to apply these amendments retroactively confirms that the judicial interpretation of the amendments is correct.

Defendants' Objections continue their attempt to confuse this Court by asking this Court to ignore the Moving Plaintiffs' actual arguments regarding precisely what aspects of Defendants' Wage Notices were indeed inaccurate.  Instead, Defendants implore the Court to *only* consider those portions of the notices that may have indeed been accurate - - an argument Defendants raise now for the first time.  Leaving aside that Defendants never before raised this specious claim, this Court should look past Defendants' frivolous argument and instead focus on what actually matters: that in each and every one of Defendants' initial Wage Notices that they provided to their tipped employees, they provided inaccurate regular and overtime rates of pay when describing Defendants' tip credit.

Lastly, Defendants sound yet another false alarm regarding Moving Plaintiffs' Motion for Class Certification.  Asking this Court to again look at irrelevant portions of their tipped employees' Wage Notices - - or worse, pointing to non-tipped employee Wage Notices or, in at least one instance, to a Wage Notice that was not provided upon hire - - Defendants baselessly

argue that there are no adequate Class Representatives for either of Judge Pollak's redefined Sub-Classes.[6]

As is clear from the facts and as Judge Pollak concluded, Defendants here failed to provide accurate written notice to a Class of approximately 15,000 employees that a lawful amount of money would be deducted from their regular hourly rates of pay and overtime rates of pay for every hour worked.  As a result, Defendants not only failed to provide proper Wage Notices, but they also cheated thousands of low-wage workers out of "millions and millions" of dollars, leading one of Defendants' Applebee's restaurants to earn "the highest annual revenue . . . in the world," and all of Defendants' restaurants to collect annual revenue of "double Applebee's nationwide average." *See* Minkoff Decl., Ex. 4, Eilene Zimmerman, *Franchisee Challenges a Restaurant Chain, to the Benefit of Both*, N.Y. Times, Sept. 14, 2011, *available at* http://www.nytimes.com/2011/09/15/business/smallbusiness/an-applebees-franchisee-yes-but-also-an-entrepreneur.html (last accessed Jan. 8, 2018 at 1:37 p.m.).  For these reasons, Judge Pollak rejected Defendants' assertion that their violations were "victimless," *see* ECF # 293 (Marin) at 76, and that a finding of Defendants' liability would produce a "windfall." *Id*. at 73 n.45.  Now, for the reasons described below, for the reasons Moving Plaintiffs cited in their Underlying Motion and at oral argument, and for the reasons Judge Pollak found in her R&R, Moving Plaintiffs respectfully request that this Court overrule all of Defendants' objections, and adopt Judge Pollak's R&R in its entirety.

---

[6] Defendants raise no objection to the rewritten class definitions that Judge Pollak crafted in her R&R, *see* Defs.' Objections at 3 n.3, to which Plaintiffs hereby consent.  Because Judge Pollak's redefined classes are not clearly erroneous, as described below, Moving Plaintiffs respectfully request that this Court should adopt Judge Pollak's redefined class definitions in their entirety without further judicial review.

II.     **STANDARD OF REVIEW: Defendants are Not Entitled to a Blanket *De Novo* Review because Defendants' Objections Largely Reiterate the Same Arguments <u>they Articulated in their Opposition to the Underlying Motion</u>.**

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The standard applied by the reviewing court varies based upon the nature of the Magistrate's findings and the objecting party's objections.  When a party raises an objection to a magistrate judge's report regarding a dispositive motion, the district judge typically conducts a *de novo* review of any contested sections. *See* Fed. R. Civ. Pro. 72(b)(3); *Pizarro v. Bartlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991).  But to access the elevated *de novo* standard of review, a party must make "specific and timely objections to a magistrate judge's findings or recommendations." *Pizarro v. Gomprecht*, 2013 WL 990997, at *1 (E.D.N.Y. Mar. 13, 2013) (citing *Mazzei v. Abbot Labs. & Co.*, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012)).

Critically, where a party simply makes "conclusory or general objections, *or simply reiterates the original arguments*, the Court will review the report and recommendation strictly for clear error." *Id.* (citing *Zaretsky v. Maxi-Aids, Inc.*, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012)) (emphasis added); *see also Pierre v. Planet Auto., Inc.*, 2015 WL 5793319, at *2 (E.D.N.Y. Sept. 30, 2015) (quoting *Rahman v. Fischer*, 2014 WL 688980, at *1 (N.D.N.Y. Feb. 20, 2014) ("if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect . . . only for clear error.").  Similarly, courts will not consider "new arguments or new evidence raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Chalsani v. Daines*, 2011 WL 4465408, at *1 n.3 (E.D.N.Y. Sept. 26,

2011); *see also Illis v. Artus*, 2009 WL 2730870, at *1 (E.D.N.Y. Aug. 28, 2009) (". . . a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation . . . .") (internal quotations and citations omitted).   A ruling is "clearly erroneous" only if the reviewing court has "the definite and firm conviction that a mistake has been committed." *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 121 (S.D.N.Y. 2009).

When a party fails to timely object to a magistrate's report and recommendation, such a failure "'operates as a waiver of further judicial review of the magistrate's decision.'" *Rui Xiang Huang v. J & A Entm't, Inc.*, 2013 WL 173738, at *1 (E.D.N.Y. Jan. 16, 2013) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *cf. Thomas v. Arn*, 474 U.S. 140, 150 (1985) (finding no requirement for a "district court [to] review [ ] a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Here, as described below, the vast majority of Defendants' arguments simply repackage or repeat Defendants' very same arguments in opposition to Plaintiff's Underlying Motion. *See, e.g.*, Defs.' Objections, at 6 ("As explained in Defendants' brief (but which were flatly ignored) . . . ."); *id.* at 12 ("As stated in Defendants' brief filed with Judge Pollak . . ."). This Court should also reject any new evidence that Defendants submit here that was not presented to Judge Pollak. *See* Benson Decl., Exhibits A-C.  In sum, in contrast to Judge Pollak's 112-page well-reasoned, carefully analyzed, and robustly supported R&R, Defendants' objections thereto reiterate already rejected arguments and largely resort to flawed logic and conclusory analysis, at bottom simply disagreeing with the R&R.  For these reasons, this Court should apply a clear error standard of review when analyzing Judge Pollak's R&R.

III.   **ANALYSIS**

Defendants object to most - - but not all - - of Judge Pollak's R&R, separating the R&R into the so-called "threshold issues," Plaintiffs' motion for partial summary judgment, and Plaintiffs' motion for Rule 23 Certification.  For the reasons described below, this Court should overrule Defendants' objections and adopt Judge Pollak's R&R in its entirety.

A.   **THRESHOLD ISSUES**

Defendants raise three "threshold" objections to Judge Pollak's R&R: (1) Plaintiffs did not include "tip credit Notice or Section 195(1) Claims in their Complaints," Defs.' Objections at 4; (2) Moving Plaintiffs "do not have NYLL claims," *id.* at 9, and permitting them here would "cause significant prejudice to Defendants," *id*. at 11; and (3) Plaintiffs' motion is "premature," *id*. at 12.  This Court should overrule all three objections.

1.   **Under Rule 8's liberal pleading standard, Plaintiffs' plainly did include their tip credit and Wage Notice claims in the operative pleadings.**

According to Defendants, Judge Pollak's decision regarding the threshold pleading question "rests on two findings" - - the law of the case doctrine, and that the *Dove* complaint sufficiently placed Defendants on notice of these claims. *Id.* at 4.  Defendants *did not* object to Judge Pollak's recommendation that even if either of these two bases for finding that Plaintiffs *did* include their tip credit and 195(1) claims in the operative pleadings were *not* present, leave to amend should be granted. *See* ECF # 293 (Marin) at 25 n.23 ("If the district court were to disagree with this analysis that Plaintiffs adequately pleaded claims for both unpaid minimum

9

wages and wage notice violations under the NYLL, this Court respectfully recommends granting

leave for plaintiffs to amend their complaint to separately allege both claims.").[7]

### a. *The Law of the Case doctrine confirms that these claims are present.*

Judge Pollak's analysis of the law of the case doctrine here is correct.  As Judge Pollak

rightly found:

> In their opposition to Thomas's motion to intervene, defendants . .
> . *clearly understood the minimum wage and wage notice claims to
> be part of the existing [Marin and Dove] actions or they would not
> have represented to this Court that the claims were "identical."* . .
> . Accordingly, because the proposed <u>Thomas</u> Complaint included
> claims for minimum wage and wage notice violations under the
> NYLL and the Court has already held that all claims in the
> proposed <u>Thomas</u> Complaint were included in the <u>Marin</u> and <u>Dove</u>
> actions, the law of the case is that those claims are part of the
> instant actions.

ECF # 923 (Marin) at 21.

