UNITED STATES DISTRICT

COURT EASTERN DISTRICT OF

NEW YORK

| | |
|---|---|
| CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   -against-<br><br>APPLE METRO, INC., et al.,<br><br>       Defendants. | Case No. 12 Civ. 5274 (ENV)(CLP) |
| SHAUNTA DOVE, on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br>   -against-<br><br>APPLE METRO, INC., et al.,<br><br>       Defendants. | Case No. 13 Civ. 1417 (ENV)(CLP) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE THE DECLARATION OF M. PATRICIA SMITH**

THE OTTINGER FIRM, P.C.
401 Park Avenue South
New York, New York 10016
Tel. (212) 571-2000

AND

BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000

COUNSEL FOR PLAINTIFFS, THE COLLECTIVES,
and the PROPOSED SUB-CLASSES

## <u>TABLE OF CONTENTS</u>

I.    THE SMITH DECLARATION IS NOT DISCOVERABLE EVIDENCE BUT RATHER A DOCUMENT OUTLINING REGULATORY HISTORY SUBMITTED TO AID THE COURT IN ITS INTERPRETATION. .......................................................6

II.    DEFENDANTS MATERIALLY MISREPRESENT THE REGULATORY HISTORY. ...............................................................................................................8

    A.    Defendants Misrepresented Commissioner Smith's Position and the Regulatory History of Section 146-2.2.........................................................................8

    B.    Courts Routinely Consider Regulatory History in Interpreting Regulations. ...........11

    C.    The Declaration Supports Plaintiffs' Original Argument and Does not Present New Arguments Not Presented at Oral Argument...................................................12

    D.    Defendants' Reliance on the FLSA is Misleading.....................................................13

III.    BECAUSE COMMISSIONER SMITH ENACTED SECTION 146-2.2, SHE HAS PERSONAL KNOWLEDGE. ........................................................................................15

IV.    COMMISSIONER SMITH'S DECLARATION IS HIGHLY PROBATIVE.................17

CONCLUSION.....................................................................................................................19

## **TABLE OF AUTHORITIES**

### CASES

**United States Supreme Court**

*Oppenheimer Fund, Inc. v. Sanders*,
  437 U.S. 340 (1978) ...................................................................................................7

**United States Court of Appeals**

*Barefield v. Vill. Of Winnetka*,
  81 F.3d 704 (7th Cir. 1996) ....................................................................................14

*BIC Corp. v. Far Eastern Source Corp.*,
  23 F. App'x. 36 (2d Cir. 2001)................................................................................18

*Fernandez v. Zoni Language Centers, Inc.*,
  858 F.3d 45 (2d Cir. 2017)......................................................................................11

*Ramos v. Baldor Specialty Foods, Inc.*,
  687 F.3d 554 (2d Cir. 2012)......................................................................................7

*Reilly v. Natwest*,
  181 F.3d 253 (2d Cir. 1999)....................................................................................14

*Thomas v. iStar Fin., Inc.*,
  652 F.3d 141 (2d Cir. 2011)....................................................................................14

*United States v. Univ. Hosp., State Univ. of New York at Stony Brook*,
  729 F.2d 144 (2d Cir. 1984)....................................................................................11

**United States District Court**

*Alonso v. 144 Ninth Gotham Pizza, Inc.*,
  2016 WL 4257526 (S.D.N.Y. Aug. 10, 2016) .......................................................14

*Clarke v. JPMorgan Chase Bank*, N.A.,
  2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010) .......................................................12

*Hicks v. T.L. Cannon Mgmt. Corp.*,
  2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018).......................................................18

## TABLE OF AUTHORITIES (continued)

*Kim v. Kum Gang, Inc.*,
   2015 WL 2222438 (S.D.N.Y. Mar. 19, 2015) ........................................................14

*Kruk v. Metro. Life Ins. Co.*,
   267 F.R.D. 435 (D. Conn. 2010) ...........................................................................12

*Oaxaca v. Hudson Side Café Inc.*,
   2018 WL 4859152 (E.D. N. Y. Oct. 8, 2018) ......................................................14

*Rothenberg v. Daus*,
   2014 WL 3765724 (S.D.N.Y. July 31, 2014) ......................................................12

*Schultz v. Butcher*,
   24 F.3d 626 (4th Cir. 1994) ..................................................................................18

*Soto v. Los Corbaticas Deli Grocery II Corp.*,
   2018 WL 4844018 (S.D.N.Y. Oct. 5, 2018) ........................................................14

*Wills v. RadioShack Corp.*,
   981 F. Supp. 2d 245 (S.D.N.Y. 2013) ..................................................................12

## STATUTES

Federal

29 U.S.C. § 203(m) ......................................................................................................13

State

NYLL § 21 ....................................................................................................................17

NYLL § 195 ....................................................................................................................2

NYLL § 199 ..................................................................................................................16

NYLL § 655 .........................................................................................................9, 10, 15

NYLL § 656 ..................................................................................................................16

## RULES

Federal

Fed. R. Civ. Proc. 23 ......................................................................................................2

## <u>TABLE OF AUTHORITIES (continued)</u>

Fed. R. Civ. Proc. 26.........................................................................................2, 6

Fed. R. Evid. 403..............................................................................................17

<u>State</u>

N.Y. R. Prof. Conduct 3.3 ..................................................................................8

## REGULATIONS

NYCCRR § 146-2.2......................................................................................passim

## PRELIMINARY STATEMENT

Defendants asked the Court to consider new information—none of which was new—and pleaded and argued for *de novo* review of that issue. Then, Defendants misrepresented information at oral argument with respect to the very issues it asked the Court to review *de novo* and is now asking the Court to strike the declaration of M. Patricia Smith—the person who is the expert on the issue—because her testimony is so devastating to their case.

