# Exhibit B

**Order of Commissioner of Labor M. Patricia Smith**

**on the Report and Recommendations of the 2009 Wage Board**

**November 5, 2009**

The 2009 Wage Board has fulfilled its charge.  After more than 5 months of study and deliberations informed by a large amount of public input from persons whose livelihoods come from the restaurant and hotel industries, the Wage Board has recommended significant changes in the existing regulations governing wages and tips in these industries.

Some of the changes would simplify requirements, combining some categories of employees and reducing the number of rates.  Several changes would add language intended to provide clearer guidance to employers.  Other changes would increase the wages paid to service workers and food service workers who receive tips, but would accomplish the latter in steps, mindful of the difficulties a sudden large change would present to struggling businesses.  Several proposed changes would end the phase-outs, as wages rise, of provisions on spreads of hours, call-in pay, and uniform maintenance, extending these extra payments to all covered workers at any pay rate.  One change would exclude wash & wear uniforms from the uniform maintenance payment.  Other changes would add regulations regarding the handling of tips, service charges and banquet administrative charges, which have heretofore been guided only by departmental policy and case law interpreting Section 196d of the Labor Law.  Some changes would require that specific information be provided to employees.  The report would preserve the recognition of the unique characteristics of resort hotels in the new combined restaurant/hotel wage order.

Section 656 of the Labor Law gives me the power to accept, reject or modify the Recommendations of the Board or to remand matters for further consideration.

My decisions are as follows with respect to each of the recommendations made in the "Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, the Minimum Wage Act)":

A.  Consolidation of the Restaurant and Hotel Wage Orders.

I accept the recommendation to consolidate these wage orders into one Hospitality Industry Wage Order.

B.  Concerning Wages to Tipped Employees and Service Employees and Consolidation of Multiple Rates into One Tipped Employee Classification

I accept the recommendation to increase the tipped minimum wage for food service workers in stages to $4.75 per hour effective January 1, 2010 (or the effective date of the new regulations, if later); and to $5.00 per hour effective January 1, 2011, thus bringing food service workers closer to the rates required for other service workers, with the goal of eventual consolidation of these categories of employees postponed for a later time.

C.  Concerning Gratuities and Tips

I accept the recommendation to include a clarification of how overtime rates must be calculated for tipped employees and non-tipped employees.

I accept the recommendation to require employers to notify tipped employees of any tip allowances that will be taken and to disallow the tip allowance if such notice is not given.

I accept the recommendations to define tip sharing and tip pooling, and to continue to permit employers to require tip sharing and set the shares for tip sharing.

I accept the recommendation to change existing departmental policy by allowing employers to require tip pooling, but I modify the remaining recommendations regarding tip pooling by recognizing that tip sharing and tip pooling can co-exist and by permitting employers the same powers with respect to the sharing of pooled tips with indirectly tipped occupations as employers possess with respect to tip sharing, in order to protect the interests of persons in the indirectly tipped occupations.

I reject the recommendation to penalize employers for violations relating to tip pooling with loss of the tip allowance for the period of the violation.  Whether or not existing civil penalties provided in the Labor Law are sufficient to deter all violations of law or regulation with respect to tips, the loss of the tip allowance seems at this time to be excessive.

I accept, with a modification, the recommendation for a presumption that any charge associated with a banquet or special function, on top of food and beverage, shall be presumed to be a charge purported to be a gratuity, unless the employer provides clear written notice to customers that the charge is not a gratuity and that the form and content of such notice is sufficient to ensure that the reasonable customer would understand that such charge is not a gratuity.  However, I will add to the permissible charges not presumed to be gratuities those for lodging and other specified materials or services.

D.  Concerning Meals and Lodging

I accept the recommendation to update the definition of a "meal" in the new wage order.

I accept the recommendation to simplify the definition of acceptable "lodging" to that which meets community standards and all applicable health and housing codes and laws.

I accept the recommendation to permit meal and lodging allowances as part of the wages of workers paid above the minimum wage.

I reject the recommendation to disallow meal or lodging credits towards meeting minimum wage when the employer has provided the meals or lodging but failed to enter the credits in the payroll records, as penalizing some employers for lack of sophistication or good advisors.

E.  Concerning Uniforms

I accept the recommendations to provide more specific guidance about what constitutes a required uniform and what the "ordinary wardrobe" exclusion entails; and to exempt "wash-and-wear uniforms" from the uniform maintenance allowance where the employer meets stated conditions, consistent with federal practice.

F.  Concerning Provisions that Phase-Out Above the Minimum Wage

I accept the recommendation to eliminate the existing phase-outs, as wages increase above the minimum hourly rate, of certain extra payments required by the wage order (spreads, call-ins, uniform maintenance) and certain credits allowed to employers (for meals and lodging).

G.  Concerning "Spread of Hours"

I accept the recommendation to strengthen the language and, as stated above, to eliminate the phase-out as wages rise.  Subsequent to receiving the Wage Board's Report and Recommendations, we received comments regarding the effect of "spread of hours" pay on the regular rate used to calculate the overtime rate.  "Spread of hours" pay is not payment for time worked or work performed, and as such, it is not included in the regular rate; however, neither is it credited toward meeting the overtime pay obligation of the employer.

H.  Concerning Weekly vs. Hourly Wages and Overtime

I accept the recommendation to require that employers pay an hourly rate to all employees who are not excluded from the definition of the term "employee" in the hospitality wage order.  The recommendation was based on the Board's knowledge of the restaurant and hotel industries and acceptance of it shall not imply that the same requirement will, or should, be carried over into other wage orders in the future.

OTHER

The Wage Board took the additional step of drafting proposed regulations, which are annexed to their Report and Recommendations as Exhibit "A."  While these proposed regulations are helpful in articulating a vision of a new Hospitality Order, the Department

will not be adopting them in their entirety.  The Department will be drafting proposed regulations which will then go through the standard regulatory process.


I would like to thank the members of the 2009 Wage Board for all their hard work, their deep commitment to advancing the well-being of workers and businesses in the hotel and restaurant industries, and their vision of change.  I would also like to thank the numerous workers in the industries, owners and operators of businesses, unions, attorneys representing clients in the industries, and other organizations who took the time, and made the effort, to submit testimony to the Wage Board.

CONCLUSION

This Order is hereby filed with the Secretary of the Department of Labor, to be effective thirty (30) days after publication of a notice of such filing in at least ten (10) newspapers of general circulation in the state.


M. PATRICIA SMITH
Commissioner of Labor


Dated:  November 5, 2009
　　　　Albany, New York