

**Littler Mendelson, PC**
900 Third Avenue
New York, NY 10022.3298

Craig R. Benson
212.583.2682 direct
212.583.9600 main
718.732.2369 fax
cbenson@littler.com

September 6, 2019

**VIA ECF**

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Marin et al. v. Apple-Metro, Inc., et al.*, Case No. 12 Civ. 5274 (ENV)(CLP)

Dear Judge Vitaliano:

This Firm represents Defendants in the above-referenced matter.[1] We write in response to Plaintiffs' purported "notice of supplemental authorities," dated August 14, 2019, where Plaintiffs continue to cite inapposite case law in an attempt to recover millions of dollars for an alleged (harmless) paperwork violation by capitalizing on a clear typographical error in NYLL § 198(1-b).

***The new cases cited in Plaintiffs' letter have nothing to do with either the retroactivity of the NYLL § 198(1-b) affirmative defense, or the deference due and owing to the March 4, 2015 Opinion Letter.[2] The cases do nothing to alter the black letter principle under New York and Second Circuit law, plainly applicable here, that where an amendment corrects and clarifies what the law was always meant to do and say, the amendment is retroactive. See Dkt. 313.***

Plaintiffs nevertheless misleadingly assert that, "[r]elying on the [*Marin* Report and Recommendation ("R&R")], courts have uniformly found that Section 198 does not apply retroactively." (Aug. 14, 2019 Ltr., at 2). As Plaintiffs concede, however, in the two cases cited, the issue before the Court had nothing to do with the retroactivity of the NYLL § 198(1-b) affirmative defense. Instead, those cases addressed whether the amendments to NYLL § 198 dealing exclusively with the increase in the maximum penalty from $2,500 to $5,000 apply retroactively.[3] As the court in *Hicks v. T.L. Cannon Management Corp.* correctly observed:

---

[1] Except individually named Defendant Kirk Samlal.

[2] Plaintiffs cited *Dudley v. Hanzon Homecare Servs., Inc.*, No. 15 Civ. 8821, 2018 WL 481884 (S.D.N.Y. Jan. 17, 2018), in a prior letter submission. As previously noted (*see* Dkt. 313), *Dudley* was wrongly decided because it relies on a case that pertains solely to the damages aspect of the NYLL § 198 amendment, and not the affirmative defense.

[3] *See Kotuwage v. NSS Petroleum Inc.*, No. 15 Civ. 4374, 2018 WL 1189332, at *10 (E.D.N.Y. Feb. 8, 2018) (case decided on default and addressing retroactivity of damages under NYLL § 198 only, not affirmative defense); *Rios v. B.B.Q. Chicken Don Alex, Inc.*, No. 16 Civ. 6630, 2018 WL 264512, at *4, n. 4 (E.D.N.Y. Jan. 2, 2018) (case decided on default and addressing retroactivity of damages under NYLL § 198 only, not the affirmative defense).

"The analysis of whether an increase in the damages available under a statute applies retroactively is fundamentally different from the issue of whether the correction of a typographical error applies retroactively, and the *Marin* R&R does not acknowledge or discuss this difference." No. 13-CV-6455 (EAW), 2018 WL 2440732, at *7 (W.D.N.Y. Mar. 13, 2018). As previously noted, in conducting the retroactivity analysis, amended portions of a statute should be analyzed separately. (*See* Dkt. 313).

The remaining cases cited by Plaintiffs either help Defendants or are irrelevant. For example, in *Medina v. Ricardos Mechanical, Inc.,* No. 16 Civ. 1407, 2018 WL 3973007 (E.D.N.Y. Aug. 20, 2018), the court held that the employee did not raise a NYLL § 195(3) claim in his Complaint, and therefore the court would not consider such a claim raised on summary judgment. *Id.* at *8. In doing so, the court reasoned:

> Although Plaintiff alleged a violation of "195," which could be generously construed to mean a violation of every subsection of Section 195, Plaintiff also specified a "notice" violation. Only subsection 1 of Section 195 deals with such a "notice" violation. Indeed, it includes the word "notice" five times, as opposed to its being included zero times in subsection 3. Plaintiff then enumerates all of the information the employer must include in such a notice. While subsection 3 also contains a list of requirements, Plaintiff mentions none of them.