Defendants attempt to convince this Court that "the only issue *actually* decided by the

Court with respect to intervention was whether Thomas's class interest were protected." *See*

Defs.' Objections at 5.  But the standard of review regarding what is or is not the "law of the

case" is extremely deferential. *See Washington Nat. Life Ins. Co. of N.Y. v. Morgan Stanley &

Co., Inc.*, 974 F.Supp. 214, 218-19 (S.D.N.Y. 1997) (quoting *Arizona v. California,* 460 U.S.

605, 618 (1983)) ("Under the 'law of the case' doctrine, 'when a court decides upon a rule of

law, that decision should continue to govern the same issues in subsequent stages in the same

case.'") (citation omitted).  Courts generally are "loathe" to revisit issues already decided. *In re*

---

[7] Defendants did not object to this portion of Judge Pollak's R&R, and have waived any further judicial review of Judge Pollak's decision with respect to it. *Rui Xiang Huang*, 2013 WL 173738, at *1 (citing *Mario*, 313 F.3d at 766).  With no clear error, should this Court modify Judge Pollak's R&R with respect to either of Defendants' objections to this threshold issue, the Court should adopt Judge Pollak's recommendation that leave to amend should be granted. *Rui Xiang Huang*, 2013 WL 173738, at *1.

*Air Crash at Belle Harbor N.Y. on Nov. 12, 2001*, 2003 WL 124677, at *2 (S.D.N.Y. Jan. 15, 2003).   Indeed, the law of the case will be disregarded "only when the court has a 'clear conviction of error' with respect to a point of law on which its previous decision was predicated." *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1991) (quoting *Zdanok v. Glidden*, 327 F.2d 944, 953 (2d Cir. 1964)).

Here, Defendants forget that they *filed objections* to Judge Pollak's Report and Recommendation with respect to Thomas's motion to intervene. *See* ECF # 138 (Dove). Defendants *only* objected to Judge Pollak's finding that "individuals with twenty percent / dual jobs claims 'would still have valid claims of <u>FLSA</u> violations under the existing *Marin* and *Dove* complaints." *See id*. at 4 (emphasis added).   This Court rejected Defendants' objections and adopted Judge Pollak's R&R in its entirety. *See* ECF # 145 (Dove), at 2-3 n.1.   Had Defendants taken issue with Judge Pollak's decision finding that the minimum wage and Wage Notice claims under the NYLL were part of the instant cases, Defendants surely would have timely objected to that R&R on that basis.   They did not.   Therefore, this issue was already decided as law of the case, and Defendants should now be barred from attempting to relitigate this already decided issue.

> **b.   Based on the sufficiency of the pleadings, both claims satisfy <u>FRCP 8's plausibility standard.</u>**

But even if this Court were to consider the merits of Defendants' objection - - aside from the law of the case issue - - Judge Pollak's R&R also meticulously analyzed the sufficiency of the *Dove* and *Marin* pleadings under FRCP 8, finding that they unquestionably contained both the tip credit and Wage Notice claims. ECF # 293 (Marin) at 22.   As an initial matter, Defendants' objections to this portion of Judge Pollak's R&R largely repackage and abbreviate their identical arguments in opposition to Plaintiffs' Underlying Motion. *Compare* Defs.'

Objections at 6-9, *with* ECF # 284 at 18-26.  This Court should therefore apply the clear error standard of review to this portion of Defendants' objections.

Worse than merely repeating the same arguments, Defendants resort to outright inaccurate statements in their objections, bizarrely claiming for example that "the first mention of [the tip credit and 195(1)] claims . . . was over four years into the lawsuit . . . [and] [i]t was not the subject of any specific discovery." Defs.' Objections at 8.  As Plaintiffs' argued, and as Judge Pollak rightly held, the *Dove* complaint provided adequate notice of both of these claims. "[D]efendants behavior throughout the case demonstrates that defendants were on notice of plaintiffs' minimum wage and wage notice claims." ECF # 293 (Marin) at 24.   Further, "defendants' assertion of an affirmative defense explicitly referencing Section 195(1) of the NYLL *belies* defendants' assertion that they lacked awareness of the claim." *Id*.  Judge Pollak also specifically noted that Defendants produced discovery based on Plaintiffs' specific request for production "of wage records Defendants have been statutorily required to keep," leading to the very Wage Notices used to support Plaintiffs' Underlying Motion. *Id*. at 24-25 n.22.  Thus, contrary to Defendants' claim that Plaintiffs here have "ambushed" them, Defs.' Objections at 8, Judge Pollak's R&R provides the perfect clarifying lens to see through Defendants' dubious arguments: "it is difficult to see how defendants can now claim they were unaware of these minimum wage claims." *Id.*

As a final point, Defendants' arguments citing to *Kone v. Joy Construction Corp.*, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016), actually *support* Plaintiffs' Motion and Judge Pollak's reasoning.  There, the *Kone* plaintiffs brought claims under NYLL Section 195 generally - - without specific citation to either sub-section 195(1) or 195(3).  The defendants moved to dismiss for a failure to state a claim, arguing in relevant part that the plaintiffs all began working

12

prior to the implementation of NYLL section 195 penalties (*i.e.*, prior to April 9, 2011). *Id.* at *5. The *Kone* court dismissed the plaintiffs' claims under section 195(1) because the plaintiffs had indeed all began working before April 9, 2011. *See id.* at *5-6.  But "[c]onstruing the complaint liberally" under FRCP 8, the *Kone* court found "that Plaintiffs have sufficiently pleaded a claim under the more general language of Section 195(3). . . ." *Id.* at *6.  Thus, *Kone* only further confirms that under FRCP 8, a party need not explicitly cite a statute's discrete subsections to separately raise causes of action under more than one provision of the that very statute.  The Second Circuit has repeatedly confirmed this as well. *See, e.g., Cinotti v. Adelman*, - - Fed. App'x - -, 2017 WL 4102144, at *1 (2d Cir. Sept. 15, 2017) (quoting *McEachin v. McGuinnis*, 357 F.3d 197, 199 n.2 (2d Cir. 2004)) ("'[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.'"); *Tice v. Southington Bd. of Educ.*, 2 Fed. App'x 152, 153 (2d Cir. 2001) ("There is no requirement in the Federal Rules that a plaintiff cite statutory sections in the complaint."); *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997), *abrogated on other grounds, Swierkeiwicz v. Soema N.A.*, 534 U.S. 506 (2002) (same);  This is precisely in line with Plaintiffs' arguments on their Underlying Motion and Judge Pollak's relevant holdings in the R&R, accepting the same. *Compare, e.g.,* ECF # 247 (Marin) at 24-27, *with* ECF # 293 (Marin) at 23 ("Defendants are correct that Section 195 contains two potentially applicable provisions . . . .  However, plaintiffs *are not required* to specify the precise provision of applicable law under which they seek to bring claims.") (emphasis added).

### 2.    Moving Plaintiffs Indeed Do Assert NYLL Claims as Opt-ins.

Defendants next object to Judge Pollak's finding that the Moving Opt-in Plaintiffs have standing to assert claims under the NYLL.  In support of their objections, Defendants essentially

argue that Judge Pollak should have ignored relevant case law, the FLSA itself, and the vast majority of the FLSA Notice that was actually sent to the Collective here. Instead, Defendants suggest, the Court need only focus on a few narrow provisions in that same Notice - - in isolation. *See, e.g.,* Defs.' Objections, at 9-10. First, Defendants' arguments in opposition to Plaintiffs' Underlying Motion with respect to the Moving Opt-in Plaintiffs' standing - - limited to approximately one page - - made no reference whatsoever to the content of the FLSA Notice. *See* ECF # 284 (Marin) at 27-28. This Court should therefore reject these arguments outright, as they were raised for the first time in Defendants' objections. *Chalsani*, 2011 WL 4465408, at *1 n.3; *Illis*, 2009 WL 2730870, at *1.

Second, even if this Court were to consider Defendants' new arguments, they nevertheless fail. As Plaintiffs argued in their Underlying Motion, and as Judge Pollak soundly reasoned:

> [T]he scope of the Notice and Consent forms that were provided to the opt-in plaintiffs *was not* limited to the FLSA claims and, thus, the opt-in plaintiffs who joined this case are plaintiffs as to *all* claims contained in the <u>Marin</u> and <u>Dove</u> Complaints, not just those brought under the FLSA. ECF # 293 (Marin) at 28.

Defendants' new argument, citing Section 7 of the FLSA Notice sent to the Collective, fails to consider the core difference between the FLSA's opt-in mechanism and Rule 23's opt-out method. That is, Defendants' base their standing argument on Section 7 of the Notice, which states "if the signed Consent to Join form is not [timely submitted], you may not be allowed to participate in the federal law portion of this lawsuit." *See* Defs.' Objections at 10. In Defendants' view, this means that opt-ins *only* joined the FLSA claims present in these actions - - not the case in its entirety - - notwithstanding the numerous references in the FLSA Notice to *all* claims. *See* ECF # 290 (Marin) at 15-16.