In short, Defendants are attempting—by whatever means necessary—to avoid liability for their failure to comply with the New York Labor Law's ("NYLL") tip notice requirement by continuing to misrepresent the regulatory history and manufacturing a debate regarding the clear language of the relevant regulations. At the July 17, 2018 oral argument regarding Defendants' objections to Magistrate Judge Pollak's October 4, 2017 Report and Recommendation ("Oral Argument"), Defendants falsely represented the statements of former Commissioner of the New York Department of Labor ("NYDOL") M. Patricia Smith ("Commissioner Smith"), about the commission's intent at the time of the pertinent regulation's enactment. Defendants claimed, for example, that "the Commissioner of Labor does not in fact believe that written notice is a prerequisite to taking the tip credit." ECF # 322-2 (July 17, 2018 Ct. Tr.) at 16. This statement is false.

To correct Defendants' misrepresentations to the Court, Plaintiffs provided a declaration from Commissioner Smith, who was the Commissioner of the NYDOL at the time the regulation at issue was enacted. ECF # 322-1 (Smith Declaration) at ¶¶ 2–3. This declaration is persuasive authority for Plaintiffs' legal position on the merits because this Court—like all courts—look to a regulation's legislative history to determine its meaning when its meaning or application is in question. At Oral Argument, Defendants also put forth before the Court a version of the legislative

history of the pertinent regulation that does not exist.  The Smith Declaration directly undermines Defendant's arguments.  It is unsurprising that they want it struck from the record.

Furthermore, the Smith Declaration is not "evidence," as Defendants suggest, and thus is not subject to Federal Rule of Civil Procedure 26 ("Rule 26").  Commissioner Smith is not a factual witness.  Her declaration clarifies that the Court should interpret the regulation the way that Plaintiffs propose and not the way that Defendants urge.  In any event, the Smith Declaration was turned over to Defendants promptly after it was obtained, and only in response to Defendants' own mischaracterization of Smith's own prior statements.  The Court should, therefore, decline to strike it, and should instead consider it, give it weight, and overrule Defendants' objections to Magistrate Judge Pollak's Report and Recommendation ("R&R").

## PROCEDURAL HISTORY

On November 4, 2016, Plaintiffs in these actions moved this Court for an order granting them partial summary judgment with respect to: Defendants' failure to properly provide written notice of their intention to take a tip credit from the tipped-Plaintiffs' wages, and resulting minimum wage violations under the NYLL based thereupon; and Defendants' violations of NYLL § 195(1) for their failure to provide accurate written wage notices upon hire that complied with all of that Section's requirements to each of Defendants' tipped employees.  ECF # 376.[1]  And, because these claims were subject to class-wide proof based solely on Defendants' company-wide policies and documentary evidence (or, more appropriate in some instances, lack therefore), Plaintiffs also sought certification of two Federal Rule of Civil Procedure ("FRCP") 23(b)(3) subclasses.  Defendants filed their opposition on December 16, 2016, critically admitting their

---

[1] For the avoidance of confusion, all citations to "ECF" refer to the Electronic Docket Entries found on the *Marin* docket, unless explicitly referring to another case name.

company-wide policy of providing written notices upon hire that did not comply with the NYLL's requirements, *see* ECF # 285 at ¶¶ 6–14, and Plaintiffs filed their reply on January 13, 2017, ECF # 290.

With briefing concluded, the Parties presented Oral Argument on Plaintiffs' underlying Motion before Judge Pollak on February 3, 2017.  There, for the first time, Defendants submitted certain evidence for the Court's consideration that they had not included in their motion papers. *See, e.g.*, Rep. & Rec. of Judge Pollak, ECF # 293, at 64 n.43.  Prior to and through Oral Argument on Plaintiffs' underlying Motion, Defendants never presented any statements or documents relating to the New York Department of Labor's 2009 Restaurant and Hotel Industry Wage Board ("2009 Wage Board"), or then-Commissioner of the New York Department of Labor, M. Patricia Smith.

On October 4, 2017, Judge Pollak issued a sweeping Report and Recommendation ("R&R"), recommending that this Court grant substantially all of the relief that Plaintiffs sought. ECF # 293.  Defendants then served Plaintiffs with their Objections to the R&R on November 22, 2017, and for the very first time in the more than five-year history of these actions, referenced the 2009 Wage Board in support of their objections.  *See* ECF # 302 at 29.  After Plaintiffs served their opposition to Defendants' objections, ECF # 304, the Parties filed their briefing on January 11, 2018.