*Id.* The same logic applies to this case. Here, there is not a single factual allegation in the *Dove* complaint, for example, that: Plaintiffs did not receive wage notices upon hire; Plaintiffs' notices lacked certain categories of information; or Defendants did not give employees notice that they were applying a tip credit. In fact, the phrases "wage notice," "wage theft prevention act notice," "notice of the tip credit," and "tip credit" – all key terms – are not found *anywhere* in the *Dove* complaint.[4]

Last, Plaintiffs' reliance on *Sanchez Gallego v. Adyar Ananda Bhavean Corp.,* No. 16 Civ. 4631, 2019 WL 131957 (S.D.N.Y. Jan. 8, 2019) is misplaced. *Sanchez* does not discuss the NYLL § 198(1-b) affirmative defense. *Sanchez* also does not address the March 4, 2015 Opinion Letter, which provides that a food service employer may claim the tip credit even if it failed to provide written notice of same, provided that the employer complied with all other minimum wage requirements and employees understood the manner in which they were paid. Nor does *Sanchez* consider any of the cases that have either applied the NYLL § 198(1-b) affirmative defense or gave deference to the March 4, 2015 Opinion Letter. *See, e.g.,*

[4] Plaintiffs' citations to *Cabrera v. Canela,* No. 14 Civ. 4874, 2019 WL 2251203, at *7 (E.D.N.Y. Mar. 8, 2019), and *Gomez v. MLB Enterprises, Corp.,* No. 15 Civ. 3326, 2018 WL 3019102, at *6 (S.D.N.Y. June 5, 2018), address when an employer improperly retains employee tips – facts that are not at issue in the present motion. *Farmer v. Patino,* No. 18 Civ. 1435, 2019 WL 110956 (E.D.N.Y. Jan. 4, 2019), was decided on a ***motion to dismiss,*** where the Court held that "[t]he defendants ***may very well have an affirmative defense*** to the plaintiff's claim under NYLL § 198(1-b), but the Court cannot dismiss a claim [at motion to dismiss stage] based on an affirmative defense." *Id.* at *8, n. 6 (emphasis added). That court cited the *Marin* R&R noting the affirmative defense is considered ***on summary judgment***. *Id.* *Moses v. Apple Hospitality Reit, Inc.,* No. 14-CV-3131, 2018 WL 1513631, at *4 (E.D.N.Y. Mar. 27, 2018), cites the *Marin* R&R for the proposition that numerosity is presumed met when a putative class contains at least 40 members.

*Hicks,* 2018 WL 2440732, at *6-8 (employees' tip credit claims are "subject to the § 198 Affirmative Defense" and the amendments to the NYLL § 198(1-b) affirmative defense apply retroactively); *Carvente-Avila v. Chaya Mushkah Rest. Corp.,* No. 12 Civ. 5359, 2016 WL 3221141, at *2-3 (S.D.N.Y. March 1, 2016) (deferring to March 4, 2015 Opinion Letter and distinguishing district court opinions that "do not address the [Opinion] Letter"); *Ahmed v. Morgans Hotel Group Mgt., LLC,* 54 Misc. 3d 1220(A) (N.Y. Sup. Ct. Feb. 27, 2017), *aff'd* 2018 N.Y. App. Div. LEXIS 2687 (1st Dep't Apr. 19, 2019) (acknowledging NYLL § 198(1-b) was "recently amended to protect employers from a mere technical violation of the notice provision, and that this amendment provides a complete defense" to Plaintiff's minimum wage claims from 2013 through 2015). For these reasons, *Sanchez* is irrelevant.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Craig R. Benson*

Craig R. Benson

cc: All Attorneys of Record (via ECF)

4844-2033-1427.1 052366.1016