14

Defendants' argument fails because under the FLSA, the *only* way to assert claims in a collective action is by filing a consent to join form. *See* 29 U.S.C. §§ 216(b), 256.  Under the NYLL, in contrast, putative Class Members here may assert claims *either* by submitting a Consent to Join form, thereby joining the action in its entirety as an opt-in Plaintiff, *or* by declining to opt-out of a Rule 23 class following a ruling on Plaintiffs' Motion for Class Certification. *See, e.g., Ramriez-Marin v. JD Classic Builders Corp.*, 2017 WL 4358759, at *3 (E.D.N.Y. Sept. 30, 2017) (Irizarry, *C.J.*) (quoting *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 248 (2d Cir. 2011)) ("the Second Circuit . . . concluded that '[the Court does] not view Congress's creation of the opt-in provision for FLSA collective actions as a choice against, or a rejection of Rule 23's opt-out process for state law class actions.'").  This is precisely why the FLSA Notice only limits putative collective members' participation in the "federal law portion of this lawsuit."

Defendants also repeat their identical argument raised in opposition to Moving Plaintiffs' Underlying Motion regarding what they characterize as "significant prejudice" to Defendants. *Compare* Defs.' Objections at 11, *with*, ECF # 284 (Marin) at 28.  Accordingly, this Court should apply the deferential clear error standard, not the *de novo* standard, when analyzing this portion of Defendants' objections.  And contrary to Defendants' erroneous assertion that "the R&R does not address Defendants' argument" predicated on *Briceno v. USI Servs. Grp., Inc.*, 2016 U.S. Dist. LEXIS 9622, at *6 (E.D.N.Y. Jan. 26, 2016), *see* Defs.' Objections at 11, Judge Pollak's R&R specifically analyzed *Briceno*, and rejected Defendants' argument based thereupon. *See* ECF # 293 (Marin) at 27-28.  But should this Court take a second look at Defendants' "prejudice" argument, as Judge Pollak has already found, "all relevant discovery as to whether defendants complied with Section 195(1) [] and whether defendants were entitled to

claim a tip credit has been exchanged with regard to the Moving Plaintiffs." ECF # 293 (Marin) at 31-32. Accordingly, Defendants suffer no prejudice whatsoever through the Moving Opt-in Plaintiffs' NYLL claims.

Should this Court *still* further analyze Defendants' argument, Defendants' citation to *Briceno* is misplaced. In *Briceno*, more than six months after discovery had closed and after the plaintiffs abandoned their Rule 23 claims, the court denied the plaintiffs' request to amend the complaint to add 169 opt-in plaintiffs as individually *named* plaintiffs. *See id.*, 2016 WL 324964, at *4-5 (E.D.N.Y. Jan. 26, 2016). Unlike *Briceno*, far from abandoning their Rule 23 claims, Plaintiffs here have *moved* for Rule 23 certification, and do not seek leave to amend their complaint to include all 1,104 opt-in plaintiffs as named plaintiffs. Instead, Plaintiffs are and will continue to maintain this case as a class action, avoiding the need to file individual actions for all opt-ins - - representing *Briceno's* core reasoning to deny amending the complaint there. *Id.* at *5-6. Thus, once again, Defendants' case law submitted in support of their objections effectively support Judge Pollak's R&R. This Court should therefore adopt Judge Pollak's R&R, consistent with the trend among courts within this Circuit, granting standing to opt-in Plaintiffs to assert NYLL claims as "'part[ies] to the *action*, not just a *claim*.'" *Ramirez-Marin*, 2017 WL 4358759, at *4 (quoting *Fengler v. Crouse Health System, Inc.*, 634 F. Supp. 2d 257, 262 (N.D.N.Y. 2009)) (emphasis in original).

### 3.   Plaintiffs' Motion was not premature, as the parties have exchanged all necessary discovery for these claims.

Defendants' final "threshold" objection to Judge Pollak's R&R again regurgitates their precise arguments raised in opposition to Plaintiffs' Underlying Motion. *Compare* Defs.' Objections at 12-14, *with* ECF # 284 (Marin) at 29, 36-37. Again, this portion of Defendants' objections should be analyzed under the clear error standard of review - - not *de novo*. And

again, as Judge Pollak' concluded, "all relevant discovery as to whether defendants complied with Section 195(1) of the NYLL and whether defendants were entitled to claim a tip credit has been exchanged with regard to the Moving Plaintiffs. . . .   Thus . . . the Court finds that the motion for partial summary judgment as to defendants' liability on the Moving Plaintiffs' minimum wage and wage notice claims is not premature." ECF # 293 (Marin) at 32.

Quite simply, Defendants' objections to this aspect of Judge Pollak's R&R - - suggesting that "Defendants have not been able to search for additional notices," Defs.' Objections at 13 - - cannot be taken seriously.  Indeed, Judge Pollak noted that it was *Defendants' own decision* "to produce a sample of personnel files, rather than produce thousands of files, and indeed defendants were permitted to select the files on which the instant motion is based. (See 11/13/15 Minute Entry)." ECF # 293 (Marin) at 96.  And, "since the Marin case was filed in October 2012 and the Dove case was filed in March 2013, *it is unclear why defendants have not had sufficient time in the last four years to search for these records.*" *Id*. at 77 (emphasis added).

While Defendants argue that "they had not had the opportunity to question individuals about the types of notice that they received," Defs.' Objections at 13, this argument ignores that *written* notice is required for Defendants to claim a tip credit under New York law (as Judge Pollak held, and as described below).  Thus, questioning individuals would have no utility in making this determination.  Plaintiffs' motion was by no means premature, and delaying resolution of this issue will in no way benefit the parties or the administration of justice.

## B.     SUMMARY JUDGMENT OBJECTIONS

Defendants' objections to Judge Pollak's R&R regarding Plaintiffs' Motion for Partial Summary Judgment all fail.  That is, Defendants raise three primary objections: (1) the amended version of NYLL Section 198(1-b) is retroactive, and it provides a complete defense to

Plaintiffs' claims, Defs.' Objections at 14; (2) oral notice - - rather than written notice - - is sufficient to claim a tip credit under New York law, Defs.' Objections at 22; and (3) for at least some of the Moving Plaintiffs, Defendants' 195(1) Notices complied with the law, Defs.' Objections at 32.

> **1.   Defendants have completely failed to satisfy Section 198(1-b)'s affirmative defense, and even if they may have following its <u>amendment, that amendment was not retroactive.</u>**

Defendants spill much ink over the issue of whether the 2015 revisions to NYLL § 198(1-b)'s affirmative defense was retroactive.  But this Court need not analyze the propriety of that amendment at all - - because even if the amendment *were* retroactive (which it was not), Defendants *still* failed to meet either of its requirements to trigger the affirmative defense.

> ***a.   No disputes of material fact exist: Defendants cannot meet either <u>prong of Section 198(1-b)'s affirmative defense.</u>***

The relevant portion of the amended version of Section 198(1-b) states:

> In any action or administrative proceeding to recover damages for violation of paragraph (a) of subdivision one of section one hundred ninety-five of this article, it shall be an affirmative defense that (i) *the employer made complete and timely payment of all wages due* pursuant to this article . . . **_or_** (ii) the employer reasonably believed in good faith *that it was **_not_** required to provide the employee with notice* pursuant to subdivision one of section one hundred ninety-five of this article.

(emphasis added).  As Plaintiffs argued in their Underlying Motion, and as Judge Pollak found in her R&R, Defendants here failed to meet either prong of this affirmative defense.  First, as Judge Pollak held, by failing to provide a timely written notice at hire *accurately* advising the tipped Moving Plaintiffs of the tip credit, Defendants were lawfully prohibited from reducing the Plaintiffs' hourly wages below the minimum wage through a tip credit.  Defendants therefore failed to satisfy the first prong of 198(1-b)'s affirmative defense that requires "complete and

timely payment of all wages due."  Judge Pollak issued the following findings that support this conclusion:

> The Court finds that each Moving Plaintiff received an inaccurate wage notice in that each notice contained an incorrect overtime hourly pay rate.

ECF # 293 at 39.

> The Court agrees with plaintiffs and finds that the 'regularly hourly pay rate' contemplated by Section 14-2.2 refers to "the amount that the employee is regularly paid for each hour of work, before subtracting a tip credit, if any."

*Id*. at 41.

> Just as the Court found that for all Moving Plaintiffs, the wage notices given to them failed to comply with Section 195, the Court similarly finds that all for all of the Moving Plaintiffs, these same notices fail to comply with Section 146-2.2(a).

*Id*. at 56.

> Accordingly, since the NYLL only permits an employer to claim a tip credit towards the minimum wage amount "if the employee has been notified of the tip credit as required in section 146-2.2," defendants were only permitted to claim a tip credit if the Moving Plaintiffs were provided with another form of notice that otherwise complied with Section 146-2.2 **in accurately stating the amount of the tip credit to be taken from the employees' wages** *as well as* **the proper overtime hourly rate**.

*Id*. (emphasis added).