Defendants then engaged in a letter-writing campaign in which they repeatedly cited the legislative history of a bill that never made it out of committee.  First, on February 14, 2018, Defendants submitted the summary judgment oral argument transcript in the matter of *Hicks v. T.L. Cannon Mgmt. Corp.*, Docket Number 13-cv-6455 (W.D.N.Y. Dec. 14, 2017), in which Defendants' lead counsel here also serves as lead counsel for the *Hicks* defendants—

coincidentally—in another wage and hour class action against a separate Applebee's franchisee. In that transcript, the Hicks defendants' (and the instant Defendants') lead counsel presented to the *Hicks* court legislative history to 2013 New York Assembly Bill A3090, *see* ECF # 311-1 at 36–37 (*Hicks* ECF # 281-4 a 26–27)—which was never enacted and never made it out of committee—and which the Hicks plaintiffs' counsel never analyzed in their papers. *See* ECF # 306-1 at 8:16–22 (noting Hicks plaintiffs' failure to rebut through briefing defendant's retroactivity argument based on legislative history of A3090).

Second, Defendants then submitted another letter to this Court on April 13, 2018, attaching the Hicks summary judgment decision, which explicitly quoted the legislative history of the never-enacted Assembly Bill A3090, the very same legislative history that instant Defendants attempt to rely on here. *See* ECF # 308-1 at 15 (citing incorrect legislative history of amendments to NYLL § 198 in ruling on Hicks summary judgment motion). Plaintiffs here responded to Defendants' April 13, 2018 letter by bringing Defendants' incorrect citation to the Court's attention, and providing the correct citation to the legislative history of the bill that indeed did amend the relevant NYLL provision, A08106-C, and contrasting A3090's legislative history and sponsoring memorandum to that of A08106-C. *See generally* ECF # 311. Rather than acknowledge what could have been viewed as a researching error by Defendants' counsel, on May 11, 2018, Defendants instead doubled-down on their position and accused Plaintiffs here of "quibbling" that "Hicks relied on the 'wrong legislative history'" by staggeringly choosing to *still* cite A3090 and ignore the text of A08106-C. *See* ECF # 313.

Third, Defendants continued their misrepresentations during Oral Argument before this Court on July 17, 2018. Defendants again insisted on relying on the sponsoring memorandum of a bill that never made it out of committee, though finally acknowledging that Defendants'

arguments were based on a bill "that was not the ultimate version of the bill that was passed." ECF # 322-2 (July 17, 2018 Trans. of Oral Arg. before the Hon. Eric N. Vitaliano (hereinafter "July 17th Trans."), at 8:4–13).[2]   But Defendants then chose to *broaden* the scope of their misrepresentations into outright fabrication, arguing for the first time that: the "Commissioner of Labor . . . specified in specific opinion letters . . . that the tip credit is not lost" based on the failure to provide adequate notice, (July 17th Trans., at 4:21–25); "the Commissioner of Labor makes very clear that the [New York] Department [of labor] was in fact following the federal example and . . . mentioned nothing whatsoever about [] a written notice requirement," (July 17th Trans., at 15:3–8); and finally, "it should come as no surprise that the Commissioner of Labor does not in fact believe that written notice is a prerequisite to taking the tip credit. . . ." (July 17th Trans., at 15:10–15).   Rather than permit Defendants—for the very first time throughout the entire history of this case—to unilaterally advance what they purported to be the then-Commissioner of the New York Department of Labor's understanding of the NYLL tip credit regulations when they were promulgated, Plaintiffs instead chose to go directly to the source to dispel any aura of uncertainty. In their post-hearing briefing, Plaintiffs presented to this Court the declaration of M. Patricia Smith herself, the New York Commissioner of Labor whom Defendants so readily relied upon in both their objections to Judge Pollak's R&R and during Oral Argument before this Court.  *See generally* ECF # 322-1.  Through her succinct and unequivocal declaration, Ms. Smith explained the purpose of her declaration:

> . . . to assist the Court in ruling on whether (1) the 2011 New York Hospitality Industry Wage Order requires written notice of the tip credit . . . and (2) where an

---

[2] Defendants even responded to the Court's only question for Defendants with more obfuscation by citing the wrong Chapter Law—claiming the amendment can be found at "Chapter 362, Section 2, effective January 19th 2016," (July 17th Trans., at 9:4–11), when in reality, as Plaintiffs notified the Court in response during the same oral argument, the correct law is codified at "Chapter 537 of the Laws of 2014, assembly bill A[8]106-C." (July 17th Trans., at 23:11–24:12).

employer fails to provide such notice [whether] they lose the ability to claim a tip credit . . . . Having been the Commissioner of Labor at the time the 2011 [regulation] was enacted, I believe, based on my experience, that both questions must be answered in the affirmative.

ECF # 322-1, ¶¶ 2–3.