> [T]he Court has also already determined that the alternative forms of notice defendants claim require an individualized inquiry to determine what notice the employees received *are insufficient as a matter of law* both to permit defendants to claim a tip credit and to satisfy Section 195(1) of the NYLL. (See discussion supra at 54-72).

*Id*. at 105 (emphasis added).

19

> Since defendants were not entitled to claim a tip credit and the tips the Moving Plaintiffs may have received are *not* considered in calculating their wages, there is no genuine issue of material fact that Moving Plaintiffs . . . ***were paid by defendants at an hourly rate that fell below the minimum wage***.

*Id*. at 77 (emphasis added).

> Accordingly, the wages provided to all Moving Plaintiffs, other than Carlos Marin, Melitta Jones, Christian Rodriguez, and Samuel Williams, fell below the minimum wage and therefore violated the NYLL.

*Id*. at 79.

As described below, Plaintiffs respectfully request that this Court adopt Judge Pollak's findings in their entirety regarding the NYLL's and NYCCRR's written notice requirements. And based on Judge Pollak's findings regarding Defendants' lack of accurate written notice upon hire, Defendants have unequivocally failed to meet Section 198(1-b)'s first prong.  Defendants may therefore *only* take advantage of this affirmative defense - - again, assuming only *arguendo* that it may be applied retroactively - - if "the employer reasonably believed in good faith *that it was **not** required to provide the employee with notice* pursuant to subdivision one of section one hundred ninety-five of this article." NYLL § 198(1-b) (emphasis added).

As Plaintiffs argued in their Underlying Motion - - and as Defendants themselves concede through the testimony of Defendants' Executive Director of Human Resources, Timothy Eames - - Defendants also cannot satisfy this second prong because Defendants knew that they ***were*** required to comply with the NYLL and NYCCRR's written notice requirements.  *See* ECF # 290 (Marin), at 18 (citing Defendants' 56.1 statement, confirming that General Managers "were responsible for getting the notices signed" and that Defendants believed that the General Managers had properly "provided the required notice.").   Judge Pollak expressly accepted

20

Plaintiffs' argument with respect to the second prong of Section 198(1-b)'s affirmative defense, finding that "plaintiffs have established by a preponderance of the evidence that defendants had a policy or practice of including an incorrect value for the overtime hourly pay rate on its employees' wage notices, which implicates both plaintiffs' minimum wage and Section 195(1) claims." ECF # 293 (Marin) at 106.  And *Defendants themselves* also confirm *in their objections to Judge Pollak's R&R* that "Apple-Metro's policy since at least January 2011 was to comply with the WTPA and provide all employees with WTPA forms upon hire." *See* Defs.' Objections at 18 (citing Defs.' 56.1 Additional Statement of Facts, ECF # 286 (Marin), ¶¶ 53-67).  It is thus inconceivable for Defendants to argue that they are capable of meeting this prong of Section 198(1-b).

Viewed together - - and again, leaving aside whether Section 198(1-b)'s amended affirmative defense applies retroactively - - Defendants' attempt to rely on the affirmative defense fails terribly: Defendants neither provided complete nor timely payment of all wages due, and Defendants expressly believed that they *were* required to comply with NYLL § 195(1) - - they just conclusively failed to do so based their "policy or practice of including *an incorrect* value for the overtime hourly pay rate on its employees' wage notices, which implicates both plaintiffs' minimum wage and Section 195(1) claims." ECF # 293 (Marin) at 105 (emphasis added).

Finally, Defendants' Objections set up a final straw man designed to confuse this Court, arguing that - - in Defendants' view - - requiring written notice of the tip credit somehow "reads the affirmative defense right out of the law." *See* Defs.' Objections at 20.  Defendants posit the following conundrum:

> According to Judge Pollak's logic, a non-tipped employee who got
> no notice or a technically non-compliant notice would not be

> entitled to a recovery as long as she was paid properly. A tipped
> employee, on the other hand, would be entitled to recovery under
> the exact same circumstances. This makes no sense and is
> contradicted by the express working of 198(1-b).

*Id*. Contrary to Defendants' wholly unsupported presumption, nothing in the text or legislative history of Section 198(1-b) suggests that liability for a tipped employees' failure to receive accurate notice would somehow run contrary to the law's intent. As Judge Pollak and numerous courts have made clear, the failure to provide accurate notice upon hire is far from a mere "technical" violation. *See* ECF # 293 (Marin) at 68-69, 72-73 (collecting cases). Thus under Defendants' hypothetical, a tipped employee who indeed received no notice would represent an *actual* violation - - of both Section 195(1) and NYCCRR tip credit regulations - - in no way contradicting Section 198(1-b).

Going a step further, Defendants' flawed hypothetical is easily dismissed by turning, once again, to Defendants' own brief. For example, Defendants cite to *Ahmed v. Morgans Hotel Group Mgmt., LLC*, 2017 WL 758350, at *1, 4 (N.Y. Sup. Ct. Feb. 27, 2017) to support their argument. In *Ahmed*, the court analyzed the NYLL § 195(1) and tip credit claims for employees who received Wage Notices that *accurately* listed their regular rates and the amount deducted as a tip credit but that nevertheless failed to explain that "extra pay is required if tips are insufficient to compensate the employee up to the basic minimum hourly rate." *Id.* at *5-6. The *Ahmed* court found no violation, explaining that "a mere technical violation" is insufficient to trigger liability where Section 198(1-b)'s requirements were otherwise met. Leaving aside the propriety of the *Ahmed* court's rationale,[8] here, in contrast, Defendants' notices featured more than "a mere

---

[8] The issue of whether or not an employer's failure to advise tipped employees that tip make-up pay (i.e., providing tipped employees with additional wages if their weekly tips were less than what the tip credit allowed) was not addressed in Plaintiffs' Underlying Motion or Defendants' opposition thereto.

technical violation." *Id.* at *6.  They instead provided *inaccurate* notice of the Moving Plaintiffs' *regular and overtime rates of pay*, wholly unlike the arguments addressed in *Ahmed*.

While Defendants claim an inability to envision other "technical violations" that might satisfy the 198(1-b) affirmative defense, this Court need not flex its creative muscles or strain its imagination to do so.  For example, surely a Section 195(1) notice that simply misspells the employer's or the employee's name - - or that misstates the employer's address - - might constitute a "mere technical violation" that would allow the employer to enjoy Section 198(1-b)'s affirmative defense (assuming that all wages were otherwise paid).  The instant case, however, presents an *actual* substantive violation of law - - not a mere "technical" violation - - and as a result this Court should overrule Defendants' objections.

### b.    The 2015 amendments to NYLL § 198(1-b) are not retroactive.

Next, if this Court determines that there are disputed issues of material fact regarding whether Defendants could have met either of Section 198 (1-b)'s requirements to trigger that Section's affirmative defense, even a cursory look into Section 198(1-b) makes clear that its 2015 amendment *was not* meant to apply retroactively.

As a preliminary matter, Defendants argue that because Plaintiffs raised the issue of retroactivity "for the first time at oral argument," Judge Pollak had no basis to entertain it. *See* Defs.' Objections at 21.  However, Defendants *themselves* never argued that the amendment to Section 198(1-b) applied retroactively; rather, Defendants chose only to cite the post-2015 version of the statute in their papers.  Should the Court accept Defendants' logic, if Plaintiffs cannot argue that Section 198(1-b)'s amendment was *not* retroactive, nor can Defendants advance their argument that it was.   Indeed, following Defendants' point to its logical

---

Therefore, because that issue is not before this Court, Plaintiffs do not believe it necessary to opine on whether or not such failure would violate NYLL § 195(1) or the NYCCRR's tip credit rules.

conclusion, because Defendants never argued that Section 198(1-b)'s amendment *was* retroactive when opposing Plaintiffs' Underlying Motion, this Court should follow the "established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Illis*, 2009 WL 2730870, at *1; *see also Pierce v. Mance*, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in objections to a report and recommendation . . . presented in the form of, or along with, 'objections,' . . . ."). Moreover, Defendants of course could have sought leave to further brief the issue and submit supplemental authority at any time during the eight months between oral argument and Judge Pollak's issuance of the R&R, yet they did not.

Still, if this Court nevertheless analyzes Defendants' retroactivity argument, this Court need not trod new ground: Defendants' lead Counsel has raised this very argument before (though not in this case, perhaps explaining Defendants' choice to forego that argument in their briefing on the Underlying Motion), and it was flatly rejected. In *Hicks I*, 35 F. Supp. 3d at 347, a case coincidentally (or perhaps not) involving another Applebee's franchisee, the court denied Defendants' lead Counsel's identical argument that the reference in the pre-2015 Section 198(1-b) referring to Section 195(1)*(d)* was a typographical error and should have read Section 195(1)*(a)*. There, the *Hicks I* defendants similarly relied on the then-proposed amendment which would - - among other things - - change paragraph "d" to paragraph "a." In rejecting this argument, the district court stated that despite the proposed amendment, the court was bound "to presume that the legislature says in a statute what it means and means in a statute what it says there." *Id.* (citing *In re Barnet*, 737 F.3d 238, 246 (2d Cir. 2013)). Thus, without explicit

language affirmatively stating that the amendment meant to apply changes to 195(1)(a) *retroactively*, the *Hicks I* court refused to accept Defendants' lead Counsel's argument.