With their misrepresentations laid bare, and left with nowhere else to hide, Defendants served Plaintiffs with their Notice of Motion to Strike the Affidavit of M. Patricia Smith on September 25, 2018.  For the reasons described below, this Court should deny Defendants' instant motion, consider Ms. Smith's declaration, and adopt Judge Pollak's R&R in its entirety.

## ARGUMENT

## I.   THE SMITH DECLARATION IS NOT DISCOVERABLE EVIDENCE BUT RATHER A DOCUMENT OUTLINING REGULATORY HISTORY SUBMITTED TO AID THE COURT IN ITS INTERPRETATION.

Defendants mischaracterized the Smith Declaration as "discoverable information" pursuant to FRCP Rule 26 in an attempt to block Plaintiffs from rebutting Defendants' material misrepresentations at the Oral Argument.

FRCP Rule 26(e)(1)(A) requires supplemental disclosures of *discoverable information*, which includes: documents or information required to be included in a party's initial disclosures, disclosure of expert testimony, pretrial disclosure or documents or information produced in "respon[se] to an interrogatory, request for production, or request for admission."  Fed. R. Civ. P. 26(e)(1)(A).[3]  Rather than being discoverable information, the Smith Declaration consists of persuasive authority which Plaintiffs procured in an effort to aid the Court in determining the proper *legal* method for interpreting the tip credit regulation.  Because the application of a

---

[3]    Fed. R. Civ. Proc. Rule 26(b) defines the scope of discovery as encompassing "any nonprivileged matter that is *relevant to any party's claim* or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1) (emphasis added).  Rule 26 does not include documents that pertain to legal interpretations.

regulation is a question of law for a judge to decide, Defendants' argument that the Smith Declaration is evidence under Rule 26 is baseless. *See Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 559 (2d Cir. 2012) (noting that the application of a regulation is a "question of law" and that "a district court's interpretations of administrative regulations" are reviewed *de novo* (internal quotation marks omitted)).

The Smith Declaration is interpretive authority on the regulatory history of N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2 ("Section 146-2.2") and not discoverable information as defined by Rule 26 because it does not address any factual or jurisdictional matters at issue in this case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (defining the scope of discovery "to encompass any matter that bears on . . . any issue that is or may be in the case."). Defendants fail to cite a single case supporting their proposition that a declaration explaining regulatory history qualifies as evidence under Rule 26. Instead, Defendants inaccurately characterized Commissioner Smith as "nothing more than a lay witness." Defs.' Mem. of Law in Sup. Of their Mot. to Strike the July 27, 2018 Aff. of M. Patricia Smith ("Mot. to Strike") at 9. Commissioner Smith, who was the New York State Commissioner of Labor at the time the 2011 New York Hospitality Industry Wage Order was enacted, ECF # 322-1 (Smith Decl.) ¶ 3, is the most qualified, knowledgeable, and accountable individual for the regulatory history at issue here. *See infra* III. She had "the authority to accept the [Wage Boards'] recommendations and codify them into regulations," as she did for the 2011 New York Hospitality Industry Wage Order. *Id.* ¶ 5.[4]

---

[4]     Defendants offer no evidence to contradict Commissioner Smith that it was her proposed regulations that were ultimately codified in January 2011. *See infra* III.

## II.   DEFENDANTS MATERIALLY MISREPRESENT THE REGULATORY HISTORY.

Plaintiffs must be permitted to respond to Defendants' blatant misrepresentations at Oral Argument regarding the Commissioner's prior statements and official positions regarding Section 146-2.2.[5]   The Smith Declaration does just that, and there is no reason the Court should not consider it.

### A.   Defendants Misrepresented Commissioner Smith's Position and the Regulatory History of Section 146-2.2.

Defendants asserted several times at Oral Argument that the Commissioner of Labor did not believe that Section 146-2.2 imposed on employers a separate actionable requirement to provide written notice to tipped workers. *See, e.g.*, ECF # 322-2 (July 17, 2018 Ct. Tr.) at 4 ("And you don't have to take our word for it, that is the answer of the legislature, that is the answer of the Commissioner of Labor"), 14–15 ("There is no written requirement, that is clear and not in dispute and eventually adopted in publishing the at issue regulations the Commissioner of Labor makes very clear that the Department was in fact following the federal example and, as would be expected given that no notice was required federally, mentioned nothing whatsoever about such a written notice requirement when it came to the tip credit"), 16 (". . .  it should come as no surprise that the Commissioner of Labor does not in fact believe that written notice is a prerequisite to taking the tip credit and whatever ambiguity that may have existed based on the statutory and

---

[5]      NY Rule Prof. Conduct. 3.3 provides that "(a) A lawyer shall not knowingly: (1) . . . fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

regulatory scheme that was eventually adopted.").[6]   Defendants' justification for their interpretation of the Commissioner's position is based on a contortion of *Commissioner Smith's own words*, clearly demonstrating she was the Commissioner at the time of the regulation's enactment.  Mot. to Strike at 2–3, 6.