The *Hicks I* ruling is confirmed by analyzing Section 198(1-b)'s actual amendment, State Assembly Bill No. A3090.  Looking at the amendatory text itself confirms unequivocally that A3090 did not merely "correct" what Defendants contend was a prior typographical error.  That is, A3090 is entitled "AN ACT to amend the labor law, *in relation to annual reporting of wage information*." *See* Minkoff Decl., Ex. 5, Text of Bill No. A3090 (emphasis added).  As for the justification for the bill, looking again to the very same sponsoring memorandum that Defendants cite, the purpose of the amendment was to eliminate "excessive paperwork" for businesses then-required to provide *annual* Wage Notices to their employees. *See* Benson Decl., Ex. A.  As a result, A3090 *cannot* be applied retroactively, because doing so "takes away or impairs vested rights acquired under existing laws . . . in respect to . . . considerations already past," *Weingarten v. United* States, 865 F.3d 48, 56 (2d Cir. 2017) (citing *Landgraf v. USI Film Products*, 511 U.S. 244, 290 (1994)), without the "clear expression" that the bill was meant to apply retroactively, *Saldana v. New Start Group, Inc.*, 2016 WL 3683530, at *1 (E.D.N.Y. July 6, 2016) (citing *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998)).

Even more instructive than *Hicks I* or *Hicks II*, nearly five years after A3090's introduction in the Legislature, *see* Minkoff Decl., Ex. 5, Text of A3090 (dated Jan. 23, 2013), Judge Pollak here correctly held that without any actual evidence - - *i.e.*, by looking "to the text of the legislation at issue" or its "legislative history," courts may not apply statutes retroactively absent a "clear expression of the legislative purpose to justify a retroactive application." *Saldana*, 2016 WL 3683530, at *1 (citing *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 143 (2d Cir. 2013)).  And as Judge Pollak further noted, courts that *have* expressly analyzed Section 198(1-b)'s

retroactivity question have consistently declined to apply the amendment retroactively. *See* ECF # 293 (Marin) at 45-46 (collecting cases declining to apply 198(1-b)'s amendment retroactively).

Critically, less than one month ago, the New York Court of Appeals reaffirmed that "it is a recognized principle that where a statute has been interpreted by the courts, the continued use of the same language by the Legislature *subsequent* to the judicial interpretation is indicative that the legislative intent has been correctly ascertained." *Desrosiers v. Perry Ellis Menswear, LLC*, - - N.E.3d - -, 2017 WL 6327106, at *4 (Dec. 12, 2017) (emphasis added) (quoting *Matter of Knight-Ridder Broadcasting v. Greenberg*, 70 N.Y.2d 151, 157 (1987)).  To that end, the New York Legislature has declined to further amend Section 198(1-b) to unequivocally confirm that its 2015 amendment was designed with retroactive effect - - even in the face of repeated judicial interpretation to the contrary, and even while amending other minimum wage provisions in the NYLL and NYCCRR.  This strongly confirms that Judge Pollak's reasoning - - and the reasoning of several other courts within this district - - was indeed correct: Section 198(1-b)'s 2015 amendments were simply *not* meant to apply retroactively.

Defendants attempt to distinguish the settled standard governing an amendment's retroactivity by arguing that no such "clear expression" was necessary here, citing instead to an isolated portion of one sponsoring memorandum contained in the amendment's legislative history. *See* Defs.' Objections, at 17.  But in support of their position, Defendants again cite case law that is readily distinguishable.  Relying on *In re Gleason (Michael Vee, Ltd.)*, 749 N.E.2d 724, 726-27 (2001), Defendants argue that "the Legislature intended the amendment to the statute to apply retroactively because, *inter alia*, 'the purpose of the amendment was to clarify what the law was always meant to do and say.'" Defs.' Objections at 17.  But *Gleason* is inapposite and distinguishable; *Gleason* instead provides an illustrative example of the precise,

limited circumstances under which the Legislature actually intends an amendment to apply retroactively in the face of prior judicial action.  Specifically, in *Gleason*, the New York Court of Appeals applied a recently amended statute retroactively *only* because - - in a case resolved immediately before the amendment - - the Court of Appeals had *expressly* "invited the Legislature to amend [the statute] if it intended otherwise" in response to the court's earlier decision. 749 N.E.2d at 724.  When the legislature responded promptly to the case by actually amending the statute and explicitly citing that case, *Matter of Solkav Solartechnik, G.m.b.H. (Besicorp Group)*, 91 N.Y.2d 482 (1998), the court held on appeal - - in the first case following the amendment - - that the amendment *would* apply retroactively to the case at hand. *Id.* at 725.

Obviously unlike *Gleason*, and notwithstanding Defendants' strenuous belief and desire to the contrary, A3090 was *neither* in direct response to any case (and did not cite any case in its legislative history), *nor* created solely to correct a mistake.  That is, A3090 enacted other *substantive* changes to the NYLL, such as *adding* the Commissioner of Labor's new power to waive an employer's annual Wage Notice requirement. *See* Benson Decl., Ex. A, § 1 at 1.

Looking beyond A3090, as the Court of Appeals recently pointed out, "[w]hen the Legislature, with presumed knowledge of judicial construction of a statute, foregoes specific invitations and requests to amend its provisions to effect a different result, we have construed that to be some manifestation of legislative appropriation of the judicial interpretation, albeit of the lower courts." *Desrosiers*, 2017 WL 6327106, at *4 (citing *Matter of Alonzo M. v. N.Y.C. Dep't of Probation*, 72 N.Y.2d 662, 667 (1988)).  Here, armed with the knowledge of multiple courts' interpretation that 198(1-b)'s affirmative defense does not apply retroactively, *see* ECF # 193 (Marin) at 45-46 (collecting cases), and uniquely well-positioned to know precisely what action would amend a statute with *retroactive* effect, *see In re Gleason*, 749 N.E.2d at 724, the

Legislature failed to *mention any* case - - let alone *Hicks* - - when it passed A3090. *See generally* Benson Decl., Ex. A, A3090 Sponsoring Memorandum.  Quite to the contrary, the Legislature deemed the "purpose" of the bill as follows: "[to] allow[] the Commissioner of Labor to waive the annual paperwork requirements of the Wage Theft Prevention Act (WTPA) for reputable employers, while still ensuring that any employee who wants to will be able to receive any otherwise-waived notice." *Id.*

Considering that the Second Circuit has made clear that "retroactive operation of statutes is not favored" in New York, *Gold* 730 F.3d at 143, and because A3090 presents no justification for a retroactive application of the amendment to NYLL § 198(1-b) - - particularly in light of the continued judicial interpretation of 198(1-b)'s effect *after* A3090 went into effect, and legislative inaction to correct that interpretation despite making *other* changes to the NYLL and NYCCRR - - this Court should firmly reject Defendants' argument that it be applied retroactively.

### 2.   Written Notice of any claimed tip credit is required under the NYLL - - oral notice does not suffice.

Defendants claim that "[t]he main issue to be addressed in this matter involves the question of what, if any, notice is required in order for an employer to take a tip credit and, more specifically, whether a 100% compliant written notice is a prerequisite."[9] Defs.' Objections at 22.  Defendants misleadingly suggest that "Judge Pollak concluded that it is." *Id.*  In their Objections, Defendants once again restate the identical arguments they made in opposition to Plaintiffs' Underlying Motion - - though Defendants try to supplement those identical arguments with additional evidence that was not presented below. *See id.* at 22-31.  In so doing, Defendants strenuously beg this Court to grant more deference to stale, unofficial letters written by

---

[9] Defendants seem to be suggesting here that *no* notice is required to take a tip credit.  This Court need not seriously consider this argument as Defendants provide no support for this perplexing stance, which is wholly contrary to law under both the FLSA and NYLL.

employees of the New York DOL - - letters that were not the opinion of the DOL itself (as Judge Pollak correctly found) - - evidently ignoring that *subsequent* amendments to both the NYLL and NYCCRR adopted exactly zero positions described therein.  Again, as the Court of Appeals has very recently held, "where a statute has been interpreted by the courts, the continued use of the same language by the Legislature *subsequent* to the judicial interpretation is indicative that the legislative intent has been correctly ascertained." *Desrosiers*, 2017 WL 6327106, at *4 (emphasis added).  Thus this Court should again reject Defendants' arguments, as New York law requires, because the Legislature's subsequent amendments to the NYLL - - and the DOL's subsequent amendments to the NYCCRR - - both maintained the very same language requiring *written* notice of the tip credit.