Defendants claim that because "there was no mention of any written requirement" when Commissioner Smith accepted the Wage Board's recommendation that the Wage Orders be amended to conform with federal law, the Commissioner did not contemplate a written notice requirement.  *Id.* at 3, 6.  This is false.  As Commissioner Smith explains in great detail, the regulation—which Defendants inexplicably continue to ignore *explicitly* states "*written* notice"— was always contemplated to include just that.  ECF # 322-1 (Smith Decl.) ¶¶ 9–11, 13.

Defendants also misrepresent both the Wage Board's consideration and Commissioner Smith's subsequent order.  As Plaintiffs set forth in their August 13, 2018 post-Oral Argument briefing, and which Defendants fail to rebut, on March 18, 2009, Commissioner Smith appointed the 2009 Restaurant and Hotel Industry Wage Board ("2009 Wage Board") to examine and review the Regulations that applied to restaurant and hotel workers.  ECF # 322 at 4–5.  She tasked the board with examining several issues, including:

> Under federal law, in order to receive a tip allowance, employers must inform tipped employees that they are getting a lower rate based on receipt of gratuities and must also keep an accurate record of tips received by employees.  Employers who do not do so may not receive a tip allowance.  Should the Wage Orders be amended to conform with federal law in this respect?

---

[6]     That Defendants' justification for their interpretation of the Commissioner's position is based on a contortion of the *Commissioner Smith's own words*, demonstrates (contrary to Defendants' argument) she was the Commissioner at the time of the regulations' enactment.  Mot. to Strike at 2–3, 6; ECF # 302 (Defs.' Objections to R&R) at 23–24.

ECF # 303-2 at 2 (Recommendation of the Minimum Wage Board to the Commissioner of Labor

Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act)).

On September 18, 2009, the 2009 Wage Board submitted its Report and Recommendation

of the Minimum Wage Board to the Commissioner of Labor Pursuant to NYLL 655 (Article 19,

The Minimum Wage Act) to Commissioner Smith.  In this Report and Recommendation, the 2009

Wage Board recommended that Commissioner Smith adopt a requirement that:

> when employees receive a lower hourly wage based on the receipt of tips (a tip
> allowance), employers be allowed to receive such a tip allowance only if they notify
> the employee of the tip credit system.  Providing an employer with concise
> guidance . . .  will remove any uncertainty as to this issue.  This process will allow
> employees to better understand what the tip credit actually means for them.  *To
> ensure compliance with this notice provision, employers who fail to notify their
> employees of the tip allowance system will be prohibited from taking any tip credit
> for any employee who is not notified of the tip credit system.*

*Id.* at 12 (Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant

to Labor Law Section 655 (Article 19, The Minimum Wage Act)) (emphasis added); ECF # 322-

1 (Smith Decl.) at ¶ 7.

On November 5, 2009, Commissioner Smith accepted the 2009 Wage Board's

recommendation "to require employers to notify tipped employees of any tip allowances that will

be taken *and to disallow the tip allowance if such notice is not given*."  *Id.* at 19 (Order of

Commissioner of Labor M. Patricia Smith on the Report and Recommendation of the 2009 Wage

Board) (emphasis added).  Defendants do not ever explain how this language conforms with their

interpretation that the NYLL tip regulations do not require tip notice.

Commissioner Smith's explanation of the regulatory history is particularly important here,

given Defendants' misrepresentations regarding the regulatory history.  Based on Commissioner

Smith's Order, as of January 1, 2011, the NYLL Regulations included a requirement that "[p]rior

to the start of employment, an employer shall give each employee *written notice* of the employee's

regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from

the basic minimum hourly rate, and the regular payday."  N.Y. Comp. Codes R. & Regs. tit. 12,

§ 146-2.2 (emphasis added).

The intent of Section 146-2.2 is evidenced within the language of the regulation itself,

which is to:

> *make explicit the written notice requirements that employer must follow in order to take a tip credit*.  In order to avoid ambiguity on the notice requirement, the Section 146-2.2 enumerates everything that must be included in the notice and specifies that the notice must be in writing.  *Section 146-2.2 created a separate actionable violation if an employer failed to provide written notice pursuant to the Section 146-2.2*.  This is underscored by Section 146-1.3, which provides that the tip credit is conditional upon the notification under Section 146-2.2: 'An employer may take a credit towards the basic minimum hourly rate if a service employee or food service worker receives enough tips and if the employee has been notified of the tip credit as required in section 146-2.2 of this Part.'

> If the employer does not give the required notice, they may not take a tip credit.  *If they pay a cash wage below the regular minimum wage, minimum wage violations have occurred.  As with any minimum wage violation, the employee may recover the difference between the cash wage paid and the full minimum wage*.  As the 2009 Wage Board noted, the only way to ensure compliance with the notice requirement is to prohibit an employer from taking a tip credit if the employer does not provide the required written notice.

ECF # 322-1 (Smith Decl.) at ¶¶ 9–10 (emphasis added).