If this Court further analyzes any aspect of Defendants' arguments on this issue, because the Defendants reiterate their same arguments already rejected by Judge Pollak's R&R, this Court should apply the clear error standard of review to this portion of Defendants' objections - - not *de novo*. *See Pizarro*, 2013 WL 990997, at *1 (citing *Zaretsky*, 2012 WL 2345181, at *1).  In analyzing Defendants' objections, the Court should also reject the three exhibits attached to the Benson Declaration because the Court should not consider "new evidence raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *Chalsani*, 2011 WL 4465408, at *1 n.3; *Illis*, 2009 WL 2730870, at *1.

Again, Defendants wrongly argue that Judge Pollak's decision finding that *written* notice is required to claim a tip credit under the NYLL "is in direct contravention of the opinion of the New York Department of Labor." *See* Defs.' Objections at 22, *et seq.*  Judge Pollak's R&R devotes not less than twenty-six pages of analysis to the question of precisely what form of notice is required under the NYLL. *See generally* ECF # 293 at 51-77.  Of those twenty-six

pages, Judge Pollak's R&R specifically spends at least eleven pages analyzing the very same arguments that the parties made in Plaintiffs' Underlying Motion, Defendants' opposition thereto, at oral argument, and here in Defendants' recycled version of those same arguments, reiterated again in their Objections. *See generally, id.* at 63-74.   Some highlights of Judge Pollak's scholarly analysis include:

> The Court declines to defer to the conclusion reached by Mr. Ben-Amotz [DOL general counsel].  As an initial matter, the Court notes that, while informal opinion letters that "represent[] the position" of the agency may be entitled to deference [] this letter does not represent the position of the Department of Labor. . . . [and] because the Department of Labor does not issue formal opinion letters on a case-by-case basis, this letter cannot be said to represent the position of the Department of Labor, but rather represents Mr. Ben Amotz's response to an inquiry about a specific case.

ECF # 293 (Marin) at 70.

> Even if this letter was the position of the Department of Labor on the date it was sent, March 4, 2015, the Department of Labor has made clear that its opinion letters cease to serve as "interpretive guidance" if there is "subsequent guidance providing otherwise." [] . . .the Department of Labor . . . now provides formal responses to inquires . . . by including them on its General Counsel's "Frequently Asked Questions" page . . . [which] continues to advise employers of the mandate to provide <u>written</u> notice.

*Id.* (emphasis in original).

> [E]ven if the opinion letter did represent the current position of the Department of Labor . . . the Court recommends that the letter not be given deference because it clearly conflicts with the plain language of the regulations that the Department itself has promulgated.

*Id.* at 71.

> Notably, after the Ben-Amotz letter was written . . . the New York Court of Appeals has held that these *regulations* - - which require notice of the tip credit to be provided in writing - - are entitled to deference. See <u>Barenboim v. Starbucks Corp.</u>, 21 N.Y.3d at 471-72.

*Id.* at 72 (emphasis added).

> Accordingly, consistent with the Department of Labor's current interpretation of its own regulations, the regulations themselves, and prior case law in this district, the Court declines to find that Mr. Ben-Amotz's letter to a member of the New York State Assembly is entitled to deference and respectfully recommends that the district court find that written notice is necessary to satisfy the requirements for an employer to claim a tip credit.

*Id.* at 73.

> . . . to permit an employer to claim a tip credit by virtue of providing oral notice of the tip credit runs not only contrary to the plain notice of the NYLL and accompanying regulations, but also undermines the policy of providing protections to workers, many of whom may be uneducated or speak little English. If oral notice were permitted, those vulnerable employees may be forced to rely on a factfinder to determine whether their testimony that no oral notice was given is credible.

*Id.* at 73 n.45.

Defendants' citations to other unofficial DOL materials - - both of which were issued prior to the most-recent amendments to both the NYLL and the NYCCRR - - should be given little consideration. *See* Benson Decl., Exs. B, C.  Again, neither of these unofficial positions were presented to Judge Pollak in opposition to Plaintiffs' motion, and even if they were, they were plainly superseded by subsequent legislative and regulatory action - - as Judge Pollak

already correctly found.[10] *See Desrosiers*, 2017 WL 6327106, at *4 ("the continued use of the same language by the Legislature *subsequent* to the judicial interpretation is indicative that the legislative intent has been correctly ascertained.") (emphasis added).

Finally, Defendants assert that "Judge Pollak went beyond the applicable legal test and formed her own test out of whole cloth" when determining whether to view the Ben-Amotz letter with any deference. *See* Defs.' Objection at 29.  Nowhere in Defendants' Objections, however, do they cite a single case that sets forth the actual standard governing whether a court should provide deference to an agency opinion. *See generally* Defs.' Objections at 22-31.  Judge Pollak's R&R, in sharp contrast, extensively analyzes that legal standard. *See generally* ECF # 293 (Marin) at 65-72.  In light of the governing standard - - which permits a court to grant deference only to opinions that legitimately "represent the position" of the relevant agency, and only when said position is consistent with the plain text of the statute or regulation in question - - Judge Pollak again found that the unofficial materials Defendants cite explicitly *do not* represent the DOL's formal position. *See generally, e.g.*, ECF # 293 (Marin) at 70 (citing DOL official policy found on DOL's General Counsel website, confirming no formal opinion letters represent DOL's official position), 71 n.44 (confirming DOL Fact Sheet, issued after Ben-Amotz letter, requires "written notice" of tip credit and "tip . . . deductions").

Prior attempts to sway the Legislature and the DOL Commissioner to rewrite the NYLL and the NYCCRR consistent with Defendants' view here have failed. *See, e.g.*, note five, *supra*.  Again, "the continued use of the same language by the Legislature *subsequent* to the judicial

---

[10] Defendants presented Exhibit C to the Benson Declaration - - the May 4, 2016 James Rogers letter - - to the Court for the very first time during the Parties' oral argument on Plaintiffs' motion.  Though noting that "normally the Court would not even consider this evidence because plaintiffs were never given an opportunity to consider it," Judge Pollak nevertheless "reviewed this argument in connection with preparing this Report and Recommendation and . . . [was] not persuaded that this letter requires the Court to alter its conclusions." ECF # 293 at 64 n.43.

interpretation is indicative that the legislative intent has been correctly ascertained." *Desrosiers*, 2017 WL 6327106, at *4 (emphasis added).   Considering the Court of Appeals' recent reaffirmation of these firmly established principles of New York law, Judge Pollak's R&R dutifully applies the correct legal standard when analyzing whether to apply deference to any of the Defendants' cited DOL documents, and on that basis rejected the same.  So too should this Court.

### 3.    It is undisputed that none of Defendants' Notices complied with section 195(1) or NYCCRR 146-2.2(a).

Finally, Defendants are deeply misguided in arguing that their Section 195(1) Wage Notices actually complied with the law. *See* Defs.' Objections at 32.  Defendants here make their best effort to confuse this Court by conflating the NYLL's statutory and regulatory requirements to claim a tip credit - - which were absent from Defendants' Wage Notices - - with what Defendants *did* include in their Wage Notices.  That is, Judge Pollak found that Plaintiffs presented uncontroverted evidence that each and every tipped employees' Wage Notice failed to contain the correct regular rate and correct overtime rate when listing the employees' regular pay. *See* ECF # 293 (Marin) at 46-47.  But Defendants now ask this Court, for the first time, to examine other portions of their Wage Notices - - despite never arguing this in their opposition to Plaintiffs' Underlying Motion.

Judge Pollak meticulously analyzed each and every wage notice submitted in support of - - and in opposition to - - Plaintiffs' Motion, agreeing in all respects with Plaintiffs' analysis. *See generally* ECF # 293 (Marin) at 37-43, 47-55, 59-63.  Defendants now argue, for the very first time, that because a *separate portion* of those notices were purportedly accurate - - even though Plaintiffs did not seek summary judgment based on those provisions in any of the Wage Notices

at issue - - Judge Pollak's analysis must have been incorrect. *See* Defs.' Objections at 33 (referring to portion of wage notices that describe tip make-up pay).

Defendants' argument is grossly misleading and downright frivolous.   That is, Defendants' Objections completely fail to acknowledge that Plaintiffs' Motion, Defendants' opposition, and Judge Pollak's analysis, took no issue with what Defendants now claim to be *accurate* portions of any of Defendants' Wage Notices.   In contrast, Plaintiffs sought summary judgment because of what was indeed *inaccurate* in each and every Wage Notice.   Judge Pollak agreed with Plaintiffs' analysis. *See* ECF # 293 (Marin) at 39 ("The Court, having reviewed each of the wage notices provided for the Moving Plaintiffs, finds that *none* of the wage notices submitted contain the proper figures for the overtime hourly pay rate.") (emphasis added)

Elsewhere in Defendants' Objections, Defendants rely on *Ahmed*, 2017 WL 758350, at *1 to effectively set up the very straw man they now advance. *See* Defs.' Objections at 21. Again, the *Ahmed* court found no 195(1) penalties where the employer did not explain that if the employees failed to earn enough tips to make up for their tip credit, they would be paid the difference between the wages paid plus their tips received and the actual minimum wage. *See id.* at 21.   The *Ahmed* plaintiffs, however, raised *no* such arguments comparable to those raised by Plaintiffs here: namely, that Defendants' provided a tip credit notice *with inaccurate regular and overtime rates.*   Thus, as with the rest of Defendants' arguments, *Ahmed* is at the very least distinguishable, and it arguably supports Judge Pollak's reasoning. *Cf. Guzman-Reina v. ABCO Maintenance Inc.*, Case No. 1:17-cv-01299-ILG-PK, Dkt. No. 25 at 7 (Jan. 2, 2018) (citing *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 469 (E.D.N.Y. 2015)) (Judge Glasser confirming, in *dicta* denying motion to dismiss, that the failure to furnish "*accurate* wage notices" constitutes a violation of NYLL § 195(3)).