**B.    Courts Routinely Consider Regulatory History in Interpreting Regulations.**

The Court's authority to consider regulatory history to determine Section 146-2.2's

applicability is undisputed and Commissioner Smith's declaration provides a direct account of that

history.  *See Fernandez v. Zoni Language Centers, Inc.*, 858 F.3d 45, 51–52 (2d Cir. 2017)

(considering the regulatory preamble in determining how the bona fide professional exemption

should apply); *United States v. Univ. Hosp., State Univ. of New York at Stony Brook*, 729 F.2d

144, 152 (2d Cir. 1984) (noting the regulatory history of the implementing regulations to section

504 of the Rehabilitation Act of 1973 to determine whether the Department of Health and Human

11

Services was authorized "to investigate medical treatment decisions involving defective newborn infants"); *Rothenberg v. Daus*, No. 08 Civ. 567, 2014 WL 3765724, at *14 (S.D.N.Y. July 31, 2014), *on reconsideration in part*, No. 08 Civ. 567, 2015 WL 1408655 (S.D.N.Y. Mar. 27, 2015) ("Without clear guidance from the text of the TLC Rules, the Court looks next to the regulatory history as an interpretive aid."); *Wills v. RadioShack Corp.*, 981 F. Supp. 2d 245, 258 (S.D.N.Y. 2013) (examining the regulatory history of the DOL's rule on bonuses and the fluctuating workweek analysis to discern the DOL's intent regarding application of the FWW method to calculate overtime pay); *Clarke v. JPMorgan Chase Bank*, N.A., No. 08 Civ. 2400, 2010 WL 1379778, at *16 (S.D.N.Y. Mar. 26, 2010) ("In order to properly delineate the scope of the computer employee exemption, it is necessary to briefly consider its unique legislative and regulatory history."); *Kruk v. Metro. Life Ins. Co.*, 267 F.R.D. 435, 438 (D. Conn. 2010) (determining the DOL's intent in its ERSISA Discovery Ruling by examining the regulatory history).

### C. The Declaration Supports Plaintiffs' Original Argument and Does not Present New Arguments Not Presented at Oral Argument.

Defendants' argument that the Court should strike the declaration because it "supports" an argument that "was only raised for the first time *after* all briefings and the Court's July 17th Oral Argument" is meritless. Mot. to Strike at 7–8. Plaintiffs moved for summary judgment based on their allegation that under Section 146-2.2, Defendants failed to provide proper written notices. *See, e.g.*, *Dove v. Apple-Metro Inc.*, et al., No. 13 Civ. 1417 (hereinafter, "Dove"), ECF #15 (Am. Compl.); Mem. of Law in Support of Pls.' Partial Mot. for Summ. J., Class Cert., and Appointment of Class Counsel, ECF. No. 277 at 29–32; Pls.' Opp. to Defs.' Obj. to Judge Pollak's R & R on Pls.' Mot. for Summ. J; and Oral Argument ECF # 322-2 Ct. Tr. at 28–37. Further demonstrating this is not a new issue is the fact that Defendants have repeatedly relied on *their* misrepresentation

of Commissioner Smith's purported position with respect to the tip notice requirement to justify

*their* argument.  *See, e.g.*, ECF # 302 (Defs.' Objections to R&R) at 23–24; ECF # 322-2 (July 17,

2018 Ct. Tr.) at 4, 14–16.  On the other hand, Plaintiffs' argument has always been and continues

to be that the regulation requires written notice, an argument for which the Smith Declaration only

serves as further support.

Accordingly, Plaintiffs' arguments and the proffer of the Smith Declaration as a summary

of the regulatory history are properly before the Court.

**D.      Defendants' Reliance on the FLSA is Misleading.**

Defendants improperly represent that the regulatory history of Section 146-2.2 requires it

to be identical to the requirements of the FLSA.  The question that Commissioner Smith posed to

the Wage Board for consideration was "[s]hould the Wage Orders be amended to conform with

federal law *in this respect*?" ECF # 303-2 at 2 (emphasis added).  "[I]n this respect" specifically

referenced the federal enforcement mechanism that employers not be permitted to receive a tip

allowance when they failed to comply with the notice requirement.  Nowhere in the regulatory

history does it indicate either that: (1) the NYLL's requirements should be *identical* to the FLSA's

requirement; or (2) that written notice is not required.  In fact, the opposite is true.

Defendants never address the fact that the actual notice requirements, recommended by the

Board and ordered by Commissioner Smith set out different notice requirements under the NYLL

than are required under the FLSA.  For instance, under Section 146-2.2, an employer must provide

written notice of, among other things, overtime hourly pay rate and the regular payday, neither of

which are required under the FLSA.  *Compare* N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2

with 29 U.S.C. § 203(m); **Ex. A** (Department of Labor Fact Sheet #15: Tipped Employees Under

the FLSA).  If the intent of Section 146-2.2 was to conform exactly with the FLSA requirements, the regulatory language would have been the same.  It is not.

Instead, the goal of Section 146-2.2 was to "remove uncertainty" by providing employers with "concise guidance" of the notice requirement.  *Id.* at 8 (Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act)).  Just as the FLSA requires notice of the tip credit in order for an employer to pay the tip sub-minimum wage, so does the NYLL.  However, the NYLL enumerates different notice requirements and requires the notice be written to avoid any confusion.