This Court should therefore: agree with Judge Pollak's painstaking, thorough analysis, and find that each and every Wage Notice submitted in support of Plaintiffs' Underlying Motion failed to comply with the NYLL and the NYCCRR; overrule Defendants' Objections; and adopt Judge Pollak's R&R with respect to Plaintiffs' Motion for Partial Summary Judgment in its entirety.[11]

## C.   <u>RULE 23 OBJECTIONS</u>

Defendants' objections to Judge Pollak's R&R with respect to certification of the two Revised Subclasses must fail.[12]   Defendants raise four primary objections to Rule 23 certification: (1) commonality does not exist because oral notice is sufficient to claim the tip credit; (2) commonality does not exist because the section 198 (1-b) affirmative defense applies; (3) commonality does not exist because some of the wage notices provided are correct; and (4) no adequate class representative exists.   Defendants' contentions in relation to each point are simple regurgitations of failed arguments described above and submitted in its previous submissions.   Not only has Judge Pollak rejected these arguments, but they are also wrong as a matter of fact and law.   As such, this Court should adopt the R&R's reasoning on these matters under a clear error standard of review and grant certification of the Revised Subclasses.

---

[11] Defendants' objections separately single-out the claims of Moving Plaintiff Schmid. *See generally* Defs.' Objections at 34-35.   It is worth noting that Defendants have now both argued that the individual opt-in Plaintiffs lack standing to obtain any relief, while at the same time choosing specific opt-in Plaintiffs to attack in their Objections - - despite, once again, failing to do so entirely in their opposition to Plaintiffs' Underlying Motion.   Because Defendants never opposed any individual Plaintiffs' aspects of the Underlying Motion - - including opt-in Plaintiff Schmid - - this Court should reject Defendants' objections relating to Ms. Schmid.   And if the Court were to examine Defendants' argument, Plaintiffs respectively submit that the Court should adopt Judge Pollak's R&R with respect to Ms. Schmid because Judge Pollak correctly found that Defendants failed to meet their burden to satisfy any affirmative defense with respect to providing proper notice of the Tip Credit to Ms. Schmid prior to 2011. *See* ECF # 293 (Marin) at 53-54.

[12] Judge Pollak had discretion to revise subclasses and Plaintiffs do not contest her proposed revisions.

1.      **Written, not oral, notice of the Tip Credit is required.**

Defendants argue that there is no common question capable of class wide resolution with respect to Revised Subclass A.  Specifically, they again contend that only actual notice, not written notice is required for an employer to properly claim the tip credit.  Because actual notice may take many forms, they argue, individual analysis would be required to determine how and whether proper notice was issued, thus destroying commonality.  Specifically, Defendants assert that "If only actual notice - - not 100% compliant written notice - - is required as a prerequisite for taking the tip credit, then the Court must deny class certification as to Subclass A.  Because actual notice can take many forms, and involves the assessment of numerous factors, it automatically requires an individualized analysis (Defs.' Objections at 37)."  As such Defendants conclude there is simply no common contention that is capable of class-wide resolution.

To support the assertion that only oral notice is required Defendants, yet again, reference the Opinion Letter issued by Mr. Ben-Amotz.  As discussed above, Defendants' attempt to rely on this Opinion Letter is a futile attempt to resurrect their old arguments. This matter has been thoughtfully considered (and ultimately rejected) by Judge Pollak. *See* ECF # 293 (Marin) at 70. Defendants' continued argument that oral (not written notice) is sufficient to claim the tip credit also flatly ignores the plain meaning of the relevant statutory text, the official position of the Department of Labor, and case law.[13]

First, as Judge Pollak observed, the Opinion Letter clearly conflicts with 12 NYCCRR 146-1.3, which explicitly requires written notice of the tip credit.  As such, deference to the letter would yield a result that is both irrational and unreasonable. *Smiento v. World Yacht Inc.*10

---

[13] Defendants also ignore that they never provided *any* notice - - written or otherwise - - of the *correct* regular and overtime rates of pay when claiming the tip credit.

N.Y.3d 70, 79 (2008).  Based on this fact alone it is clear that the Opinion Letter is not owed deference.

Next, the Opinion Letter is in direct contradiction to the Department of Labor's *actual position*.  Again, subsequent to the Opinion Letter, the Department of Labor has published information specifically stipulating that notice of tip credits must be in writing. *See* New York State Department of Labor, *Tips and Gratuities Frequently Asked Questions*, https://www.labor.ny.gov/legal/counsel/pdf/tips-frequently-asked-questions.pdf   (last accessed Dec. 26, 2017).

Finally, the notion that written notice is not required is simply unsupported by case law. In fact, since Plaintiffs submitted their Motion for Partial Summary Judgment and Class Certification, a multitude of courts have all upheld that the tip credit notice must be in writing. *See, e.g., Salustio v 106 Columbia Deli Corp*., 264 F. Supp. 3d 540, 553-54 (S.D.N.Y. 2017) (citing 12 NYCCRR § 146-1.3) ("As for the use of the 'tip credit,' under New York law . . . the employee must be notified that he or she is being paid at this lower rate . . . as required by regulation. [ ] The notice must be in writing . . . ."); *Gamero v Koodo Sushi Corp*., 2017 WL 4326116, at *17 (S.D.N.Y. Sept. 28, 2017) (quoting 12 NYCCRR § 146-2.2(a), (c)) ("[defendant] plainly did not comply with the NYLL's tip-credit provision, which required [defendant] . . . to give Plaintiffs '*written* notice of the' tip credit . . . .") (emphasis in original).

As such, the law clearly demands that employees be provided with *written* notice of the tip credit.  Defendants' argument that there is no way to answer the question of whether an employee received notice of tip credit, "in one stroke" to generate a common answer, Defs.' Objections at 3, 37, is simply wrong.  The facts are clear that Defendants systemically failed to provide proper notice of the tip credit.  And should this Court have any doubt concerning the

viability of a FRCP 23 Class regarding tip credits and Wage Notices, courts *routinely* certify classes finding commonality when an employer's tip credit policy is challenged. *See, e.g., Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *5-6 (S.D.N.Y. Mar. 31, 2017) (certifying Rule 23 class of employees finding common questions of, *inter alia*, "whether Defendants in practice failed to provide employees with proper wage notices and statements."); *Velez v. 111 Atlas Rest. Corp.*, 2016 WL 9307471, at *22 (E.D.N.Y. Aug. 11, 2016) (Pollak, *J.*) (certifying FRCP 23 class based on allegations that defendants "failed to pay tipped employee the proper minimum wage, instead paying them the minimum wage minus the tip credit even though defendants failed to satisfy NYLL requirements to claim a valid tip credit"); *Lopez v. Setauket Car Wash & Detail Ctr.*, 314 F.R.D. 26, 28-29 (E.D.N.Y. 2016) (certifying Rule 23 class because defendants' policy "that improperly calculated a tip credit . . . satisfie[d] the commonality test under Rule 23."); *Fonseca v. Dircksen & Talleyrand, Inc.*, 2015 WL 5813382, at*3 (S.D.N.Y. Sept. 28, 2015) (citing *Shahriar*, 659 F.3d at 252) (finding allegations that employer "illegally took the tip credit for tipped employees' wages" satisfied Rule 23 commonality requirement); *Hicks*, 35 F. Supp. 3d at 347.

As Judge Pollak observed, none of the Moving Plaintiffs received proper notice of the tip credit, leading to her ruling that there are common questions of fact among the putative class members of the Revised Subclass - - namely that "defendants maintained a policy or practice of providing an incorrect overtime hourly pay rate in the wage notices." *See* ECF # 293 (Marin) at 94-95.

### 2.    The Section 198(1-b) affirmative defense neither applies nor impacts certification of the FRCP 23 subclasses.

Defendants also contend that application of the Section 198 (1-b) affirmative defense destroys commonality, making the claims unsuitable for class certification.   Specifically,

Defendants assert that the applicability of the affirmative defense requires an "individual-by-individual" determination of whether each employee was paid correctly, therefore causing individual issues to predominate." Defs.' Objections at 38.   However, as already discussed above, the affirmative defense does not apply.