The NYLL diverging from the FLSA to provide even greater employee protections is of course not limited to the two statutes' tip notice provisions.  Indeed, the FLSA "sets a floor, not a ceiling, on compensation that employees must receive." *Alonso v. 144 Ninth Gotham Pizza, Inc.*, 2016 WL 4257526 (S.D.N.Y. Aug. 10, 2016) (citing *Barefield v. Vill. Of Winnetka*, 81 F.3d 704, 711 (7th Cir. 1996)).  And to that end, the NYLL contains several provisions in addition to the tip notice requirement that go well beyond the floor set by the FLSA, including, inter alia: the test by which service charges are treated as gratuities, *see Kim v. Kum Gang, Inc.*, 2015 WL 2222438, at *43–44 n.79 (S.D.N.Y. Mar. 19, 2015); permitting recovery of both liquidated damages and interest under the NYLL, while the FLSA only permits one or the other and not both, *see Oaxaca v. Hudson Side Café Inc.*, 2018 WL 4859152, at *11 (E.D. N. Y. Oct. 8, 2018) ("Although federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA, *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 n.7 (2d Cir. 2011), the Second Circuit has also held that "[p]re-judgment interest and liquidated damages under the Labor Law are not functional equivalents" and thus may both be awarded for violations of state wage laws.  *Reilly v. Natwest*, 181 F.3d 253, 265 (2d Cir. 1999).")); and of course the NYLL's six-

14

year statute of limitations as compared to the FLSA's two or three-year limitations period, *see Soto v. Los Corbaticas Deli Grocery II Corp.*, 2018 WL 4844018, at *3 (S.D.N.Y. Oct. 5, 2018) ("The statute of limitations is six years under NYLL, two years under the FLSA for standard violations, and three years under the FLSA for willful violations.") (internal citations omitted); *cf.* New York Department of Labor, *Subminimum Wage Hearings*, Labor.NY.gov, available at https://www.labor.ny.gov/workerprotection/laborstandards/subminimumwage.shtm (last accessed Oct. 15, 2018) (describing Governor Cuomo's order to New York Commissioner of Labor to convene a public hearing to "evaluate the possibility of ending minimum wage tip credits in New York State."). Thus, the NYLL's greater protections for its tipped employees as compared to the FLSA's tip notice requirements are entirely consistent with the two statutes' pattern where the FLSA sets the minimum for worker protections, and the NYLL then adjusts those protections consistent with New York State's public policy priorities.

## III. BECAUSE COMMISSIONER SMITH ENACTED SECTION 146-2.2, SHE HAS PERSONAL KNOWLEDGE.

That Defendants now argue Commissioner Smith has no personal knowledge of the Section 146-2.2, an argument that is absurd and undercut by their own representations of her interpretation of the regulation. *See* supra II.A.

Despite their arguments, Defendants do not contest any of the following facts. Commissioner Smith was the Commissioner from 2007 through 2010. ECF # 322-1 (Smith Decl.) ¶ 1. On March 18, 2009, Commissioner Smith appointed the 2009 Wage Board to examine and review the Regulations that applied to restaurant and hotel workers. *Id.* ¶ 6. On September 18, 2009, the 2009 Wage Board submitted its Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act) to Commissioner Smith. On November 5, 2009, Commissioner Smith

15

accepted the 2009 Wage Board's recommendation "to require employers to notify tipped employees of any tip allowances that will be taken and to disallow the tip allowance if such notice is not given." **Ex. B** (Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendation of the 2009 Wage Board).

Based on Commissioner Smith's Order, the New York Labor Law Regulations were amended to include a requirement that "[p]rior to the start of employment, an employer shall give each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.  While the new regulations did not take effect until January 1, 2011, after the time when Commissioner Smith became the U.S. Solicitor of Labor, the regulations were enacted pursuant to Commissioner Smith's authority pursuant to NYLL Section 656.  ECF # 322-1 (Smith Decl.) ¶ 8; *see also* NYLL § 199 ("The commissioner may issue such rules and regulations as [s]he determines necessary for the purposes of carrying out the provisions of this article.").  This is because under the NYLL, it is the Commissioner who enacts these regulations.[7]  There is no regulatory evidence that any other Commissioner enacted or amended the proposed regulations.

---

[7]    When the wage board submits its report and recommendations to the commissioner, the commissioner shall forthwith file them with the secretary of the department.  Within five days of their receipt, the commissioner shall publish a notice of such filing in at least ten newspapers of general circulation in the state. . . . [T]he commissioner shall by order accept or reject the board's report and recommendations within forty-five days after filing with the secretary of the department.  The commissioner may by such order modify the regulations recommended by the board.  Such order of the commissioner shall become effective thirty days after publication, in the manner prescribed in this section, of a notice of such order.  The commissioner may, within such forty-five days, confer with the wage board, which may make such changes in its report or recommendations as it may deem fit.  The commissioner also may, within such forty-five days, remand the matter to the board for such further proceeding as he may direct.