As discussed at length in previous submissions and above, the affirmative defense came into effect on February 27, 2015.  As all Moving Plaintiffs were hired prior to this point, the affirmative defense does not apply.  Still, defendants attempt to argue that the affirmative defense can be applied retroactively - - a proposition that was considered at length and rejected by Judge Pollak. *See* ECF # 293 (Marin) at 46.  As Judge Pollak correctly concluded, here there exists uncontroverted evidence that every personnel file produced by Defendant has a deficient wage notice by way of missing or inaccurate information.  As such, it is clear that commonality exists (R&R at 97 and 98).

What's more, even if the affirmative defense were applied, and leaving aside that Defendants failed to satisfy either of its requirements, this alone would *not* be enough to deny certification. *See Pichardo v Carmine's Broadway Feast Inc.*, 2016 WL 4379421, at *10 (S.D.N.Y. June 13, 2016), *rep. & rec. adopted sub nom., Pichardo v Carmine's Broadway Feast Inc*., 2016 WL 5338551 (S.D.N.Y. Sept. 23, 2016) ("When . . . central issues in the action are common to the class . . . the action may be considered proper under Rule 23(b)(3), even though other important matters will have to be tried separately, such as damages or some *affirmative defenses peculiar to some individual class members*.") (emphasis added).

### 3.   None of the Wage Notices contain the proper overtime or regular rates.

Defendants contend Judge Pollak erroneously determined that all wage notices submitted by Defendants were incorrect.  Specifically, Defendants assert they filed examples of WTPA

notices that include the correct regular and overtime rates which Judge Pollak "flatly ignored" (Defs.' Objections at 40).  As a result, Defendants argue that representative evidence will not generate common answers and the only way to determine liability would be to examine the 15,000 wage notice forms issued to the putative class, thereby making the claims unsuitable for certification.  But contrary to these assertions, a close examination of the 88 WTPA notices in question indeed reveals that *none* of them support Defendants' arguments.  In fact, even the nine notices that Defendants claim are "correct" examples, *see* Defs.' Objections at 40, contain information that is insufficient, wrong, or irrelevant.   Specifically, Defendants note that paragraph six of the Wage Notices (found in the middle column of each Notice) lists the full minimum wage rate and full overtime rate. Defs.' Objections at 33.  This however is irrelevant and misleading.  The full regular rate, tip credit amount, and correct overtime rate must be included in paragraphs three, four, and five, respectively (found on the left-most column of each Notice).  Moreover, the remaining purportedly "correct" notices seemingly do not even belong to tipped employees, making their consideration irrelevant.  And again, Defendants never raised this argument when opposing Plaintiffs' Underlying Motion. *See* Section III.B.3, *supra*.

Below is an overview of each of the nine wage notices that Defendants, in their Objection, claim are correct.  *Even these* notices are deficient or irrelevant to the parties' contentions.[14]

- Marin, ECF Nos. 287-31, at 2 (Wage Notice of Angel Rivera): This Notice is not for a minimum wage tipped employee. *Id.* (listing regular rate of $14.00 per hour).

- Marin, ECF Nos. 287-31, at 10 (Wage Notice of Nicholas Duggan): The Notice was not issued at hiring, nor is the correct overtime rate listed.

---

[14] In their Objection Defendants state that examples of correct wage notices can be found at *Marin*, ECF #s 287-31, at 2, 10, 28, 34, 44, 60, 62, 66, 69.

- Marin, ECF Nos. 287-31, at 28 (Wage Notice of John Watts): This Notice is not for a minimum wage tipped employee / lists no tip credit. *Id.* (listing regular rate of $9.50 per hour in 2013).

- Marin, ECF Nos. 287-31, at 34 (Wage Notice of Arthur Cruz): The Notice does not list the amount of the tip credit.

- Marin, ECF Nos. 287-31, at 44 (Wage Notice of Devia Vines): This Notice is not for a minimum wage tipped employee / lists no tip credit. *Id.* (listing regular rate of $10.00 per hour during 2014).

- Marin, ECF Nos. 287-31, at 60 (Wage Notice of Felix Pichardo): The Notice does not list the amount of the tip credit.

- Marin, ECF Nos. 287-31, at 62 (Wage Notice of Shela Gomez): This Notice is not for a minimum wage tipped employee / lists no tip credit. *Id.* (listing regular rate of $10.00 per hour during 2013).

- Marin, ECF Nos. 287-31, at 66 (Wage Notice of Alyssia Quiles): The Notice does not list the amount of the tip credit.

- Marin, ECF Nos. 287-31, at 69 (Wage Notice of John Tory): This Notice is not for a minimum wage tipped employee / lists no tip credit. *Id.* (listing regular rate of $14.00 per hour during 2014).

Thus, Judge Pollak correctly found that Defendants maintained a common policy and practice of failing to provide accurate Wage Notices. ECF # 293 (Marin) at 94-95. Representative evidence is therefore appropriate in this case.  Moreover, Defendants' argument that the only way to determine liability is to go through the approximately 15,000 individual files is bewildering.  As Judge Pollak astutely pointed out "Defendants requested the opportunity to produce a sample of files rather than produce thousands of files, and, indeed defendants were permitted to select files on which the instant motion is based . . . . Thus the Court will not now consider the Defendants' argument that they should be permitted to inspect additional files before the Court decides on this motion." ECF # 293 (Marin) at 95-96.

### 4.    **The Named Plaintiffs are adequate representatives of the Classes.**

Finally, Defendants are incorrect that Named Plaintiffs are inadequate class representatives of the two Revised Subclasses.  As determined by the R&R, ECF # 293 (Marin)

41

at 102, the Named Plaintiffs are adequate representatives because they have suffered a common injury and pose no conflict of interest.[15]

In their Objection, Defendants challenge the adequacy of the Named Plaintiffs by rehashing the same argument set forth above - - namely that they provided accurate Wage Notices.  Specifically, Defendants assert that Dove and Lebron are not adequate class representatives for either Subclass A or B because their Wage Notices contain correct information.  Again, Defendants base this assertion on an irrelevant argument: that for both Plaintiffs, the full minimum wage and overtime rates are listed in paragraph six of their Wage Notices.  And again, as discussed *supra* and as noted by Judge Pollak, ECF # 293 (Marin) at 39, the Wage Notices list *incorrect* information where it actually matters.  Specifically, both notices list a regular pay rate of $5.00 per hour and an overtime rate of $7.50 per hour at paragraph three. ECF # 280-12 (Marin); ECF # 280-13 (Marin).  In contrast, the hourly base pay and hourly overtime rates that should be listed are $7.25 and $8.625, respectively.  As discussed *supra*, Defendants are attempting to justify the deficient notices by diverting attention away from information that is blatantly incorrect and selectively highlighting only those portions that may be correct, though irrelevant.  This however, does not change the fact that the Wage Notices in question contain critically inaccurate information, making these Plaintiffs ideal class representatives.

In reality, both Revised Subclasses maintain an abundance of adequate class representatives.  Regarding Revised Subclass A, it is clear that the Named Plaintiffs suffered the

---

[15] Plaintiffs concede that while Marin was indeed hired before April 9, 2011, there are numerous individuals (*e.g.*, Dove, Lebron) who may serve as adequate class representatives for the wage notice class (Subclass B).  Furthermore, though not currently before this court, Marin has served as ideal putative class representative - - and will become an ideal certified class representative - - for future proceedings related to, *inter alia*, Defendants' time-shaving scheme.

same injury as the Class in that they were all improperly paid less than minimum wage. Regarding Revised Subclass B, it is clear that all Named Plaintiffs' hired after April 9, 2011 received deficient Wage Notices and therefore can represent the Class for this injury.  Judge Pollak therefore correctly determined that the adequacy of class representatives is not in doubt. ECF # 293 (Marin) at 103.

## IV.   **CONCLUSION**

For the reasons described above, for the reasons Moving Plaintiffs cited in their Underlying Motion and presented at oral argument, and for the reasons Judge Pollak found in her R&R, Moving Plaintiffs respectfully request that this Court overrule all of Defendants' objections, adopt Judge Pollak's R&R in its entirety, and permit Plaintiffs' Counsel to submit a proposed FRCP 23 Class Notice within a reasonable time after the Court enters an Order granting Plaintiffs' Underlying Motion consistent with Judge Pollak's R&R.

Dated: New York, New York
           January 9, 2018

Respectfully submitted,

THE OTTINGER FIRM, P.C.                          BORRELLI & ASSOCIATES, P.L.L.C.

By: _____                   By: _____
       Robert W. Ottinger, Esq.    *AND*                Michael R. Minkoff, Esq.
       Erica Sanders, Esq.                              Alexander T. Coleman, Esq.
                                                        Michael J. Borrelli, Esq.

*COUNSEL FOR PLAINTIFFS, THE COLLECTIVES,*
*and the PROPOSED SUB-CLASSES*