In fact, Defendants concede that Commissioner Smith's Order forms the basis of Section 142-2.2's regulatory history because they rely on their own attempted misrepresentation of it to convince the Court that the NYLL provides no written notice requirement.  *See* Mot. to Strike at 2–3; ECF # 302 (Defs.' Objections to R&R) at 23–24; ECF # 322-2 (July 17, 2018 Ct. Tr.) at 4, 14–16.  They also offer no other relevant regulatory history aside from vague speculation that the DOL must have engaged in "discussions" without any evidence to support this contention and contradicting what the NYLL requires.  Mot. to Strike at 6–7.  This argument demonstrates Defendants misunderstanding of the NYLL regulatory process.  It is not the amorphous New York Department of Labor that enacts regulations, rather the NYLL confers that power to the Commissioner.  NYLL § 21 ("[T] commissioner, . . . [m]ay issue such regulations governing any provision of this chapter as he finds necessary and proper.").  Defendants provide no evidence that any other Commissioner was involved in this process.  Defendants attempted to misrepresent the regulatory history by citing and presenting to both this Court and the court in Hicks the legislative history preceding a statute that died in committee; but when faced with proof of the fallacy of their interpretation, they now argue the Court should not consider the regulatory history at all.  This argument defies reason.

## IV.    COMMISSIONER SMITH'S DECLARATION IS HIGHLY PROBATIVE.

Although as explained above, Commissioner Smith's declaration regarding the regulation that her order implemented is not evidence.  Even so, it is "probative" in a persuasive (not "evidentiary") way.  Defendants' reliance on Federal Rule of Evidence 403 (" FRE 403"), however, is misplaced.

---

NYLL § 656.

Even if the Court accepts Defendants' view that the Smith Declaration is "evidence," it passes FRE 403 muster.  Under FRE 403, a court may exclude evidence for being more prejudicial than probative where it leads to "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403. Defendants have failed to articulate *any* basis for exclusion based on any of these categories.  This is because none of these categories apply because this declaration is an explanation of the regulatory history of Section 142-2.2 submitted to aid the Court in its legal interpretation.  *Cf. BIC Corp. v. Far Eastern Source Corp.*, 23 F. App'x. 36, 39 (2d Cir. 2001) ("admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis"); *Schultz v. Butcher*, 24 F.3d 626, 632 (4th Cir. 1994) ("in the context of a bench trial, evidence should not be excluded under [Rule] 403 on the ground that it is unfairly prejudicial").  The Court is equipped to appropriately weigh and consider the Smith Declaration.

Moreover, the Smith Declaration has significant probative value because Defendants opened the door to it.  Defendants were the ones that raised the issue of the Commissioner's intent on the regulation's enforcement.  In her declaration, not only does Commissioner Smith explain her intent, but she refutes Defendants' proposition that the Department of Labor General Counsel Pico Ben-Amotz had authority to issue any sort of opinion letter or that he had any participation in the legislative process whatsoever.  ECF # 322-1 at ¶ 11.  Defendants have relied almost exclusively on the Ben-Amotz letter to support their preferred and incorrect interpretation of the regulations, which arguably should be excluded under Rule 403.[8]  Mr. Ben-Amotz was not

---

[8]      Other courts have noted the peculiar nature of Mr. Ben-Amotz's letter.  *See, e.g. Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13 Civ. 06455, 2018 WL 2440732, at *9 (W.D.N.Y. Mar. 13, 2018) ("The Court notes as an initial matter that it finds the provenance of the Opinion Letter peculiar,

involved in the Wage Board proceedings regarding the regulations, and his letter does not "correctly reflect the New York Labor Law Regulations that [Commissioner Smith] put into place or the 2009 Wage Board Report and Recommendation that underlie them." ECF # 322-1 at ¶ 11. Furthermore, in his role as General Counsel, Mr. Ben-Amotz "has no authority to change this regulation or [to] add new requirements." *Id.* at ¶ 14. Defendants do not refute these facts in their Motion to Strike. Plaintiffs should be able to use Commissioner Smith's declaration, at a minimum, to impeach Defendants' misrepresentations at Oral Argument.

<u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Strike the July 17, 2018 Affidavit of M. Patricia Smith.

Dated: New York, New York
         October 16, 2018

                                                             Respectfully submitted,

                                                             /s Robert W. Ottinger

                                                             Robert W. Ottinger, Esq.
                                                             Benjamin Weisenberg, Esq.
                                                             Erica Sanders, Esq.
                                                             THE OTTINGER FIRM, P.C.
                                                             401 Park Avenue South
                                                             New York, New York 10016

                                                             AND

                                                             Michael R. Minkoff, Esq.

---

to say the least. As set forth above, the Opinion Letter was obtained through political channels as a direct attempt to contradict this Court's prior decision.").

Alexander T. Coleman, Esq.
Michael J. Borrelli, Esq.
BORRELLI & ASSOCIATES, P.L.L.C.
655 Third Avenue, Suite 1821
New York, New York 10017

Counsel for Plaintiffs and the Collective Classes